## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* | Chapter 11 |
| **STANADYNE LLC, *et al.*,**[1] | Case No. 23-10207 (JTD) |
| **Debtors.** | (Joint Administration Requested) |

### DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTORS TO PAY CERTAIN PREPETITION TAXES AND REGULATORY FEES IN THE ORDINARY COURSE OF BUSINESS AND (II) AUTHORIZING BANKS AND FINANCIAL INSTITUTIONS TO HONOR AND PROCESS CHECKS AND TRANSFERS RELATED THERETO

The debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") hereby move (the "Motion") pursuant to sections 105(a), 363, 507(a)(8) and 541 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for an interim order substantially in the form annexed hereto as **Exhibit A** (the "Interim Order") and a final order substantially in the form annexed hereto as **Exhibit B** (the "Final Order") (i) authorizing the Debtors to pay certain prepetition taxes and regulatory fees in the ordinary course of business, and (ii) authorizing banks and financial institutions to honor and process checks and transfers related thereto. In support of the Motion, the Debtors submit the *Declaration of John Pinson, Chief Executive Officer of Stanadyne LLC, in Support of First Day Relief* (the "Pinson Declaration") filed contemporaneously herewith, and respectfully submit as follows:

---

1. The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Stanadyne LLC (0378); Pure Power Technologies, Inc. (5202); Stanadyne PPT Holdings, Inc. (2594); and Stanadyne PPT Group Holdings, Inc. (1734). The Debtors' headquarters are located at 405 White Street, Jacksonville, North Carolina 28546.

## JURISDICTION AND VENUE

1.       The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference of the United States District Court for the District of Delaware*, dated February 29, 2012.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to Rule 9013–1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.       Venue of these proceedings and the Motion in this Court is proper under 28 U.S.C.  § 1408 and § 1409.

3.       The statutory and rule bases for the relief requested herein are sections 105(a), 363, 507(a)(8) and 541 of the Bankruptcy Code and Rule 6003 and 6004 of the Bankruptcy Rules.

## BACKGROUND

4.       On February 16, 2023 (the "Petition Date"), the Debtors commenced their bankruptcy cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").  No trustee, examiner or creditors' committee has been appointed in these cases.  The Debtors are operating their respective businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.       The events leading up to the Petition Date and the facts and circumstances supporting the relief requested herein are set forth in the Pinson Declaration.

## **RELIEF REQUESTED**

6.      By this Motion, the Debtors seek the entry of the Interim and Final Orders, pursuant to sections 105(a), 363, 507(a)(8) and 541 of the Bankruptcy Code, authorizing, but not directing, the Debtors to pay any Taxes and Fees (each as defined below) that, in the ordinary course of business, accrued or arose prior to the Petition Date.  The Debtors seek authorization to pay any Taxes and Fees (including amounts paid prepetition by checks that have not yet cleared as of the Petition Date) on an interim basis up to an aggregate amount of $750,000, and on a final basis up to $1,500,000.[2]

7.      Additionally, to the extent any check issued or electronic transfer initiated prior to the Petition Date for the purpose of satisfying any prepetition obligation on account of Taxes or Fees has not cleared the Debtors' bank accounts as of the Petition Date, the Debtors request the Court to authorize the Debtors' banks, when requested by the Debtors in the Debtors' sole discretion (but subject to and in accordance with any orders authorizing postpetition financing and the use of cash collateral and the applicable budget thereunder), to receive, process, honor and pay such checks or electronic transfers initiated prior to the Petition Date, provided that there are sufficient funds available in the applicable accounts to make such payments.  The Debtors also seek authorization to issue replacement checks or to provide for other means of payment to the extent necessary to pay such Taxes and Fees.

