IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>**STANADYNE LLC,** *et al.*,[1]<br><br>**Debtors.** | Chapter 11<br><br>Case No. 23-10207 (JTD)<br><br>(Joint Administration Requested) |

**DEBTORS' MOTION FOR AN ORDER
AUTHORIZING THE DEBTORS TO REDACT INDIVIDUAL STAKEHOLDERS'
PERSONALLY IDENTIFIABLE INFORMATION**

The debtors in possession in the above-captioned cases (each, a "Debtor" and collectively, the "Debtors") respectfully state the following in support of this motion (this "Motion"):

**Relief Requested**

1.   By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto at **Exhibit A** (the "Proposed Order") authorizing the Debtors to redact the personally identifiable information of the Debtors' individual stakeholders, including but not limited to current and former employees and individual equityholders.

**Jurisdiction and Venue**

2.   This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b), and, under Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and

---

1.   The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number, are: Stanadyne LLC (0378); Pure Power Technologies, Inc. (5202); Stanadyne PPT Holdings, Inc. (2594); and Stanadyne PPT Group Holdings, Inc. (1734).  The Debtors' headquarters are located at 405 White Street, Jacksonville, North Carolina 28546.

30128700.1

Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are sections 105(a), 107(c), and 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rules 1007, 2002, and 9013-1 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 1001-1(c), 1007-1, 1007-2, 2002-1, and 9013-1(m).

**Background**

5. On the date hereof (the "Petition Date"), the Debtors filed voluntary petitions in this Court commencing cases (the "Chapter 11 Cases") for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to manage and operate their businesses as debtors in possession under sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been requested in these cases, and no committees have been appointed.

6. The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the *Declaration of John Pinson, Chief Executive Officer of Stanadyne LLC, in Support of First Day Relief* (the "First Day Declaration")[2] filed contemporaneously herewith. In

---

2. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

support of this Motion, the Debtors rely upon and incorporate by reference the First Day Declaration.

### Basis for Relief

7.  Section 107(c) of the Bankruptcy Code provides that the Court:

> for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
> (A) Any means of identification . . . contained in a paper filed, or to be filed, in a case under [the Bankruptcy Code].
>
> (B) Other information contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c)(1).

8.  The Debtors respectfully submit that cause exists to authorize the Debtors to redact personally identifiable information—including email addresses and home addresses—in respect of the Debtors' individual stakeholders, including but not limited to their current and former employees and individual equityholders, from any paper filed or to be filed with the Court in these Chapter 11 Cases, including, but not limited to, the creditor matrix, list of equityholders, and schedules and statements, because such information could be used, among other things, to perpetrate identity theft and phishing scams or to locate survivors of domestic violence, harassment, or stalking. The Debtors propose to provide, on a confidential basis, unredacted versions of the creditor matrix, list of equityholders, schedules and statements, and any other applicable filings to (a) the Court, (b) the U.S. Trustee, (c) counsel to any official committee appointed in these Chapter 11 Cases, and (d) any party in interest upon a request to the Debtors (email is sufficient) or to the Court that is reasonably related to these Chapter 11 Cases. In addition,

the Debtors will distribute as applicable any notices that are received at the Debtors' corporate headquarters and are intended for a current employee.

9. The risk in relation to 11 U.S.C. § 107(c)(1) is not merely speculative. In at least one recent chapter 11 case, the abusive former partner of a debtor's employee used the publicly accessible creditor and employee information filed in the chapter 11 case to track the employee at her new address, which had not been publicly available until then, forcing the employee to change addresses again for her safety.[3]

