**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| STANADYNE LLC, *et al.*,[1] | Case No. 23-10207 (JTD) |
| Debtors. | (Joint Administration Requested) |
| | **Re: D.I. 35** |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF ENCINA EQUIPMENT
FINANCE SPV, LLC, TO DEBTORS' MOTION FOR ENTRY OF INTERIM AND
FINAL ORDERS (I) AUTHORIZING THE USE OF CASH COLLATERAL, (II)
GRANTING ADEQUATE PROTECTION TO PREPETITION SECURED LENDERS,
AND (III) GRANTING RELATED RELIEF**

Encina Equipment Finance SPV, LLC ("EEF"), by and through undersigned counsel,

files this *Limited Objection and Reservation of Rights* (this "Limited Objection") to the

*Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Use of Cash*

*Collateral, (II) Granting Adequate Protection to Prepetition Secured Lenders, and (III)*

*Granting Related Relief* [D.I. 35] (the "Motion"),[2] and respectfully states as follows:

**BACKGROUND**

**A.    General Background**

1.    On February 16, 2023 (the "Petition Date"), the above-captioned debtors and

debtors-in-possession (collectively, the "Debtors"), each filed a voluntary petition for relief under

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax
identification number are: Stanadyne LLC (0378); Pure Power Technologies, Inc. (5202); Stanadyne PPT
Holdings, Inc. (2594); and Stanadyne PPT Group Holdings, Inc. (1734).  The Debtors' headquarters are
located at 405 White Street, Jacksonville, North Carolina, 28546.

[2]  Except where otherwise expressly noted, capitalized terms not defined in this Limited Objection have the
meanings given to the in the Motion.

chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq*., thereby commencing the above-captioned chapter 11 cases (these "Cases").

2.      On February 21, 2023, the Debtors filed the Motion.

**B.      The Relationship Between the Debtors and EEF**

3.      EEF as "Lessor" and Debtors Stanadyne LLC and Pure Power Technologies, Inc., as "Lessee" (collectively, the "Lessee Debtors") are parties to the *Master Lease Agreement dated as of May 26, 2022* (the "MLA") pursuant to which the Debtor Lessees leased certain equipment (the "Equipment") from EEF, as set forth in the Lease (as defined herein).

4.      EEF and the Lessee Debtors are parties to *Equipment Schedule No. 001* dated May 26, 2022 ("Schedule No. 001") and *Equipment Schedule No. 002* dated August 29, 2022 ("Schedule No. 002" and together with Schedule No. 001, the "Equipment Schedules"). Pursuant to each of the Schedules, EEF and the Lessee Debtors entered into an *Addendum to Equipment Schedule – Progress Payments* (each, a "Progress Payment Addendum" and, together with the MLA, Equipment Schedules and all documents, instruments and documentation related thereto, the "Lease") pursuant to which the Debtor Lessees requested EEF to advance funds to suppliers of equipment prior to the Debtor Lessees' written acceptance of all items of Equipment under the Lease. The MLA, Equipment Schedules and Progress Payment Addendums are attached hereto as Exhibit A.

5.      Stanadyne PPT Group Holdings, Inc. guaranteed the obligations of the Debtor Lessees under the Lease pursuant to the *Guaranty* dated May 26, 2022.

6.      Under the Progress Payment Addendum to Schedule No. 001, including the modification to the Progress Payment Addendum to Schedule No. 001 dated August 29, 2022, EEF agreed to advance funds to the Supplier (as defined therein) up to the amount of $2,300,000.00

and under the Progress Payment Addendum to Schedule No. 002, EEF agreed to advance funds to the Supplier up to the amount of $3,200,000.00.

7.      During the term of the Progress Payment Addendums, the Debtor Lessees agreed to pay Progress Rent (as defined therein) calculated according to the formula set forth in the Progress Payment Addendums with reference to either Schedule No. 001 or Schedule No. 002, as applicable.

8.      As of the Petition Date, the amount funded by EEF under the Progress Payment Addendum for Schedule No. 001 was $1,301,935.48 and the amount funded by EEF under the Progress Payment Addendum for Schedule No. 002 was $789,745.66 (collectively, the "Funded Progress Payments").  The maximum balance of the remaining progress payments under Schedule No. 001 and Schedule No. 002 are, respectively, $924,973.22 and $2,261,503.14 (collectively the "Remaining Progress Payments" and together with the Funded Progress Payments collectively the "Total Progress Payments").

9.      EEF and the Debtor Lessees contemplated that the Total Progress Payments would be paid through a roll-up into Schedule No. 001 and Schedule No. 002 and that the Lease would commence upon the delivery and acceptance of the Equipment.

