# EXHIBIT A

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| *In re* | Chapter 11 |
| **STANADYNE LLC, *et al.*,**[1] | Case No. 23-10207 (JTD) |
| **Debtors.** | (Jointly Administered) |
|  | **Ref. Docket No.** |

**ORDER PURSUANT TO SECTIONS 105(a), 327, 328, AND 330 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 2014 AND LOCAL RULE 2014-1 AUTHORIZING THE DEBTORS TO EMPLOY PROFESSIONALS USED IN THE ORDINARY COURSE OF BUSINESS EFFETIVE AS OF THE PETITION DATE**

Upon the motion (the "Motion")[2] of the debtors-and-debtors in possession in the above-captioned cases (collectively, the "Debtors"), pursuant to sections 105(a), 327, 328, and 330 of the Bankruptcy Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order (a) establishing certain procedures for the Debtors to retain and compensate those professionals that the Debtors employ in the ordinary course of business (each, an "Ordinary Course Professional," and collectively, the "Ordinary Course Professionals"), effective as of the Petition Date, without the (i) submission of separate employment applications

---

1. The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Stanadyne LLC (0378); Pure Power Technologies, Inc. (5202); Stanadyne PPT Holdings, Inc. (2594); and Stanadyne PPT Group Holdings, Inc. (1734). The Debtors' headquarters are located at 405 White Street, Jacksonville, North Carolina 28546.

2. Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

30167276.1

and (ii) issuance of separate retention orders for each Ordinary Course Professional; and (b) authorizing the Debtors to compensate and reimburse such Ordinary Course Professionals, up to $30,000 per professional per month,, without requiring such Ordinary Course Professionals to file individual fee applications as more fully set forth in the Motion; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference of the United States District Court for the District of Delaware*, dated February 29, 2012; and consideration of the Motion and the requested relief therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors and their estates and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein effective as of the Petition Date.

2. The Debtors are authorized to employ the Ordinary Course Professionals, including, but not limited to, those professionals listed on **Exhibit 1** attached to this Order (the "OCP List"), in accordance with the following procedures (the "OCP Procedures"):

(a)     Within thirty days after the later of (i) the entry of an order granting this Motion; and (ii) the date on which the Ordinary Course Professional commences services for the Debtors, each Ordinary Course Professional shall provide to Debtors' Counsel[3] a declaration (the "OCP Declaration"), substantially in the form attached to the Proposed Order as **Exhibit 2**, certifying that the Ordinary Course Professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter(s) on which the professional is to be employed.

(b)     Upon receipt of the OCP Declaration, the Debtors shall file the same with the Court and serve a copy thereof upon: (i) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 207, Lockbox 35, Wilmington, DE 19801 (Attn: Jane M. Leamy, Esq.); (ii) counsel for Cerberus Business Finance, LLC, as the Prepetition Agent for the Prepetition Secured Lenders: KTBS Law LLP, 1801 Century Park East, 26th Floor, Los Angeles, CA 90067 (Attn: Michael L. Tuchin, Esq., David A. Fidler, Esq., and Nir Maoz, Esq.), and Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801) (Attn: Laura Davis Jones, Esq. and Timothy P. Cairns, Esq.); and (iii) counsel for any statutory committees appointed in these Chapter 11 Cases (each of the foregoing parties a "Notice Party," and collectively, the "Notice Parties").

(c)     The Notice Parties shall have fourteen (14) days after the receipt of each OCP Declaration (the "Objection Deadline") to object to the Debtors' employment and compensation of such Ordinary Course Professional. The OCP Declaration shall conspicuously state the objection deadline. Any objecting party shall file such objection with the Court and serve the objection upon each of the Debtors' counsel, the Notice Parties and the respective Ordinary Course Professional on or before the Objection Deadline. If any such objection cannot be resolved within twenty (20) days of its receipt by the Debtors' counsel, the matter shall be scheduled for adjudication by the Court at the next available hearing or such other date otherwise agreeable to the parties thereto. If no objection is received from any of the Notice Parties by the Objection Deadline with respect to any particular Ordinary Course Professional, the Debtors shall be authorized to employ and compensate the Ordinary Course Professional in accordance with the OCP Procedures.

(d)     Once the Debtors retain an Ordinary Course Professional in accordance with these procedures, the Debtors shall pay each Ordinary Course

---

[3]. The attorneys for the Debtors are Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, New York 10004 (Attn: Kathryn A. Coleman, Esq. and Jeffrey S. Margolin, Esq.), and Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Rodney Square, Wilmington, Delaware 19801 (Attn: Michael R. Nestor, Esq., Andrew L. Magaziner, Esq., and Ashley E. Jacobs, Esq.) (together, "Debtors' Counsel").

