**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re* | Chapter 11 |
| **STANADYNE LLC, *et al.*,**[1] | Case No. 23-10207 (JTD) |
| **Debtors.** | (Jointly Administered) |
| | **Re: D.I. 75** |

**CERTIFICATION OF COUNSEL REGARDING PROPOSED ORDER AUTHORIZING
THE DEBTORS TO EMPLOY PROFESSIONALS USED IN THE ORDINARY COURSE
OF BUSINESS EFFECTIVE AS OF THE PETITION DATE**

On March 2, 2023, the above-captioned debtors and debtors in possession (the "Debtors")

filed the *Debtors' Motion for Entry of an Order Pursuant to Sections 105(a), 328 and 330 of the*

*Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014 Authorizing the Debtors to Employ*

*Professionals Used in the Ordinary Course of Business Effective as of the Petition Date* [Docket

No. 75] (the "Motion").  Responses to the entry of the proposed final form of order (the "Proposed

Order") attached to the Motion were to be filed and served no later than 4:00 p.m. (ET) on March

16, 2023 (the "Objection Deadline").

Prior to the Objection Deadline, the Debtors received informal comments from the Office

of the United States Trustee (the "U.S. Trustee").  As a result of discussions between the Debtors

and the U.S. Trustee, such comments have been resolved as reflected in the revised Proposed Order

and a revised exhibit to the Proposed Order attached hereto as **Exhibit A** (the "Revised Proposed

Order").  For the convenience of the Court and interested parties, a blackline comparing the

Revised Proposed Order to the Proposed Order is attached hereto as **Exhibit B**.  No other responses

were received by the Debtors.

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Stanadyne LLC (0378); Pure Power Technologies, Inc. (5202); Stanadyne PPT Holdings, Inc. (2594); and Stanadyne PPT Group Holdings, Inc. (1734).  The Debtors' headquarters are located at 405 White Street, Jacksonville, North Carolina 28546.

The Debtors submit that the Revised Proposed Order is appropriate and consistent with the relief requested in the Motion and its discussions with the U.S. Trustee, and that the U.S. Trustee does not object to entry of the Revised Proposed Order.   Accordingly, the Debtors respectfully request that the Court enter the Revised Proposed Order at its earliest convenience without further notice or hearing.

*[signature page follows]*

Dated:  March 30, 2023
      Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Ashley E. Jacobs*
Michael R. Nestor (DE Bar No. 3526)
Andrew L. Magaziner (DE Bar No. 5426)
Ashley E. Jacobs (DE Bar No. 5635)
1000 North King Street
Rodney Square
Wilmington, Delaware 19801-6108
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
Email:  mnestor@ycst.com
        amagaziner@ycst.com
        ajacobs@ycst.com

-and-

Kathryn A. Coleman
Christopher Gartman
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004-1482
Telephone: (212) 837-6000
Facsimile:  (212) 422-4726
Email:  katie.coleman@hugheshubbard.com
        chris.gartman@hugheshubbard.com

*Counsel for the Debtors*

30234293.1

3

## Exhibit A

**Revised Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* | **Chapter 11** |
| **STANADYNE LLC, *et al.*,**[1] | **Case No. 23-10207 (JTD)** |
| **Debtors.** | **(Jointly Administered)** |
| | **Docket Ref. No. 75** |

### ORDER PURSUANT TO SECTIONS 105(a), 327, 328, AND 330 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 2014 AND LOCAL RULE 2014-1 AUTHORIZING THE DEBTORS TO EMPLOY PROFESSIONALS USED IN THE ORDINARY COURSE OF BUSINESS EFFETIVE AS OF THE PETITION DATE

Upon the motion (the "Motion")[2] of the debtors-and-debtors in possession in the above-captioned cases (collectively, the "Debtors"), pursuant to sections 105(a), 327, 328, and 330 of the Bankruptcy Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order (a) establishing certain procedures for the Debtors to retain and compensate those professionals that the Debtors employ in the ordinary course of business (each, an "Ordinary Course Professional," and collectively, the "Ordinary Course Professionals"), effective as of the Petition Date, without the (i) submission of separate employment applications

---

1. The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Stanadyne LLC (0378); Pure Power Technologies, Inc. (5202); Stanadyne PPT Holdings, Inc. (2594); and Stanadyne PPT Group Holdings, Inc. (1734). The Debtors' headquarters are located at 405 White Street, Jacksonville, North Carolina 28546.

2. Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

and (ii) issuance of separate retention orders for each Ordinary Course Professional; and (b) authorizing the Debtors to compensate and reimburse such Ordinary Course Professionals, up to $30,000 per professional per month,, without requiring such Ordinary Course Professionals to file individual fee applications as more fully set forth in the Motion; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference of the United States District Court for the District of Delaware*, dated February 29, 2012; and consideration of the Motion and the requested relief therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors and their estates and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein effective as of the Petition Date.

2.      The Debtors are authorized to employ the Ordinary Course Professionals, including, but not limited to, those professionals listed on **Exhibit 1** attached to this Order (the "OCP List"), in accordance with the following procedures (the "OCP Procedures"):

(a)      Within thirty days after the later of (i) the entry of an order granting this Motion; and (ii) the date on which the Ordinary Course Professional

commences services for the Debtors, each Ordinary Course Professional shall provide to Debtors' Counsel[3] a declaration (the "OCP Declaration"), substantially in the form attached to the Proposed Order as **Exhibit 2**, certifying that the Ordinary Course Professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter(s) on which the professional is to be employed.

(b)     Upon receipt of the OCP Declaration, the Debtors shall file the same with the Court and serve a copy thereof upon: (i) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 207, Lockbox 35, Wilmington, DE 19801 (Attn: Jane M. Leamy, Esq.); (ii) counsel for Cerberus Business Finance, LLC, as the Prepetition Agent for the Prepetition Secured Lenders: KTBS Law LLP, 1801 Century Park East, 26th Floor, Los Angeles, CA 90067 (Attn: Michael L. Tuchin, Esq., David A. Fidler, Esq., and Nir Maoz, Esq.), and Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801) (Attn: Laura Davis Jones, Esq. and Timothy P. Cairns, Esq.); and (iii) proposed counsel for the Official Committee of Unsecured Creditors: Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036 (Attn:  Thomas Moers Mayer, Esq., Adam C. Rogoff, Esq., and Rose Hill Bagley, Esq.) and Morris James LLP, 500 Delaware Avenue, Suite 1500, Wilmington, DE 19801 (Attn:  Jeffrey R. Waxman, Esq. and Eric J. Monzo, Esq.) (each of the foregoing parties a "Notice Party," and collectively, the "Notice Parties").

(c)     The Notice Parties shall have fourteen (14) days after the receipt of each OCP Declaration (the "Objection Deadline") to object to the Debtors' employment and compensation of such Ordinary Course Professional.  The OCP Declaration shall conspicuously state the objection deadline.  Any objecting party shall file such objection with the Court and serve the objection upon each of the Debtors' counsel, the Notice Parties and the respective Ordinary Course Professional on or before the Objection Deadline.  If any such objection cannot be resolved within twenty (20) days of its receipt by the Debtors' counsel, the matter shall be scheduled for adjudication by the Court at the next available hearing or such other date otherwise agreeable to the parties thereto.  If no objection is received from any of the Notice Parties by the Objection Deadline with respect to any particular Ordinary Course Professional, the Debtors shall be authorized to employ and compensate the Ordinary Course Professional in accordance with the OCP Procedures.

---

3.    The attorneys for the Debtors are Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, New York 10004 (Attn: Kathryn A. Coleman, Esq. and Jeffrey S. Margolin, Esq.), and Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Rodney Square, Wilmington, Delaware 19801 (Attn: Michael R. Nestor, Esq., Andrew L. Magaziner, Esq., and Ashley E. Jacobs, Esq.) (together, "Debtors' Counsel").

