**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| *In re* | Chapter 11 |
| **STANADYNE LLC, *et al.*,[1]** | Case No. 23-10207 (TMH) |
| **Debtors.** | (Jointly Administered) |
|  | **Re: D.I. 35, 55 & 106** |

**CERTIFICATION OF COUNSEL REGARDING**
**THIRD INTERIM ORDER (I) AUTHORIZING THE USE OF CASH COLLATERAL,**
**(II) GRANTING ADEQUATE PROTECTION TO PREPETITION SECURED**
**LENDERS, AND (III) GRANTING RELATED RELIEF**

On February 21, 2023, the above-captioned debtors and debtors in possession (the "Debtors") filed the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Lenders, and (III) Granting Related Relief* [Docket No. 35] (the "Motion"). On February 22, 2023, the Court entered the *Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Lenders, and (III) Granting Related Relief* [Docket No. 55] (the "First Interim Order"). On March 20, 2023, the Court entered the *Second Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Lenders, and (III) Granting Related Relief* [Docket No. 106] (the "Second Interim Order"). Pursuant to the Second Interim Order, the Debtors are authorized to use cash collateral during the interim period through and including April 2, 2023 (the "Budget Period").

Prior to the end of the Budget Period, the Debtors engaged in discussions with the Prepetition Secured Parties (as defined in the Motion) and the Official Committee of Unsecured

---

[1]. The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Stanadyne LLC (0378); Pure Power Technologies, Inc. (5202); Stanadyne PPT Holdings, Inc. (2594); and Stanadyne PPT Group Holdings, Inc. (1734). The Debtors' headquarters are located at 405 White Street, Jacksonville, North Carolina 28546.

Creditors (the "Committee"), and reached agreement to extend the Budget Period by three weeks as reflected in the proposed *Third Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Lenders, and (III) Granting Related Relief* attached hereto as **Exhibit A** (the "Proposed Third Interim Order").

The Debtors submit that the Proposed Third Interim Order is appropriate and consistent with the relief requested in the Motion and discussions with and agreement of the Committee and the Prepetition Secured Parties.  Accordingly, the Debtors respectfully request that the Court enter the Proposed Third Interim Order at its earliest convenience without further notice or hearing.

*[signature page follows]*

Dated:  March 31, 2023
      Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Ashley E. Jacobs*
Michael R. Nestor (DE Bar No. 3526)
Andrew L. Magaziner (DE Bar No. 5426)
Ashley E. Jacobs (DE Bar No. 5635)
1000 North King Street
Rodney Square
Wilmington, Delaware 19801-6108
Telephone:  (302) 571-6600
Facsimile:   (302) 571-1253
Email:  mnestor@ycst.com
      amagaziner@ycst.com
      ajacobs@ycst.com

  -and-

Kathryn A. Coleman
Christopher Gartman
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004-1482
Telephone: (212) 837-6000
Facsimile:  (212) 422-4726
Email:  katie.coleman@hugheshubbard.com
      chris.gartman@hugheshubbard.com

*Counsel for the Debtors*

## <u>Exhibit A</u>

**Proposed Third Interim Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re* | **Chapter 11** |
| **STANADYNE LLC, *et al.*,[1]** | **Case No. 23-10207 (TMH)** |
| **Debtors.** | **(Jointly Administered)** |

**THIRD INTERIM ORDER (I) AUTHORIZING THE USE OF CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION TO PREPETITION SECURED LENDERS, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (the "Debtors") pursuant to sections 105, 361, 362, 363 and 507 of the Bankruptcy Code, and Rules 2002, 4001, 6004, and 9014 of the Bankruptcy Rules, and the Local Rules, and an initial hearing on the Motion having been held on February 22, 2023 (the "First Interim Hearing"); and an order having been entered on that date approving the Motion on an interim basis [Docket No. 55] (the "First Interim Order"); and following certification of counsel filed by the Debtors on March 20, 2023 [Docket No. 104] and an order having been entered on that date approving the Motion on a further interim basis [Docket No. 106] (the "Second Interim Order" and together with the First Interim Order, the "Prior Interim Orders"); and certification of counsel having been filed by the Debtors on March 31, 2023; and based upon all of the pleadings filed with the Bankruptcy Court, the evidence presented at the First Interim Hearing, and the entire record herein; and the

---

[1]. The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Stanadyne LLC (0378); Pure Power Technologies, Inc. (5202); Stanadyne PPT Holdings, Inc. (2594); and Stanadyne PPT Group Holdings, Inc. (1734). The Debtors' headquarters are located at 405 White Street, Jacksonville, North Carolina 28546.

