## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* | Chapter 11 |
| **STANADYNE LLC, *et al.*,**[1] | Case No. 23-10207 (TMH) |
| **Debtors.** | (Jointly Administered) |
| | **Re: D.I. 97** |

### CERTIFICATION OF COUNSEL REGARDING DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF ANGLE ADVISORS LLC AS THE DEBTORS' INVESTMENT BANKER, EFFECTIVE AS OF MARCH 8, 2023

On March 14, 2023, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed the *Debtors' Application for Entry of An Order Authorizing the Employment and Retention of Angle Advisors LLC as the Debtors' Investment Banker, Effective as of March 8, 2023* [Docket No. 97] (the "Application"). Responses to the Application were to be filed and served no later than 4:00 p.m. (ET) on March 28, 2023 (the "Objection Deadline").[2]

Prior to the Objection Deadline, the Debtors received informal comments to the proposed form of order annexed to the Application (the "Proposed Order") from the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), the Committee, and the Prepetition Secured Parties (as defined in the Interim Cash Collateral Order) [Docket No. 55]. Following good faith negotiations between the parties, all informal comments have been resolved on the terms set forth in the revised Proposed Order attached hereto as **Exhibit A** (the "Revised Proposed Order").

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Stanadyne LLC (0378); Pure Power Technologies, Inc. (5202); Stanadyne PPT Holdings, Inc. (2594); and Stanadyne PPT Group Holdings, Inc. (1734). The Debtors' headquarters are located at 405 White Street, Jacksonville, North Carolina 28546.

[2]    The Objection Deadline for the Official Committee of Unsecured Creditors (the "Committee") was extended to April 4, 2023.

For the convenience of the Court and all interested parties, a blackline comparing the Revised Proposed Order against the Proposed Order is attached hereto as **Exhibit B**.  No responses or objections were received by the Debtors other than those described herein.  The Committee and Cerberus consent to entry of the Revised Proposed Order and the U.S. Trustee does not object to entry thereof.

Accordingly, the Debtors respectfully request that the Court enter the Revised Proposed Order at its earliest convenience without further notice or hearing.

*[signature page follows]*

Dated:  April 17, 2023
      Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Andrew L. Magaziner*
Michael R. Nestor (DE Bar No. 3526)
Andrew L. Magaziner (DE Bar No. 5426)
Ashley E. Jacobs (DE Bar No. 5635)
1000 North King Street
Rodney Square
Wilmington, Delaware 19801-6108
Telephone:  (302) 571-6600
Facsimile:   (302) 571-1253
Email:  mnestor@ycst.com
        amagaziner@ycst.com
        ajacobs@ycst.com

-and-

Kathryn A. Coleman
Christopher Gartman
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004-1482
Telephone: (212) 837-6000
Facsimile:  (212) 422-4726
Email:  katie.coleman@hugheshubbard.com
        chris.gartman@hugheshubbard.com

*Counsel for the Debtors*

## Exhibit A

**Revised Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| *In re* | **Chapter 11** |
| **STANADYNE LLC, *et al.*,**[1] | **Case No. 23-10207 (TMH)** |
| **Debtors.** | **(Jointly Administered)** |
|  | **Docket Ref. No. 97** |

### ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF ANGLE ADVISORS LLC AS THE DEBTORS' INVESTMENT BANKER EFFECTIVE AS OF MARCH 8, 2023

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, authorizing the retention and employment of Angle Advisors LLC ("Angle Advisors"), as the Debtors' investment banker, effective as of March 8, 2023; and the Court having reviewed the Application, the Roesler Declaration and the Pinson First Day Declaration; and the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. § 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (iv) the terms and conditions of Angle Advisors' employment, including but not limited to the Fee and Expense Structure set forth in the

---

1. The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Stanadyne LLC (0378); Pure Power Technologies, Inc. (5202); Stanadyne PPT Holdings, Inc. (2594); and Stanadyne PPT Group Holdings, Inc. (1734). The Debtors' headquarters are located at 405 White Street, Jacksonville, North Carolina 28546.

