**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re* | Chapter 11 |
| **STANADYNE LLC, *et al.*,**[1] | Case No. 23-10207 (TMH) |
| **Debtors.** | (Jointly Administered) |
| | **Re: D.I. 4, 47, 174 & 183** |

**CERTIFICATION OF COUNSEL REGARDING**
**AMENDED FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(A) AND 366 (I)**
**PROHIBITING UTILITIES FROM ALTERING, REFUSING, OR DISCONNECTING**
**SERVICES ON ACCOUNT OF PREPETITION INVOICES, (II) DEEMING UTILITIES**
**ADEQUATELY ASSURED OF FUTURE PERFORMANCE, AND (III) ESTABLISHING**
**PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT**

On February 16, 2023, the above-captioned debtors and debtors in possession (the "Debtors") filed the *Debtors' Motion for Entry of Interim and Final Orders Pursuant to 11 U.S.C. §§ 105(a) and 366 (I) Prohibiting Utilities From Altering, Refusing, or Discontinuing Services on Account of Prepetition Invoices, (II) Deeming Utilities Adequately Assured of Future Performance, and (III) Establishing Procedures for Determining Adequate Assurance of Payment* [Docket No. 4] (the "Motion"). Responses to the entry of the proposed final form of the order (the "Proposed Final Order") attached to the Motion were to be filed and served no later than 4:00 p.m. (ET) on March 7, 2023 (the "Objection Deadline").[2]

On April 13, 2023, the Debtors submitted to the Court under certification of counsel a proposed order [Docket No .174] (the "Proposed Order").

On April 14, 2023, this Court entered the Proposed Order [Docket No. 183] (the "Order"

---

1. The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Stanadyne LLC (0378); Pure Power Technologies, Inc. (5202); Stanadyne PPT Holdings, Inc. (2594); and Stanadyne PPT Group Holdings, Inc. (1734). The Debtors' headquarters are located at 405 White Street, Jacksonville, North Carolina 28546.

2. The Objection Deadline for the Official Committee of Unsecured Creditors (the "Committee") was extended to March 24, 2023.

approving the relief requested in the Motion.

Subsequent to the entry of the Order, the Debtors became aware that the informal comments received by Waste Management were inadvertently omitted from the Proposed Order, and that the Proposed Order contained an inadvertent calculation error.   Accordingly, a corrected from of order (the "Amended Order") is attached hereto as **<u>Exhibit A</u>**.   For the convenience of the Court and interested parties, a blackline reflecting the changes between the Order and the Amended Order is attached hereto as **<u>Exhibit B</u>**.

Accordingly, the Debtors respectfully request that the Court enter the proposed Amended Order at its earliest convenience without further notice or hearing.

*[signature page follows]*

Dated: April 17, 2023
     Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Andrew L. Magaziner*
Michael R. Nestor (DE Bar No. 3526)
Andrew L. Magaziner (DE Bar No. 5426)
Ashley E. Jacobs (DE Bar No. 5635)
1000 North King Street
Rodney Square
Wilmington, Delaware 19801-6108
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
Email:  mnestor@ycst.com
      amagaziner@ycst.com
      ajacobs@ycst.com

-and-

Kathryn A. Coleman
Christopher Gartman
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004-1482
Telephone: (212) 837-6000
Facsimile:  (212) 422-4726
Email:  katie.coleman@hugheshubbard.com
      chris.gartman@hugheshubbard.com

*Counsel for the Debtors*

## Exhibit A

**Proposed Amended Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re* | Chapter 11 |
| **STANADYNE LLC, *et al.*,**[1] | Case No. 23-10207 (TMH) |
| **Debtors.** | (Jointly Administered) |
| | Ref. Docket Nos. 4, 47 |

**AMENDED FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 (I)
PROHIBITING UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING
SERVICES ON ACCOUNT OF PREPETITION INVOICES, (II) DEEMING
UTILITIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE, AND (III)
ESTABLISHING PROCEDURES FOR DETERMINING
ADEQUATE ASSURANCE OF PAYMENT**

