## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* | Chapter 11 |
| **STANADYNE LLC, *et al.*,**[1] | Case No. 23-10207 (TMH) |
| Debtors. | (Jointly Administered) |
| | Re: Docket No. 245 |

### NOTICE OF FILING OF EXECUTED STALKING HORSE PURCHASE AGREEMENT

**PLEASE TAKE NOTICE** that, on April 27, 2023, the above-captioned debtors and debtors in possession (the "Debtors") filed the *Debtors' Motion for Entry of: (A) an Order (I) Scheduling a Hearing on the Approval of the Sale of All or Substantially All of the Debtors' Assets Free and Clear of All Encumbrances Other than Assumed Liabilities and Permitted Encumbrances, and the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (II) Approving Certain Bidding Procedures and Assumption and Assignment Procedures, and the Form and Manner of Notice Thereof, (III) Authorizing the Debtors to Enter into the Stalking Horse Purchase Agreement, and (IV) Granting Related Relief; and (B) an Order (I) Approving Asset Purchase Agreement, (II) Authorizing the Sale of All or Substantially All of the Debtors' Assets Free and Clear of All Encumbrances Other than Assumed Liabilities and Permitted Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [D.I. 245] (the "Bidding Procedures Motion").[2]

**PLEASE TAKE FURTHER NOTICE** that, as set forth in the Bidding Procedures Motion, the Debtors committed to entering into a stalking horse purchase agreement no later than May 5, 2023.

**PLEASE TAKE FURTHER NOTICE** that the Debtors entered into a Stalking Horse Purchase Agreement (the "Stalking Horse APA") with S-PPT Acquisition Company, LLC (the "Stalking Horse"), an entity formed at the direction of the Prepetition Agent and Prepetition Secured Lenders for the purpose of entering into the Stalking Horse APA and consummating the transactions contemplated thereby, on May 8, 2023, upon the execution of which the Prepetition Agent extended the May 5, 2023 milestone to May 16, 2023, subject to the finalization of schedules to the Stalking Horse APA and the Wind-Down Budget (as defined in the Stalking

---

[1]  The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Stanadyne LLC (0378); Pure Power Technologies, Inc. (5202); Stanadyne PPT Holdings, Inc. (2594); and Stanadyne PPT Group Holdings, Inc. (1734). The Debtors' headquarters are located at 405 White Street, Jacksonville, North Carolina 28546.

[2]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Bidding Procedures Motion.

Horse APA), each in a form acceptable to the Prepetition Agent in its sole and absolute discretion, by no later than May 16, 2023.

**PLEASE TAKE FURTHER NOTICE** that a copy of the Stalking Horse APA, filed hereby without the finalized schedules and Wind-Down Budget, is attached hereto as **Exhibit A**

**PLEASE TAKE FURTHER NOTICE** that, in accordance with the Bidding Procedures Motion and Local Rule 6004-1(b)(iv), the Debtors highlight the following material terms of the Stalking Horse APA:[3]

| Provision | Summary Description |
|---|---|
| **Parties** | <u>Sellers</u>: Debtors Stanadyne LLC; Pure Power Technologies, Inc.; and Stanadyne PPT Holdings, Inc.. <br><br><u>Buyer</u>: S-PPT Acquisition Company LLC. |
| **Purchase Price** | The aggregate consideration (the "<u>Purchase Price</u>") for the purchase, sale, assignment and conveyance of Sellers' right, title and interest in, to and under the Purchased Assets shall consist of:<br><br>• Assumption of the Assumed Liabilities; *plus*<br><br>• Cash consideration of $225,000,000 (as more specifically defined in the Stalking Horse APA, the "<u>Prepetition Debt Bid Amount</u>") which such amount will be satisfied by way of (A) an offset against the Prepetition Secured Obligations held by the Prepetition Secured Lenders pursuant to section 363(k) of the Bankruptcy Code, and (B) the assumption of the Restructured Indebtedness (if any) by the Purchaser at the Closing (it being understood and agreed that the portion of the Prepetition Secured Obligations in excess of the Prepetition Debt Bid Amount (if any) will remain outstanding as a claim against the Sellers that is secured to the extent of the Prepetition Agent's, on behalf of itself and the Prepetition Secured Lenders, security interest in the Excluded Assets), plus; and<br><br>• If the Sellers' Cash and Cash Equivalents immediately prior to the Closing are insufficient to fund the amount of "Total Disbursements" in the Wind-Down Budget, an amount of Cash and Cash Equivalents equal to the amount of such deficiency.<br><br>*See* Stalking Horse APA § 2.1 |
| **Purchased Assets** | All of such Seller's right, title and interest in, to and under, free and clear of all Encumbrances (other than Encumbrances included in the Assumed Liabilities and Permitted Encumbrances), all of the assets, properties, rights and interests of any nature, tangible or intangible, real or personal, wherever located, of such Seller related to, associated with or used, or held for use, in connection with the Business, now existing or hereafter acquired on or prior |

