**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re* | Chapter 11 |
| **STANADYNE LLC, *et al.*,**[1] | Case No. 23-10207 (TMH) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket No. 245 |

**ORDER (I) APPROVING BIDDING PROCEDURES, (II) SCHEDULING AN AUCTION AND A SALE HEARING, (III) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, (IV) ESTABLISHING NOTICE AND PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT AND SALE OF CONTRACTS AND LEASES, AND (V) GRANTING RELATED RELIEF**

Upon the motion (the "Motion") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) authorizing and approving the bidding procedures attached hereto as **Exhibit 1** (the "Bidding Procedures"),[2] (b) approving the form and manner of notice of the Auction and the Sale Hearing with respect to the Sale of all or substantially all of the Debtors' assets (the "Assets," as further defined in the Bidding Procedures), (c) scheduling an Auction and a Sale Hearing, (d) establishing notice and procedures for the assumption, assignment and sale of executory contracts and unexpired leases, and (e) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and this Court having found that this is a core proceeding

---

[1.] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Stanadyne LLC (0378); Pure Power Technologies, Inc. (5202); Stanadyne PPT Holdings, Inc. (2594); and Stanadyne PPT Group Holdings, Inc. (1734). The Debtors' headquarters are located at 405 White Street, Jacksonville, North Carolina 28546.

[2] Capitalized terms used in this Order but not otherwise herein defined have the meanings given to such terms in the Motion or Bidding Procedures, as applicable.

30308351.5

pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

**BASED ON THE RECORD ESTABLISHED AT THE HEARING, THE COURT HEREBY FINDS THAT:**

    A.    The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

    B.    This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in this district and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

    C.    Good and sufficient notice of the Motion, the Bidding Procedures, and the relief sought in the Motion has been given under the circumstances, and no other or further notice is

required except as set forth herein. A reasonable opportunity to object or be heard regarding the relief provided herein has been afforded to parties in interest.

D.  The bases for the relief requested in the Motion are: (i) sections 105, 363, and 365 of the Bankruptcy Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"); (ii) Rules 2002(a)(2), 6004, 6006, 9007, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and (iii) Rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

E.  Notice of the Motion has been given to: (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Official Committee of Unsecured Creditors (the "Committee"); (iii) Cerberus Business Finance, LLC, as administrative agent and collateral agent for Prepetition Senior Lenders (as defined in the Cash Collateral Order)[3] (in such capacity, the "Prepetition Agent"); (iv) counsel to the Prepetition Agent; (v) the United States Attorney's Office for the District of Delaware; (vi) the Internal Revenue Service; (vii) the state attorneys general for all states in which the Debtors conduct business; (viii) all parties who have expressed a written interest in some or all of the Assets; (ix) all known holders of liens, encumbrances, and other claims secured by the Assets; (x) all parties to Potential Assigned Contracts (as defined below); and (xi) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").

F.  The Debtors have articulated good and sufficient reasons for this Court to: (i) approve the Bidding Procedures; (ii) schedule the Auction and Sale Hearing and approve the manner of notice of the Auction, Sale, and Sale Hearing; and (iii) approve the procedures for the

---

[3] As used herein, "Cash Collateral Order" means, as amended, supplemented, or otherwise modified from time to time, that certain order authorizing the use of cash collateral on the terms therein entered at Docket No. 218.

30308351.5

assumption, assignment and sale of executory contracts and unexpired leases, including notice of proposed cure amounts.

  G. The Bidding Procedures attached hereto as **Exhibit 1** and the Stalking Horse Purchase Agreement filed at Docket No. 265 were negotiated by the parties at arm's-length and in good faith by the Debtors and the Stalking Horse Bidder.

  H. The Bidding Procedures and the Stalking Horse Purchase Agreement are fair, reasonable, and appropriate, are designed to maximize creditor recoveries from the consummation of the Sale and enable the Debtors to comply with the Milestones (as defined in the Cash Collateral Order, and as may have been subsequently modified, supplemented, and amended), and are consistent with the Debtors' exercise of their fiduciary duties under applicable law.

