# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Stanadyne LLC, *et al.*, | Case No. 23-10207 (TMH) |
| | (Jointly Administered) |
| Debtors.[1] | **Re: D.I. 297** |

## OBJECTION OF CATERPILLAR REMAN POWERTRAIN INDIANA, LLC TO THE CURE AMOUNT PROPOSED IN THE DEBTORS' NOTICE TO CONTRACT PARTIES TO POTENTIALLY ASSUMED, ASSIGNED, AND SOLD EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Caterpillar Reman Powertrain Indiana, LLC ("Caterpillar"), by their undersigned counsel, hereby files this objection (this "Objection") to the proposed cure amount set forth in the *Notice to Contract Parties to Potentially Assumed, Assigned, and Sold Executory Contracts and Unexpired Leases* [D.I. 297] (the "Notice"). In support of this Objection, Caterpillar respectfully states as follows:

### BACKGROUND

1. On February 16, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (this "Court").

2. Upon information and belief, the Debtors are operating their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. On April 27, 2023, the Debtors filed their *Motion for Entry of: (A) An Order (I)*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Stanadyne LLC (0378); Pure Power Technologies, Inc. (5202); Stanadyne PPT Holdings, Inc. (2594); and Stanadyne PPT Group Holdings, Inc. (1734). The Debtors' headquarters are located at 405 White Street, Jacksonville, North Carolina 28546.

*Scheduling a Hearing on the Approval of the Sale of all or Substantially all of the Debtors' Assets Free and Clear of all Encumbrances Other than Assumed Liabilities and Permitted Encumbrances, and the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (II) Approving Certain Bidding Procedures and Assumption and Assignment Procedures, and the Form and Manner of Notice Thereof, (III) Authorizing the Debtors to Enter Into the Stalking Horse Purchase Agreement, and (IV) Granting Related Relief; and (B) An Order (I) Approving Asset Purchase Agreement, (II) Authorizing the Sale of All or Substantially All of the Debtors' Assets Free and Clear of All Encumbrances Other than Assumed Liabilities and Permitted Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [D.I. 245].

4. On May 16, 2023, this Court entered its *Order (I) Approving Bidding Procedures, (II) Scheduling an Auction and a Sale Hearing, (III) Approving the Form and Manner of Notice Thereof, (IV) Establishing Notice and Procedures for the Assumption and Assignment and Sale of Contracts and Leases, and (V) Granting Related Relief* [D.I. 276].

5. On May 11, 2023 and May 12, 2023, Caterpillar filed a proof of claim (designated as Claims No. 240 and 259) in the amount of $ 901,539.03 (the "Proof of Claim").[2]  As also noted in the Proof of Claim, the total amount due by Caterpillar to Pure Power Technologies, Inc. ("Pure Power") as of the Petition Date was $240,581.40.[3]

6. On May 23, 2023, the Debtors filed the Notice, which identifies certain contracts, leases and agreements with various counterparties, including Caterpillar, that the Debtors might assume and assign. The Notice (at Exhibit A, item number 25) proposes $0.00 as the aggregate

---

[2] The obligations of Pure Power to Caterpillar are described more fully in the invoices and documents attached to the Proof of Claim as Attachment 1 (collectively, the "Agreement").

[3] The obligations of Caterpillar to Pure Power are described more fully in the invoices and documents attached to the Proof of Claim as Attachment 2.

amount necessary to cure all monetary defaults related to Caterpillar.

## **OBJECTION AND RESERVATION OF RIGHTS**

7.     Any assumption and assignment of the Agreement must be conditioned on the Debtors' full compliance with the requirements of section 365 of the Bankruptcy Code including, but not limited to, paying all amounts due and owing under the Agreement to Caterpillar through the effective date of the assumption and assignment of the Agreement.

8.     As of the Petition Date, the aggregate cure amount owing to Caterpillar under the Agreement was $901,539.03, plus all fees, expenses, attorney's fees and costs due under the Agreement, whether before or after the Petition Date, to the extent allowed under the Agreement and applicable law, including, without limitation, the Bankruptcy Code.

9.     As of the Petition Date, the aggregate cure amount owing under the Agreement is $901,539.03.

10.    Caterpillar expressly reserves its rights to amend or supplement this Objection and the Cure Amount to include, inter alia, any and all amounts then due and owing to Caterpillar by Pure Power for the period from the Petition Date through the effective date of the assumption of the Agreement. Caterpillar respectfully requests that any order approving the assumption, assignment and/or sale of the Agreement provide, among other things, that the Debtors promptly pay to Caterpillar the amount of $901,539.03 and all additional amounts due and owing under the Agreement through the effective date of assumption of the Agreement (collectively, the "Cure Amount").

11.    Furthermore, the Debtors or any proposed assignee must sufficiently demonstrate to Caterpillar adequate assurance of future performance under the Agreement by the proposed assignee, prior to the date of assumption, assignment and/or sale of the Agreement. *See* 11 U.S.C.

365(b)(1)(C).

12.     Finally, nothing in this Objection is intended to be, or should be construed as, a waiver by Caterpillar of any rights under the Agreement, the Bankruptcy Code, or applicable non-bankruptcy law.  Caterpillar expressly reserves all such rights, including, without limitation, the right to: (a) supplement and/or amend this Objection and to assert any additional objections with respect to the Cure Amount; (b) amend the Cure Amount; (c) assert any nonmonetary defaults under the Agreement; (d) assert any rights for indemnification or contribution against the Debtors arising under the Agreement; (e) assert any further objections as they deem necessary or appropriate, including objections with respect to any proposed sale and objections with respect to consent rights, assumption of obligations, cure and adequate assurance of future performance; and (f) assert that the Agreement is not executory in nature and, therefore, cannot be assumed or assumed and assigned by the Debtors pursuant to section 365 of the Bankruptcy Code.

## **CONCLUSION**

**WHEREFORE**, Caterpillar Reman Powertrain Indiana, LLC respectfully requests that this Court: (a) sustain this Objection; (b) affirmatively require the Debtors to pay all amounts owing under the Agreement through the effective date of any assumption of the Agreement; and (c) grant Caterpillar such other and further relief as this Court deems just and appropriate under the circumstances.

*[Signature page follows]*

-5-

| | |
|---|---|
| Dated: June 12, 2023<br>Wilmington, Delaware | Respectfully submitted,<br><br>ROBINSON & COLE LLP<br><br>*/s/ Ryan M. Messina*<br>Ryan M. Messina (DE Bar No. 6875)<br>Jamie L. Edmonson (DE Bar No. 4247)<br>1201 N. Market Street, Suite 1406,<br>Wilmington, DE 19801<br>Telephone: (302)516-1717<br>Facsimile: (302) 516-1699<br>Email: RMessina@rc.com<br>           JEdmonson@rc.com<br><br>*Counsel for Caterpillar Reman Powertrain Indiana, LLC* |