**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Stanadyne LLC, *et al.*,[1]<br><br>　　　　　　　　Debtor(s). | Chapter 11<br><br>Case No. 23-10207 (TMH)<br><br>(Jointly Administered)<br><br>Cure Obj. Deadline: June 12, 2023 at 5:00 p.m.<br>Sale Hearing Date: July 10, 2023 at 10:00 a.m.<br><br>Re: Docket No. 297 |

**OBJECTION OF LEAF CAPITAL FUNDING, LLC TO**
**NOTICE TO CONTRACT PARTIES TO POTENTIALLY ASSUMED,**
**ASSIGNED, AND SOLD EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

　　　　LEAF Capital Funding, LLC ("LEAF"), by and through the undersigned counsel, hereby files this *Objection of LEAF Capital Funding, LLC to Notice to Contract Parties to Potentially Assumed, Assigned, and Sold Executory Contracts and Unexpired Leases* (the "Objection") to the Debtors' *Notice to Contract Parties to Potentially Assumed, Assigned, and Sold Executory Contracts and Unexpired Leases* [Dkt. No. 297] (the "Assumption Notice"), and in support thereof, respectfully states as follows:

**BACKGROUND**

　　　　1.　　On February 16, 2023 (the "Petition Date"), Stanadyne LLC ("Stanadyne"); Pure Power Technologies, Inc. ("Pure Power"); Stanadyne PPT Holdings, Inc. ("PPT Holdings"), and Stanadyne PPT Group Holdings, Inc. ("PPT Group Holdings," and collectively with Stanadyne, Pure Power, and PPT Holdings, the "Debtors") filed voluntary petitions for relief under chapter 11

---

[1] The Debtors in these Cases, along with the last four digits of each Debtor's federal tax identification number are: Stanadyne LLC (0378); Pure Power Technologies, Inc. (5202); Stanadyne PPT Holdings, Inc. (2594); and Stanadyne PPT Group Holdings, Inc. (1734). The Debtors' headquarters are located at 405 White Street, Jacksonville, North Carolina 28546.

1

of title 11 of the United States Code (the "Bankruptcy Code") that are now pending with this Court (the "Cases").

2. The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. On March 6, 2023, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Committee of Unsecured Creditors to represent the interests of unsecured creditors in these Cases. [Dkt. No. 78].

4. On April 27, 2023, the Debtors filed their *Motion for Entry of: (A) an Order (I) Scheduling a Hearing on the Approval of the Sale of All or Substantially All of the Debtors' Assets Free and Clear of All Encumbrances Other Than Assumed Liabilities and Permitted Encumbrances, and the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (II) Approving Certain Bidding Procedures and Assumption and Assignment Procedures, and the Form and Manner of Notice Thereof, (III) Authorizing the Debtors to Enter Into the Stalking Horse Purchase Agreement, and (IV) Granting Related Relief; and (B) an Order (I) Approving Asset Purchase Agreement, (II) Authorizing the Sale of All or Substantially All of the Debtors' Assets Free and Clear of All Encumbrances Other Than Assumed Liabilities and Permitted Encumbrances, (Iii) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* (the "Sale Motion"). [Dkt. No. 245].

5. On April 16, 2023, the Court entered its *Order (I) Approving Bidding Procedures, (II) Scheduling an Auction and a Sale Hearing, (III) Approving the Form and Manner of Notice Thereof, (IV) Establishing Notice and Procedures for the Assumption and Assignment and Sale of*

*Contracts and Leases, and (V) Granting Related Relief* (the "Sale Procedures Order"). [Dkt. No. 276].

