**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>STANADYNE LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10207 (TMH)<br><br>(Jointly Administered) |

**OBJECTION TO SUPPLEMENTAL**
**NOTICE TO CONTRACT PARTIES TO POTENTIALLY**
**ASSUMED, ASSIGNED, AND SOLD EXECUTORY CONTRACTS**
**AND UNEXPIRED LEASES WITH RESERVATION OF RIGHTS**

Navistar, Inc. and International Engine Intellectual Property Company, LLC (collectively, "Navistar"), by and through the undersigned counsel and pursuant to Section 365 of title 11, United States Code (the "Bankruptcy Code"), hereby lodge the following objections and reservation of rights (the "Objections") with respect to the proposed Cure Cost (as defined therein) and assurance of future performance set forth in the Debtors' Supplemental Notice to Contract Parties to Potentially Assumed, Assigned, and Sold Executory Contracts and Unexpired Leases (Doc. No. 400) (the "Supplemental Cure Costs Notice"), and state as follows:[2]

1.  Navistar hereby incorporates by reference its *Objection of Navistar, Inc. to Notice to Contract Parties to Potentially Assumed, Assigned, and Sold Executory Contracts and Unexpired Leases* (Doc. No. 358) (the "Cure Costs Notice Objection") timely filed on June 12, 2023.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Stanadyne LLC (0378); Pure Power Technologies, Inc. (5202) ("Debtor"); Stanadyne PPT Holdings, Inc. (2594); and Stanadyne PPT Group Holdings, Inc. (1734) (collectively, the "Debtors"). The Debtors' headquarters are located at 405 White Street, Jacksonville, North Carolina 28546.

[2] All capitalized terms not otherwise defined herein shall have the meaning ascribed in the Supplemental Cure Costs Notice.

2. By the Supplemental Cure Costs Notice, the Debtors have more fully identified the Supply Agreement (as defined in the Cure Costs Notice Objection) by reciting amendments and integrated agreements thereto,[3] and proposed Cure Costs of $88,172.79 relating to royalties.

3. The Supplemental Cure Costs Notice further indicates that "the Cure Costs listed on **Exhibit A** hereto do not include any obligations under any customer 'core' refund program as such obligations do not constitute Cure Costs and will be addressed separately in connection with the Sale and Stalking Horse Purchase Agreement." (Doc. No. 400 at 3.) According to the Supplemental Cure Costs Notice, there is a proposed Cure Cost of $0 due and owing to Navistar, Inc. under the Supply Agreement. *Id*. at 6.

4. "Cure is a critical component of assumption." *In re Thane International, Inc.*, 586 B.R. 540, 549 (Bankr. D. Del. 2018). "The language and intent behind § 365 is decisive… [and it] was clearly intended to insure that the contracting parties receive the full benefit of their bargain if they are forced to continue performance." *Id.* (cleaned up); *citing In re Superior Toy & Mfg. Co., Inc.*, 78 F.3d 1169, 1174 (7th Cir. 1996). "If the trustee is to assume a contract or lease, the court will have to insure that the trustee's performance under the contract or lease gives the other contracting party the full benefit of his bargain." *Id.* (citation to legislative history omitted). The "benefit of his bargain" refers to the "full amount due" under an executory contract, "as opposed to liabilities solely for future performance." *Id.*

5. Navistar does not object to the proposed assumption and assignment of the Supply Agreement subject to compliance with the requirements of Section 365 of the Bankruptcy Code

---

[3] In addition to the description of the Supply Agreement set forth in the Supplemental Cure Costs Notice, there was an updated Appendix I to the Amended and Restated Supply Agreement dated October 30, 2019 that was not referenced. The Appendix I is noted herein for the sake of completeness, but was replaced by further amendments to the Supply Agreement. Likewise, the Original Agreement dated January 29, 2016 (as defined in the Supply Agreement) was not referenced, but was amended and restated by the Amended and Restated Supply Agreement. Navistar expects that the Debtors intend to assume and assign the entirety of the Supply Agreement, but objects otherwise on the grounds set forth herein.

