**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re* | Chapter 11 |
| STANADYNE LLC, *et al.*,[1] | Case No. 23-10207 (TMH) |
| Debtors. | (Jointly Administered) |
| | **Docket Ref. Nos. 486 and 516** |
| | **Hearing Date:  August 22, 2023 at 10:00 a.m. (ET)** |

**RESPONSE OF STANADYNE OPERATING COMPANY LLC TO OBJECTION OF THE TOWN OF WINDSOR TO THE DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO ABANDON OR, ALTERNATIVELY, SELL THE WINDSOR PROPERTY AND (II) FOR RELATED RELIEF**

Stanadyne Operating Company LLC (formerly known as S-PPT Acquisition Company LLC) (together with its designees, successors or assigns, as applicable, as provided in the Asset Purchase Agreement referred to below, the "Purchaser") responds to the *Objection of the Town of Windsor to the Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to Abandon or, Alternatively, Sell, the Windsor Property and (II) for Related Relief* [Docket No. 516] (the "Objection") to clarify the record with respect to the *Debtors' Motion for Entry of an Order (I) Order (I) Authorizing the Debtors to Abandon or, Alternatively, Sell, the Windsor Property and (II) for Related Relief* [Docket No. 486] (the "Abandonment Motion").[2]  Purchaser files this response for the limited purpose of clarifying the record based on the statements made by the Town of Windsor in the paragraphs 14 and 26 of the Objection, as explained below.

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Stanadyne LLC (0378); Pure Power Technologies, Inc. (5202); Stanadyne PPT Holdings, Inc. (2594); and Stanadyne PPT Group Holdings, Inc. (1734). The Debtors' headquarters are located at 405 White Street, Jacksonville, North Carolina 28546.

[2]    Capitalized terms not defined herein have the meaning ascribed to them in the Abandonment Motion or Sale Order, as applicable.

## I.  CLARIFICATION OF THE RECORD

1.      On April 27, 2023, the Debtors filed a motion seeking entry of an order approving procedures for the sale of substantially all of the Debtors' assets [Docket No. 245] (the "Sale Motion").

2.      Thereafter, on July 11, 2023, the Court entered its *Order (I) Approving Asset Purchase Agreement, (II) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [Docket No. 443] (the "Sale Order").  Pursuant to the Sale Order, the Court approved the Sale (as defined in the Sale Order) to the Purchaser.

3.      Among other things, the Sale Order incorporated and approved that certain Settlement Term Sheet by and among Cerberus Business Finance, LLC (the "Prepetition Agent"), in its capacity as administrative agent and collateral agent for the lenders (the "Prepetition Secured Parties"), the Purchaser and the Official Committee of Unsecured Creditors appointed in these Chapter 11 cases (the "Committee"), and attached to the Sale Order as Exhibit D.

4.      The Settlement Term Sheet contains the following provision relating to the Windsor Property that is the subject of the Debtors' abandonment motion: "***If and solely to the extent and for so long as the Purchaser requests in writing that the Windsor, CT Property be maintained following the Closing***, the Purchaser shall fund the carrying costs actually incurred by the Debtors in connection with such requested maintenance of the Windsor, CT Property, including without limitation, insurance and real property taxes."  *See* Sale Order, Exhibit D at 5 (emphasis added).

5.      In the Objection, the Town of Windsor cites this provision from the Settlement Term Sheet, *see* Objection ¶ 14, and then goes on to state:

In support of their abandonment argument, the Debtors submit that they incur approximately $1 million per year with respect to the Windsor Property in the form of real estate taxes, utilities, maintenance and insurance. [Dkt. No. 486 at p.5]. ***And yet, pursuant to the Settlement Term Sheet attached to the Sale Order, it is the Purchaser of the Debtors' assets (excluding the Windsor Property) who is funding the carrying costs of the Windsor Property*** including without limitation, maintenance, insurance and real property taxes. As such, the Debtors are not presently incurring these costs in light of their agreement with the Purchaser and the Committee.

*See* Objection ¶ 26 (emphasis added).

6.      The Sale closed on July 31, 2023, and at no point did the Purchaser request in writing (or otherwise) that the Windsor Property be maintained following the Closing.  To the contrary, on July 27, 2023 (4 days prior to the Closing), the Purchaser notified the Debtors and the Committee in writing that it <u>was not</u> requesting the Windsor Property be maintained following the Closing and that the Purchaser <u>would not</u> fund any carrying costs related thereto.

7.      As such, the Purchaser has no responsibility for (and is not) funding the carrying costs of the Windsor Property, contrary to the statements made in the Objection.

Dated: August 18, 2023          PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
      tcairns@pszjlaw.com

-and-

KTBS LAW LLP
Michael L. Tuchin
David A. Fidler
Nir Maoz
KTBS Law LLP
1801 Century Park East, 26th Floor
Los Angeles, CA 90067
Telephone: (310) 407-4000
Email: mtuchin@ktbslaw.com
      dfidler@ktbslaw.com
      nmaoz@ktbslaw.com

*Counsel to Purchaser*