# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* <br><br> **STANADYNE LLC, *et al.*** [1] <br><br> **Debtors.** | Chapter 11 <br><br> Case No. 23-10207 (TMH) <br><br> (Jointly Administered) <br><br> Ref. Docket No. 486 |

### DECLARATION OF BRADLEY I. DIETZ IN SUPPORT OF THE DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO ABANDON OR, ALTERNATIVELY SELL THE WINDSOR PROPERTY AND (II) FOR RELATED RELIEF

I, Bradley I. Dietz, hereby declare pursuant to 28 U.S.C § 1746, under penalty of perjury, to the best of my knowledge and belief, that:

1. I am the Wind Down Manager of the above-captioned affiliated debtors and debtors in possession (collectively, the "**Debtors**"). I am duly authorized to make this declaration (this "**Declaration**") on behalf of the Debtors.

2. I submit this Declaration in support of the *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to Abandon or, Alternatively Sell the Windsor Property and (II) for Related Relief* [Docket No. 486] (the "**Abandonment Motion**").[2]

3. Except as otherwise set forth herein, all statements in this Declaration are based upon my discussions with the Debtors' professionals and consultants and my personal

---

[1] The debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Stanadyne LLC (0378); Pure Power Technologies, Inc. (5202); Stanadyne PPT Holdings, Inc. (2594); and Stanadyne PPT Group Holdings, Inc. (1734). The Debtors' headquarters are located at 405 White Street, Jacksonville, North Carolina 28546.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Abandonment Motion.

30592557.10(102885.1001)

knowledge and experience. If I were called upon to testify, I could and would testify to each of the facts set forth below.

4. Debtor Stanadyne LLC owns an approximately 53-acre real property parcel at 90-92 Deerfield Road, Windsor Connecticut (together with all personal property located thereof, the "**Windsor Property**"). The Debtors formerly maintained their headquarters and a manufacturing facility at the Windsor Property.

5. The Windsor Property is subject to a Remedial Action Plan. The Debtors have completed significant remediation at the Windsor Property pursuant to the Remedial Action Plan. This includes all required excavation and removal of contaminated soil from all exterior areas and the construction of an engineered control area where the contaminated soil is consolidated in a single location underground. In addition, the Debtors have installed three soil vapor extraction systems to address any soil contamination below the floor of the building. The Remedial Action Plan has been substantially complete.

6. The Windsor Property is an "Excluded Asset" under Purchase Agreement with Stanadyne Operating Company LLC (f/k/a S-PPT Acquisition Company, LLC) (the "**Purchaser**"). As such, the Debtors did not sell the Windsor Property to the Purchaser, and the Purchaser did not purchase or otherwise acquire the Windsor Property from the Debtors.

7. I believe that the Windsor Property is a burden on the Debtors' estates. Prior to the Petition Date, the Debtors relocated their headquarters from the Windsor Property to Jacksonville, North Carolina. The Debtors have no ongoing operations at the Windsor Property and have no use for the Windsor Property. Nevertheless, the Debtors incur approximately $1 million per year in connection with Stanadyne LLC's ownership of the Windsor Property, including costs such as real property taxes, utilities, maintenance, insurance, and security. The

Purchaser is not funding the carrying costs of the Windsor Property. Given that the Debtors no longer use the Windsor Property as their headquarters or a manufacturing facility, the Windsor Property no longer affords the Debtors any value.

8. The Debtors retained Jones Lang LaSalle Americas, Inc. ("JLL") as real estate broker to market and sell the Windsor Property. JLL has marketed the Windsor Property for approximately three months. Despite JLL's best efforts, the Debtors have not yet received any acceptable offers to date. The Debtors do not believe that it would be appropriate to continue marketing efforts, as doing so would require the Debtors to incur costs to maintain the Windsor Property and thereby diminish the remaining resources of the Debtors' estates. Thus, I believe that abandonment of the Winsor Property would benefit the Debtors and their estates.

9. In light of the foregoing, I believe that the Windsor Property has no value to the Debtors and the continued ownership of the property is burdensome to the Debtors' estates.

Dated: August 21, 2023

/s/ Bradley I. Dietz

Bradley I. Dietz
Wind Down Manager of the Debtors