---

2.    Nothing in this Motion shall be deemed to constitute an admission by the Debtors to any asserted liability or obligation with respect to any Taxes or Fees.  The Debtors reserve any and all rights to contest any Taxes or Fees asserted against them by any of the Authorities (as defined below).  Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

30128760.1

## THE DEBTORS' TAX OBLIGATIONS

8.      In the ordinary course of business, the Debtors (i) incur taxes including, without limitation, sales and use taxes (the "Sales and Use Taxes"), property taxes (the "Property Taxes"), income taxes (the "Income Taxes"), and other miscellaneous taxes (together with the Sales and Use Taxes, Property Taxes, and Income Taxes, the "Taxes"); (ii) incur business license, environmental, reporting, commercial, and vehicle fees, customs (import/export) fees, and other similar assessments (collectively, the "Fees"); and (iii) remit such Taxes and Fees to various taxing, licensing and other governmental authorities (collectively, the "Authorities") or make payments to various third parties, who, in turn, remit such Taxes or Fees to the Authorities.  The Debtors pay the Taxes and Fees monthly, quarterly, annually, semiannually, biennially or triennially, in each case as required by applicable laws and regulations.

9.      As explained more fully herein, the relief requested should be granted because, among other things, (i) certain Taxes or Fees may constitute "trust fund" taxes and thus are not property of the Debtors' estates; (ii) the failure to pay certain Taxes or Fees could result in a lien being placed on the Debtors' property; and/or (iii) certain Taxes or Fees may constitute priority claims.  The failure to pay the Taxes and Fees could disrupt the Debtors' operations and impair the Debtors' efforts to maximize the value of their assets for their stakeholders. Accordingly, payment of the Taxes and Fees is in the best interests of the Debtors' estates.

## SALES AND USE TAXES

10.      Certain Authorities require the Debtors to pay Sales and Use Taxes that are based on a percentage of sales prices.  In most cases, the Sales and Use Taxes are paid in arrears once collected.  The Debtors believe that they currently owe at least $14,000 with respect to the payment of Sales and Use Taxes but it is difficult for the Debtors to estimate the amount of Sales

and Use Taxes owed as of the Petition Date, as such taxes are taken into account in the numerous invoices either generated by or paid by the Debtors.  The Debtors request authority to satisfy any amounts owed on account of Sales and Use Taxes that are presently or may become due and owing in the ordinary course of business during these Chapter 11 Cases.

## PROPERTY TAXES

11.     The Debtors are required to pay Property Taxes to relevant Authorities in the ordinary course of operating their businesses. The Debtors generally remit Property Taxes directly to Authorities or for "pass-through" Property Taxes under lease agreements that the Debtors do not currently expect to reject.  The Debtors generally pay Property Taxes as they accrue or on a monthly, quarterly, or annual basis.  As of the Petition Date, the Debtors estimate that approximately $390,000 in Property Tax amounts accrued prepetition and are due and owing. However, certain Property Taxes may have not yet been assessed.  As a result, certain Property Taxes may be billed during the pendency of these Chapter 11 Cases.  The Debtors request authority to satisfy any amounts owed on account of Property Taxes that are presently or may become due and owing in the ordinary course of business during these Chapter 11 Cases.

## INCOME TAXES

12.     The Debtors pay Income Taxes to federal, state and local taxing authorities in the ordinary course of business.  The Debtors believe that they are current with respect to the payment of Income Taxes for years through and including 2021.  As of the Petition Date, the Debtors have not determined the amount of Income Taxes that may be owed for the fiscal year 2022.  The Debtors request authority to satisfy any amounts owed on account of Income Taxes that are presently or may become due and owing in the ordinary course of business during these Chapter 11 Cases.

**FEES**

13.     State and local laws require the Debtors to pay Fees to obtain a range of business licenses and permits from a number of different Authorities.  Certain states require the Debtors to pay Fees to remain in good standing for purposes of conducting business within the state.  The methods for calculating amounts due for such licenses and permits, and the deadlines for paying such amounts, vary by jurisdiction.  The Debtors also regularly incur fees to import and export their products to governmental authorities (e.g. U.S. Customs and Border Patrol).  The Debtors estimate that they presently owe approximately $250,000 in Fees, although certain additional amounts may have accrued but not yet been invoiced.  The Debtors request authority to satisfy any amounts owed on account of Fees that are presently or may become due and owing in the ordinary course of business during these Chapter 11 Cases.