10. Courts in this jurisdiction and others have granted similar relief in comparable chapter 11 cases. *See*, *e.g.*, *In re Agspring Mississippi Region, LLC*, No. 21-11238 (CTG) (Bankr. D. Del. Sept. 13, 2021), ECF No. 8 (authorizing the debtors to redact the home addresses of *all* individuals listed on the creditor matrix, schedules and statements, and similar filings); *In re Sequential Brands Group, Inc.*, No. 21-11195 (JTD) (Bankr. D. Del. Sept. 2, 2021), ECF No. 65 (same); *In re Art Van Furniture, LLC*, No. 20-10553 (CSS) (Bankr. D. Del. Mar. 10, 2020), ECF No. 78 (same); *In re Melinta Therapeutics, Inc.*, No. 19-12748 (LSS) (Bankr. D. Del. Feb. 7, 2020), ECF No. 264 (authorizing the debtors to file under seal the portions of the creditor matrix, schedules and statements, and any related affidavits of service containing the home addresses of the debtors' current employees); *In re Clover Techs. Grp., LLC*, No. 19-12680 (KBO) (Bankr. D. Del. Feb. 4, 2020), ECF No. 146 (authorizing the debtors to redact personally identification information, including home address information, of all individuals on documents filed with the court and, in so doing, overruling the U.S. Trustees' objections to such relief for the third time);

---

3. The incident, which took place during the debtors' prior chapter 11 cases, is described in the "creditor matrix motion" filed in the debtors' later chapter 11 cases. *See In re Charming Charlie Holdings Inc.*, Case No. 19-11534 (CSS) (Bankr. D. Del. Jul. 11, 2019), ECF No. 4.

*In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Dec. 19, 2019), ECF No. 605 ("[T]he Court is fully satisfied that Bankruptcy Code Section 107 authorizes debtors to redact home addresses for its employees from documents it files in the case; similarly . . . the Bankruptcy Code . . . provide[s] protection from disclosure of home addresses of creditors.").

11. Courts in this and other districts have also expounded on the importance of authorizing debtors to redact employees' and other individuals' personally identifiable information. In *Forever 21*, in overruling the objection of the United States Trustee for the District of Delaware to the same redaction relief proposed here, Judge Gross noted that "[w]e live in a new age in which the theft of personal identification is a real risk, as is injury to persons who, for personal reasons, seek to have their addresses withheld." *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Dec. 19, 2019), ECF No. 605 at 60:22–25. Judge Gross further found that it was not necessary to the effective administration of the debtors' bankruptcy estates to disclose the personally identifiable information of the debtors' stakeholders. *Id.* at 62:16–22 ("Clearly, disclosing home addresses is not necessary for the conduct of the bankruptcy case and the absence of the address does not prejudice anyone."). In *Windstream*, Judge Drain noted that the consequences of releasing private information could be "very serious," and "[o]nce [private information is] out there, it's out there." *In re Windstream Holdings, Inc.*, No. 19-22312 (RDD) (Bankr. S.D.N.Y. Feb. 26, 2019), ECF No. 173 at 88:6-12, 89:5-8. Similarly, in *GTT Commc'ns*, Judge Wiles noted that personally identifiable information, including addresses, "has been misused in other cases, and I'll be darned if I'm going to let it be misused in one of mine." Hr'g Tr. at 78:12-19, *GTT Commc'ns, Inc.*, No. 21-11880 (Bankr. S.D.N.Y. Nov. 4, 2021), ECF No. 182.

12. For these reasons, the Debtors respectfully submit that, pursuant to section 107(c)(1) of the Bankruptcy Code, cause exists to authorize the Debtors to redact from any paper

filed or to be filed with the Court in these Chapter 11 Cases, including, but not limited to, the creditor matrix and schedules and statements, personally identifiable information—including email addresses and home addresses—in respect of the Debtors' individual stakeholders, including but not limited to current and former employees and individual equityholders. Absent such relief, the Debtors may unnecessarily render individuals more susceptible to identity theft and could jeopardize the safety of individuals who, unbeknownst to the Debtors, are survivors of domestic violence or stalking by publishing their home addresses without any advance notice or opportunity to opt out or take protective measures.