10.     The Lease provides that, to the extent that the Lease is deemed a security agreement, the Debtor Lessees granted to EEF a security interest in the Equipment, together with all additions, attachments and accessories thereto whether or not furnished by the Supplier of the Equipment and any and all substitutions, upgrades, replacements or exchanges therefor, and any and all insurance and/or other proceeds of the property in and against which such security interest is granted.  MLA § 19(c).

11.    In accordance with the Lease, and to the extent the Lease is deemed a security agreement, EEF provisionally perfected its security interest in the Equipment by filing UCC-1 financing statements regarding the Equipment leased under each of the Equipment Schedules. Copies of the UCC-1 financing statements filed by EEF are attached as <u>Exhibit B</u>.

12.    Pursuant to the Lease, the Debtor Lessees agreed that they will keep the Equipment free and clear of all liens, claims and encumbrances.  MLA § 6(d).  The Debtor Lessees also agreed that they will not encumber any Equipment or the Debtor Lessees' interest in any of the Equipment, without the prior written consent of EEF. MLA § 12.

**C.**    **The Motion**

13.    Pursuant to the Motion, the Debtors seek authority to use Cash Collateral with the Consent of the Prepetition Secured Parties.

14.    As stated in the Motion:

> The Prepetition Secured Parties assert that all obligations under the [prepetition] Financing Agreement (the "Prepetition Obligations") are secured by first-priority liens (the "Prepetition Liens") on substantially all of the Debtors' assets (the "Prepetition Collateral").  The Financing Agreement also identifies certain "Excluded Property" that expressly does not constitute Prepetition Collateral and is not subject to the Prepetition Secured Parties' security interest.

Motion at ¶ 10.  Pursuant to the Motion, the Debtors seek authority to grant Cerberus, for its benefit and the benefit of the Prepetition Secured Lenders, to the extent of any Diminution in Value, adequate protection in the form of postpetition security interests in and liens on all property, assets or interests in property or assets of the Debtors and each Debtor's estate (collectively, the "<u>Adequate Protection Liens</u>").  Motion at ¶ 12(f); (proposed) *Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Lenders, and (III) Granting Related Relief* (the "<u>Proposed Interim Order</u>") at ¶ 4.

## LIMITED OBJECTION

15.     EEF objects to the Motion to the extent that any Adequate Protection Liens granted under the Proposed Interim Order or any final order purport to prime EEF's security interest in any of the Equipment.  Although the Motion states that the (prepetition) Financing Agreement carves out certain "Excluded Equipment" from the liens of the Prepetition Secured Lenders, there is no description of the "Excluded Equipment" in the Motion and EEF does not otherwise have any information or knowledge concerning such "Excluded Equipment."

16.     As discussed above, the Lease prohibits the Debtor Lessees from granting any additional liens in the Equipment.  MLA §§ 6(d) and 12.  Accordingly, to the extent that the Adequate Protections Liens purport to secure any portion of the Equipment, the Debtors' request to grant such Adequate Protection Liens should be denied as to the Equipment.

17.     EEF also proposes that, consistent with the Lease, no rights or remedies on account of any junior liens created by any interim or final order may be exercised with respect to the Equipment unless and until the obligations secured by EEF's security interests are satisfied in full.

## RESERVATION OF RIGHTS

18.     This Limited Objection is submitted without prejudice to, and with a full reservation of, EEF's rights to supplement and amend this Limited Objection, including the filing of a declaration in support thereof, to introduce evidence at any hearing relating to this Limited Objection, and to further object to the Motion, on any grounds that may be appropriate, including reconsideration of any relief that may be granted pursuant to any interim or final order granting the Motion.

## CONCLUSION

WHEREFORE, for the reasons set forth above, EEF respectfully requests that the Court (i) deny approval of the Motion to the extent it purports to grant Adequate Protection Liens on any of the Equipment and (ii) grant to EEF such other relief as is appropriate.

Dated:  February 22, 2023  
       Wilmington, Delaware

Respectfully submitted,

**REED SMITH LLP**

By:  */s/ Mark W. Eckard*  
     Mark W. Eckard (No 4542)  
     1201 North Market Street, Suite 1500  
     Wilmington, DE  19801  
     Telephone:  (302) 778-7500  
     Facsimile:  (302) 778-7575  
     E-mail:  meckard@reedsmith.com

*Attorneys for Encina Equipment Finance SPV, LLC*

## __EXHIBIT A__

LEASE

(MLA, Equipment Schedules and Progress Payment Addendums)

# **EXHIBIT B**

UCC-1 Financing Statements

## **CERTIFICATE OF SERVICE**

I hereby certify that, on February 22, 2023, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the District of Delaware on those parties registered to receive electronic notices.

*/s/ Mark W. Eckard*
Mark W. Eckard (No. 4542)