|     | |
| --- | --- |
|     | Professional 100% of the fees and 100% of the disbursements incurred upon the submission to, and approval by, the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and expenses actually incurred; provided, however, that the Ordinary Course Professional's total compensation and reimbursement shall not exceed $30,000 for each month (the "OCP Cap"), starting from the first full month following the commencement of these Chapter 11 Cases.[4] |
| (e) | If the fees and expenses for any particular Ordinary Course Professional exceed the OCP Cap, such Ordinary Course Professional shall file a fee application (a "Fee Application") on account of the excess amount over the OCP Cap and apply for compensation and reimbursement of such amount in compliance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of this Court. With respect to any such Fee Application filed by an Ordinary Course Professional that provides legal services to the Debtors, each such Ordinary Course Professional shall reasonably comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Appendix B—Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective as of November 1, 2013. |
| (f) | The Debtors shall not pay any fees and expenses to any Ordinary Course Professional unless (a) such Ordinary Course Professional has executed its OCP Declaration and such OCP Declaration was filed with the Court and served on the Notice Parties, (b) the applicable Objection Deadline has expired, and (c) no timely objection is pending. If a timely objection is received, no payment shall be made until such objection is either resolved or withdrawn or otherwise overruled by the Court. |
| (g) | The Debtors shall file a payment summary statement with the Court not more than 30 days after the last day of March, June, September and December of each year the Chapter 11 Cases are pending, or such other period as the Court directs, and serve such statement upon the Notice Parties. The summary statement will include the following information for each Ordinary Course Professional: (a) the name of the Ordinary Course Professional; (b) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by such Ordinary Course Professional during the statement period; and (c) a brief statement of the type of services rendered by such Ordinary Course Professional. |

---

4. The OCP Cap shall not apply to an Ordinary Course Professional's request for fees and disbursements submitted directly to an insurer.

    (h)    The Debtors reserve the right to retain additional Ordinary Course Professionals during these Chapter 11 Cases, as the need arises. In such event, the Debtors will file an amended OCP List with the Court and serve it on the Notice Parties with the OCP Declarations of the additional Ordinary Course Professionals. If no objection is received from any of the Notice Parties by the Objection Deadline, the Debtors shall be authorized to employ and compensate such additional Ordinary Course Professionals in accordance with the OCP Procedures.

    3.    The form OCP Declaration attached to this Order at **Exhibit 2** is approved.

    4.    Nothing herein constitutes (i) an admission as to the validity of any claim against the Debtors or (ii) a waiver of the Debtors' or any party in interest's rights to subsequently dispute any invoices of any Ordinary Course Professionals under applicable nonbankruptcy law.

    5.    The Debtors are authorized to take all actions necessary to effectuate the relief granted by this Order.

    6.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation or enforcement of this Order.

## EXHIBIT 1

### Ordinary Course Professionals

| Professional | Address | Description of Services |
|---|---|---|
| Alix Yale & Ristas LLP | 150 Trumbull Street, 6th Floor<br>Hartford, CT 06103 | Legal Services |
| Aon Consulting, Inc. | 29695 Network Place<br>Chicago, IL 60673-1296 | Actuarial Services |
| Caron & Bletzer, PLLC | 1 Library Lane<br>Kingston, NH 03848 | Pension Services |
| Nelson Mullins Riley & Scarborough LLP | 1320 Main Street, 17th Floor<br>Columbia, SC 29201 | Legal Services |
| Parker Poe Adams & Bernstein LLP | 401 South Tryon Street, Suite 3000<br>Charlotte, NC 28202<br><br>Suite 3000, ATTN Accounting<br>Three Wells Fargo Center<br>Charlotte, NC 28202-1942 | Legal Services |
| RSM US LLP | 157 Church Street, 11th Floor<br>New Haven, CT 06510 | Audit, Tax, and Accounting Services |
| Shipman & Goodwin LLP | 1 Constitution Plaza<br>Hartford CT 06103 | Legal Services |

| Professional | Address | Description of Services |
|---|---|---|
| Womble Bond Dickinson (US) LLP | One West Fourth Street<br>Winston-Salem, NC 27101 | Legal Services |

# EXHIBIT 2

**Ordinary Course Professional Declaration**

30167276.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* <br><br> **STANADYNE LLC, *et al.*,**[1] <br><br> **Debtors.** | Chapter 11 <br><br> Case No. 23-10207 (JTD) <br><br> (Jointly Administered) |

### DISCLOSURE DECLARATION OF ORDINARY COURSE PROFESSIONAL

I, _____, do hereby declare under penalty of perjury that the following is true to the best of my knowledge, information, and belief:

I am a _____ of _____, located at _____ (the "Firm").

The above-captioned debtors and debtors-in-possession (the "Debtors") have requested that the Firm provide _____ services to the Debtors, and the Firm has consented to provide such services (the "Services").

The Services include, but are not limited to, the following:

_____

_____

---

1. The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Stanadyne LLC (0378); Pure Power Technologies, Inc. (5202); Stanadyne PPT Holdings, Inc. (2594); and Stanadyne PPT Group Holdings, Inc. (1734). The Debtors' headquarters are located at 405 White Street, Jacksonville, North Carolina 28546.

30167276.1

_____

_____.

The Firm may have performed services in the past and may perform services in the future, in matters unrelated to the Debtors' cases (the "Chapter 11 Cases"), for persons that are parties in interest in the Chapter 11 Cases. As part of its customary practice, the Firm is retained in cases, proceedings and transactions involving many different parties, some of whom may represent or be claimants, employees of the Debtors, or other parties in interest in these Chapter 11 Cases. The Firm does not perform services for any such person in connection with these Chapter 11 Cases.

Neither I nor any principal of or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm.

Neither I nor any principal of or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) on which the Firm is to be employed.

As of the date of the commencement of their Chapter 11 Cases, the Debtors owed the Firm $[_____] for prepetition services.

The Firm is conducting further inquiries regarding its employment by any creditors of the Debtors, and upon conclusion of those inquiries, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

30167276.1                                    2

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

_____

[NAME]
[ADDRESS]