(d)       Once the Debtors retain an Ordinary Course Professional in accordance with these procedures, the Debtors shall pay each Ordinary Course Professional 100% of the fees and 100% of the disbursements incurred upon the submission to, and approval by, the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and expenses actually incurred; provided, however, that the Ordinary Course Professional's total compensation and reimbursement shall not exceed $30,000 calculated on average over the prior rolling three-month period (the "OCP Cap"), starting from the first full month following the commencement of these Chapter 11 Cases.[4]

(e)       If the fees and expenses for any particular Ordinary Course Professional exceed the OCP Cap, such Ordinary Course Professional shall file a fee application (a "Fee Application") on account of the excess amount over the OCP Cap and apply for compensation and reimbursement of such amount in compliance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of this Court. With respect to any such Fee Application filed by an Ordinary Course Professional that provides legal services to the Debtors, each such Ordinary Course Professional shall reasonably comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Appendix B—Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective as of November 1, 2013.

(f)       The Debtors shall not pay any fees and expenses to any Ordinary Course Professional unless (a) such Ordinary Course Professional has executed its OCP Declaration and such OCP Declaration was filed with the Court and served on the Notice Parties, (b) the applicable Objection Deadline has expired, and (c) no timely objection is pending. If a timely objection is received, no payment shall be made until such objection is either resolved or withdrawn or otherwise overruled by the Court.

(g)       The Debtors shall file a payment summary statement with the Court not more than 30 days after the last day of March, June, September and December of each year the Chapter 11 Cases are pending, or such other period as the Court directs, and serve such statement upon the Notice Parties. The summary statement will include the following information for each Ordinary Course Professional: (a) the name of the Ordinary Course Professional; (b) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by such Ordinary Course

---

4. The OCP Cap shall not apply to an Ordinary Course Professional's request for fees and disbursements submitted directly to an insurer.

Professional during the statement period; and (c) a brief statement of the type of services rendered by such Ordinary Course Professional.

(h)     The Debtors reserve the right to retain additional Ordinary Course Professionals during these Chapter 11 Cases, as the need arises.  In such event, the Debtors will file an amended OCP List with the Court and serve it on the Notice Parties with the OCP Declarations of the additional Ordinary Course Professionals.  If no objection is received from any of the Notice Parties by the Objection Deadline, the Debtors shall be authorized to employ and compensate such additional Ordinary Course Professionals in accordance with the OCP Procedures.

3.      The form OCP Declaration attached to this Order at **Exhibit 2** is approved.

4.      Nothing herein constitutes (i) an admission as to the validity of any claim against the Debtors or (ii) a waiver of the Debtors' or any party in interest's rights to subsequently dispute any invoices of any Ordinary Course Professionals under applicable nonbankruptcy law.

5.      The Debtors are authorized to take all actions necessary to effectuate the relief granted by this Order.

6.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation or enforcement of this Order.

**EXHIBIT 1**

**Ordinary Course Professionals**

| Professional | Address | Description of Services |
|---|---|---|
| Advanced Patent Professional Corporation | 10F Tokyo Kotsu Kaikan, 10-1 Yurakucho 2-Chome Chiyoda ku, Tokyo, 100-0006 Japan | Legal Services |
| Alix, Yale & Ristas, LLP | 150 Trumbull Street, 6th Floor Hartford, CT 06103 | Legal Services |
| Aon Consulting, Inc. | 29695 Network Place Chicago, IL 60673-1296 | Actuarial Services |
| Beijing Sanyou Intellectual Property Agency Ltd. | 16th Floor, Block A / Corporate Square No. 35 Jinrong Street Beijing, 100032 China | Legal Services |
| Chadha & Chadha | Level 18 One Horizon Center, Golf Course Road, DLF Phase 5, Sector 43, Gurugram, Haryana 122002 India | Legal Services |

| Professional | Address | Description of Services |
|---|---|---|
| Caron & Bletzer, PLLC | 1 Library Lane<br>Kingston, NH 03848 | Pension Services |
| Glawe Delfs Moll | Rothenbaumchaussee 58<br>20148 Hamburg<br>Germany | Legal Services |
| Nelson Mullins Riley & Scarborough LLP | 1320 Main Street, 17th Floor<br>Columbia, SC 29201 | Legal Services |
| Parker Poe Adams & Bernstein LLP | 401 South Tryon Street, Suite 3000<br>Charlotte, NC 28202<br><br>Suite 3000, ATTN Accounting<br>Three Wells Fargo Center<br>Charlotte, NC 28202-1942 | Legal Services |
| RSM US LLP | 157 Church Street, 11th Floor<br>New Haven, CT 06510 | Audit and Tax |
| Shipman & Goodwin LLP | 1 Constitution Plaza<br>Hartford CT 06103 | Legal Services |
| Womble Bond Dickinson (US) LLP | One West Fourth Street<br>Winston-Salem, NC 27101 | Legal Services |