[2]. Capitalized terms used but not defined herein shall have the meanings ascribed to them in the First Interim Order or the Motion, as applicable.

Bankruptcy Court having heard and resolved or overruled all objections to the interim relief requested in the Motion; and the Bankruptcy Court having noted the appearances of all parties-in-interest; and it appearing that the continued interim relief provided herein is in the best interests of the Debtors, their estates, and their creditors, and other parties-in-interest; and the Debtors having provided sufficient notice of the Motion as set forth in the Motion and it appearing that no further or other notice of the Motion need be given; and after due deliberation and consideration, and sufficient cause appearing therefor:

**BASED ON THE RECORD ESTABLISHED AT THE INTERIM HEARING, THE BANKRUPTCY COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

A.     <u>Jurisdiction; Venue</u>. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. The Debtors have confirmed their consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with the Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The bases for the relief requested herein are sections 105, 361, 362, 363, and 507 of the Bankruptcy Code, Bankruptcy Rules 2002, 4001, 6004, and 9014, and the Local Bankruptcy Rules.

B.     <u>Extension of Prior Interim Orders</u>. The Debtors and the Prepetition Secured Parties desire to extend the terms of the Debtors' authorization to use Cash Collateral under the Prior Interim Orders on the terms set forth herein and assent to the entry of this Third Interim Order.

C.     The Findings of Fact and Conclusions of Law set forth in the Prior Interim Orders apply with equal force to this Third Interim Order and are hereby incorporated herein by reference.

D.      Based upon the foregoing findings, acknowledgements, and conclusions set forth in the Prior Interim Orders, all of which apply with equal force to this Third Interim Order and have been incorporated herein by reference, and upon the record made before the Court at the First Interim Hearing, and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED:**

1.      Subject to the terms and conditions set forth in this Second Interim Order, each of the findings, conclusions, representations, recitals, stipulations, provisions, and orders contained in the Prior Interim Orders are hereby ratified and affirmed as if set forth herein in full, and shall remain in full force and effect, except as expressly modified by this Third Interim Order.

2.      The Debtors are hereby authorized to use Cash Collateral upon the same terms and conditions provided for in the Prior Interim Orders, with such terms and conditions being incorporated herein as if set forth in full, except that for purposes of this Third Interim Order:

(a)      Attached hereto as **<u>Exhibit 1</u>** and incorporated by reference is the third interim budget setting forth a budget through and including April 23, 2023, which shall, upon entry of this Order, become the "Approved Budget" and the period covered thereby shall constitute the "Budget Period."

(b)      The "Lender Professional Fees" (as defined in paragraph 4(c) of the First Interim Order) shall be increased from $1,350,000 to $2,029,000 for the Budget Period.

(c)      The Debtors will not seek payment of the Debtor Professional Fees (as defined in paragraph 8 of the First Interim Order) for the period between the Petition Date and April 23, 2023 that are in excess of amounts included in the Approved Budget, other than fees and expenses incurred, after consultation with Cerberus, to address unanticipated circumstances.

(d)     The Cash Collateral Termination Date set forth in paragraph 10 of the First Interim Order shall be the earlier of: (i) April 23, 2023, which date may be extended with the express written consent of Cerberus (which consent may be granted via electronic mail) and (ii) the occurrence of a Termination Event.

(e)     Any reference to the term "Interim Order" shall be replaced with the term "Third Interim Order," which term shall refer to this order.  Notwithstanding the foregoing, the Investigation Termination Date remains as set forth in paragraph 14 of the First Interim Order and is not extended by virtue of the entry of this Third Interim Order.

(f)     Any payments contemplated to be made pursuant to the budget attached to the Prior Interim Orders may be made during the Budget Period referenced in this Third Interim Order.