2. Capitalized terms not defined herein are defined in the Application.

Engagement Letter and summarized in the Application, are reasonable as required by section 328(a) of the Bankruptcy Code, (v) Angle Advisors is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code and does not hold or represent any adverse interest, and (vi) notice of the Application was sufficient; after due deliberation, the Court having determined that the relief requested in the Application is in the best interests of the Debtors and the Debtors' estates, and good and sufficient cause having been shown,

**IT IS HEREBY ORDERED THAT:**

1.      The Application is granted as set forth herein, effective as of March 8, 2023.

2.      The Debtors are authorized, pursuant to section 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, to employ and retain Angle Advisors as their investment banker in accordance with the terms and conditions set forth in the Engagement Letter, effective as of March 8, 2023, and to pay fees and reimburse expenses to Angle Advisors on the terms and at the times specified in the Engagement Letter, except as limited or modified herein.

3.      The terms of the Engagement Letter are approved in all respects except as limited or modified herein.

4.      Notwithstanding anything in the Engagement Letter: (i) Angle Advisors shall not be entitled to interest for any allowed but unpaid fees and/or expenses ("Allowed Fees") provided that such Allowed Fees are paid no later than 150 days after being approved by an Order of the Bankruptcy Court, (ii) for purposes of determining compensation to be received by Angle Advisors, "Total Consideration" shall include the net pension liabilities assumed in connection with the applicable transaction(s), however "Total Consideration" shall not include any consideration received on account of a sale of the Debtors' (x) assets or properties, real or personal, in Windsor, CT or Brescia, Italy or (y) equity or other interests, including any certificates

3

evidencing ownership thereof, in Stanadyne, S.p.A., (iii) Angle Advisors shall not be entitled to any fee for any plan of liquidation following a sale or sales of substantially all of the Debtors' assets in which any Sale Transaction fee is payable; (iv) in the event of a second (or multiple) Sale Transaction(s), a further Sale Transaction Fee of $750,000 for each subsequent Sale Transaction(s) (a) is due only when such second or subsequent Sale Transaction(s) exceeds $10 million in Total Consideration and (b) shall not be payable in the event that the Prepetition Lender (or its designee or assignee) is the successful bidder with respect to such subsequent Sale Transaction(s); (v) in the event that the Prepetition Lender (or its designee or assignee) is the successful bidder, Angle Advisor's compensation shall be capped at the sum of (x) an increased Minimum Fee of $1,250,000, plus (y) applicable monthly fees, regardless of the amount of assumed liabilities and other consideration paid by the Prepetition Lender (or its designee or assignee); (vi) if either (a) the successful bidder (other than the Prepetition Lenders or its designee or assignee) for the Debtors' assets pays the allowed claims of Prepetition Lenders in full, including accrued prepetition and postpetition interest, fees, and expenses, and other obligations due under the applicable loan documents through the closing date, or (b) the Prepetition Lenders, in their sole and absolute discretion, otherwise consent to an alternative cash bid then, notwithstanding anything herein, Angle Advisors shall be entitled to fees, including an increased Minimum Fee of $1,250,000, plus applicable monthly fees, plus any other applicable Sale Transaction Fees pursuant to the Engagement Letter (other than asset set forth in subsection (iv) herein).  Unless limited or modified herein, all of Angle Advisors' compensation set forth in the Engagement Letter, including, without limitation, the Fee and Expense Structure, is approved pursuant to section 328(a) of the Bankruptcy Code and Angle Advisors shall be compensated and reimbursed pursuant to section 328(a) of the Bankruptcy Code in accordance with the terms of the Engagement Letter,

16077843/1

subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any other applicable orders of this Court.