Upon the motion (the "Motion")[2] of the debtors and debtors-in-possession in the

above-captioned cases (collectively, the "Debtors"), for entry of the Interim Order and the Final

Order, pursuant to sections 105(a) and 366 of the Bankruptcy Code, (i) determining that the

Utility Providers have been provided with adequate assurance of payment within the meaning of

section 366 of the Bankruptcy Code; (ii) approving the Proposed Adequate Assurance and the

Adequate Assurance Procedures; (iii) prohibiting the Utility Providers from altering, refusing or

discontinuing services on account of prepetition amounts outstanding or on account of any

perceived inadequacy of the Proposed Adequate Assurance; (iv) determining that the Debtors are

---

1.  The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are:  Stanadyne LLC (0378); Pure Power Technologies, Inc. (5202); Stanadyne PPT Holdings, Inc. (2594); and Stanadyne PPT Group Holdings, Inc. (1734).  The Debtors' headquarters are located at 405 White Street, Jacksonville, North Carolina 28546.

2.  Capitalized terms used, but not defined, herein shall have those meanings ascribed to them in the Motion.  For purposes of this Order, "Utility Providers" excludes any Utility Provider identified in the Motion with whom the Debtors have entered into a separate written agreement regarding adequate assurance of future performance, as well as CDS Electric & Industrial Service, who was inadvertently included as a Utility Provider.

not required to provide any additional adequate assurance, beyond the Proposed Adequate Assurance; and (v) setting the Final Hearing; and upon the *Declaration of John Pinson, Chief Executive Officer of Stanadyne LLC, in Support of First Day Relief*; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and it appearing that venue of these Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and due and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided; and this Court having previously entered a final order on the Motion [Docket No. 182] (the "Initial Final Order"); and upon the record herein; and it appearing that the relief requested by the Motion is in the best interest of the Debtors, their estates, their creditors and other parties in interest; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED on a final basis as set forth herein.

2.      This Amended Order supersedes Initial Final Order in its entirety.

3.      <u>Payment of Post-Petition Date Utility Charges</u>.    The Debtors are authorized to and shall pay, in accordance with their pre-Petition Date practices, all post-Petition Date utility charges for all utility services rendered by the Utility Providers to the Debtors.

4.      <u>Pre-Petition Date Security Deposits</u>.  Any security deposits that were in place prior to the Petition Date shall remain in place and shall continue to be held by those

Utility Providers holding the same, except upon either (a) written agreement(s) between the applicable Debtor and a Utility Provider without further order of the Court or (b) further order(s) of the Court.

5.      Adequate Assurance of Future Payment.    The Proposed Adequate Assurance is hereby approved and the Debtors are deemed to have furnished the Utility Providers with adequate assurance of payment under section 366 of the Bankruptcy Code for post-Petition Date utility services by having deposited cash in an amount equal to the approximate aggregate cost of 50% of the average monthly total for utility service from the Utility Providers calculated as a historical average for the three months prior to the Petition Date, or $52,616.99 into the Utility Account within ten business days after the date of entry of the Interim Order; provided, however, that, the Debtors shall be authorized to reduce the Utility Deposit to reflect terminated utility service upon either (a) obtaining the affected Utility Company's consent to reduce the Utility Deposit; or (b) filing notice with the Court and serving upon the affected Utility Company a notice of the Debtors' intent to reduce the Utility Deposit within fourteen (14) days thereof and receiving no response thereto.[3]  Upon the effective date of any plan of reorganization or liquidation of the Debtors, unless otherwise provided in such plan of reorganization or liquidation or other order of the Court, the Debtors, in their sole discretion and without further application to or order of the Court, may close the Utility Account and return all remaining funds to their operational and deposit accounts maintained in the ordinary course of business.

---

3.    In the event that the Debtors have multiple utility services accounts with a particular Utility Provider, the Debtors' reduction of the Utility Deposit upon termination of utility services from a particular Utility Provider will be based on those utility services accounts actually terminated.