---

[3] This summary is provided for the convenience of the Court and parties in interest. To the extent that there is any conflict between this summary and the Stalking Horse APA, the Stalking Horse APA shall govern in all respects. Capitalized terms used but not otherwise defined in this summary shall have the meanings set forth in the Stalking Horse APA or the Bidding Procedures Motion as applicable.

| Provision | Summary Description |
|---|---|
| | to the Closing Date, whether or not reflected on the books or financial statements of such Seller, as the same shall exist on the Closing Date, but in all cases excluding the Excluded Assets (collectively, and as more specifically described in the Stalking Horse APA, the "Purchased Assets") <br><br> *See* Stalking Horse APA § 1.1 |
| **Assumption of Contracts; Cure Costs** | Prior to the Execution Date, the Sellers have delivered to Purchaser a list (the "Original Contract & Cure Schedule") of each Contract of the Sellers and the Sellers' good faith estimate of the amount of Cure Costs applicable to each such Contract or indicating "$0.00" if no Cure Cost is estimated to be applicable for such Contract. From the Execution Date through (and including) the applicable Designation Deadline, promptly upon Purchaser's written consent or promptly following any material changes to the information set forth on the Original Contract & Cure Schedule (including any new Contracts to which any Seller becomes a party and any change in the Cure Cost of any Contract), the Sellers shall provide the Purchaser with a schedule that updates and corrects such information (as such schedule may be amended, supplemented or otherwise modified from time to time prior to the applicable Designation Deadline in accordance with the terms of the Stalking Horse APA, the "Contract & Cure Update Schedule"). Without limiting the foregoing, if, following the Closing, it is discovered that a Contract that should have been listed on the Original Contract & Cure Schedule or any Contract & Cure Update Schedule was not so listed, the Sellers shall, promptly following the discovery thereof, notify the Purchaser in writing of any such Contract and the Sellers' good faith estimate of the amount of Cure Costs applicable to each such Contract or indicating "$0.00" if no Cure Cost is estimated to be applicable for such Contract. Any Contract not designated by the Purchaser in writing as either an Assigned Contract or a Non-Assigned Contract, and any Permits and other assets designated in writing by the Purchaser, in each case at least one Business Day prior to the Closing, shall constitute "Designation Rights Assets." <br><br> *See* Stalking Horse APA § 1.5(a) <br><br><br> The Stalking Horse APA contemplates that the Purchaser may, in lieu of paying any Determined Cure Costs (or any portion thereof) with respect to any Assigned Contract directly to the applicable non-Seller counterparty, pay such Determined Cure Cost (or portion thereof) to the Sellers who shall promptly deliver such Determined Cure Cost to the applicable non-Seller counterparty. In addition, notwithstanding anything herein to the contrary, in lieu of paying any Determined Cure Costs (or any portion thereof) with respect to any Assigned Contract pursuant to Section 1.5(c), the Sellers, the Purchaser and the applicable non-Seller counterparty to such Assigned Contract may agree to a post-Closing payment schedule pursuant to which the Purchaser will make agreed upon Cure Cost payments to the applicable non-Seller counterparty. <br><br> *See* Stalking Horse APA § 1.5(f) |
| **Other Terms and Conditions** | Closing of the Sale will be subject to, among other customary conditions, (a) no temporary restraining order, preliminary or permanent injunction or other order issued by any court of competent jurisdiction or other legal restraint or prohibition preventing the consummation of the transactions, (b) the Bankruptcy Court shall have entered the Bidding Procedures Order and |