  I. The Motion, this Order, and the assumption, assignment and sale procedures set forth herein are reasonably calculated to provide counterparties to Potential Assigned Contracts with proper notice of the intended assumption, assignment and sale of their Potential Assigned Contracts, the procedures in connection therewith, and any cure amounts relating thereto.

  J. The sale notice, substantially in the form attached hereto as **Exhibit 2** (the "Sale Hearing Notice"), is reasonably calculated to provide interested parties with timely and proper notice of the proposed Sale, including, without limitation: (i) the date, time, and place of the Auction (if one is held); (ii) the Bidding Procedures; (iii) the deadline for filing objections to the Sale and entry of the Sale Order, and the date, time, and place of the Sale Hearing; (iv) sufficient identification of the Assets; (v) instructions for obtaining copies of the Stalking Horse Purchase Agreement; (vi) a description of the Sale as being free and clear of liens, claims, encumbrances, and other interests (except as set forth in the applicable purchase agreement), with all such liens, claims, encumbrances, and other interests attaching with the same validity and priority to the Sale

proceeds; and (vii) notice of the proposed assumption, assignment and sale of Assigned Contracts (as defined in the Stalking Horse Purchase Agreement) to the Stalking Horse Bidder pursuant to the Stalking Horse Purchase Agreement (or to another Successful Bidder arising from the Auction, if any), and no other or further notice of the Sale shall be required.

K.  The legal and factual bases set forth in the Motion establish just cause for the relief granted herein. Entry of this Order is in the best interests of the Debtors and their estates, creditors, interest holders, and all other parties in interest.

L.  The Motion and the Bidding Procedures comply with the requirements set forth by Local Rule 6004-(1)(c).

**IT IS HEREBY ORDERED THAT:**

1.  The Motion is granted as provided herein.

2.  All objections to the relief requested in the Motion that have not been withdrawn, waived, or settled as announced to the Court at the hearing on the Motion or by stipulation filed with the Court, are overruled.

**I.  Important Dates and Deadlines**

| Event | Date |
|---|---|
| Service of Notice of Assumption, Assignment, and Sale | Within Three Days of Entry of this Order |
| Cure Objection Deadline | June 7, 2023 at 4:00 p.m. (ET) |
| Sale Objection Deadline | June 21, 2023 at 4:00 p.m. (ET) |
| Bid Deadline | June 21, 2023 at 5:00 p.m. (prevailing Eastern Time) |
| Deadline for Debtors to Designate Qualified Bids | June 23, 2023 at 5:00 p.m. (ET) |
| Auction | June 28, 2023 at 10:00 a.m. (prevailing Eastern Time) |
| Debtors' Deadline to Reply to Sale Objections | July 6, 2023 at 6:00 p.m. (ET) |

| Sale Hearing | July 10, 2023 at 10:00 a.m. (prevailing Eastern Time) |

3. **Bid Deadline**.  The deadline by which all Bids for the Assets must be *actually received* by the parties specified in the Bidding Procedures is 5:00 p.m. (prevailing Eastern Time), on June 21, 2023 (the "Bid Deadline").

4. **Auction**.  If, under the Bidding Procedures, an Auction is to be held, it shall be held no later than June 28, 2023, at the offices of counsel to the Debtors: Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, NY 10004, or such later time on such day or other place as the Debtors (with the prior written consent of the Stalking Horse Bidder and the Prepetition Agent and in consultation with the Committee) shall notify all Qualified Bidders who have submitted Qualified Bids.  As set forth more fully in the Bidding Procedures, only Qualified Bidders shall be permitted to participate at the Auction.

5. **Notice of Successful Bidder**.  The Debtors shall file a notice identifying the Successful Bidder (the "Successful Bidder Notice") by: (i) if no Qualified Bid (other than the Stalking Horse Purchase Agreement) is received by the Bid Deadline, 5:00 p.m. (prevailing Eastern Time) on the day following the Bid Deadline or (ii) if one or more Qualified Bids (in addition to the Stalking Horse Purchase Agreement) is received by the Bid Deadline and an Auction is held, 5:00 p.m. (prevailing Eastern Time) on the day following the conclusion of the Auction.