6. The Sale Procedures Order establishes, *inter alia*, certain procedures for the Debtors' assumption and assignment of certain executory contracts and unexpired leases (the "Assumption Procedures") in connection with the Debtors' proposed sale of substantially all of their assets (the "Sale"). *Id.*

7. Pursuant to the Assumption Procedures, on May 23, 2023, the Debtors filed the Assumption Notice. [Dkt. No. 297]. Exhibit A of the Assumption Notice lists executory contracts and unexpired leases that the Debtors may seek to assume and assign in connection with the proposed Sale together with proposed cure amounts to be paid in connection with the assumption and assignment of each contract or lease. *See id.*

8. The Assumption Notice lists, *inter alia*, the following contract(s) and proposed cure amount(s):

| Counterparty | Cure Amount | Debtor Entity | Description | Execution Date |
|---|---|---|---|---|
| LEAF Capital Funding, LLC | $ - | Pure Power Technologies, Inc. | Rental Agreement dated March 16, 2021 between Pure Power Technologies, Inc. and Leaf Capital Funding, LLC; Rental Agreement dated May 17, 2021 between Pure Power Technologies, Inc. and Leaf Capital Funding, LLC | March 16, 2021 |

*Id.*, at p. 11].

9. The deadline for filing an objection to the Assumption Notice and/or any cure amounts listed therein is June 12, 2023, at 5:00 pm ET. *See id.*, at p. 3.

10. Prepetition, Debtor Pure Power and LEAF, doing business as Connection Financial Services, entered into a *Master Lease Agreement* (the "Master Agreement") dated January 26,

3

2021, concerning the lease of certain computer equipment as more fully identified in the Master Agreement. In relation to the Master Agreement, debtor Stanadyne executed a guaranty and guaranteed the payment and performance of all indebtedness, obligations, and liabilities of Pure Power at any time owed to LEAF. True and correct copies of the Master Agreement are attached to LEAF's proofs of claim relating to the Master Agreement, assigned as claims number 300 and 333 in the claims register.

11.  In addition, debtor Pure Power and LEAF entered into that certain *Rental Agreement* (the "Rental Agreement," and together with the Master Agreement, the "Agreements") dated April 28, 2021 concerning the lease of certain computer/printer equipment as more fully identified in the Rental Agreement. In relation to the Rental Agreement, debtor Stanadyne executed a guaranty and guaranteed the payment and performance of all indebtedness, obligations, and liabilities of Pure Power at any time owed to LEAF. True and correct copies of the Rental Agreement are attached to LEAF's proofs of claim relating to the Rental Agreement, assigned as claims number 307 and 336 in the claims register.

## DISCUSSION

12.  Pursuant to section 365(a) of the Bankruptcy Code, a debtor may, subject to court approval, assume, and assign an executory contract. *See* 11. U.S.C. §365(a)[2]; *In re Rickel Home Centers, Inc.*, 209 F.3d 291, 298 (3d Cir. 2000) ("Section 365 enables the trustee to maximize the value of the debtor's estate by assuming executory contracts and unexpired leases that benefit the

---

[2] Section 365(a) states: "[e]xcept as provided in sections 765 and 766 of this title and in subsections (b), (c), and (d) of this section, the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11. U.S.C. § 365(a).

estate and rejecting those that do not."); 11 U.S.C. § 1107(a) (granting a chapter 11 debtor-in-possession all the rights and powers of a trustee).

 13. Section 365(b)(1) of the Bankruptcy Code states, in relevant part:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—
>
>  (A) cures, or provides adequate assurance that the trustee will promptly cure, such default other than a default that is a breach of a provision relating to the satisfaction of any provision (other than a penalty rate or penalty provision) relating to a default arising from any failure to perform nonmonetary obligations under an unexpired lease of real property, if it is impossible for the trustee to cure such default by performing nonmonetary acts at and after the time of assumption, except that if such default arises from a failure to operate in accordance with a nonresidential real property lease, then such default shall be cured by performance at and after the time of assumption in accordance with such lease, and pecuniary losses resulting from such default shall be compensated in accordance with the provisions of this paragraph;
>
>  (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
>  (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1)(A)-(C); *see also Cinicola v. Scharffenberger*, 248 F.3d 110, 119 (3d Cir. 2001) (stating that before an executory contract and/or lease may be assigned, the trustee first must assume the contract, cure any defaults, and provide adequate assurance of future performance).