2

through, without limitation, the necessary cure or adequate assurance of one. The Cure Costs under the Supply Agreement are detailed below, including the core obligations for acceptances, open eligibility and banked core:[4]

| | |
|---|---|
| Purchase Orders: | $10,125.00 |
| Royalties: | $378,382.69 (est.)[5] |
| Core Acceptances: | $2,530,945.00 |
| Open Eligibility: | $5,314,295.00 (est.) |
| Banked Core: | $847,700.00 |
| Other: | $142,952.11 |
| **TOTAL:** | $9,224,399.80 |

6. Navistar objects to the extent the core obligations are excluded from the Cure Costs without adequate assurance as to how the obligations "will be addressed separately in connection with the Sale and Stalking Horse Purchase Agreement." *See* Doc. No. 400 at 3. The Stalking Horse Purchase Agreement (Doc. No. 265-1) proposes the assumption of "all Liabilities of any of the Sellers under each Assigned Contract arising after the Closing Date." *Id.* at 11. The agreement excludes from acquisition "all liabilities arising out of any breach or default under the Assigned Contracts on or prior to the Closing Date or arising out of any event, fact, circumstance or period

---

[4] Post-petition, the Debtors moved for and this Court entered that certain *Final Order Authorizing the Debtors to (I) Maintain and Administer Prepetition Customer Programs, and (II) Pay and Honor Related Prepetition Obligations* (Doc. No. 185) (the "Customer Programs Order") permitting, among other relief, the continuation of certain Customer Programs (as defined therein) in the ordinary course of business as existed prior to the petition date including, without limitation, the core, warranty and related programs of the type detailed in the Supply Agreement. The amounts due and owing as set forth herein therefore may change on a daily basis as the parties continued their business relationship.

[5] Pursuant to the Supply Agreement, the Debtor is required to supply a monthly report of the sale of Derivatives (as defined therein) with the royalty reports that permit the parties to calculate the amount due and owing to Navistar. Navistar has not received such reporting post-petition, and is therefore unable to calculate the amount of royalties due and owing from the Debtor. The amount set forth above is therefore an estimate without waiver of the ability of Navistar to amend the Cure Costs for royalties upon receipt of the required information from the Debtor.

3

of time… which with the passage of time or giving of notice, or both, would constitute or give rise to such a breach or default, other than any Determined Cure Costs." *Id.* at 12.  The Debtor's core obligations with Navistar existed pre-petition and continue post-petition, and absent resolution or accounting for same, would give rise to a default.  As a result, absent adequate assurance for the assumption of the core liabilities in favor of Navistar, Navistar objects to the Supplemental Cure Costs Notice and Sale.  *See In re Thane International, Inc.*, 586 B.R. at 549 ("SJPL did not receive the 'full' benefit of its bargain, and pre-Closing liabilities remain outstanding… there simply *cannot* be an assumption without providing the necessary cure or adequate assurance of one.") (cleaned up, emphasis in original); *citing* 11 U.S.C. § 365(b)(1)(A)-(C).

7. Navistar also objects to the extent the Debtors seek to segregate the Supply Agreement from its integrated agreements with respect to, *inter alia*, tooling and intellectual property.  *See Philip Servs. Corp. v. Luntz (In re Philip Servs., Inc.)*, 284 B.R. 547 (Bankr. D. Del. 2002), *aff'd*, 303 B.R. 574 (D. Del. 2003) ("[A]ll of the contracts that comprise an integrated agreement must either be assumed or rejected since they all make up one contract.")

8. The Debtor and Navistar have continued the reconciliation and setoff process under the Supply Agreement post-petition.  Navistar accordingly holds claims against the Debtor including, without limitation, warranty, royalty, setoff and recoupment claims under the Supply Agreement and applicable law, and reserves all rights and remedies accordingly.  Navistar further reserves the right to amend or supplement this Objection with such additional information or documentation as may be required given the continuation of the business relationship with the Debtor post-petition.  Navistar further joins in objections filed by other parties in interest to the extent that such objections are not inconsistent with this Objection.

Dated: June 29, 2023

/s/ *Michael J. Joyce*
Michael J. Joyce (No. 4563)
**JOYCE, LLC**
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone:     (302)-388-1944
E-Mail:             mjoyce@mjlawoffices.com

-and-

Ryan C. Reinert (admitted *pro hac vice*)
**SHUTTS & BOWEN LLP**
Florida Bar No. 81989
4301 W. Boy Scout Blvd., Suite 300
Tampa, Florida 33607
Telephone:     (813) 229-8900
E-Mail:             rreinert@shutts.com

*Counsel to Navistar*