**BASIS FOR RELIEF**

**I.      Payment of the Taxes and Fees is Necessary and Appropriate.**

14.     The Debtors' payment of Taxes and Fees in the ordinary course of business is justified because, among other things, (i) certain of the amounts held by the Debtors for Taxes and Fees are not property of the estate pursuant to section 541(d) of the Bankruptcy Code; (ii) the Debtors' directors and officers may be held personally liable for the nonpayment of the Taxes or Fees or certain Authorities could take precipitous action for such nonpayment, which would distract the Debtors from their efforts to reorganize; (iii) certain Taxes and Fees may constitute secured or priority claims; and (iv) such relief is warranted under the doctrine of necessity.

**A.      Certain of the Taxes and Fees May Not Be Property of the Estate**

15.     Section 541(d) of the Bankruptcy Code provides, in relevant part, that "[p]roperty in which the debtor holds, as of the commencement of the case, only legal title and not

an equitable interest . . . becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold." 11 U.S.C. § 541(d).

16.    To the extent the Debtors have collected any Taxes or Fees from third parties, such amounts may be held in trust for the benefit of the Authorities and are not property of the estates.  *See, e.g.*, *Begier v. I.R.S.*, 496 U.S. 53, 59 (1990) (holding that any prepetition payment of trust fund taxes is not a transfer subject to avoidance because such funds are not the debtor's property); *City of Farrell v. Sharon Steel Corp.*, 41 F.3d 92, 97 (3d Cir. 1994) (holding that income required to be withheld by city ordinance and state law is held "in trust" for the taxing authority); *DiChiaro v. N.Y. State Tax Comm'n*, 760 F.2d 432, 433-34 (2d Cir. 1985) (holding that a sales tax that is required by state law to be collected by sellers from their customers is a "trust fund" tax); *In re Megafoods Stores, Inc.*, 163 F.3d 1063, 1067-68 (9th Cir. 1998); *In re Al Copeland Enters., Inc.*, 991 F.2d 233, 237 (5th Cir. 1993); *In re Equalnet Commc'ns Corp.*, 258 B.R. 368, 370 (Bankr. S.D. Tex. 2000) ("[C]ertain prepetition tax claims, such as sales taxes, could be trust fund claims.").  The Debtors submit that certain Taxes or Fees, such as Sales and Use Taxes collected from customers, likely constitute "trust fund" taxes.  Since the Debtors' estates would have no equitable interest in such "trust fund" Taxes or Fees, they seek the relief requested herein in order to pay such amounts to the relevant Authorities.

**B.    Payment of the Taxes and Fees Will Avoid Unnecessary Distractions in These Chapter 11 Cases**

17.    Any regulatory dispute or delinquency that affects the Debtors' ability to conduct business could have a wide-ranging and adverse impact on the Debtors' operations as a whole.  Specifically, the Debtors' failure to pay the Taxes and Fees could adversely affect their business operations because, among other things:  (i) the Authorities could audit the Debtors or

distract the Debtors from continuing their businesses, which, even if unsuccessful, would unnecessarily divert the Debtors' attention from the sale process that is the centerpiece of these Chapter 11 Cases; (ii) the Authorities could attempt to suspend the Debtors' operations, file liens, seek to lift the automatic stay and pursue other remedies that will harm the estates; and (iii) in many states, officers and directors of a debtor may be held personally liable even if a failure to pay such Taxes or Fees is not a result of their own malfeasance, which would undoubtedly distract those key officers and directors from their duties when their immediate and full-time attention to should be directed towards the Debtors' efforts to reorganize.  It is in the best interest of the Debtors' estates to eliminate the possibility of such time-consuming and potentially damaging distractions.

### C.    Certain of the Taxes and Fees May Constitute Secured or Priority Claims Entitled to Special Treatment Under the Bankruptcy Code

18.    Additionally, it is likely that some of the Taxes, and possibly some of the Fees, are entitled to priority status under the Bankruptcy Code.  *See* 11 U.S.C. § 507(a)(8).  If the Taxes are deemed to be entitled to priority status, section 1129(a)(9)(C) requires that they be paid through regular installment payments (i) of a total value, as of the effective date of the plan, equal to the allowed amount of each such claim; (ii) over a period not exceeding five (5) years after the Petition Date; and (iii) in a manner no less favorable than the most favored nonpriority claim[2] provided for by the Debtors' chapter 11 plan, if any.  *See* 11 U.S.C. § 1129(a)(9)(C).  The Debtors expect to pay priority claims in full.  Accordingly, the Debtors' payment of the Taxes and Fees at this juncture would only affect the timing of the payments and would reduce the amount of Taxes and Fees owed if later paid under a plan (due to the high interest rates and late fees attributable to

---

2.    Other than a convenience class under section 1122(b).

delinquent payments).  Therefore, other creditors and parties-in-interest would not be prejudiced if the relief sought herein were granted by this Court.