### Notice

13. Notice of this Motion will be given to: (i) the U.S. Trustee; (ii) counsel for the prepetition secured lenders; (iii) those parties listed on the list of creditors holding the twenty (20) largest unsecured claims against the Debtors (on a consolidated basis), as identified in their chapter 11 petitions, and (iv) all the parties that have requested notice in this proceeding pursuant to Bankruptcy Rule 2002. Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m). The Debtors submit that, under the circumstances, no other or further notice is required.

### No Prior Request

14. No prior request for the relief sought in this motion has been made to this or any other court.

*[Remainder of page intentionally left blank]*

**Conclusion**

**WHEREFORE,** the Debtors respectfully request that the Court enter the Proposed Order, granting the relief requested herein and such other relief as may be just and proper.

Dated: February 16, 2023
      Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Andrew L. Magaziner*
Michael R. Nestor (DE Bar No. 3526)
Andrew L. Magaziner (DE Bar No. 5426)
Ashley E. Jacobs (DE Bar No. 5635)
1000 North King Street
Rodney Square
Wilmington, Delaware 19801-6108
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: mnestor@ycst.com
      amagaziner@ycst.com
      ajacobs@ycst.com

-and-

Kathryn A. Coleman
Christopher Gartman
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004-1482
Telephone: (212) 837-6000
Facsimile: (212) 422-4726
Email: katie.coleman@hugheshubbard.com
      chris.gartman@hugheshubbard.com

*Proposed Counsel for the Debtors*

# **EXHIBIT A**

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* | Chapter 11 |
| **STANADYNE LLC, *et al.*,**[1] | Case No. 23-10207 (JTD) |
| **Debtors.** | (Jointly Administered) |

### ORDER AUTHORIZING THE DEBTORS TO REDACT INDIVIDUAL STAKEHOLDERS' PERSONALLY IDENTIFIABLE INFORMATION

Upon the motion (the "Motion")[2] of the Debtors for an order authorizing the Debtors to redact individual stakeholders' personally identifiable information; and this Court having reviewed the Motion and the First Day Declaration; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b)(2); and this Court having authority to enter a final order consistent with Article III of the United States Constitution; and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and a hearing having been held to consider

---

1. The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number, are: Stanadyne LLC (0378); Pure Power Technologies, Inc. (5202); Stanadyne PPT Holdings, Inc. (2594); and Stanadyne PPT Group Holdings, Inc. (1734). The Debtors' headquarters are located at 405 White Street, Jacksonville, North Carolina 28546.

2. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

30128700.1

the relief requested in the Motion (the "Hearing"); and upon the First Day Declaration and the record of the Hearing and all the proceedings before this Court; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Pursuant to section 107(c)(1)(A) of the Bankruptcy Code, the Debtors are authorized, but not directed, to redact the home addresses and email addresses of individual stakeholders, including but not limited to current and former employees and individual equityholders, of the Debtors from the creditor matrix, list of equityholders, statements and schedules, and any other paper filed or to be filed with the Court in the Chapter 11 Cases, and to provide an unredacted version of the creditor matrix (or any other redacted papers filed in the Chapter 11 Cases) to U.S. Trustee, counsel to any official committee of unsecured creditors appointed in the Chapter 11 Cases, the Court, and such other persons as the Debtors deem appropriate or as the Court may later order.

3. Nothing in this Order shall waive or otherwise limit the service of any document upon or the provision of any notice to any individual whose personally identifiable information is sealed or redacted pursuant to this Order. Service of all documents and notices upon individuals whose personally identifiable information is sealed or redacted pursuant to this Order shall be confirmed in the corresponding certificate of service. The Debtors shall provide the personally identifiable information to any party in interest that files a motion that indicates the reason such information is needed and that, after notice and a hearing, is granted by the Court.

4. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

5. Notwithstanding anything in the Bankruptcy Rules to the contrary, this Order shall be effective and enforceable immediately upon entry hereof.

6. The Debtors are authorized and empowered to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order.

7. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.