30234662.1

**EXHIBIT 2**

**Ordinary Course Professional Declaration**

<u>Objection Deadline:</u>  [Month] [Day], 2023

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* | **Chapter 11** |
| **STANADYNE LLC, *et al.*,**[1] | **Case No. 23-10207 (JTD)** |
| **Debtors.** | **(Jointly Administered)** |

## <u>DISCLOSURE DECLARATION OF ORDINARY COURSE PROFESSIONAL</u>

I, _____, do hereby declare under penalty of perjury that the following is true to the best of my knowledge, information, and belief:

I am a _____ of

_____, located at _____ (the

"<u>Firm</u>").

The above-captioned debtors and debtors-in-possession (the "<u>Debtors</u>") have requested that the Firm provide _____

services to the Debtors, and the Firm has consented to provide such services (the "<u>Services</u>").

The Services include, but are not limited to, the following:

_____

_____

---

1.    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are:  Stanadyne LLC (0378); Pure Power Technologies, Inc. (5202); Stanadyne PPT Holdings, Inc. (2594); and Stanadyne PPT Group Holdings, Inc. (1734).  The Debtors' headquarters are located at 405 White Street, Jacksonville, North Carolina 28546.

_____

_____.

The Firm may have performed services in the past and may perform services in the future, in matters unrelated to the Debtors' cases (the "Chapter 11 Cases"), for persons that are parties in interest in the Chapter 11 Cases.  As part of its customary practice, the Firm is retained in cases, proceedings and transactions involving many different parties, some of whom may represent or be claimants, employees of the Debtors, or other parties in interest in these Chapter 11 Cases.  The Firm does not perform services for any such person in connection with these Chapter 11 Cases.

Neither I nor any principal of or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm.

Neither I nor any principal of or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) on which the Firm is to be employed.

The Firm's process of ascertaining whether it holds or represents an interest adverse to the Debtors, their estates, or any class of creditors or equity interest holders consists of the following: _____.

As of the date of the commencement of their Chapter 11 Cases, the Debtors owed the Firm $[_____] for prepetition services.  [For non-legal firms: The Firm has waived, or will waive, any prepetition claims against the Debtors' estates.]

I also understand the limitations on compensation and reimbursement of expenses under the OCP Order.  Specifically, the Firm understands that in the event its fees and expenses

exceed a total of $30,000 calculated on average over the prior rolling three-month, starting from the first full month following the commencement of these Chapter 11 Cases, the Firm will be required to file with the Court a fee  application for approval of its fees and expenses for such month in accordance with Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Rules, and any applicable procedures or orders of this Court.

The Firm is conducting further inquiries regarding its employment by any creditors of the Debtors, and upon conclusion of those inquiries, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

_____

[NAME]
[ADDRESS]

## **Exhibit B**

**Blackline**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| *In re* | **Chapter 11** |
| **STANADYNE LLC, *et al.*,[1]** | **Case No. 23-10207 (JTD)** |
| **Debtors.** | **(Jointly Administered)** |
|  | **Docket Ref. No. ——75** |

**ORDER PURSUANT TO SECTIONS 105(a), 327, 328, AND 330 OF THE
BANKRUPTCY CODE, BANKRUPTCY RULE 2014 AND LOCAL
RULE 2014-1 AUTHORIZING THE DEBTORS TO EMPLOY
PROFESSIONALS USED IN THE ORDINARY COURSE OF
BUSINESS EFFETIVE AS OF THE PETITION DATE**