3.     <u>Sale Milestones</u>.  Subject to entry of the Final Order, the Debtors agree that they will achieve the following timeline milestones (the "<u>Sale Milestones</u>") in connection with the sale of substantially all of the Debtors' assets (the "<u>Sale</u>") as condition to the Debtors' continued use of Cash Collateral:

(a)     entry into an asset purchase agreement, in form and substance satisfactory to Cerberus, memorializing an agreement with a "stalking horse" acceptable to Cerberus, in its sole and absolute discretion, in respect of the Sale, no later than April 21, 2023;

(b)     entry, no later than May 12, 2023, of an order of the Court, satisfactory to Cerberus, approving certain bid and sale procedures, approving the form and manner of notice of the Sale and assumption and assignment of executory contracts and unexpired leases in connection therewith, and scheduling (i) the final date for submitting a qualified bid no later than June 14, 2023, (ii) so long as at least one qualified bid has been received (other than from the "stalking

horse" bidder), the auction for the Sale for a date no later than June 28, 2023, and (iii) the sale

hearing for a date that is no later than July 5, 2023;

(c)     entry of an order of the Court, satisfactory to Cerberus, approving the Sale

(the "Sale Order") no later than July 6, 2023; and

(d)     consummation of the Sale no later than July 20, 2023.

(e)     One or more of the Sale Milestones may be extended with the written

consent of Cerberus in its sole and absolute discretion.

4.     Necessary Action.   The Debtors are authorized to take all such actions as are

necessary or appropriate to implement the terms of this Third Interim Order.

5.     Binding Effect of Order.   Immediately upon entry of this Third Interim Order

(notwithstanding any applicable law or rule to the contrary), the terms and provisions of this Third

Interim Order shall be binding upon all parties in interest in these Chapter 11 Cases, including,

without limitation, the Debtors, Cerberus, the Prepetition Senior Lenders, all other creditors of the

Debtors, any Committee, and each of their respective successors and assigns (including any trustee

appointed under chapter 7 or chapter 11 of the Bankruptcy Code or any other fiduciary hereafter

appointed in any of the Chapter 11 Cases), and shall inure to the benefit of the Debtors, Cerberus,

the Prepetition Senior Lenders, and each of their respective successors and assigns.

6.     No Third-Party Rights.   Except as explicitly provided for herein, this Third Interim

Order does not create any rights for the benefit of any party, creditor, equity holder or other entity

other than (i) Cerberus and the Prepetition Senior Lenders, (ii) the Debtors, and (iii) the respective

successors and assigns of each of the foregoing.

7.     Survival.   Except as otherwise provided herein, (a) the protections afforded to

Cerberus and the Prepetition Senior Lenders under this Second Interim Order, and any actions

taken pursuant thereto, shall survive the entry of an order (i) dismissing any of the Chapter 11 Cases or (ii) converting the Chapter 11 Cases into a case pursuant to chapter 7 of the Bankruptcy Code. The terms and provisions of this Second Interim Order, as well as the Adequate Protection Liens and the Superpriority Claims granted pursuant to the First Interim Order and this Third Interim Order, shall continue in full force and effect notwithstanding the entry of any order described in the preceding sentence, and the Adequate Protection Liens and the Superpriority Claims will, notwithstanding entry of such an order, maintain their validity and priority as provided in the Prior Interim Orders and this Third Interim Order.

8.     <u>Headings</u>.  Section headings used herein are for convenience only and are not to affect the construction of or to be taken into consideration in interpreting this Third Interim Order.

9.     <u>Final Hearing Date</u>. The Final Hearing to consider the entry of the Final Order approving the relief sought in the Motion shall be held on April 18, 2023 at 3:00 PM (prevailing Eastern time). before the Honorable Thomas M. Horan at the United States Bankruptcy Court for the District of Delaware, 824 Market St., 3rd Floor Courtroom, Wilmington, Delaware 19801.

10.     <u>Retention of Jurisdiction</u>.  The Court shall retain exclusive jurisdiction overall all matters pertaining to the implementation, interpretation, and enforcement of this Third Interim Order, including following confirmation and consummation of any chapter 11 plan for any one or more of the Debtors.