5.        Notwithstanding the preceding paragraph, the Office of the United States Trustee for the District of Delaware shall retain the right to object to the compensation and fees and expenses to be paid to Angle Advisors pursuant to the Application and the Engagement Letter based on the reasonableness standard provided for in section 330 of the Bankruptcy Code; provided, that reasonableness for this purpose shall include, among other things, an evaluation by comparing the fees payable in this case to the fees paid to other investment banking firms for comparable services in other chapter 11 cases and outside of chapter 11 cases, and shall not be evaluated primarily on the basis of time committed or the length of these Chapter 11 Cases.

6.        None of the fees payable to Angle Advisors under the Engagement Letter shall constitute a "bonus" or fee enhancement under applicable law.

7.        Angle Advisors shall include in its fee applications, among other things, time records setting forth, in a summary format, a description of the services rendered by each professional, and the amount of time spent on each date by each such individual in rendering services on behalf of the Debtors in half-hour increments, but Angle Advisors shall be excused from keeping time in tenth-hour increments and shall not be required to provide or conform to any schedule of hourly rates.

8.        Angle Advisors is granted a waiver of the information requirements relating to compensation requests set forth in Local Rule 2016-2(d) to the extent requested in the Application.

9.        Angle Advisors shall file fee applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330

16077843/1

and 331 of the Bankruptcy Code; the Bankruptcy Rules, the Local Rules, the guidelines established by the U.S. Trustee, and any other applicable procedures and orders of this Court; provided, however, that the fee applications filed by Angle Advisors shall be subject to review only pursuant to the standard of review set forth in section 328 of the Bankruptcy Code and not subject to the standard of review set forth in section 330 of the Bankruptcy Code, except as otherwise expressly set forth herein.; and further provided, however, that Angle Advisors shall file monthly fee applications with time records in the form and manner expressly set forth in this Order and requests for reimbursement that comply with Rule 2016-2 of the Local Rules of this Court, pursuant to the deadlines and other procedures set forth in the Interim Compensation Order for Monthly Fee Applications, as that term is defined in the Interim Compensation Order.

10.    Except as otherwise expressly provided in this Order, the Debtors shall be bound by the indemnification provisions of the Engagement Letter. The Debtors will indemnify Angle Advisors, including its related persons or entities (collectively, the "Indemnified Parties"), pursuant to the Engagement Letter, subject, during the pendency of these Chapter 11 Cases, to the following:

a.    The Indemnified Parties shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letter for services, unless such services and the indemnification, contribution or reimbursement therefor are approved by the Court;

b.    The Debtors shall have no obligation to indemnify the Indemnified Parties, or provide contribution or reimbursement to the Indemnified Parties, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from an Indemnified Party's gross negligence, fraud, willful misconduct, breach of fiduciary duty, if any, bad faith or self-dealing; (ii) for a contractual dispute in which the Debtors allege the breach of an Indemnified Party's contractual obligations, unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to applicable law; or (iii) settled prior to a judicial determination as to the exclusions set forth in

6

clauses (i) and (ii) above, but determined by this Court, after notice and a hearing, to be a claim or expense for which the Indemnified Parties should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter as modified by this Order; and

c.      If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these Chapter 11 Cases, an Indemnified Party believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including, without limitation, the advancement of defense costs, the Indemnified Party must file an application therefor in this Court, and the Debtors may not pay any such amounts to the Indemnified Party before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Indemnified Parties for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify the Indemnified Parties. All parties in interest shall retain the right to object to any demand by the Indemnified Parties for indemnification, contribution or reimbursement.

11.      In the event that, during the pendency of these Chapter 11 Cases, Angle Advisors seeks reimbursement for any attorneys' fees and/or expenses pursuant to this Order, the invoices and supporting time records from such attorneys shall be included in Angle Advisors' fee applications and such invoices and time records shall be in compliance with the Local Rules, and shall be subject to any United States Trustee Guidelines and approval of the Bankruptcy Court under the standards of sections 330 and 331 of the Bankruptcy Code, without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorney's services satisfy section 330(a)(3)(C) of the Bankruptcy Code. Angle Advisors is entitled to reimbursement of actual and necessary expenses, including legal fees related to the Application and future fee applications as approved by the Court, provided, however, that Angle Advisors shall not seek reimbursement of any fees incurred defending any of Angle Advisors' fee applications in the chapter 11 case.