30278634.2

6.    <u>Prohibition</u>.  Absent further order of the Court, all Utility Providers are prohibited from (a) discontinuing, altering or refusing service to the Debtors on account of any prepetition amounts outstanding, (b) discriminating against the Debtors or (c) requiring payment of a deposit or receipt of any other security for continued service as a result of the Debtors' bankruptcy filings or any outstanding prepetition invoices, other than as provided in the Motion and this Final Order.

7.    <u>Adequate Assurance Procedures</u>.  The Adequate Assurance Procedures for determining requests for additional adequate assurance are approved on a final basis as follows:

(a)    Absent compliance with the Adequate Assurance Procedures, the Utility Providers may not alter, refuse or discontinue service to or otherwise discriminate against the Debtors on account of the commencement of these Chapter 11 Cases or any unpaid prepetition charges or request payment of a deposit or receipt of other security in connection with any unpaid prepetition charges.

(b)    The Debtors will serve copies of the Interim Order and the Final Order, as applicable, via first-class mail, within two business days after the date that the Interim Order and the Final Order, as applicable, is entered by the Court on all Utility Providers identified on the Utility Provider List.  For the avoidance of doubt, the Motion will be served with the Interim Order.  In the event that any Utility Provider has been omitted from the Utility Provider List, the Debtors shall supplement this list and shall promptly serve copies of the Motion, the Interim Order, and the Final Order, as applicable, on such Utility Provider upon learning of such omission.

(c)    Any Utility Provider that believes it requires additional adequate assurance must serve a request (an "<u>Adequate Assurance Request</u>") upon (i) Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Rodney Square, Wilmington, Delaware 19801 (Attn: Michael R. Nestor, Esq., Andrew L. Magaziner, Esq., and Ashley E. Jacobs, Esq.), (ii) Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, New York 10004 (Attn: Kathryn A. Coleman, Esq. and Christopher Gartman, Esq.); (iii) proposed counsel to the Official Committee of Unsecured Creditors  (the "<u>Committee</u>"), Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036, Attn:

Thomas Moers Mayer, Esq. (email: tmayer@kramerlevin.com) Adam C. Rogoff, Esq. (email: arogoff@kramerlevin.com), and Rose Hill Bagley (email: rbagley@kramerlevin.com), and Morris James LLP, 500 Delaware Avenue, Suite 1500, Wilmington, Delaware 19801-1494, Attn: Jeffrey R. Waxman (email: jwaxman@morrisjames.com).

(d)     Any Adequate Assurance Request must: (i) be made in writing; (ii) set forth the location for which utility services are provided; (iii) include a summary of the Debtors' payment history relevant to the affected account(s), including any security deposits or other prepayments or assurances previously provided by the Debtors; (iv) set forth the basis for the Utility Provider's belief that the Proposed Adequate Assurance is not sufficient adequate assurance of future payment; and (v) include a proposal for what would constitute adequate assurance of future payment from the Debtors, along with an explanation of why such proposal is reasonable. Any Adequate Assurance Request that fails to meet these requirements shall be deemed an invalid request for adequate assurance.

(e)     Upon the Debtors' receipt of any Adequate Assurance Request at the address set forth above, the Debtors shall have until twenty-one days from the receipt of such Adequate Assurance Request or such other date as the parties mutually agree (the "Resolution Period") to negotiate with a Utility Provider and advise the Utility Provider that the Adequate Assurance Request is acceptable.

(f)     The Debtors may, in their discretion, upon three (3) business days notice to the Committee, resolve any Adequate Assurance Request by mutual agreement with the Utility Provider and without further order of the Court, and may, in connection with any such agreement, in their discretion, provide a Utility Provider with additional adequate assurance of future payment, including, but not limited to, cash deposits, prepayments and/or other forms of security, without further order of this Court if the Debtors believe such additional assurance is reasonable and to the extent authorized pursuant to any orders authorizing postpetition financing and the use of cash collateral and the applicable budget thereunder.

(g)     If the Debtors determine that the Adequate Assurance Request is not reasonable and are not able to reach an alternative resolution with the Utility Provider during the Resolution Period, the Debtors, during or immediately after the Resolution Period, will request a hearing before the Court to determine the adequacy of assurances

of payment with respect to a particular Utility Provider (the "Determination Hearing") pursuant to section 366(c)(3) of the Bankruptcy Code.