| Provision | Summary Description |
|---|---|
| | the Sale Order, and each such order shall not have been stayed or vacated, and (c) the representations and warranties of the Purchaser contained in the Stalking Horse APA shall be true and correct in all respects (without giving effect to any limitation as to "materiality" set forth therein) as of the Closing Date as if made on and as of the Closing Date.<br><br>*See* Stalking Horse APA § 9.1 & 9.2. |
| **Bid Protections** | None. |
| **Sale to Insider**<br>**(Local Rule 6004-1(b)(iv)(A))** | Not applicable. |
| **Agreements with Management**<br>**(Local Rule 6004-1(b)(iv)(B))** | Not applicable. |
| **Releases**<br>**(Local Rule 6004-1(b)(iv)(C))** | It is a condition to Purchaser's obligations that the Prepetition Agent and the Prepetition Secured Lenders and their respective Related Parties shall have received full and final releases from the Sellers' estates by virtue of the Sale Order or otherwise.<br><br>*See* Stalking Horse APA § 9.3(j). |
| **Private Sale/No Competitive Bidding**<br>**(Local Rule 6004-1(b)(iv)(D))** | Not applicable. |
| **Closing and Other Deadlines**<br>**(Local Rule 6004-1(b)(iv)(E))** | Closing of the Sale will be subject to, among other customary conditions, (a) entry of the Sale Order, and such Sale Order not being subject to any stay or appeal, (b) the Sellers' and Stalking Horse Bidder's representations and warranties in the Stalking Horse APA being true and correct in all respects except where such breaches would not constitute a material adverse effect or have been waived, and (c) no breach of the Sellers' and Stalking Horse Bidder's covenants in the Stalking Horse APA in any material respect.<br><br>*See* Stalking Horse APA § 9.1, 9.2 & 9.3.<br><br>The Stalking Horse APA also includes the following milestones:<br><br><u>Bidding Procedures Order</u>. The Bidding Procedures Order shall be entered on or prior to May 18, 2023.<br><br><u>Bid Deadline</u>. Pursuant to the Bidding Procedures Order, any and all Qualified Bids (as defined in the Bidding Procedures Order) shall have been submitted on or prior to June 21, 2023. If any Qualified Bid (other than [the Stalking Horse APA]) is submitted prior to the Bid Deadline, the Sellers shall have commenced the Auction on or prior to June 28, 2023.<br><br><u>Sale Hearing</u>. No later than July 10, 2023, the Sale Hearing shall have occurred.<br><br><u>Sale Order</u>. On or prior to July 11, 2023, the Bankruptcy Court shall have entered the Sale Order.<br><br>*See* Stalking Horse APA § 7.3.<br><br>The Stalking Horse APA also requires that the schedules to the Stalking Horse APA and the Wind-Down Budget be finalized in a form acceptable to Purchaser in its sole and absolute discretion by no later than May 16, 2023. |