6. **Sale Objections**.  Objections to the Sale, if any (other than objections related to the assumption and assignment of a Potential Assigned Contract, which are governed by Section III of this Order), must (a) be in writing; (b) conform to the applicable provisions of the Bankruptcy Rules and the Local Rules; (c) state, with specificity, the legal and factual bases thereof and (d) be filed with the Court and served so as to be *actually received* by no later than June 21, 2023 at 5:00

30308351.5

p.m. (prevailing Eastern Time) (the "Sale Objection Deadline") on the following parties (the "Objection Notice Parties"):

| Counsel to the Debtors | The United States Trustee |
|---|---|
| Hughes Hubbard & Reed LLP<br>One Battery Park Plaza, 16th Floor<br>New York, NY 10004<br>Attn: Kathryn A. Coleman, Christopher Gartman,<br>katie.coleman@hugheshubbard.com,<br>chris.gartman@hugheshubbard.com,<br><br>Young Conaway Stargatt & Taylor, LLP<br>1000 North King Street<br>Rodney Square<br>Wilmington, DE 19801-6108<br>Attn: Michael R. Nestor and Andrew L. Magaziner<br>mnestor@ycst.com, amagaziner@ycst.com | Office of the United States Trustee<br>For the District of Delaware<br>844 King Street, Suite 2207, Lockbox 35<br>Wilmington, DE, 19801<br>Attn: Jane M. Leamy<br>jane.m.leamy@usdoj.gov |
| **Counsel to the Committee** | **Counsel to the Prepetition Agent** |
| Kramer Levin Naftalis & Frankel LLP<br>1177 Avenue of the Americas<br>New York, NY 10036<br>Attn: Adam C. Rogoff and Rose Hill Bagley<br>arogoff@kramerlevin.com, rbagley@kramerlevin.com<br><br>Morris James LLP<br>500 Delaware Avenue, Suite 1500<br>Wilmington, DE 19801<br>Attn: Jeffrey R. Waxman and Eric J. Monzo<br>jwaxman@morrisjames.com,<br>emonzo@morrisjames.com | KTBS Law LLP<br>1801 Century Park East, 26th Floor<br>Los Angeles, CA 90067<br>Attn: Michael L. Tuchin and David A. Fidler<br>mtuchin@ktbslaw.com, dfidler@ktbslaw.com<br><br>Pachulski Stang Ziehl & Jones LLP<br>919 Market St., 17th Floor<br>P.O. Box 8705<br>Wilmington, DE 19801-8705 (Courier 19801)<br>Attn: Laura Davis Jones and Timothy Cairns<br>ljones@pszjlaw.com, tcairns@pszjlaw.com |

7. A party's failure to timely file or make an objection in accordance with this Order shall forever bar such party from asserting any objection to the Motion, entry of the Sale Order, and/or consummation of the Sale with the Successful Bidder pursuant to the applicable purchase agreement, including the assumption, assignment and sale of the Assigned Contracts to the Successful Bidder pursuant to the applicable purchase agreement, and shall be deemed to constitute any such party's consent to entry of the Sale Order and consummation of the Sale and all transactions related thereto, including, without limitation, such assumption, assignment and sale.

30308351.5

8. *Sale Hearing*. The Sale Hearing shall commence on July 10, 2023, at 10:00 a.m. (prevailing Eastern Time) before the Honorable Thomas M. Horan, at the Court, 824 North Market Street, Wilmington, Delaware 19801. Upon entry of this Order, the Debtors are authorized to perform any obligations of the Debtors set forth in the Stalking Horse Purchase Agreement that are intended to be performed prior to the Sale Hearing or entry of the Sale Order. The Sale Hearing may be adjourned by announcement in open Court or on the Court's calendar without any further notice required.