 14. Accordingly, if a debtor wishes to assume and assign a contract or lease, as a condition to such assumption/assignment, the debtor must first cure any default owing thereunder, plus any unpaid post-petition charges incurred thereunder through the effective date of assumption, including attorney fees if authorized by the agreement. *See In re Crown Books Corp.*, 269 B.R. 12, 15 (Bankr. D. Del. 2001) (stating that section 365 allows for the recovery of attorney fees "if based

5

upon the existence of a separate agreement between the parties"); *In re F & N Acquisition Corp.*, 152 B.R. 304, 308 (Bankr. W.D. Wash. 1993) (collecting cases).

15. "The purpose of § 365(b)(1) is 'to restore the 'debtor-creditor relationship ... to pre-default conditions,' bringing the loan back into compliance with its terms.'" *In re DBSI, Inc.*, 405 B.R. 698, 704 (Bankr. D. Del. 2009) (quoting *In re Wireless Data, Inc.*, 547 F.3d 484, 489 (2d Cir. 2008)).

16. Here, debtor Pure Power and LEAF are parties to the Agreements.

17. Past due pre-petition payments are owing under the Agreements, and the Debtors have made no post-petition payments. As of May 31, 2023, the balance on the account for Master Agreement is $48,210.47. As of May 31, 2023, the balance on the account for the Rental Agreement is $20,502.77.

18. LEAF has also incurred, and is currently incurring, attorney fees to enforce its remedies upon debtor Pure Power's ongoing default and to collect on post-petition rent and charges owing under the Agreements.[3]

19. As of May 31, 2023, LEAF has incurred attorney fees in the amount of $13,500.00.[4]

20. Furthermore, monthly payments of $10,181.60 are owed under the Master Agreement, with the next payment being due on June 15, 2023. Monthly payments of $2,157.77 are owed under the Rental Agreement, with the next payment being due on June 17, 2023.

---

[3] The Agreements provides for payment of attorney fees. Specifically, section eleven (11) of the Master Agreement, "DEFAULT/REMEDIES," states that: "You also agree to reimburse Us on demand for all reasonable attorney expenses of enforcement (including, without limitation, reasonable attorneys' fees and other legal costs) …[.]" Section nine (9) of the Rental Agreement, "DEFAULT," states that: "If you default, you agree to pay the cost of repossession and our attorney's fees and costs."

[4] Attorney fees are continuing to accrue.

21. Accordingly, LEAF hereby objects to the Assumption Notice because this notice does not propose to satisfy Debtors' cure obligations consistent with section 365(b)(1) of the Bankruptcy Code.

22. If the Debtors wish to assume and assign the Agreements, as a condition to such assumption/assignment, the Debtors must first cure the default owing under the Agreements, plus any unpaid post-petition charges, taxes, and fees, including attorney's fees, incurred thereunder through the effective date of assumption.

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, this Court should enter an order (1) requiring, as a condition to the Debtors' assumption and/or assignment of the Agreements that the Debtors pay LEAF the applicable cure amount set forth above, plus attorney fees in an amount to be determined and all unpaid post-petition amounts accrued thereunder through the effective date of assumption, and (2) granting such other and further relief that the Court deems just and appropriate.

Dated: June 12, 2023

Respectfully submitted,

**LEAF Capital Funding, LLC**

By: /s/ *Rafael X. Zahralddin-Aravena*
Rafael X. Zahralddin-Aravena (No. 4166)
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
500 Delaware Avenue, Suite 700
Wilmington, DE 19801
Telephone: (302) 985 6004
Email: Rafael.Zahralddin@lewisbrisbois.com

-and-

Aaron L. Hammer, Esq.
***Pro Hac Vice Forthcoming***

**HORWOOD MARCUS & BERK CHARTERED**
500 W. Madison, Ste. 3700
Chicago, Illinois 60661
Telephone: (312) 606-3200
Facsimile: (312) 606-3232
E-mail: ahammer@hmblaw.com