**D.        Payment of the Taxes and Fees is Warranted Under the Doctrine of Necessity**

19.        The Court may authorize the Debtors to pay any prepetition amounts related to Taxes and Fees pursuant to section 363(b) of the Bankruptcy Code.  Section 363 provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."  11 U.S.C. § 363(b)(1).  Under this section, a court may authorize a debtor to pay certain prepetition claims where a sound business purpose exists for doing so.  *See In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (finding that a sound business purpose existed to justify payment of prepetition wages); s*ee also Armstrong World Indus., Inc. v. James A. Phillips, Inc.* (*In re James A. Phillips, Inc.*), 29 B.R. 391, 397 (S.D.N.Y. 1983) (relying on section 363 to allow contractor to pay prepetition claims of suppliers who were potential lien claimants because the payments were necessary for general contractors to release funds owed to debtors); *In re Friedman's Inc.*, No. 09-10161, 2011 WL 5975283, at *1 (Bankr. D. Del. Nov. 30, 2011) (approving the payment of prepetition staffing services pursuant to section 363 to avoid an "epidemic of [e]mployee departures" and "deterioration in morale").  Here, the Debtors' failure to pay the Taxes and Fees could have a material adverse impact on their ability to operate in the ordinary course, as the Authorities could attempt to prevent or delay the Debtors' operations if the Taxes and Fees are not paid.

20.        The payment of Taxes and Fees is likewise authorized by section 105(a) of the Bankruptcy Code, which provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [title 11]."  11 U.S.C. § 105(a).  Thus, section 105(a) essentially codifies the Court's inherent equitable powers.  Specifically, the Court

may use its power under section 105(a) to authorize payment of prepetition obligations pursuant

to the "doctrine of necessity" (also referred to as the "necessity of payment" rule).

21.     The United States Court of Appeals for the Third Circuit recognizes this

doctrine.  *See, e.g.*, *In re Lehigh & New England Ry. Co.*, 657 F.2d 570, 581 (3d Cir. 1981).   In

*Lehigh*, the Third Circuit held that a court could authorize the payment of prepetition claims if

such payment were essential to the continued operation of the debtor.  *See id.* (stating courts may

authorize payment of prepetition claims when there "is the possibility that the creditor will employ

an immediate economic sanction, failing such payment"); *see also In re Penn Central Transp. Co.*,

467 F.2d 100, 102 (3rd Cir. 1972) (holding doctrine of necessity permits "immediate payment of

claims of creditors where those creditors will not supply services or material essential to the

conduct of the business until their pre-reorganization claims have been paid"); *In re Just for Feet,*

*Inc.*, 242 B.R. 821, 824-45 (Bankr. D. Del. 1999) (noting that, in the Third Circuit, debtors may

pay prepetition claims that are essential to continued operation of their businesses); *In re Columbia*

*Gas Sys., Inc.*, 171 B.R. 189, 191-92 (Bankr. D. Del. 1994) (same).

22.     Relief similar to that requested herein has been consistently granted by

courts in this district.  *See, e.g.*, *In re Kabbage, Inc. d/b/a KServicing*, No. 22-10951 (Bankr. D.

Del. Oct. 21, 2022), ECF No. 133; *In re TPC Group Inc.*, No. 22-10493 (Bankr. D. Del. June 30,

2022), ECF No. 342; *In re American Eagle Delaware Holding Co.*, No. 22-10028 (Bankr. D. Del.

Feb. 7, 2022), ECF No. 97; *In re Nine Point Energy Holdings, Inc.*, No. 21-10570 (Bankr. D. Del.

Apr. 6, 2021), ECF No. 195.