Upon the motion (the "Motion")[2] of the debtors-and-debtors in possession in the
above-captioned cases (collectively, the "Debtors"), pursuant to sections 105(a), 327, 328, and
330 of the Bankruptcy Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of
Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2014-1 of the Local Rules of
Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of
Delaware (the "Local Rules"), for entry of an order (a) establishing certain procedures for the
Debtors to retain and compensate those professionals that the Debtors employ in the ordinary
course of business (each, an "Ordinary Course Professional," and collectively, the "Ordinary
Course Professionals"), effective as of the Petition Date, without the (i) submission of separate
employment applications and (ii) issuance of separate retention orders for each Ordinary Course

---

1. The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are:  Stanadyne LLC (0378); Pure Power Technologies, Inc. (5202); Stanadyne PPT Holdings, Inc. (2594); and Stanadyne PPT Group Holdings, Inc. (1734).  The Debtors' headquarters are located at 405 White Street, Jacksonville, North Carolina 28546.

2. Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Professional; and (b) authorizing the Debtors to compensate and reimburse such Ordinary Course Professionals, up to $30,000 per professional per month,, without requiring such Ordinary Course Professionals to file individual fee applications as more fully set forth in the Motion; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference of the United States District Court for the District of Delaware*, dated February 29, 2012; and consideration of the Motion and the requested relief therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors and their estates and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein effective as of the Petition Date.

2.      The Debtors are authorized to employ the Ordinary Course Professionals, including, but not limited to, those professionals listed on **<u>Exhibit 1</u>** attached to this Order (the "<u>OCP List</u>"), in accordance with the following procedures (the "<u>OCP Procedures</u>"):

    (a)     Within thirty days after the later of (i) the entry of an order granting this Motion; and (ii) the date on which the Ordinary Course Professional commences services for the Debtors, each Ordinary Course Professional shall provide to Debtors' Counsel, a declaration (the "OCP Declaration"),

3.  The attorneys for the Debtors are Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, New York 10004 (Attn: Kathryn A. Coleman, Esq. and Jeffrey S. Margolin, Esq.), and Young Conaway Stargatt & Taylor,

1

substantially in the form attached to the Proposed Order as **Exhibit 2**, certifying that the Ordinary Course Professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter(s) on which the professional is to be employed.

(b)     Upon receipt of the OCP Declaration, the Debtors shall file the same with the Court and serve a copy thereof upon:  (i) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 207, Lockbox 35, Wilmington, DE 19801 (Attn: Jane M. Leamy, Esq.); (ii) counsel for Cerberus Business Finance, LLC, as the Prepetition Agent for the Prepetition Secured Lenders: KTBS Law LLP, 1801 Century Park East, 26th Floor, Los Angeles, CA 90067 (Attn: Michael L. Tuchin, Esq., David A. Fidler, Esq., and Nir Maoz, Esq.), and Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801) (Attn: Laura Davis Jones, Esq. and Timothy P. Cairns, Esq.); and (iii) proposed counsel for ~~any statutory committees appointed in these Chapter 11 Cases~~the Official Committee of Unsecured Creditors:  Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036 (Attn:  Thomas Moers Mayer, Esq., Adam C. Rogoff, Esq., and Rose Hill Bagley, Esq.) and Morris James LLP, 500 Delaware Avenue, Suite 1500, Wilmington, DE 19801  (Attn:  Jeffrey R. Waxman, Esq. and Eric J. Monzo, Esq.) (each of the foregoing parties a "<u>Notice Party</u>," and collectively, the "<u>Notice Parties</u>").

(c)     The Notice Parties shall have fourteen (14) days after the receipt of each OCP Declaration (the "<u>Objection Deadline</u>") to object to the Debtors' employment and compensation of such Ordinary Course Professional. The OCP Declaration shall conspicuously state the objection deadline. Any objecting party shall file such objection with the Court and serve the objection upon each of the Debtors' counsel, the Notice Parties and the respective Ordinary Course Professional on or before the Objection Deadline.  If any such objection cannot be resolved within twenty (20) days of its receipt by the Debtors' counsel, the matter shall be scheduled for adjudication by the Court at the next available hearing or such other date otherwise agreeable to the parties thereto.  If no objection is received from any of the Notice Parties by the Objection Deadline with respect to any particular Ordinary Course Professional, the Debtors shall be authorized to employ and compensate the Ordinary Course Professional in accordance with the OCP Procedures.