**EXHIBIT 1**

**Approved Budget**

30240320.1

185986.4

**Stanadyne LLC & Pure Power Technologies, Inc**
**3rd Interim Cash Collateral Budget**
As of March 31, 2023
($ 000s)

Priviledged Confidential
Attorney Work Product

| | 1st Interim CCB | | | | 2nd Interim CCB | | Proposed 3rd interim CCB | | | 3rd interim CCB Total | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Year: | 2023 | 2023 | 2023 | 2023 | 2023 | 2023 | 2023 | 2023 | 2023 | | |
| Month: | 2 | 2 | 3 | 3 | 3 | 3 | 4 | 4 | 4 | | |
| Forecast Week Number: | Actual | Actual | Actual | Actual | Actual | -1 | 1 | 2 | 3 | | |
| Week Beginning: | 2/17/2023 | 2/27/2023 | 3/6/2023 | 3/13/2023 | 3/20/2023 | 3/27/2023 | 4/3/2023 | 4/10/2023 | 4/17/2023 | 4/3/2023 | 2/17/2023 |
| Week Ending: | 2/23/2023 | 3/5/2023 | 3/12/2023 | 3/19/2023 | 3/26/2023 | 4/2/2023 | 4/9/2023 | 4/16/2023 | 4/23/2023 | 4/23/2023 | 4/23/2023 |
| **Consolidated** | | | | | | | | | | | |
| | | | | | | | | | | | |
| **Beginning Consolidated Cash Balance** | 3,877 | 3,877 | 4,949 | 7,424 | 8,264 | 11,045 | 10,533 | 10,500 | 10,403 | 10,533 | 3,877 |
| | | | | | | | | | | | |
| **Receipts** | | | | | | | | | | | |
| Collections | 733 | 3,468 | 3,891 | 3,083 | 4,591 | 4,526 | 3,678 | 3,615 | 3,544 | 10,838 | 31,129 |
| Intercompany Collections | - | - | - | - | 662 | - | 13 | 118 | 62 | 193 | 855 |
| **Total Receipts** | 733 | 3,468 | 3,891 | 3,083 | 5,253 | 4,526 | 3,691 | 3,733 | 3,606 | 11,030 | 31,984 |
| | | | | | | | | | | | |
| **Disbursements** | | | | | | | | | | | |
| Materials | (94) | (522) | (535) | (764) | (772) | (1,163) | (1,272) | (1,394) | (1,831) | (4,497) | (8,347) |
| Payroll & Benefits | (371) | (1,404) | (360) | (1,225) | (379) | (1,305) | (617) | (1,355) | (598) | (2,570) | (7,613) |
| Freight & Tariffs | (234) | (16) | 9 | (9) | (221) | (114) | (103) | (103) | (303) | (510) | (1,095) |
| Building & Overhead | (1) | (388) | (119) | (21) | (33) | (377) | (280) | (27) | (178) | (485) | (1,423) |
| Intercompany Disbursements | - | - | - | - | - | (679) | - | - | (1,043) | (1,043) | (1,721) |
| Other | (33) | (21) | (9) | (12) | (237) | (79) | (365) | (310) | (177) | (851) | (1,243) |
| **Total Disbursements** | (733) | (2,350) | (1,013) | (2,032) | (1,642) | (3,717) | (2,637) | (3,188) | (4,130) | (9,955) | (21,442) |
| | | | | | | | | | | | |
| **Net Operating Cash Flow** | (0) | 1,118 | 2,878 | 1,051 | 3,611 | 809 | 1,054 | 545 | (524) | 1,075 | 10,542 |
| | | | | | | | | | | | |
| Interim Payment | - | - | (300) | - | - | - | - | - | - | - | (300) |
| Restructuring Cost | - | - | - | - | (299) | - | - | - | - | - | (299) |
| Critical Vendors / Foreign Vendor/ WH Lien/ Shipping & Freight | - | (46) | (103) | (211) | (530) | (1,322) | (1,087) | (642) | (727) | (2,455) | (4,667) |
| | | | | | | | | | | | |
| **Net Cash Flow** | (0) | 1,072 | 2,475 | 840 | 2,782 | (512) | (32) | (97) | (1,251) | (1,380) | 5,276 |
| | | | | | | | | | | | |
| **Ending Consolidated Cash Balance** | 3,877 | 4,949 | 7,424 | 8,264 | 11,045 | 10,533 | 10,500 | 10,403 | 9,152 | 9,152 | 9,152 |