7

12.     For the avoidance of doubt, to the extent any Transaction Fee is earned during the pendency of this Chapter 11 Case and such fee is payable by the Debtors, Angle Advisors shall be required to file a fee application seeking payment of such Fee(s).

13.     Notwithstanding any provision in the Engagement Letter to the contrary, the contribution obligations of Angle Advisors shall not be limited to the aggregate amount of fees actually received by Angle Advisors from the Debtors pursuant to the Engagement Letter.

14.     Any limitation of liability pursuant to the terms and conditions set forth in the Application, the Engagement Letter or any ancillary documents thereto shall not apply as to any losses, claims, damages or liabilities for which Angle Advisors would not be entitled to indemnification under the provisions of this Order.

15.     Notwithstanding anything to the contrary in the Application or the Retention Agreement, during the course of the Chapter 11 Cases, the only fiduciary duties of Angle Advisors shall be those imposed upon it by applicable law.

16.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

17.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry, notwithstanding the possible applicability of Bankruptcy Rule 6004, 7062 or 9014.

18.     The relief granted herein shall be binding upon any chapter 11 trustee appointed in these Chapter 11 Cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of these Chapter 11 Cases to cases under chapter 7.

19.     To the extent that this Order is inconsistent with the Engagement Letter, the terms of this Order shall govern.

8

16077843/1

20.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

## Exhibit B

**Blackline**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

*In re*

**STANADYNE LLC, *et al.*,**[1]

**Debtors.**

**Chapter 11**

**Case No. 23-10207 (~~JTD~~TMH)**

**(Jointly Administered)**

**Docket Ref No. ~~——~~97**

## ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF ANGLE ADVISORS LLC AS THE DEBTORS' INVESTMENT BANKER EFFECTIVE AS OF MARCH 8, 2023

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, authorizing the retention and employment of Angle Advisors LLC ("Angle Advisors"), as the Debtors' investment banker, effective as of March 8, 2023; and the Court having reviewed the Application, the Roesler Declaration and the Pinson First Day Declaration; and the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. § 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (iv) the terms and conditions of Angle Advisors' employment, including but not limited to the Fee and Expense

---

1. The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are:  Stanadyne LLC (0378); Pure Power Technologies, Inc. (5202); Stanadyne PPT Holdings, Inc. (2594); and Stanadyne PPT Group Holdings, Inc. (1734).  The Debtors' headquarters are located at 405 White Street, Jacksonville, North Carolina 28546.

2. Capitalized terms not defined herein are defined in the Application.

Structure set forth in the Engagement Letter and summarized in the Application, are reasonable as required by section 328(a) of the Bankruptcy Code, (v) Angle Advisors is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code and does not hold or represent any adverse interest, and (vi) notice of the Application was sufficient; after due deliberation, the Court having determined that the relief requested in the Application is in the best interests of the Debtors and the Debtors' estates, and good and sufficient cause having been shown,

**IT IS HEREBY ORDERED THAT:**

1. The Application is granted as set forth herein, effective as of March 8, 2023.

2. The Debtors are authorized, pursuant to section 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, to employ and retain Angle Advisors as their investment banker in accordance with the terms and conditions set forth in the Engagement Letter, effective as of March 8, 2023, and to pay fees and reimburse expenses to Angle Advisors on the terms and at the times specified in the Engagement Letter, except as limited or modified herein.