(h)     Pending resolution of an Adequate Assurance Request at any such Determination Hearing and entry of a final, non-appealable order thereon finding that the Utility Provider is not adequately assured of future payment, such Utility Provider shall be (i) prohibited from discontinuing, altering or refusing service to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance and (ii) deemed to have adequate assurance of payment.

(i)     Unless and until a Utility Provider serves an Adequate Assurance Request pursuant to the Adequate Assurance Procedures, such Utility Provider shall be deemed to have received adequate assurance of payment that is satisfactory to such Utility Provider within the meaning of section 366(c)(2) of the Bankruptcy Code.

8.     Modifications to the Utility Provider List.  To the extent that the Debtors identify additional Utility Providers not included on the Utility Provider List, the Debtors, upon three (3) business days notice to the Committee, will promptly (a) file a supplement to the Utility Provider List adding the name of the newly-identified Utility Providers and (b) serve copies of the Motion, the Interim Order and the Final Order on such Utility Providers.  This Final Order shall be binding on all Utility Providers, regardless of when such Utility Provider was added to the Utility Provider List, subject to any further order(s) of the Court.

9.     Any Utility Provider subsequently added to the Utility Provider List shall be subject to the terms of this Final Order, including Assurance Procedures.

10.     Failure to Submit Adequate Assurance Request.  Any Utility Provider that fails to submit an Adequate Assurance Request pursuant to the Adequate Assurance Procedures shall be deemed to have received adequate assurance of future payment during the pendency of these Chapter 11 Cases, and shall further be deemed to have waived any right to seek additional

adequate assurance during the course of the Chapter 11 Cases, except as provided in section 366(c) of the Bankruptcy Code.

11.     The Debtors shall provide counsel to the Committee a monthly report of all payments made to Utility Providers for adequate assurance of future performance on or after the Petition Date pursuant to this Order. Such report shall be due on the 21st day after (or the next business day if such day is not a business day) the last day of the month.

12.     <u>Service of Order</u>.  The Debtors will serve copies of the Final Order via first-class mail, within two business days after the date that this Final Order is entered by the Court on all Utility Providers identified on the Utility Provider List.

13.     <u>No Admission or Waiver</u>.  Nothing in the Motion or in this Final Order is intended or should be construed as (a) an admission as to the validity or priority of any claim against the Debtors, (b) a waiver of the Debtors' rights to dispute any claim, including the validity or priority thereof, (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined hereunder; (e) a request or authorization to assume any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.  Likewise, any payment made pursuant to the Interim Order or this Final Order is not intended and should not be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

14.     Prior to terminating or assigning any Waste Management ("<u>WM</u>") services including, but not limited to all Waste Management accounts,  the Debtors shall provide notice of such termination or assignment in writing, including by e-mail, to: (i) counsel of record for WM, attention:  Rachel B. Mersky, Esq., Monzack Mersky and Browder, PA,  1201 N.

Orange Street, Suite 400, Wilmington, DE 19801, rmersky@monlaw.com and (ii) Waste Management, attention: Jacqulyn E. Hatfield-Mills, Waste Management, 800 Capitol Ste. 3000, Houston, TX 77002, jmills@wm.com.   The notice of termination or assignment shall include: (a) the date of termination or assignment; and (b) the location at which services are being terminated or assigned as defined in the agreement or invoice between WM and the Debtors. If the Debtors fail to provide notice as provided for herein, the Debtors shall remain administratively obligated for the costs and expense of services provided by WM to such location until the date WM receives actual notice that WM's services to the Debtors at a particular location is or has been terminated or assigned.