30358678.5                                                 4

| Provision | Summary Description |
|---|---|
| | *See* Stalking Horse APA § 8.18. |
| **Good Faith Deposit (Local Rule 6004-1(b)(iv)(F))** | No Deposit Required (Credit Bid). |
| **Interim Arrangements with Proposed Buyer (Local Rule 6004-1(b)(iv)(G))** | The Stalking Horse APA sets forth customary provisions regarding the Debtors' conduct of their businesses pending the Closing Date. *See* Stalking Horse APA § 8.1. |
| **Use of Proceeds (Local Rule 6004-1(b)(iv)(H))** | Not applicable. |
| **Tax Exemption (Local Rule 6004-1(b)(iv)(I))** | Not applicable. |
| **Record Retention (Local Rule 6004-1(b)(iv)(J))** | The Stalking Horse APA provides that the Sellers and the Purchaser agree that each of them shall preserve and keep the records held by them or their Affiliates relating to the Business, the Purchased Assets and the Assumed Liabilities until the later of the closing of the Chapter 11 Cases and the liquidation and winding up of the Sellers' estates (but in no event later than three years after the Closing Date except, in the case of Tax matters, until 30 days following the expiration of the period of any applicable statute of limitations) and shall make such records available to the other party as may be reasonably required by such other party in connection with, among other things, any insurance claims by, actions or tax audits against or governmental investigations of the Sellers or the Purchaser or any of their respective Affiliates or in order to enable the Sellers or the Purchaser to comply with their respective obligations under this Agreement or any of the Ancillary Agreements and each other agreement, document or instrument contemplated hereby or thereby. In the event the Sellers or the Purchaser wishes to destroy such records at the end of such preservation period, such party shall first give 60 days' prior written notice to the other party and such other party shall have the right at its option and expense, upon prior written notice given to such party within such 60 day period, to take possession of the records within 120 days after the date of such notice, or such shorter period as the liquidation and winding up of the Sellers' estates shall permit. *See* Stalking Horse APA § 8.8. |
| **Sale of Avoidance Actions (Local Rule 6004-1(b)(iv)(K))** | Avoidance actions are being purchased under the Stalking Horse APA. *See* Stalking Horse APA § 1.1(j). |
| **Requested Findings as to Successor Liability (Local Rule 6004-1(b)(iv)(L))** | The Proposed Sale Order, which will be filed no later than 21 days prior to the Sale Hearing, will contain findings of fact and conclusions of law that the Purchaser is a good faith purchaser entitled to the protections of section 363(m) of the Bankruptcy Code, is not a successor to the Sellers and will have no successor liability. |
| **Sale Free and Clear of Any Encumbrances (Local Rule 6004-1(b)(iv)(M))** | The Stalking Horse APA provides that upon the entry and effectiveness of the Sale Order, the Sellers will have the power and right to sell, assign, transfer, convey and deliver to the Purchaser good and valid title (or, in the case of leased Purchased Assets, a valid and subsisting leasehold interest in), free and clear of any Encumbrances (except for Permitted Encumbrances), to all of the Purchased Assets, to the fullest extent permissible by Law. |

| Provision | Summary Description |
|---|---|
|  | *See* Stalking Horse APA § 4.11. |
| **Credit Bid** <br> **(Local Rule 6004-1(b)(iv)(N))** | The Purchase Price includes the Credit Bid under Section 363(k) of the Bankruptcy Code. <br><br> *See* Stalking Horse APA § 2.1. |
| **Relief from Bankruptcy Rule 6004(h)** <br> **(Local Rule 6004-1(b)(iv)(O))** | The Debtors are requesting relief from the 14-day stay imposed by Bankruptcy Rules 6004(h) and 6006(d). |

**PLEASE TAKE FURTHER NOTICE** that copies of the Stalking Horse APA and the Bidding Procedures Motion, are available free of charge on the Debtors' restructuring website, https://www.kccllc.net/stanadyne.

**PLEASE TAKE FURTHER NOTICE** THAT A HEARING TO CONSIDER APPROVAL OF THE BIDDING PROCEDURES MOTION IS SCHEDULED FOR **MAY 18, 2023 AT 11:30 A.M. (ET)** BEFORE THE HONORABLE THOMAS M. HORAN, IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, FIFTH FLOOR, COURTROOM NO. 4, 824 N. MARKET STREET, WILMINGTON, DELAWARE 19801.

*[Signature Page Follows]*

| | |
|---|---|
| Dated:  May 9, 2023<br>Wilmington, Delaware | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>*/s/ Andrew L. Magaziner*<br>Michael R. Nestor (DE Bar No. 3526)<br>Andrew L. Magaziner (DE Bar No. 5426)<br>Ashley E. Jacobs (DE Bar No. 5635)<br>1000 North King Street<br>Rodney Square<br>Wilmington, Delaware 19801-6108<br>Telephone:  (302) 571-6600<br>Facsimile:   (302) 571-1253<br>Email:  mnestor@ycst.com<br>            amagaziner@ycst.com<br>            ajacobs@ycst.com<br><br>-and-<br><br>Kathryn A. Coleman<br>Christopher Gartman<br>HUGHES HUBBARD & REED LLP<br>One Battery Park Plaza<br>New York, NY 10004-1482<br>Telephone: (212) 837-6000<br>Facsimile:  (212) 422-4726<br>Email:  katie.coleman@hugheshubbard.com<br>            chris.gartman@hugheshubbard.com<br><br>*Counsel for the Debtors* |

30358678.5