**II.   Auction, Bidding Procedures, and Related Relief**

9. The Bidding Procedures are incorporated herein and are hereby approved in their entirety. The Bidding Procedures shall govern the submission, receipt, and analysis of all Bids relating to any Sale transaction. Any party desiring to bid on the Assets or a portion thereof shall comply with the Bidding Procedures and this Order. The Debtors, in consultation with the Consultation Parties, are authorized to take any and all actions necessary to implement the Bidding Procedures and the Debtors and their professionals shall direct and preside over the Auction; *provided*, *however*, the Debtors may not take any action that is contrary to the Bidding Procedures, including any modification thereof, without the consent of the Consultation Parties or an order of the Court.

10. The Stalking Horse Bidder is deemed a Qualified Bidder at all times, and the Stalking Horse Bid as set forth in the Stalking Horse Purchase Agreement is deemed a Qualified Bid. Pursuant to the provisions of the Cash Collateral Order, the Stalking Horse Bidder may credit bid any portion or all of its outstanding Prepetition Obligations (up to the amount outstanding as of the projected closing date of the Sale (including but not limited to, principal, accrued and unpaid interest (including postpetition interest to the extent provided in the Cash Collateral Order), and

all outstanding fees and expenses and other amounts owed under the Loan Documents (as defined in the Cash Collateral Order)).

11. If the Debtors do not receive any Qualified Bids (other than the Stalking Horse Bid): (a) the Debtors will not hold the Auction; (b) the Debtors shall name the Stalking Horse Bidder as the Successful Bidder for the Purchased Assets (as defined in the Stalking Horse Purchase Agreement); and (c) the Debtors shall seek approval of the Stalking Horse Purchase Agreement at the Sale Hearing.

12. If the Debtors receive one or more Qualified Bids from Qualified Bidders (other than the Stalking Horse Bidder), then the Debtors shall conduct the Auction in accordance with the Bidding Procedures.

13. Pursuant to Local Rule 6004-1(c)(ii): (a) each bidder participating at the Auction shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the Sale, as set forth in the Bidding Procedures; (b) the Auction shall be conducted openly and all creditors providing 24 hours' notice to the Debtors by email (ajacobs@ycst.com) will be permitted to attend the Auction; and (c) the Auction shall be transcribed or videotaped.

14. No person or entity shall be entitled to any expense reimbursement, break-up fees, "topping," termination, or other similar fee or payment, and by submitting a bid, such person or entity is deemed to have waived their right to request or to file with this court any request for expense reimbursement or any fee of any nature, whether by virtue of section 503(b) of the Bankruptcy Code or otherwise.

### III. Approval of the Assumption, Assignment, and Sale Procedures

15. The procedures set forth below regarding the assumption, assignment and sale of Potential Assigned Contracts pursuant to sections 365(b) and 365(f) of the Bankruptcy Code in connection with the Sale (the "Assumption Procedures") are hereby approved.

16. These Assumption Procedures shall govern the assumption, assignment and sale of the Assigned Contracts ultimately selected to be assumed, assigned and sold in connection with a Sale, subject to the payment of any amounts necessary to cure any defaults arising under any Assigned Contract (as further defined in the Stalking Horse Asset Purchase Agreement, the "Cure Costs"):

   a. **Notice of Assumption, Assignment and Sale**. Within 3 business days following entry of this Order (the "Assumption, Assignment and Sale Service Deadline"), the Debtors shall file on the docket and serve a notice of contract assumption, in substantially the form attached hereto as **Exhibit 3**, (the "Notice of Assumption, Assignment and Sale") via overnight delivery on all counterparties to all executory contracts and unexpired leases of the Debtors (collectively, the "Potential Assigned Contracts") and provide a copy of the same to the Stalking Horse Bidder. The Notice of Assumption, Assignment and Sale shall inform each recipient of (i) the timing and procedures relating to such assumption, assignment and sale, (ii) the title of the Potential Assigned Contract, (iii) the name of the counterparty to the Potential Assigned Contract, (iv) Debtors' good faith estimates of the Cure Costs (if any) required in connection with the Potential Assigned Contract, (v) the identity of the Stalking Horse Bidder, and (vi) the Cure Objection Deadline (as defined below); *provided*, *however*, that service of a Notice of Assumption, Assignment and Sale does not constitute an admission that such Potential Assigned Contract is an executory contract or unexpired lease or that such stated Cure Cost constitutes a claim against the Debtors or a right against the Stalking Horse Bidder (or other Successful Bidder) and all rights with respect thereto shall be expressly reserved. Further, the inclusion of a Potential Assigned Contract on the Notice of Assumption, Assignment and Sale is not a guarantee that such Potential Assigned Contract will ultimately be assumed, assigned and sold.