23.     Payment of the Taxes and Fees will enable the Debtors to operate their

businesses without the needless disruption of potential litigation initiated by one or more of the

Authorities or disputes under section 362(b)(4) concerning enforcement of the Authorities' police

and regulatory powers.  In light of the foregoing, the Debtors submit that the present circumstances warrant relief in these Chapter 11 Cases similar to that set forth above, in order to preserve the Debtors' assets and avoid business interruption.

## II.   Cause Exists to Authorize the Debtors' Financial Institutions to Honor Checks and Electronic Fund Transfers.

24.     The Debtors have sufficient funds to pay the amounts described herein in the ordinary course of business by virtue of expected cash flows from ongoing business operations, anticipated postpetition financing and access to use of their cash collateral.  Additionally, under the Debtors' existing cash management system, the Debtors represent that checks or electronic payment requests can be readily identified as relating to an authorized payment in respect of the Taxes and Fees.  Accordingly, the Debtors believe that checks or electronic payment requests, other than those relating to authorized payments, will not be honored inadvertently and that all applicable financial institutions should be authorized, when requested by the Debtors, to receive, process, honor and pay any and all checks or electronic payment requests in respect of the Taxes and Fees to the extent that there are sufficient funds in the applicable accounts to make such payments.  Moreover, pursuant to the proposed order, all applicable banks and other financial institutions shall not have any liability in connection with honoring any prepetition checks or electronic payment requests contemplated by the proposed order and/or designated by the Debtors.

## THE MOTION SATISFIES BANKRUPTCY RULE 6003

25.     Pursuant to Bankruptcy Rule 6003(b), a court shall not grant "a motion to pay all or part of a claim that arose before the filing of the petition" within twenty-one days of the petition date "[e]xcept to the extent that relief is necessary to avoid immediate and irreparable harm."  Fed. R. Bankr. P. 6003(b).  As described herein and in the Pinson Declaration, the Debtors' business operations rely heavily on current payment of the Taxes and Fees.  The failure to pay the

Taxes and Fees would have immediate and detrimental consequences to the Debtors' business operations and would decrease the value of the Debtors' estates to the detriment and prejudice of all stakeholders. Accordingly, the Debtors submit that the requirements of Bankruptcy Rule 6003 have been met and that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates.

## WAIVER OF BANKRUPTCY RULE 6004(h)

26.    The Debtors further seek a waiver of any stay of the effectiveness of the order approving this Motion. Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). As stated above, paying the Taxes and Fees will be necessary to prevent irreparable damage to the Debtors' business operations and, therefore, the value of the Debtors' businesses. Accordingly, the Debtors submit that ample cause exists to justify a waiver of the fourteen-day stay imposed by Bankruptcy Rule 6004(h), to the extent it applies.

## RESERVATION OF RIGHTS

27.    Nothing contained herein is intended or should be construed as an admission of the validity of any claim against the Debtors, a waiver of the Debtors' rights to dispute any claim, or an approval or assumption of any agreement, contract or lease under section 365 of the Bankruptcy Code. The Debtors expressly reserve their rights to contest any assertion to the contrary and any objection to the relief sought in this Motion under any grounds available to the Debtors in accordance with applicable non-bankruptcy law.

## NOTICE

28.    Notice of the hearing on this Motion shall be provided to (i) the Office of the United States Trustee for the District of Delaware; (ii) the Authorities; (iii) counsel for the

30128760.1

prepetition secured lenders; (iv) those parties listed on the list of creditors holding the twenty

largest unsecured claims against the Debtors (on a consolidated basis), as identified in their chapter

11 petitions, and (v) all the parties that have requested notice in this proceeding pursuant to

Bankruptcy Rule 2002.  Notice of this Motion and any order entered hereon will be served in

accordance with Rule 9013-1(m).  The Debtors submit that, in light of the nature of the relief

requested, no other or further notice need be given.

### <u>NO PRIOR REQUEST</u>

29.     No prior request for the relief sought in the Motion has been made to this

Court or any other court.


*[Remainder of page left blank intentionally.]*

30128760.1

13

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein and such other or further relief as the Court deems just and proper.