---

10004 (Attn: Kathryn A. Coleman, Esq. and Jeffrey S. Margolin, Esq.), and Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Rodney Square, Wilmington, Delaware 19801 (Attn: Michael R. Nestor, Esq., Andrew L. Magaziner, Esq., and Ashley E. Jacobs, Esq.) (together, "<u>Debtors' Counsel</u>").

(d)     Once the Debtors retain an Ordinary Course Professional in accordance with these procedures, the Debtors shall pay each Ordinary Course Professional 100% of the fees and 100% of the disbursements incurred upon the submission to, and approval by, the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and expenses actually incurred; provided, however, that the Ordinary Course Professional's total compensation and reimbursement shall not exceed $30,000 ~~for each month~~calculated on average over the prior rolling three-month period (the "OCP Cap"), starting from the first full month following the commencement of these Chapter 11 Cases.[4]

(e)     If the fees and expenses for any particular Ordinary Course Professional exceed the OCP Cap, such Ordinary Course Professional shall file a fee application (a "Fee Application") on account of the excess amount over the OCP Cap and apply for compensation and reimbursement of such amount in compliance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of this Court.  With respect to any such Fee Application filed by an Ordinary Course Professional that provides legal services to the Debtors, each such Ordinary Course Professional shall reasonably comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Appendix B—Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective as of November 1, 2013.

(f)     The Debtors shall not pay any fees and expenses to any Ordinary Course Professional unless (a) such Ordinary Course Professional has executed its OCP Declaration and such OCP Declaration was filed with the Court and served on the Notice Parties, (b) the applicable Objection Deadline has expired, and (c) no timely objection is pending.  If a timely objection is received, no payment shall be made until such objection is either resolved or withdrawn or otherwise overruled by the Court.

(g)     The Debtors shall file a payment summary statement with the Court not more than 30 days after the last day of March, June, September and December of each year the Chapter 11 Cases are pending, or such other period as the Court directs, and serve such statement upon the Notice Parties.  The summary statement will include the following information for each Ordinary Course Professional: (a) the name of the Ordinary Course Professional; (b) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by such Ordinary Course Professional during the statement period; and (c) a brief

---

4.   The OCP Cap shall not apply to an Ordinary Course Professional's request for fees and disbursements submitted directly to an insurer.

statement of the type of services rendered by such Ordinary Course Professional.

(h)    The Debtors reserve the right to retain additional Ordinary Course Professionals during these Chapter 11 Cases, as the need arises. In such event, the Debtors will file an amended OCP List with the Court and serve it on the Notice Parties with the OCP Declarations of the additional Ordinary Course Professionals. If no objection is received from any of the Notice Parties by the Objection Deadline, the Debtors shall be authorized to employ and compensate such additional Ordinary Course Professionals in accordance with the OCP Procedures.

3.    The form OCP Declaration attached to this Order at **Exhibit 2** is approved.

4.    Nothing herein constitutes (i) an admission as to the validity of any claim against the Debtors or (ii) a waiver of the Debtors' or any party in interest's rights to subsequently dispute any invoices of any Ordinary Course Professionals under applicable nonbankruptcy law.

5.    The Debtors are authorized to take all actions necessary to effectuate the relief granted by this Order.

6.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation or enforcement of this Order.

**EXHIBIT 1**

**Ordinary Course Professionals**

| Professional | Address | Description of Services |
|---|---|---|
| Advanced Patent Professional Corporation | 10F Tokyo Kotsu Kaikan, 10-1 Yurakucho 2-Chome Chiyoda ku, Tokyo, 100-0006 Japan | Legal Services |
| Alix, Yale & Ristas, LLP | 150 Trumbull Street, 6th Floor Hartford, CT 06103 | Legal Services |
| Aon Consulting, Inc. | 29695 Network Place Chicago, IL 60673-1296 | Actuarial Services |
| Beijing Sanyou Intellectual Property Agency Ltd. | 16th Floor, Block A / Corporate Square No. 35 Jinrong Street Beijing, 100032 China | Legal Services |
| Chadha & Chadha | Level 18 One Horizon Center, Golf Course Road, DLF Phase 5, Sector 43, Gurugram, Haryana 122002 India | Legal Services |