3. The terms of the Engagement Letter are approved in all respects except as limited or modified herein.

4. AllNotwithstanding anything in the Engagement Letter: (i) Angle Advisors shall not be entitled to interest for any allowed but unpaid fees and/or expenses ("Allowed Fees") provided that such Allowed Fees are paid no later than 150 days after being approved by an Order of the Bankruptcy Court, (ii) for purposes of determining compensation to be received by Angle Advisors, "Total Consideration" shall include the net pension liabilities

3

assumed in connection with the applicable transaction(s), however "Total Consideration" shall not include any consideration received on account of a sale of the Debtors' (x) assets or properties, real or personal, in Windsor, CT or Brescia, Italy or (y) equity or other interests, including any certificates evidencing ownership thereof, in Stanadyne, S.p.A., (iii) Angle Advisors shall not be entitled to any fee for any plan of liquidation following a sale or sales of substantially all of the Debtors' assets in which any Sale Transaction fee is payable; (iv) in the event of a second (or multiple) Sale Transaction(s), a further Sale Transaction Fee of $750,000 for each subsequent Sale Transaction(s) (a) is due only when such second or subsequent Sale Transaction(s) exceeds $10 million in Total Consideration and (b) shall not be payable in the event that the Prepetition Lender (or its designee or assignee) is the successful bidder with respect to such subsequent Sale Transaction(s); (v) in the event that the Prepetition Lender (or its designee or assignee) is the successful bidder, Angle Advisor's compensation shall be capped at the sum of (x) an increased Minimum Fee of $1,250,000, plus (y) applicable monthly fees, regardless of the amount of assumed liabilities and other consideration paid by the Prepetition Lender (or its designee or assignee); (vi) if either (a) the successful bidder (other than the Prepetition Lenders or its designee or assignee) for the Debtors' assets pays the allowed claims of Prepetition Lenders in full, including accrued prepetition and postpetition interest, fees, and expenses, and other obligations due under the applicable loan documents through the closing date, or (b) the Prepetition Lenders, in their sole and absolute discretion, otherwise consent to an alternative cash bid then, notwithstanding anything herein, Angle Advisors shall be entitled to fees, including an increased Minimum Fee of $1,250,000, plus applicable monthly fees, plus any other applicable Sale Transaction Fees pursuant to the Engagement Letter (other than asset set forth in subsection (iv) herein).  Unless limited or modified herein, all of Angle Advisors'

4

compensation set forth in the Engagement Letter,  including, without limitation, the Fee and Expense Structure, is approved pursuant to section 328(a) of the Bankruptcy Code and Angle Advisors shall be compensated and reimbursed pursuant to section 328(a) of the Bankruptcy Code in accordance with the terms of the Engagement Letter, subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any other applicable orders of this Court.

5.      Notwithstanding the preceding paragraph, the Office of the United States Trustee for the District of Delaware shall retain the right to object to the compensation and fees and expenses to be paid to Angle Advisors pursuant to the Application and the Engagement Letter based on the reasonableness standard provided for in section 330 of the Bankruptcy Code; provided, that reasonableness for this purpose shall include, among other things, an evaluation by comparing the fees payable in this case to the fees paid to other investment banking firms for comparable services in other chapter 11 cases and outside of chapter 11 cases, and shall not be evaluated primarily on the basis of time committed or the length of these Chapter 11 Cases.

6.      None of the fees payable to Angle Advisors under the Engagement Letter shall constitute a "bonus" or fee enhancement under applicable law.

7.      Angle Advisors shall include in its fee applications, among other things, time records setting forth, in a summary format, a description of the services rendered by each professional, and the amount of time spent on each date by each such individual in rendering services on behalf of the Debtors in half-hour increments, but Angle Advisors shall be excused from keeping time in tenth-hour increments and shall not be required to provide or conform to any schedule of hourly rates.

1

8.      Angle Advisors is granted a waiver of the information requirements relating to compensation requests set forth in Local Rule 2016-2(d) to the extent requested in the Application.

9.      Angle Advisors shall file fee applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code; the Bankruptcy Rules, the Local Rules, the guidelines established by the U.S. Trustee, and any other applicable procedures and orders of this Court; provided, however, that the fee applications filed by Angle Advisors shall be subject to review only pursuant to the standard of review set forth in section 328 of the Bankruptcy Code and not subject to the standard of review set forth in section 330 of the Bankruptcy Code, except as otherwise expressly set forth herein.; and further provided, however, that Angle Advisors shall file monthly fee applications with time records in the form and manner expressly set forth in this Order and requests for reimbursement that comply with Rule 2016-2 of the Local Rules of this Court, pursuant to the deadlines and other procedures set forth in the Interim Compensation Order for Monthly Fee Applications, as that term is defined in the Interim Compensation Order.