15.     The Debtors are authorized to take all actions necessary to implement this Final Order.

16.     This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Final Order.

## **Exhibit B**

**Blackline**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* | Chapter 11 |
| **STANADYNE LLC, *et al.*,**[1] | Case No. 23-10207 (TMH) |
| **Debtors.** | (Jointly Administered) |
| | Ref. Docket Nos. 4, 47 |

**AMENDED FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 (I) PROHIBITING UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES ON ACCOUNT OF PREPETITION INVOICES, (II) DEEMING UTILITIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE, AND (III) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT**

Upon the motion (the "Motion")[2] of the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of the Interim Order and the Final Order, pursuant to sections 105(a) and 366 of the Bankruptcy Code, (i) determining that the Utility Providers have been provided with adequate assurance of payment within the meaning of section 366 of the Bankruptcy Code; (ii) approving the Proposed Adequate Assurance and the Adequate Assurance Procedures; (iii) prohibiting the Utility Providers from altering, refusing or discontinuing services on account of prepetition amounts outstanding or on account of any perceived inadequacy of the Proposed Adequate Assurance; (iv) determining that the Debtors are

---

1. The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are:  Stanadyne LLC (0378); Pure Power Technologies, Inc. (5202); Stanadyne PPT Holdings, Inc. (2594); and Stanadyne PPT Group Holdings, Inc. (1734).  The Debtors' headquarters are located at 405 White Street, Jacksonville, North Carolina 28546.

2. Capitalized terms used, but not defined, herein shall have those meanings ascribed to them in the Motion.  For purposes of this Order, "Utility Providers" excludes any Utility Provider identified in the Motion with whom the Debtors have entered into a separate written agreement regarding adequate assurance of future performance, as well as CDS Electric & Industrial Service, who was inadvertently included as a Utility Provider.

not required to provide any additional adequate assurance, beyond the Proposed Adequate Assurance; and (v) setting the Final Hearing; and upon the *Declaration of John Pinson, Chief Executive Officer of Stanadyne LLC, in Support of First Day Relief*; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and it appearing that venue of these Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and due and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided; and this Court having previously entered a final order on the Motion [Docket No. 182] (the "Initial Final Order"); and upon the record herein; and it appearing that the relief requested by the Motion is in the best interest of the Debtors, their estates, their creditors and other parties in interest; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED on a final basis as set forth herein.

2.      This Amended Order supersedes Initial Final Order in its entirety.

3.      2.Payment of Post-Petition Date Utility Charges.    The Debtors are authorized to and shall pay, in accordance with their pre-Petition Date practices, all post-Petition Date utility charges for all utility services rendered by the Utility Providers to the Debtors.

4.      3.Pre-Petition Date Security Deposits.  Any security deposits that were in place prior to the Petition Date shall remain in place and shall continue to be held by those

Utility Providers holding the same, except upon either (a) written agreement(s) between the applicable Debtor and a Utility Provider without further order of the Court or (b) further order(s) of the Court.

5. 4.Adequate Assurance of Future Payment.   The Proposed Adequate Assurance is hereby approved and the Debtors are deemed to have furnished the Utility Providers with adequate assurance of payment under section 366 of the Bankruptcy Code for post-Petition Date utility services by having deposited cash in an amount equal to the approximate aggregate cost of 50% of the average monthly total for utility service from the Utility Providers calculated as a historical average for the three months prior to the Petition Date, or $53,847.83 52,616.99 into the Utility Account within ten business days after the date of entry of the Interim Order; provided, however, that, the Debtors shall be authorized to reduce the Utility Deposit to reflect terminated utility service upon either (a) obtaining the affected Utility Company's consent to reduce the Utility Deposit; or (b) filing notice with the Court and serving upon the affected Utility Company a notice of the Debtors' intent to reduce the Utility Deposit within fourteen (14) days thereof and receiving no response thereto.[3]  Upon the effective date of any plan of reorganization or liquidation of the Debtors, unless otherwise provided in such plan of reorganization or liquidation or other order of the Court, the Debtors, in their sole discretion and without further application to or order of the Court, may close the Utility Account and return all remaining funds to their operational and deposit accounts maintained in the ordinary course of business.

---

3.   In the event that the Debtors have multiple utility services accounts with a particular Utility Provider, the Debtors' reduction of the Utility Deposit upon termination of utility services from a particular Utility Provider will be based on those utility services accounts actually terminated.