   b. **Objections**. Any counterparty to a Potential Assigned Contract shall file and serve on the Objection Notice Parties any objections to (a) the proposed assumption and assignment of its Potential Assigned Contract to the Successful Bidder (and must state in its objection, with specificity, the legal

and factual basis of its objection), (b) if applicable, the proposed Cure Cost for its Potential Assigned Contract (and must state in its objection, with specificity, what Cure Cost is required with appropriate documentation in support thereof) and (c) the provision of adequate assurance of future performance by the Stalking Horse Bidder, **no later than June 7, 2023 at 5:00 p.m.** (prevailing Eastern Time) (the "Cure Objection Deadline"). If no objection is timely filed and served, (x) the counterparty to the Potential Assigned Contract shall be deemed to have consented to the assumption, assignment and sale of the Contract to the Successful Bidder pursuant to sections 363 and 365 of the Bankruptcy Code if such Potential Assigned Contract is designated by the Successful Bidder as an Assigned Contract, and shall be forever barred from asserting any objection with regard to such assumption, assignment and sale, except with respect to the adequate assurance of future performance by a Successful Bidder **other than** the Stalking Horse Bidder, and (y) the Cure Cost set forth in the Notice of Assumption, Assignment and Sale shall be controlling pursuant to section 365 of the Bankruptcy Code, notwithstanding anything to the contrary in any Potential Assigned Contract, or any other document, and the counterparty to the Potential Assigned Contract shall be deemed to have consented to such Cure Cost pursuant to section 365 of the Bankruptcy Code, and shall be forever barred from asserting any other claims related to such Potential Assigned Contract against the Debtors or the Successful Bidder, or the property of either of them.

c. **Supplemental Contract Assumption Notice**. To the extent the Debtors, at any time after the Assumption, Assignment and Sale Service Deadline (i) identify additional Potential Assigned Contracts, (ii) remove Potential Assigned Contracts from the list of executory contracts and unexpired leases ultimately selected as Assigned Contracts that the Successful Bidder proposes be assumed, assigned and sold to it in connection with a Sale, and/or (iii) modify the previously stated Cure Cost associated with any Potential Assigned Contracts, the Debtors will promptly file with this Court and serve by overnight delivery a supplemental notice of contract assumption (a "Supplemental Assumption Notice") on each of the counterparties to the affected Potential Assigned Contracts and their counsel of record, if any. Each Supplemental Assumption Notice will include the same information with respect to listed Potential Assigned Contracts as was included in the Notice of Assumption, Assignment and Sale. Each Supplemental Assumption Notice that identifies a Potential Assigned Contract that was not previously designated to be assumed, assigned and sold or that reduces the Debtors' calculation of the Cure Cost shall provide a deadline of not less than seven business (7) days from the date of service of such Supplemental Assumption Notice by which the counterparty to any such Potential Assigned Contract may object **only** to (a) its listing as an Assigned Contract (if it was not previously designated to be assigned), and (b) the Debtors' calculation of the Cure Cost for such

        Potential Assigned Contract (if such Cure Cost is lower than a previously listed Cure Cost for such Potential Assigned Contract or the amount asserted by such counterparty by the Cure Objection Deadline).

d. **Supplemental Adequate Assurance Objection Deadline**. Following the Bid Deadline, in the event that the Debtors receive one or more Qualified Bids other than the Stalking Horse Purchase Agreement, upon request by any counterparty to a Potential Assigned Contract, the Debtors will send such party evidence that any Qualified Bidder that included such Potential Assigned Contract in its Bid has the ability to perform thereunder and otherwise complies with the requirements of adequate assurance of future performance under section 365(b)(1) of the Bankruptcy Code on a confidential basis for all nonpublic information. Consistent with Paragraph 5 of this Order, the Debtors will file a notice of successful bidder. Parties objecting to the proposed adequate assurance of future performance by a Successful Bidder **other than** the Stalking Horse Bidder must object at or before the Sale Hearing.