Dated:  February 16, 2023
        Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Andrew L. Magaziner*
Michael R. Nestor (DE Bar No. 3526)
Andrew L. Magaziner (DE Bar No. 5426)
Ashley E. Jacobs (DE Bar No. 5635)
1000 North King Street
Rodney Square
Wilmington, Delaware 19801-6108
Telephone:  (302) 571-6600
Facsimile:   (302) 571-1253
Email:  mnestor@ycst.com
       amagaziner@ycst.com
       ajacobs@ycst.com

   -and-

Kathryn A. Coleman
Christopher Gartman
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004-1482
Telephone: (212) 837-6000
Facsimile:  (212) 422-4726
Email:  katie.coleman@hugheshubbard.com
       chris.gartman@hugheshubbard.com

*Proposed Counsel for the Debtors*

**EXHIBIT A**

**Proposed Interim Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* | Chapter 11 |
| **STANADYNE LLC,** *et al.,*[1] | Case No. 23-10207 (JTD) |
| **Debtors.** | (Jointly Administered) |

### INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO PAY CERTAIN PREPETITION TAXES AND REGULATORY FEES IN THE ORDINARY COURSE OF BUSINESS AND (II) AUTHORIZING BANKS AND FINANCIAL INSTITUTIONS TO HONOR AND PROCESS CHECKS AND TRANSFERS RELATED THERETO

Upon the motion (the "Motion")[2] of the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") for the entry of an order (the "Order"), pursuant to sections 105(a), 506(a), 507(a)(8), 541 and 1129 of title 11 of the Bankruptcy Code, (i) authorizing the Debtors to pay certain prepetition taxes and regulatory fees in the ordinary course of business, and (ii) authorizing banks and financial institutions to honor and process checks and transfers related thereto; and upon consideration of the *Declaration of John Pinson, Chief Executive Officer of Stanadyne LLC, in Support of First Day Relief*; and upon the statements of counsel in support of the relief requested in the Motion at the hearing before the Court; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having found that this is a core

---

1. The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are:  Stanadyne LLC (0378); Pure Power Technologies, Inc. (5202); Stanadyne PPT Holdings, Inc. (2594); and Stanadyne PPT Group Holdings, Inc. (1734).  The Debtors' headquarters are located at 405 White Street, Jacksonville, North Carolina 28546.

2. Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final

order consistent with Article III of the United States Constitution; and the Court having found that

venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408

and 1409; and due and proper notice of the Motion and hearing, if any, to consider the relief

requested therein (the "Hearing") appearing adequate and appropriate under the circumstances;

and this Court having found that no other or further notice need be provided; and the legal and

factual bases set forth in the Motion establishing just and sufficient cause to grant the interim relief

requested therein; and the relief granted herein being in the best interests of the Debtors, their

estates, creditors and all parties in interest; and no objection to the Motion having been filed or

made at the Hearing on the Motion; and upon all of the proceedings before the Court and after due

deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The Debtors are authorized, but not directed, to pay and remit amounts

owed on account of Taxes and Fees in the ordinary course of business without regard to whether

the Taxes or Fees accrued or arose before or after the Petition Date, in an aggregate amount not to

exceed $750,000 absent further order of this Court.

3. All banks and other financial institutions are hereby authorized to receive,

process, honor and pay any and all checks presented for payment and electronic transfer requests

made by the Debtors related to the payment of the obligations described in the Motion and

approved herein, whether such checks were presented or such electronic transfer requests were

submitted before, or are presented or submitted after, the Petition Date, to the extent funds are

available in the Debtors' accounts.  All such banks and financial institutions are further directed

to rely on the Debtors' designation of any particular check or electronic payment request as approved pursuant to this Order.

4.      The Debtors are authorized to reissue any check or electronic payment that originally was given in payment of any prepetition amount authorized to be paid under this Order and is not cleared by the applicable bank or other financial institution.

5.      Nothing in the Motion or in this Order shall be construed as impairing the Debtors' right to contest the validity, priority or amount of any Taxes or Fees that may be due to any of the Authorities.

6.      The requirements of Bankruptcy Rule 6003(b) and Local Rule 9013-1(m) are satisfied by the contents of the Motion.

7.      Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.

8.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

10.     A final hearing to consider the relief requested in the Motion shall be held on _____, **2023 at _____ (Prevailing Eastern Time)** and any objections or responses to the Motion shall be in writing, filed with the Court, and served so as to be actually received on or prior to _____, **2023 at 4:00 p.m. (Prevailing Eastern Time)**.