| Professional | Address | Description of Services |
|---|---|---|
| Caron & Bletzer, PLLC | 1 Library Lane<br>Kingston, NH 03848 | Pension Services |
| Glawe Delfs Moll | Rothenbaumchaussee 58<br>20148 Hamburg<br>Germany | Legal Services |
| Nelson Mullins Riley & Scarborough LLP | 1320 Main Street, 17th Floor<br>Columbia, SC 29201 | Legal Services |
| Parker Poe Adams & Bernstein LLP | 401 South Tryon Street, Suite 3000<br>Charlotte, NC 28202<br><br>Suite 3000, ATTN Accounting<br>Three Wells Fargo Center<br>Charlotte, NC 28202-1942 | Legal Services |
| RSM US LLP | 157 Church Street, 11th Floor<br>New Haven, CT 06510 | Audit, and Tax, and Accounting Services |
| Shipman & Goodwin LLP | 1 Constitution Plaza<br>Hartford CT 06103 | Legal Services |
| Womble Bond Dickinson (US) LLP | One West Fourth Street<br>Winston-Salem, NC 27101 | Legal Services |

**EXHIBIT 2**

**Ordinary Course Professional Declaration**

<u>Objection Deadline:</u>  [Month] [Day], 2023

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* | **Chapter 11** |
| **STANADYNE LLC,** *et al.*,[1] | **Case No. 23-10207 (JTD)** |
| **Debtors.** | **(Jointly Administered)** |

## <u>DISCLOSURE DECLARATION OF ORDINARY COURSE PROFESSIONAL</u>

I, _____, do hereby declare under penalty of perjury that the following is true to the best of my knowledge, information, and belief:

I am a _____ of _____, located at _____ (the "<u>Firm</u>").

The above-captioned debtors and debtors-in-possession (the "<u>Debtors</u>") have requested that the Firm provide _____ services to the Debtors, and the Firm has consented to provide such services (the "<u>Services</u>").

The Services include, but are not limited to, the following:

_____

_____

---

1. The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are:  Stanadyne LLC (0378); Pure Power Technologies, Inc. (5202); Stanadyne PPT Holdings, Inc. (2594); and Stanadyne PPT Group Holdings, Inc. (1734).  The Debtors' headquarters are located at 405 White Street, Jacksonville, North Carolina 28546.

_____

_____.

The Firm may have performed services in the past and may perform services in the future, in matters unrelated to the Debtors' cases (the "Chapter 11 Cases"), for persons that are parties in interest in the Chapter 11 Cases.  As part of its customary practice, the Firm is retained in cases, proceedings and transactions involving many different parties, some of whom may represent or be claimants, employees of the Debtors, or other parties in interest in these Chapter 11 Cases.  The Firm does not perform services for any such person in connection with these Chapter 11 Cases.

Neither I nor any principal of or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm.

Neither I nor any principal of or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) on which the Firm is to be employed.

The Firm's process of ascertaining whether it holds or represents an interest adverse to the Debtors, their estates, or any class of creditors or equity interest holders consists of the following: _____.

As of the date of the commencement of their Chapter 11 Cases, the Debtors owed the Firm $[_____] for prepetition services.  [For non-legal firms: The Firm has waived, or will waive, any prepetition claims against the Debtors' estates.]

I also understand the limitations on compensation and reimbursement of expenses under the OCP Order.  Specifically, the Firm understands that in the event its fees and expenses

1

exceed a total of $30,000 calculated on average over the prior rolling three-month, starting from the first full month following the commencement of these Chapter 11 Cases, the Firm will be required to file with the Court a fee  application for approval of its fees and expenses for such month in accordance with Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Rules, and any applicable procedures or orders of this Court.

The Firm is conducting further inquiries regarding its employment by any creditors of the Debtors, and upon conclusion of those inquiries, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

_____

[NAME]
[ADDRESS]