10.     Except as otherwise expressly provided in this Order, the Debtors shall be bound by the indemnification provisions of the Engagement Letter. The Debtors will indemnify Angle Advisors, including its related persons or entities (collectively, the "Indemnified Parties"), pursuant to the Engagement Letter, subject, during the pendency of these Chapter 11 Cases, to the following:

a.      The Indemnified Parties shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letter for services, unless such services and the indemnification, contribution or reimbursement therefor are approved by the Court;

6

b.     The Debtors shall have no obligation to indemnify the Indemnified Parties, or provide contribution or reimbursement to the Indemnified Parties, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from an Indemnified Party's gross negligence, fraud, willful misconduct, breach of fiduciary duty, if any, bad faith or self-dealing; (ii) for a contractual dispute in which the Debtors allege the breach of an Indemnified Party's contractual obligations, unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to applicable law; or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing, to be a claim or expense for which the Indemnified Parties should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter as modified by this Order; and

c.     If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these Chapter 11 Cases, an Indemnified Party believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including, without limitation, the advancement of defense costs, the Indemnified Party must file an application therefor in this Court, and the Debtors may not pay any such amounts to the Indemnified Party before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Indemnified Parties for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify the Indemnified Parties. All parties in interest shall retain the right to object to any demand by the Indemnified Parties for indemnification, contribution or reimbursement.

11.     In the event that, during the pendency of these Chapter 11 Cases, Angle Advisors seeks reimbursement for any attorneys' fees and/or expenses pursuant to this Order, the invoices and supporting time records from such attorneys shall be included in Angle Advisors' fee applications and such invoices and time records shall be in compliance with the Local Rules, and shall be subject to any United States Trustee Guidelines and approval of the

16077843/1

Bankruptcy Court under the standards of sections 330 and 331 of the Bankruptcy Code, without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorney's services satisfy section 330(a)(3)(C) of the Bankruptcy Code.  Angle Advisors is entitled to reimbursement of actual and necessary expenses, including legal fees related to the Application and future fee applications as approved by the Court, provided, however, that Angle Advisors shall not seek reimbursement of any fees incurred defending any of Angle Advisors' fee applications in the chapter 11 case.

12.    For the avoidance of doubt, to the extent any Transaction Fee is earned during the pendency of this Chapter 11 Case and such fee is payable by the Debtors, Angle Advisors shall be required to file a fee application seeking payment of such Fee(s).

13.    Notwithstanding any provision in the Engagement Letter to the contrary, the contribution obligations of Angle Advisors shall not be limited to the aggregate amount of fees actually received by Angle Advisors from the Debtors pursuant to the Engagement Letter.

14.    Any limitation of liability pursuant to the terms and conditions set forth in the Application, the Engagement Letter or any ancillary documents thereto shall not apply as to any losses, claims, damages or liabilities for which Angle Advisors would not be entitled to indemnification under the provisions of this Order.

15.    Notwithstanding anything to the contrary in the Application or the Retention Agreement, during the course of the Chapter 11 Cases, the only fiduciary duties of Angle Advisors shall be those imposed upon it by applicable law.

~~12~~16.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

8

~~13~~17.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry, notwithstanding the possible applicability of Bankruptcy Rule 6004, 7062 or 9014.

~~14~~18.    The relief granted herein shall be binding upon any chapter 11 trustee appointed in these Chapter 11 Cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of these Chapter 11 Cases to cases under chapter 7.

~~15~~19.    To the extent that this Order is inconsistent with the Engagement Letter, the terms of this Order shall govern.

~~16~~20.    The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

16077843/1
1