6.    5.Prohibition.  Absent further order of the Court, all Utility Providers are prohibited from (a) discontinuing, altering or refusing service to the Debtors on account of any prepetition amounts outstanding, (b) discriminating against the Debtors or (c) requiring payment of a deposit or receipt of any other security for continued service as a result of the Debtors' bankruptcy filings or any outstanding prepetition invoices, other than as provided in the Motion and this Final Order.

7.    6.Adequate Assurance Procedures.  The Adequate Assurance Procedures for determining requests for additional adequate assurance are approved on a final basis as follows:

(a)    Absent compliance with the Adequate Assurance Procedures, the Utility Providers may not alter, refuse or discontinue service to or otherwise discriminate against the Debtors on account of the commencement of these Chapter 11 Cases or any unpaid prepetition charges or request payment of a deposit or receipt of other security in connection with any unpaid prepetition charges.

(b)    The Debtors will serve copies of the Interim Order and the Final Order, as applicable, via first-class mail, within two business days after the date that the Interim Order and the Final Order, as applicable, is entered by the Court on all Utility Providers identified on the Utility Provider List.  For the avoidance of doubt, the Motion will be served with the Interim Order.  In the event that any Utility Provider has been omitted from the Utility Provider List, the Debtors shall supplement this list and shall promptly serve copies of the Motion, the Interim Order, and the Final Order, as applicable, on such Utility Provider upon learning of such omission.

(c)    Any Utility Provider that believes it requires additional adequate assurance must serve a request (an "Adequate Assurance Request") upon (i) Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Rodney Square, Wilmington, Delaware 19801 (Attn: Michael R. Nestor, Esq., Andrew L. Magaziner, Esq., and Ashley E. Jacobs, Esq.), (ii) Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, New York 10004 (Attn: Kathryn A. Coleman, Esq. and Christopher Gartman, Esq.); (iii) proposed counsel to the Official Committee of Unsecured Creditors  (the

"Committee"), Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036, Attn: Thomas Moers Mayer, Esq. (email: tmayer@kramerlevin.com) Adam C. Rogoff, Esq. (email: arogoff@kramerlevin.com), and Rose Hill Bagley (email: rbagley@kramerlevin.com), and Morris James LLP, 500 Delaware Avenue, Suite 1500, Wilmington, Delaware 19801-1494, Attn: Jeffrey R. Waxman (email: jwaxman@morrisjames.com).

(d)     Any Adequate Assurance Request must: (i) be made in writing; (ii) set forth the location for which utility services are provided; (iii) include a summary of the Debtors' payment history relevant to the affected account(s), including any security deposits or other prepayments or assurances previously provided by the Debtors; (iv) set forth the basis for the Utility Provider's belief that the Proposed Adequate Assurance is not sufficient adequate assurance of future payment; and (v) include a proposal for what would constitute adequate assurance of future payment from the Debtors, along with an explanation of why such proposal is reasonable. Any Adequate Assurance Request that fails to meet these requirements shall be deemed an invalid request for adequate assurance.

(e)     Upon the Debtors' receipt of any Adequate Assurance Request at the address set forth above, the Debtors shall have until twenty-one days from the receipt of such Adequate Assurance Request or such other date as the parties mutually agree (the "Resolution Period") to negotiate with a Utility Provider and advise the Utility Provider that the Adequate Assurance Request is acceptable.

(f)     The Debtors may, in their discretion, upon three (3) business days notice to the Committee, resolve any Adequate Assurance Request by mutual agreement with the Utility Provider and without further order of the Court, and may, in connection with any such agreement, in their discretion, provide a Utility Provider with additional adequate assurance of future payment, including, but not limited to, cash deposits, prepayments and/or other forms of security, without further order of this Court if the Debtors believe such additional assurance is reasonable and to the extent authorized pursuant to any orders authorizing postpetition financing and the use of cash collateral and the applicable budget thereunder.