e. **Dispute Resolution**. If the Debtors (subject to the consent of the Successful Bidder) and the non-debtor counterparty to a Potential Assigned Contract cannot resolve an objection to the Cure Cost for such Potential Assigned Contract, such objection may be adjourned and the Potential Assigned Contract may be (but is not required to be) assumed by the Debtors and assigned and sold to the Stalking Horse Bidder or Successful Bidder, as applicable, provided that the Cure Cost that the counterparty asserts is required to be paid shall be segregated pending the parties' consensual resolution of the objection to the Cure Cost or the Court's adjudication of such payment. Any objection to the proposed assumption, assignment and sale of a Potential Assigned Contract or to the related Cure Cost that remains unresolved as of the Sale Hearing shall, in the Debtors' discretion (subject to the consent of the Successful Bidder), be heard at the Sale Hearing or adjourned to a date and at a time determined by the Debtors (or otherwise scheduled by the Court). Pending the parties' consensual resolution of any Cure Cost objections or the Court's adjudication of such payments, the Successful Bidder may elect to re-designate the related Assigned Contracts to not be an Assigned Contract. Upon any Cure Cost amount that was subject to an objection becoming fixed, the Successful Bidder may elect to re-designate the related Assigned Contract to not be an Assigned Contract.

f. **Contract Assumption**. No Assigned Contract shall be deemed assumed, assigned and sold pursuant to sections 365 and 363 of the Bankruptcy Code until the later of (i) the date the Court has entered an order assuming, assigning and selling such Assigned Contracts or (ii) the date the Sale has closed.

30308351.5

17.  The inclusion of a Potential Assigned Contract on the Notice of Assumption, Assignment and Sale or any Supplemental Assumption Notice shall not: (a) obligate the Debtors to assume, assign or sell any executory contracts or unexpired leases listed thereon, (b) obligate any Qualified Bidder or the Successful Bidder to designate such Potential Assigned Contract as an Assigned Contract or refrain from redesignating it to not be an Assigned Contract, or (c) constitute any admission or agreement of the Debtors that such Potential Assigned Contract is an executory contract or such lease is unexpired, as applicable.  Only those Potential Assigned Contracts that are included on a schedule of Assigned Contracts (for which the Stalking Horse Bidder's or other Successful Bidder's, as applicable, designation rights with respect thereto have expired) attached to a final asset purchase agreement approved by the Court will be assumed, assigned and sold.

18.  The Notice of Assumption, Assignment and Sale is hereby approved.

**IV.     Sale Hearing Notice**

19.  The Sale Hearing Notice, substantially in the form attached hereto as **Exhibit 2**, is hereby approved.  Within three (3) business days following entry of this Order, the Debtors shall cause the Sale Hearing Notice to be served on the following parties or their respective counsel, if known: (a) the Notice Parties; (b) counsel to the Stalking Horse Bidder; (c) all parties to Potential Assigned Contracts; (d) all parties who have expressed to the Debtors or their professionals in writing an interest in acquiring some or all of the Assets; (e) all known holders of liens, encumbrances, and other claims secured by any of the Assets; (f) the Internal Revenue Service; (g) all applicable state and local taxing authorities; (h) the Federal Trade Commission; (i) each governmental agency that is an interested party with respect to the Sale and transactions proposed thereunder; (j) all of the Debtors' other known creditors and equity security holders; and (k) all parties that have requested or that are required to receive notice pursuant to Bankruptcy Rule 2002.

V.      **Miscellaneous**

20.     The failure to include or reference a particular provision of the Bidding Procedures specifically in this Order shall not diminish or impair the effectiveness or enforceability of such a provision.

21.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

22.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

23.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: May 16th, 2023**
**Wilmington, Delaware**

**THOMAS M. HORAN**
**UNITED STATES BANKRUPTCY JUDGE**