## **EXHIBIT B**

## **Proposed Final Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re* | Chapter 11 |
| **STANADYNE LLC, *et al.*,[4]** | Case No. 23-10207 (JTD) |
| **Debtors.** | (Jointly Administered) |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS TO PAY
CERTAIN PREPETITION TAXES AND REGULATORY FEES IN
THE ORDINARY COURSE OF BUSINESS AND (II)
AUTHORIZING BANKS AND FINANCIAL INSTITUTIONS TO
HONOR AND PROCESS CHECKS
AND TRANSFERS RELATED THERETO**

Upon the motion (the "<u>Motion</u>")[2] of the debtors and debtors-in-possession

in the above-captioned cases (collectively, the "<u>Debtors</u>") for the entry of an order (the

"<u>Order</u>"), pursuant to sections 105(a), 506(a), 507(a)(8), 541 and 1129 of title 11 of the

Bankruptcy Code, (i) authorizing the Debtors to pay certain prepetition taxes and

regulatory fees in the ordinary course of business, and (ii) authorizing banks and financial

institutions to honor and process checks and transfers related thereto; and upon

consideration of the *Declaration of John Pinson, Chief Executive Officer of Stanadyne*

*LLC, in Support of First Day Relief*; and the Court having jurisdiction over this matter

pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference*

*from the United States District Court for the District of Delaware*, dated February 29,

---

1.  The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are:  Stanadyne LLC (0378); Pure Power Technologies, Inc. (5202); Stanadyne PPT Holdings, Inc. (2594); and Stanadyne PPT Group Holdings, Inc. (1734).  The Debtors' headquarters are located at 405 White Street, Jacksonville, North Carolina 28546.

2.  Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. §
157(b)(2); and this Court having found that it may enter a final order consistent with Article
III of the United States Constitution; and the Court having found that venue of this
proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and
1409; and due and proper notice of the Motion and hearing, if any, to consider the relief
requested therein (the "Hearing") appearing adequate and appropriate under the
circumstances; and this Court having found that no other or further notice need be
provided; and the legal and factual bases set forth in the Motion establishing just and
sufficient cause to grant the relief requested therein; and the relief granted herein being in
the best interests of the Debtors, their estates, creditors and all parties in interest; and no
objection to the Motion having been filed or made at the Hearing, if any, on the Motion;
and upon all of the proceedings before the Court and after due deliberation and sufficient
cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED on a final basis as set forth herein.

2.      The Debtors are authorized, but not directed, to pay and remit
amounts owed on account of Taxes and Fees in the ordinary course of business without
regard to whether the Taxes or Fees accrued or arose before or after the Petition Date, in
an aggregate amount not to exceed $1,500,000, absent further order of this Court.

3.      All banks and other financial institutions are hereby authorized to
receive, process, honor and pay any and all checks presented for payment and electronic
transfer requests made by the Debtors related to the payment of the obligations described
in the Motion and approved herein, whether such checks were presented or such

30128760.1

2

electronic transfer requests were submitted before, or are presented or submitted after, the

Petition Date, to the extent funds are available in the Debtors' accounts. All such banks

and financial institutions are further directed to rely on the Debtors' designation of any

particular check or electronic payment request as approved pursuant to this Order.

4.      The Debtors are authorized to reissue any check or electronic

payment that originally was given in payment of any prepetition amount authorized to be

paid under this Order and is not cleared by the applicable bank or other financial

institution.

5.      Nothing in the Motion or in this Order shall be construed as

impairing the Debtors' right to contest the validity, priority or amount of any Taxes or

Fees that may be due to any of the Authorities.

6.      The requirements of Bankruptcy Rule 6003(b) and Local Rule

9013-1(m) are satisfied by the contents of the Motion.

7.      Notwithstanding any applicability of Bankruptcy Rule 6004(h), the

terms and conditions of this Order shall be immediately effective and enforceable upon

entry of this Order.

8.      The Debtors are authorized to take all actions necessary to

effectuate the relief granted pursuant to this Order in accordance with the Motion.

9.      This Court shall retain jurisdiction to hear and determine all

matters arising from or related to the implementation of this Order.

30128760.1