(g)     If the Debtors determine that the Adequate Assurance Request is not reasonable and are not able to reach an alternative resolution with the Utility Provider during the Resolution Period, the Debtors,

during or immediately after the Resolution Period, will request a hearing before the Court to determine the adequacy of assurances of payment with respect to a particular Utility Provider (the "Determination Hearing") pursuant to section 366(c)(3) of the Bankruptcy Code.

(h)      Pending resolution of an Adequate Assurance Request at any such Determination Hearing and entry of a final, non-appealable order thereon finding that the Utility Provider is not adequately assured of future payment, such Utility Provider shall be (i) prohibited from discontinuing, altering or refusing service to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance and (ii) deemed to have adequate assurance of payment.

(i)      Unless and until a Utility Provider serves an Adequate Assurance Request pursuant to the Adequate Assurance Procedures, such Utility Provider shall be deemed to have received adequate assurance of payment that is satisfactory to such Utility Provider within the meaning of section 366(c)(2) of the Bankruptcy Code.

8.      7.Modifications to the Utility Provider List.  To the extent that the Debtors identify additional Utility Providers not included on the Utility Provider List, the Debtors, upon three (3) business days notice to the Committee, will promptly (a) file a supplement to the Utility Provider List adding the name of the newly-identified Utility Providers and (b) serve copies of the Motion, the Interim Order and the Final Order on such Utility Providers.  This Final Order shall be binding on all Utility Providers, regardless of when such Utility Provider was added to the Utility Provider List, subject to any further order(s) of the Court.

9.      8.Any Utility Provider subsequently added to the Utility Provider List shall be subject to the terms of this Final Order, including Assurance Procedures.

10.      9.Failure to Submit Adequate Assurance Request.  Any Utility Provider that fails to submit an Adequate Assurance Request pursuant to the Adequate Assurance Procedures shall be deemed to have received adequate assurance of future payment during the pendency of these Chapter 11 Cases, and shall further be deemed to have waived any right to

seek additional adequate assurance during the course of the Chapter 11 Cases, except as provided in section 366(c) of the Bankruptcy Code.

11.   ~~10.~~The Debtors shall provide counsel to the Committee a monthly report of all payments made to Utility Providers for adequate assurance of future performance on or after the Petition Date pursuant to this Order. Such report shall be due on the 21st day after (or the next business day if such day is not a business day) the last day of the month.

12.   ~~11.~~Service of Order.  The Debtors will serve copies of the Final Order via first-class mail, within two business days after the date that this Final Order is entered by the Court on all Utility Providers identified on the Utility Provider List.

13.   ~~12.~~No Admission or Waiver.  Nothing in the Motion or in this Final Order is intended or should be construed as (a) an admission as to the validity or priority of any claim against the Debtors, (b) a waiver of the Debtors' rights to dispute any claim, including the validity or priority thereof, (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined hereunder; (e) a request or authorization to assume any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.  Likewise, any payment made pursuant to the Interim Order or this Final Order is not intended and should not be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

14.   Prior to terminating or assigning any Waste Management ("WM") services including, but not limited to all Waste Management accounts,  the Debtors shall provide notice of such termination or assignment in writing, including by e-mail, to: (i) counsel of record for WM, attention:  Rachel B. Mersky, Esq., Monzack Mersky and Browder, PA,  1201 N.

30278634.2

Orange Street, Suite 400, Wilmington, DE 19801, rmersky@monlaw.com and (ii) Waste Management, attention: Jacqulyn E. Hatfield-Mills, Waste Management, 800 Capitol Ste. 3000, Houston, TX 77002, jmills@wm.com.  The notice of termination or assignment shall include: (a) the date of termination or assignment; and (b) the location at which services are being terminated or assigned as defined in the agreement or invoice between WM and the Debtors. If the Debtors fail to provide notice as provided for herein, the Debtors shall remain administratively obligated for the costs and expense of services provided by WM to such location until the date WM receives actual notice that WM's services to the Debtors at a particular location is or has been terminated or assigned.

15.    ~~13.~~The Debtors are authorized to take all actions necessary to implement this Final Order.

16.    ~~14.~~This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Final Order.

30278634.2