# **EXHIBIT A**

Liquidating Trust Agreement

## LIQUIDATING TRUST AGREEMENT

This Liquidating Trust Agreement (as it may be amended, modified, supplemented or restated from time to time, this "**Agreement**") dated as of [●], 2023 is made and entered into by and among (a) the entities listed as "Debtors" on the signature pages hereto, each a debtor and debtor-in-possession (collectively, the "**Debtors**") in the jointly administered Chapter 11 cases (the "**Cases**") pending in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") under Case Number 23-10207 (TMH) and (b) Bradley Dietz, solely in his capacity as liquidating trustee for purposes of this Agreement (together with any successor liquidating trustee appointed under the terms hereof, the "**Liquidating Trustee**"). All capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to them in the Plan (as hereinafter defined).

WHEREAS, the Cases were commenced on February 16, 2023 (the "**Petition Date**") by the Debtors filing voluntary petitions under Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the Bankruptcy Court;

WHEREAS, as of the Petition Date, the Debtors were parties to that certain Financing Agreement, dated as of May 2, 2017 (as subsequently amended, modified or supplemented from time to time, the "**Financing Agreement**"), with Cerberus Business Finance, LLC, solely in its capacity as administrative agent and collateral agent (the "**Prepetition Agent**") for certain revolver and term loan lenders party thereto from time to time which were secured by first-priority liens on substantially all of the Debtors' assets;

WHEREAS, on March 6, 2023, the United States Trustee for Region 3 (the "**US Trustee**") appointed the official committee of unsecured creditors in the Cases pursuant to section 1102 of the Bankruptcy Code (the "**Committee**");

WHEREAS, on July 11, 2023, the Bankruptcy Court entered an order (the "**Sale Order**") [Docket No. 443] which, among other things, approved the sale of the Purchased Assets (as defined in the Asset Purchase Agreement) and a term sheet agreement (the "**Term Sheet**") between the Committee and the Prepetition Agent;

WHEREAS, on September 25, 2023, the Committee, filed a Combined Disclosure Statement and Plan of Liquidation pursuant to Chapter 11 of the Bankruptcy Code (as amended, modified, supplemented or restated from time to time, the "**Plan**") which is consistent with the Term Sheet;

WHEREAS, on [●], 2023, the Bankruptcy Court entered an order confirming the Plan (the "**Confirmation Order**");

WHEREAS, the Sale Order, the Plan and the Confirmation Order provide for the establishment of this Agreement and the appointment of the Liquidating Trustee to administer Distributions in accordance with the Plan, and to provide administrative services relating to the Plan's implementation;

WHEREAS, the Liquidating Trust (as hereinafter defined) is established pursuant to the Plan and this Agreement as a liquidating trust in accordance with Treasury Regulation section 301.7701-4(d) for the sole purpose of liquidating the Trust Assets (as hereinafter defined), with no objective to continue or engage in the conduct of a trade or business except, to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Liquidating Trust and the Plan;

WHEREAS, the Liquidating Trust is established for the purpose of (a) monetizing the Liquidating Trust Assets and distributing the Liquidating Trust Assets for the benefit of the holders of Allowed General Unsecured Claims, the Cerberus Deficiency Claim, and the Allowed Convenience Class Claims (collectively, the "**Liquidating Trust Beneficiaries**") and (b) paying Allowed Administrative Expenses, Allowed Priority Tax Claims, Allowed Priority Non-Tax Claims and Allowed Secured Claims (the Claims listed in this clause (b), the "**Other Allowed Claims**"), in each case to the extent required by the Plan; and

WHEREAS, the Liquidating Trust is intended to qualify as a "grantor trust" for US federal income tax purposes pursuant to sections 671-677 of the Internal Revenue Code, with the Liquidating Trust Beneficiaries treated as the grantors and owners of the Liquidating Trust.

NOW, THEREFORE, in consideration of the mutual covenants and agreements contained herein and in the Plan, the Debtors and the Liquidating Trustee agree that the Liquidating Trust shall be comprised, held and disposed of as follows:

### Declaration of Trust

The Debtors and the Liquidating Trustee enter into this Agreement to effectuate the Distribution of all Liquidating Trust Assets (together with all other property held from time to time by the Liquidating Trust under this Agreement and any proceeds thereof and earnings thereon, collectively, "**Trust Assets**") to the holders of Allowed Claims pursuant to the Plan and the Confirmation Order;

Pursuant to section 6.01(d) of the Plan, paragraph[s] [●] of the Confirmation Order, and Section 2.03, all right, title, and interest in, under, and to the Trust Assets shall be absolutely and irrevocably assigned to the Liquidating Trust and to its successors in trust and its successors and assigns;

TO HAVE AND TO HOLD unto the Liquidating Trustee and its successors in trust; and

IT IS HEREBY FURTHER COVENANTED AND DECLARED, that the Trust Assets are to be held by the Liquidating Trust and applied on behalf of the Liquidating Trust by the Liquidating Trustee on the terms and conditions set forth herein and in the Plan, solely for the benefit of the holders of Allowed Claims and for no other party.

16370375/1

## ARTICLE I
### Recitals, Definitions, and Interpretations

**Section 1.01    Recitals**. The Recitals are incorporated into and made terms of this Agreement.

**Section 1.02    Plan Definitions**. All terms used in this Agreement but not defined herein shall have the same meanings set forth in the Plan.

**Section 1.03    Interpretation, Headings**. In this Agreement, except to the extent the context otherwise requires, (a) reference to any Section, Article, subsection, clause, Schedule, Exhibit, preamble or recital, is to that such Section, Article, subsection, clause, Schedule, Exhibit, preamble or recital under this Agreement, (b) the words "hereof," "herein," and similar terms shall refer to this Agreement and not to any particular section or article of this Agreement, (c) references to any document or agreement, including this Agreement, shall be deemed to include references to such document or agreement as amended, supplemented, replaced or restated from time to time in accordance with its terms and subject to compliance with any requirements set forth therein, (d) references to any law, statute, rule, regulation or form (including in the definition thereof) shall be deemed to include references to such statute, rule, regulation or form as amended, modified, supplemented or replaced from time to time (and, in the case of any statute, include any rules and regulations promulgated under such statute), and all references to any section of any statute, rule, regulation or form include any successor to such section, (e) references to any party hereto shall include its successors and permitted assigns, (f) wherever the word "include," "includes" or "including" is used herein, it shall be deemed to be followed by the words "without limitation," and any list of examples following such term shall in no way restrict or limit the generality of the word or provision with respect to which such examples are provided, (g) the words "shall" and "will" are used interchangeably throughout this Agreement, and the use of either connotes a mandatory requirement, (h) the word "or" is not meant to be exclusive, and shall be interpreted as "and/or", (i) references to "day" or "days" are references to calendar days, (j) the terms "Dollars" and "$" mean United States Dollars, (k) whenever the context requires, terms shall include the plural as well as the singular number, the masculine gender shall include the feminine, and the feminine gender shall include the masculine and (l) references to any time periods herein that are initiated by the receipt of a notice shall be deemed not to include the date such notice is received in the calculation of such time period. The headings in this Agreement are for convenience of reference only and shall not limit or otherwise affect the provisions of this Agreement.

**Section 1.04    Conflict Among Documents**. In the event of any inconsistency between Article VI of the Plan (or provisions in the Confirmation Order related to thereto) and this Agreement, this Agreement shall control and take precedence, except section 6.05 of the Plan shall prevail.  In the event of any inconsistency between the Plan or Confirmation Order (other than as those documents relate to Article VI of the Plan), as applicable, on the one hand, and this Agreement, on the other hand, the Plan or Confirmation Order, as applicable, shall control and take precedence.  This Agreement shall not be construed to impair or limit in any way the rights of any Person under the Plan.

## ARTICLE II
### Establishment of Trust

**Section 2.01  Effectiveness of Agreement; Name of Trust.** This Agreement shall become effective on the Effective Date. The liquidating trust established by this Agreement shall be officially known as, and may conduct its affairs under the name of, the "**SL Liquidating Trust**" and, is herein referred to as, the "**Liquidating Trust**".

**Section 2.02  Purpose of Trust.** The Debtors and the Liquidating Trustee, pursuant to the Plan and in accordance with the Bankruptcy Code, hereby create the Liquidating Trust for the purpose of (a) monetizing the Trust Assets and distributing the Trust Assets for the benefit of the Liquidating Trust Beneficiaries and (b) paying the Other Allowed Claims, in each case in accordance with the terms and conditions of this Agreement and the Plan, and with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Liquidating Trust set forth in the Plan.

**Section 2.03  Transfer of Trust Assets.**

(a)  <u>Conveyance of Trust Assets</u>. The Debtors hereby grant, release, assign, transfer, convey, vest and deliver, for the benefit of the Liquidating Trust Beneficiaries and holders of Other Allowed Claims, the Trust Assets to the Liquidating Trust as of the Effective Date in trust for the benefit of the Liquidating Trust Beneficiaries and holders of Other Allowed Claims to be administered and applied as specified in this Agreement and the Plan, including the right to receive the Initial Distribution Fund and the Trust Funding Amount (as defined in the Term Sheet) in accordance with the Term Sheet. None of the Debtors shall have any further (i) obligations with respect to the Allowed Claims under the Plan or the distribution or payment of any proceeds of the Trust Assets to any of the Liquidating Trust Beneficiaries upon the transfer of the Trust Assets to the Liquidating Trust in accordance with this Agreement and the Plan or (ii) interest in or with respect to any of the Trust Assets or the Liquidating Trust.  None of the foregoing transfers to the Liquidating Trust shall constitute a merger or consolidation of any of the respective Causes of Action, each of which shall retain its separateness following the transfer for all purposes relevant to the prosecution thereof.

(b)  <u>Title to Trust Assets</u>. Pursuant to the Plan, all of the Debtors' right, title, and interest in and to the Trust Assets, including all such assets held or controlled by third parties, are automatically vested in the Liquidating Trust on the Effective Date, free and clear of all liens, claims, encumbrances, and other interests, except as specifically provided in the Plan, and such transfer is on behalf of the holders of Claims to establish the Liquidating Trust. The Liquidating Trust shall be authorized to obtain possession or control of, liquidate, and collect all of the Trust Assets in the possession or control of third parties and pursue all of the Causes of Action, other than Waived Claims. On the Effective Date, the Liquidating Trust shall stand in the shoes of the Debtors for all purposes with respect to the Trust Assets (including the prosecution of Causes of Action

16370375/1

that constitute Trust Assets) and administration of the Claims. To the extent any law, contractual term or regulation prohibits the transfer of ownership of any of the Trust Assets from the Debtors to the Liquidating Trust and such law, contractual term or regulation is not superseded by the Bankruptcy Code, the Liquidating Trust's interest shall be a lien upon and security interest in such Trust Assets, in trust, nevertheless, for the sole use and purposes set forth in Section 2.02, and this Agreement shall be deemed a security agreement granting such interest thereon, fully perfected without need to file financing statements or mortgages. By executing this Agreement, the Liquidating Trustee on behalf of the Liquidating Trust hereby accepts all of such property as Trust Assets, to be held in trust for the holders of Claims, subject to the terms of this Agreement and the Plan.

(c)    Capacity and Nature of Trust. Notwithstanding any state or federal law to the contrary or anything herein, the Liquidating Trust itself shall have the capacity, in its own right and name, to act or refrain from acting, including the capacity to sue and be sued and to enter into contracts. The Liquidating Trust may alone be the named movant, respondent, party plaintiff or defendant, or the like in all adversary proceedings, contested matters, and other state or federal proceedings brought by or against it, and may settle and compromise all such matters in its own name. The Liquidating Trust is irrevocable but subject to amendment and waiver as provided in this Agreement. The Liquidating Trust is not intended to be, and shall not be deemed to be or treated as, a general partnership, limited partnership, limited liability partnership, joint venture, corporation, limited liability company, joint stock company or association, nor shall the Liquidating Trustee, or the Liquidating Trust Beneficiaries, or any of them, for any purpose be, or be deemed to be or treated in any way whatsoever to be, liable or responsible hereunder as partners or joint venturers. The relationship of the Liquidating Trust Beneficiaries, on the one hand, to the Liquidating Trust and the Liquidating Trustee, on the other hand, shall not be deemed a principal or agency relationship, and their rights shall be limited to those conferred upon them by this Agreement, the Plan and the Confirmation Order.

(d)    No Retention of Excess Cash. Notwithstanding anything in this Agreement to the contrary, under no circumstances shall the Liquidating Trust, the Debtors or the Liquidating Trustee retain Cash in excess of a reasonable amount to meet claims, expenses, and contingent liabilities or to maintain the value of the Trust Assets during liquidation other than reserves established pursuant to Section 4.01(b), and, subject to Article VIII, shall distribute or pay all amounts not required to be retained for such purposes to the holders of Allowed Claims as promptly as reasonably practicable in accordance with the Plan and this Agreement.

(e)    Acceptance by the Liquidating Trustee. The Liquidating Trustee accepts its appointment as Liquidating Trustee of the Liquidating Trust.

## ARTICLE III
## Trust Administration

**Section 3.01   Rights, Powers, and Privileges of the Liquidating Trustee Generally**. Except as otherwise provided in this Agreement (including Article VIII), the Plan, or the Confirmation Order, as of the date that the Trust Assets are transferred to the Liquidating Trust, the Liquidating Trustee on behalf of the Liquidating Trust may control and exercise authority over the Trust Assets, over the acquisition, management, and disposition thereof, and over the management and conduct of the affairs of the Liquidating Trust. In connection therewith, and subject to the limitations of Article VIII, the Liquidating Trustee shall have absolute discretion to pursue or not to pursue any and all Claims, rights, or other Causes of Action that constitute Trust Assets, as he or she determines are in the best interests of the Liquidating Trust Beneficiaries and consistent with the purposes of the Liquidating Trust. In administering the Trust Assets, the Liquidating Trustee shall endeavor not to unduly prolong the Liquidating Trust's duration, with due regard that undue haste in the administration of the Trust Assets may fail to maximize value for the Liquidating Trust Beneficiaries and otherwise be imprudent and not in the best interests of the Liquidating Trust Beneficiaries.

**Section 3.02   Power to Contract**. In furtherance of the purpose of the Liquidating Trust, and except as otherwise specifically restricted in the Plan, Confirmation Order, or this Agreement, the Liquidating Trustee shall have the right and power on behalf of the Liquidating Trust and the Debtors, and also may cause the Liquidating Trust and the Debtors, to enter into any covenants or agreements binding the Liquidating Trust and the Debtors, and to execute, acknowledge, and deliver any and all instruments that are necessary or deemed by the Liquidating Trustee to be consistent with and advisable in furthering the purpose of the Liquidating Trust.

**Section 3.03   Ultimate Right to Act Based on Advice of Counsel or Other Professionals**. Nothing in this Agreement shall be deemed to prevent the Liquidating Trustee from taking or refraining to take any action on behalf of the Liquidating Trust and the Debtors that, based upon the advice of counsel or other professionals, the Liquidating Trustee determines it is obligated to take or to refrain from taking in the performance of any duty that the Liquidating Trustee may owe the holders of Claims or any other Person under the Plan, Confirmation Order, or this Agreement.

**Section 3.04   Powers of the Liquidating Trustee**. Without limiting the generality of Section 3.01, in addition to the powers granted in the Plan, the Liquidating Trustee shall have the power to take the following actions on behalf of the Liquidating Trust and any powers reasonably incidental thereto that the Liquidating Trustee, in its reasonable discretion, deems necessary or appropriate to fulfill the purpose of the Liquidating Trust, unless otherwise specifically limited or restricted by the Plan, the Confirmation Order or this Agreement (including Article VIII):

> (a)    To exercise all power and authority that may be exercised, to commence all proceedings (including the power to continue any actions and proceedings that may

have been commenced by the Debtors prior to the Effective Date) that may be commenced, and to take all actions that may be taken by any officer or manager of the Debtors with like effect as if authorized, exercised, and taken by unanimous action of such officers and managers, including consummating the Plan and all transfers thereunder on behalf of the Liquidating Trust.

(b)     To wind up the affairs of the Debtors and any or all of their subsidiaries and affiliates and their Estates to the extent appropriate as expeditiously as reasonably possible.

(c)     Subject to Article VIII, to open and maintain and manage all accounts, including the accounts of the Debtors, calculate and make Distributions, and take other actions required under or consistent with the Plan, including the maintenance and administration of reasonable and necessary reserves.

(d)     Subject to Article VIII, to use, manage, sell, abandon, convert to Cash and/or otherwise transfer or dispose of the Trust Assets for the purpose of making Distributions, fully consummating the Plan and/or taking other actions as are necessary and expedient in the Liquidating Trustee's discretion.

(e)     To take all steps necessary or appropriate to terminate the corporate existence of the Debtors consistent with the Plan.

(f)     Subject to Article VIII, to prosecute objections to Claims and Interests, and to compromise or settle any Claims or Interests (Disputed or otherwise).

(g)     Subject to Article VIII, to assert, litigate, prosecute, compromise, settle, dismiss, release, waive, withdraw, abandon, or resolve any and all Causes of Action that constitute Trust Assets.

(h)     Subject to Article VIII, to employ and compensate any and all such professionals and agents as the Liquidating Trustee deems appropriate to perform his or her duties under the Plan without further order of the Bankruptcy Court.

(i)     Hold legal title to the Trust Assets and to any and all rights of the Debtors and the holders of Claims in or arising from the Trust Assets.

(j)     Cause the Liquidating Trust to invest any moneys held as Trust Assets in accordance with the terms of Section 3.09.

(k)     Cause the Liquidating Trust to enter into any agreement or execute any document or instrument required by or consistent with the Plan, the Confirmation Order or this Agreement, and to perform all obligations thereunder.

16370375/1

(l)      Protect and enforce the rights to the Trust Assets (including any Causes of Action that constitute Trust Assets) vested in the Liquidating Trust and the Liquidating Trustee by this Agreement and the Plan by any method deemed appropriate, including by judicial proceedings or otherwise.

(m)     Investigate any Trust Assets, including potential Causes of Action that constitute Trust Assets, and any objections to Claims, and cause the Liquidating Trust to seek the examination of any Person pursuant to Federal Rules of Bankruptcy Procedure.

(n)      Cause the Liquidating Trust to pay all of its lawful expenses, debts, charges, taxes, and other liabilities, and make all other payments relating to the Trust Assets.

(o)      Establish, adjust, and maintain reserves for Disputed Claims required to be administered by the Liquidating Trust.

(p)      Cause the Liquidating Trust to withhold from the amount distributable to any Person the maximum amount needed to pay any tax or other charge that the Liquidating Trustee has determined, based upon the advice of its agents and/or professionals, may be required to be withheld from such Distribution under the income tax or other laws of the United States or of any state or political subdivision thereof.

(q)      In reliance initially solely upon the Debtors' schedules and the official Claim register maintained in the Cases, review, and where appropriate, cause the Liquidating Trust to allow or object to Claims and Interests; and, subject to Article VIII, supervise and administer the Liquidating Trust's commencement, prosecution, settlement, compromise, withdrawal, and/or resolution of all objections to Disputed Claims required to be administered by the Liquidating Trust.

(r)      In reliance upon the Debtors' schedules and the official Claim register maintained in the Cases, maintain a register evidencing the beneficial interest herein held by each Liquidating Trust Beneficiary and, in accordance with Section 3.08, such register may be the official Claims register maintained in the Cases.

(s)      Cause the Liquidating Trust to make all tax withholdings, file tax information returns, file and prosecute tax refund claims, make tax elections by and on behalf of the Liquidating Trust, and file tax returns for the Liquidating Trust as a grantor trust under IRC section 671 and Treasury Income Tax Regulation section 1.671-4 pursuant to and in accordance with the Plan and Article VII, and pay taxes, if any, payable for and on behalf of the Liquidating Trust; provided, however, that notwithstanding any other provision of this Agreement, the Liquidating Trustee shall have no personal responsibility for the signing or accuracy of the Debtors' income tax returns that are due to be filed after the Effective Date or for any tax liability related thereto.

(t)     Cause the Liquidating Trust to send annually to the Liquidating Trust Beneficiaries, in accordance with the tax laws, a separate statement stating a Liquidating Trust Beneficiary's interest in the Liquidating Trust and its share of the Liquidating Trust's income, gain, loss, deduction or credit, and to instruct all such Liquidating Trust Beneficiaries to report such items on their federal tax returns.

(u)     Cause the Liquidating Trust to seek a determination of tax liability or refund under section 505 of the Bankruptcy Code.

(v)     Cause the Liquidating Trust to establish such reserves for taxes, assessments, and other expenses of administration of the Liquidating Trust as may be necessary and appropriate for the proper operation of matters incident to the Liquidating Trust.

(w)     Cause the Liquidating Trust to purchase and carry all insurance policies that the Liquidating Trustee deems reasonably necessary or advisable and to pay all associated insurance premiums and costs.

(x)     Subject to Article VIII, if the Liquidating Trustee has a conflict or if any of the Trust Assets are situated in any state or other jurisdiction in which the Liquidating Trustee is not qualified to act as trustee, nominate and appoint a Person duly qualified to act as trustee in such state or jurisdiction in accordance with the terms of this Agreement.

(y)     Undertake all administrative functions of the Liquidating Trust, including overseeing the winding down and termination of the Liquidating Trust.

(z)     Undertake all administrative functions remaining in the Cases, including overseeing the closing of the Cases.

(aa)    Assert any defenses, claims, counterclaims and rights of setoff, recoupment or privilege of the Debtors, their Estates or any of the Debtors' non-Debtor subsidiaries, including any attorney-client privilege or work-product privilege attaching to any documents or communications (whether written or oral).

(bb)    Exercise, implement, enforce, and discharge all of the terms, conditions, powers, duties, and other provisions of the Plan, the Confirmation Order, and this Agreement.

(cc)    Resolve, litigate, object and/or enforce all defenses and counterclaims to all Claims asserted against the Debtors and their Estates, including setoff, recoupment and any rights under section 502(d) of the Bankruptcy Code, in each case other than Avoidance Actions and commercial tort claims against Go-Forward Creditors.

(dd)    Close the Bankruptcy Cases.

(ee)    To take all other actions not inconsistent with the provisions of the Plan that the Liquidating Trustee deems reasonably necessary or desirable in connection with the administration of the Plan, including filing all motions, pleadings, reports, and other documents in connection with the administration and closing of the Chapter 11 Cases.

**Section 3.05    Exclusive Authority to Pursue Causes of Action**. Subject to Article VIII and the Plan, the Liquidating Trust shall have the exclusive right, power, and interest to pursue, settle, waive, release, abandon, or dismiss the Causes of Action that constitute Trust Assets. The Liquidating Trust shall be the sole representative of the Estate under section 1123(b)(3) of the Bankruptcy Code with respect to the Causes of Action that constitute Trust Assets.

**Section 3.06    Bankruptcy Court Approval of Liquidating Trustee Actions**. Except as provided in the Plan or otherwise specified in this Agreement, the Liquidating Trustee need not obtain the order or approval of the Bankruptcy Court in the exercise of any power, rights, or discretion conferred hereunder, or account to the Bankruptcy Court. The Liquidating Trustee shall exercise his or her business judgment for the benefit of the Liquidating Trust Beneficiaries to maximize the value of the Trust Assets and Distributions to the Liquidating Trust Beneficiaries, giving due regard to the cost, risk, and delay of any course of action. Notwithstanding the foregoing, the Liquidating Trustee shall have the right to submit to the Bankruptcy Court any question or questions regarding which the Liquidating Trustee may desire to have explicit approval of the Bankruptcy Court for the taking of any specific action proposed to be taken by the Liquidating Trustee with respect to any of the Trust Assets, this Agreement, or the Plan, including the administration, Distribution, or proposed sale of any of the Trust Assets. The Bankruptcy Court shall retain jurisdiction and power for such purposes and shall approve or disapprove any such proposed action upon motion by the Liquidating Trust.

**Section 3.07    Responsibility for Administration of Claims**. As of the Effective Date, the Liquidating Trust shall become responsible for administering and paying Distributions to the holders of Allowed Claims entitled to receive Distributions from the Liquidating Trust pursuant to the Plan. Except as otherwise provided in the Plan, the Liquidating Trust shall have the exclusive right to object to the allowance of any Claim on any ground and shall be entitled to assert all defenses of the Debtors and their Estates. The Liquidating Trust shall also be entitled to assert all of the Estates' rights under, without limitation, section 558 of the Bankruptcy Code. The Liquidating Trust may also seek estimation of any Claims under and subject to section 502(c) of the Bankruptcy Code.

**Section 3.08    Agents and Professionals**. Subject to Article VIII, the Liquidating Trustee may, but shall not be required to (except as provided in the last sentence of this Section 3.08), consult with and retain counsel, financial advisors, claims agents, auditors, and other professionals the Liquidating Trustee believes have qualifications necessary to assist in the administration of the Liquidating Trust and the Debtors, including professionals previously retained by the Debtors or the Committee. For the avoidance of doubt, and without limitation of applicable law, nothing in this Agreement, except as provided for in Article VIII, shall limit the

Liquidating Trustee from engaging counsel or other professionals, including the Liquidating Trustee itself or the Liquidating Trustee's firm or their affiliates, to do work for the Liquidating Trust and the Debtors. Subject to Article VIII, the Liquidating Trustee may pay the reasonable salaries, fees and expenses of such Persons out of the Trust Assets in the ordinary course of business.

**Section 3.09   Safekeeping and Investment of Trust Assets**. All moneys and other assets received by the Liquidating Trustee shall, until distributed or paid over as provided herein and in the Plan, be held in trust for the benefit of the holders of Allowed Claims, but need not be segregated in separate accounts from other Trust Assets except to the extent required by law, the Plan or Section 4.01(b). The Liquidating Trustee shall not be under any obligation to invest Trust Assets. Neither the Liquidating Trust nor the Liquidating Trustee shall have any liability for interest or producing income on any moneys received by them and held for Distribution, except as such interest shall actually be received by the Liquidating Trust or the Liquidating Trustee, which shall be distributed as provided in the Plan. Except as otherwise provided by the Plan, the powers of the Liquidating Trustee to invest any moneys held by the Liquidating Trust, other than those powers reasonably necessary to maintain the value of the assets and to further the Liquidating Trust's liquidating purpose, shall be limited to powers to invest in demand and time deposits, such as short-term certificates of deposit, in banks or other savings institutions, or other temporary liquid investments, such as treasury bills; provided, however, that the scope of permissible investments shall be limited to include only those investments that a Liquidating Trust, within the meaning of Treas. Reg. § 3.01.7701-4(d), may be permitted to hold pursuant to the Treasury Regulations, or any modification of the IRS guidelines, whether set forth in IRS rulings, IRS pronouncements, or otherwise. For the avoidance of doubt, the provisions of section 11-2.3 of the Estates, Power, and Trusts Law of New York shall not apply to this Agreement. Notwithstanding the foregoing, the Liquidating Trustee shall not be prohibited from engaging in any trade or business on its own account, provided that such activity does not interfere or conflict with the Liquidating Trustee's administration of the Liquidating Trust and is in accordance with Section 8.06.

**Section 3.10   Maintenance and Disposition of Trust Records**. The Liquidating Trustee shall maintain reasonably good and sufficient books and records of accounting relating to the Trust Assets, the management thereof, all transactions undertaken on behalf of the Liquidating Trust or the Debtors, all expenses incurred by or on behalf of the Liquidating Trust or the Debtors (including as required pursuant to Section 2.04), and all Distributions contemplated or effectuated from the Liquidating Trust.  Upon the entry of a final decree closing the last of the Causes of Action, unless otherwise ordered by the Bankruptcy Court, the Liquidating Trustee may destroy or otherwise dispose of all records maintained by the Debtors or Liquidating Trustee.  Prior thereto, the Liquidating Trustee may, upon notice to all persons on the Bankruptcy Rule 2002 service list and without Bankruptcy Court approval, destroy any documents that he or she believes are no longer required to effectuate the terms and conditions of the Plan.  The Liquidating Trust may engage a claims agent to continue to maintain and update the Claims register maintained in the Cases throughout the administration of the Liquidating Trust, and such Claims register may serve as the Liquidating Trustee's register of beneficial interests held by Liquidating Trust Beneficiaries. To the extent there are any inconsistencies between this section 3.10 of the Agreement on one hand and section 6.05 of the Plan and section

5.2 of the Sale Order on the other hand, the Plan and Sale Order shall prevail. Accordingly, the Liquidating Trustee shall succeed to the Debtors' obligations to store, preserve, and provide to the Pension Benefit Guaranty Corporation ("**PBGC**") access to all documents and records relating to the Stanadyne LLC Pension Plan ("Pension Plan Documents") and shall not destroy such Pension Plan Documents until PBGC has completed its investigation regarding the Pension Plan. Pension Plan Documents may be in hard copy or electronic form and may include, but are not limited to, any Pension Plan governing documents, actuarial documents, records and statements of the Pension Plan's assets, board resolutions relating to the Pension Plan, and employee and personnel records of the employees who participate in the Pension Plan.

**Section 3.11   Reporting Requirements**. The Liquidating Trustee shall participate in a monthly call with the Oversight Committee to discuss the status of all material litigation, Claims objections and all other material matters affecting the Liquidating Trust and such other matters regarding the Liquidating Trust as determined by the Oversight Committee, unless such requirement is waived by all members of the Oversight Committee. The Liquidating Trustee shall provide any Oversight Committee member such additional information and reports they may reasonably request concerning Trust administration. To the extent feasible and practicable as determined by the Liquidating Trustee, each Distribution by the Liquidating Trustee shall be accompanied by a report to the Liquidating Trust Beneficiaries which details and accounts for the Trust Assets remaining since the prior report. The report shall include a summary of expenses incurred by the Liquidating Trustee and Distributions made on account of Allowed Claims. All communications with the Liquidating Trustee and the Oversight Committee shall be subject to common-interest privilege, and neither the Liquidating Trustee nor any member of the Oversight Committee shall be required to disclose any such communications to any third party absent approval of a court of competent jurisdiction after notice and an opportunity for hearing.

After the Liquidating Trustee has made all Distributions provided by the Plan and this Agreement, the Liquidating Trustee shall file a final report with the Bankruptcy Court which details and accounts for the Trust Assets and contains a summary of expenses incurred by the Liquidating Trustee and Distributions made on account of Allowed Claims.

**Section 3.12   Conflicts of Interest**. Conflicts of interest of the Liquidating Trustee will be addressed by the Oversight Committee as set forth below in Article VIII. If no Oversight Committee is established or serving, the Liquidating Trustee will appoint a disinterested Person to handle any matter where the Liquidating Trustee has identified a conflict of interest or the Bankruptcy Court, on motion of a party in interest, determines one exists. In the event the Liquidating Trustee is unwilling or unable to appoint a disinterested Person to handle any such matter, the Bankruptcy Court, on notice and hearing, may do so.

**Section 3.13   No Bond Required; Procurement of Insurance**. Notwithstanding any state or other applicable law to the contrary, the Liquidating Trustee shall be exempt from giving any bond or other security in any jurisdiction and shall serve hereunder without bond. The Liquidating Trustee is hereby authorized, but not required to obtain all reasonable insurance coverage for itself, the Oversight Committee and their respective agents, representatives, employees or independent contractors, including coverage with respect to the liabilities, duties

16370375/1

and obligations of the Liquidating Trustee, the Oversight Committee and their respective agents, representatives, employees, or independent contractors under this Agreement. The cost of any such insurance coverage shall be an expense of the Liquidating Trust and paid out of Trust Assets.

**Section 3.14  Charitable Donations**. The Liquidating Trustee may donate any remaining proceeds to a charitable organization after the Liquidating Trustee has made all possible Distributions required by the Plan pursuant to the terms and conditions of this Agreement.

## ARTICLE IV
## Distributions

**Section 4.01  Distribution and Reserve of Trust Assets**. Following the transfer of the Trust Assets to the Liquidating Trust, the Liquidating Trustee shall make continuing efforts on behalf of the Liquidating Trust to collect and liquidate or otherwise monetize all Trust Assets and, subject to the reserves required under the Plan or this Agreement, make Distributions to Liquidating Trust Beneficiaries and holders of Other Allowed Claims, in each case to the extent required by the Plan. Any recovery by the Liquidating Trustee on account of the Trust Assets shall be applied in accordance with the Plan.

(a)  **Distributions**. All Distributions to be made under this Agreement shall be made in accordance with this Agreement and the Plan, including articles IV and VIII of the Plan, which is incorporated herein by reference.

(i)  Subject to Article VIII, the Liquidating Trustee shall cause the Liquidating Trust to Distribute the Initial Distribution Fund and the Unsecured Claim Distribution Fund in accordance with section 4.03 of the Plan.

(ii)  Notwithstanding the foregoing clause (i), the Liquidating Trust may retain Trust Assets (including the Initial Distribution Fund) as the Liquidating Trustee may deem reasonably necessary (A) in accordance with section 8.02(b) of the Plan and (B) to maintain the value of the Trust Assets or to meet expenses, claims and contingent liabilities of the Liquidating Trust, the Debtors and the Liquidating Trustee, and retention of such amount may preclude Distributions to holders of Allowed Claims.

(b)  **Reserves; Pooling of Reserved Funds**. Before any Distribution can be made, the Liquidating Trustee shall, in its reasonable discretion, establish, supplement, and maintain reserves in an amount sufficient to meet any and all expenses and liabilities of the Liquidating Trust and the Debtors, including attorneys' fees and expenses, the fees and expenses of other professionals. The Liquidating Trustee need not maintain the Liquidating Trust's reserves in segregated bank accounts and may pool funds in the

13

reserves with each other and other funds of the Liquidating Trust; provided, however, that the Liquidating Trust shall treat all such reserved funds as being held in a segregated manner in its books and records.

(c)    **Distributions Net of Reserves and Costs**. Distributions shall be made net of reserves in accordance with the Plan and also net of the actual and reasonable costs of making the Distributions.

(d)    **Right to Rely on Professionals**. Without limitation of the generality of Section 6.06, in determining the amount of any Distribution or reserves, the Liquidating Trustee may rely and shall be fully protected in relying on the advice and opinion of the Liquidating Trust's financial advisors, accountants, or other professionals.

**Section 4.02   Method and Timing of Distributions**. Distributions will be made from the Liquidating Trust in accordance with the terms of the Plan and this Agreement. The Liquidating Trust may engage disbursing agents and other Persons to help make Distributions.

**Section 4.03   Withholding from Distributions**. Any federal or state withholding taxes or other amounts required to be withheld under any applicable law shall be deducted and withheld from any Distributions hereunder, and any property so withheld will then be paid by the Liquidating Trustee on behalf of the Debtors to the appropriate authority.  All Persons holding Claims shall be required to provide any information necessary to effect the withholding of such taxes.  The Liquidating Trustee may, if necessary or appropriate to comply with applicable withholding requirements, withhold the entire Distribution due to any holder of an Allowed Claim until such time as such holder provides the necessary information to comply with any withholding requirements of any governmental unit.  Any property so withheld will then be paid by the Liquidating Trustee to the appropriate authority.  If the holder of an Allowed Claim fails to provide the information necessary to comply with any withholding requirements of any governmental unit within 60 days from the date of first notification to the holder of the need for such information or for the Cash necessary to comply with any applicable withholding requirements, then such holder's Distribution shall be treated as unclaimed property in accordance with section 8.02([h])[1] of the Plan or the amount required to be withheld may be so withheld and turned over to the applicable authority.

**Section 4.04   Tax Identification Numbers**. The Liquidating Trustee may require any Liquidating Trust Beneficiary or holder of an Other Allowed Claim to furnish its taxpayer identification number as assigned by the Internal Revenue Service and may condition any Distribution to any Liquidating Trust Beneficiary or holder of an Other Allowed Claim upon receipt of such identification number. If a Liquidating Trust Beneficiary or holder of an Other Allowed Claim does not timely provide the Liquidating Trustee with its taxpayer identification number in the manner and by the deadline established by the Liquidating Trustee, then the

---

[1] **NTD**: The numbering of section 8.02 in the Plan to be corrected.

Distribution to such Liquidating Trust Beneficiary or holder shall be administered in accordance with Section 4.05.

**Section 4.05   Unclaimed and Undeliverable Distributions**. If any Distribution is returned to the Liquidating Trustee as undeliverable or is otherwise unclaimed, no further Distributions shall be made unless and until the applicable Liquidating Trust Beneficiary or holder of Other Allowed Claim claims the Distributions by timely notifying the Liquidating Trustee in writing of any information necessary to make the Distribution to such Liquidating Trust Beneficiary or holder in accordance with this Agreement, the Plan, and applicable law, including such Liquidating Trust Beneficiary's or holder's then-current address or taxpayer identification number. If such Liquidating Trust Beneficiary or holder timely provides the Liquidating Trustee such missing information, all missed Distributions shall be made to such Liquidating Trust Beneficiary or holder as soon as is reasonably practicable, without interest. Undeliverable or unclaimed Distributions shall be administered in accordance with sections 8.02([h]) and 8.02([j])[2] of the Plan.

(a) **No Responsibility to Attempt to Locate Liquidating Trust Beneficiaries**. The Liquidating Trustee may, in its sole discretion, attempt to determine a Liquidating Trust Beneficiary's or holder's of Other Allowed Claims current address or otherwise locate a Liquidating Trust Beneficiary or holder, but nothing in this Agreement or the Plan shall require the Liquidating Trustee to do so.

(b) **Disallowance of Claims; Cancellation of Corresponding Beneficial Interests**. All Claims in respect of undeliverable or unclaimed Distributions that pursuant to sections 8.02([h]) and 8.02([j])[3] of the Plan have become unclaimed property under section 347(b) of the Bankruptcy Code, shall be deemed Disallowed and expunged, and any corresponding beneficial interests in the Liquidating Trust of a Liquidating Trust Beneficiary holding such Disallowed Claims shall be deemed canceled. The holder of any such Disallowed Claim shall no longer have any right, claim, or interest in or to any Distributions in respect of such Disallowed Claims. The holder of any such Disallowed Claim is forever barred, estopped, and enjoined from receiving any Distributions under this Agreement and from asserting such Disallowed Claim against the Liquidating Trust or the Liquidating Trustee.

(c) **Inapplicability of Unclaimed Property or Escheat Laws**. Unclaimed property held by the Liquidating Trust and the Debtors shall not be subject to the unclaimed property or escheat laws of the United States, any state, or any local governmental unit.

**Section 4.06   Voided Checks; Request for Reissuance**. Distribution checks issued to Liquidating Trust Beneficiaries shall be null and void if not negotiated within 60 days after the

---

[2] **NTD**: The numbering of section 8.02 in the Plan to be corrected.

[3] **NTD**: The numbering of section 8.02 in the Plan to be corrected.

date of issuance thereof.  Requests for the reissuance of any check shall be made in writing directly to the Liquidating Trustee by the Liquidating Trust Beneficiary that was originally issued such check.  All such requests shall be made promptly. Distributions in respect of voided checks shall be treated as unclaimed Distributions under the Plan and administered under Section 4.05 of this Agreement.

**Section 4.07  Conflicting Claims**. If any conflicting claims or demands are made or asserted with respect to an Other Allowed Claim or the beneficial interest of a Liquidating Trust Beneficiary under this Agreement, or if there is any disagreement between the assignees, transferees, heirs, representatives, or legatees succeeding to all or a part of such Other Allowed Claim or interest resulting in adverse claims or demands being made in connection with such Other Allowed Claim or interest, then, in any of such events, the Liquidating Trustee shall be entitled, in its sole discretion, to refuse to comply with any such conflicting claims or demands.

(a)     The Liquidating Trustee may elect to cause the Liquidating Trust to make no Distribution with respect to the Other Allowed Claim or beneficial interest subject to the conflicting claims or demand, or any part thereof, and to refer such conflicting claims or demands to the Bankruptcy Court, which shall have exclusive jurisdiction over resolution of such conflicting claims or demands. Neither the Liquidating Trust nor the Liquidating Trustee shall be or become liable to any of such parties for their refusal to comply with any such conflicting claims or demands, nor shall the Liquidating Trust or Liquidating Trustee be liable for interest on any funds which may be so withheld.

(b)     The Liquidating Trustee shall be entitled to refuse to act until either (i) the rights of the adverse claimants have been adjudicated by a Final Order of the Bankruptcy Court, or (ii) all differences have been resolved by a valid written agreement among all such parties to the satisfaction of the Liquidating Trustee, which agreement shall include a complete release of the Liquidating Trust and the Liquidating Trustee. Until the Liquidating Trustee receives written notice that one of the conditions of the preceding sentence is met, the Liquidating Trustee may deem and treat as the absolute owner under this Agreement of the Other Allowed Claim or beneficial interest in the Liquidating Trust the Liquidating Trust Beneficiary or holder of Other Allowed Claim identified as the owner of that Other Allowed Claim or interest in the books and records maintained by the Liquidating Trustee. The Liquidating Trustee may deem and treat such Person as the absolute owner for purposes of receiving Distributions on account thereof for federal and state income tax purposes, and for all other purposes whatsoever.

(c)     In acting or refraining from acting under and in accordance with this Section 4.07, the Liquidating Trustee shall be fully protected and incur no liability to any purported claimant or any other Person to the extent set forth in Article VI.

**Section 4.08  Priority of Expenses of Trust**. The Liquidating Trust may pay or reserve for all of its expenses before making Distributions.  The Liquidating Trust Expenses include U.S. Trustee Fees solely to the extent incurred by the Debtors on and after the Effective Date of the Plan.

## ARTICLE V
## Liquidating Trust Beneficiaries

**Section 5.01   Interest Beneficial Only**. The ownership of a beneficial interest in the Liquidating Trust shall not entitle any Liquidating Trust Beneficiary to any title in or to the Trust Assets or to any right to call for a partition or division of such assets or to require an accounting.

**Section 5.02   Ownership of Beneficial Interests Hereunder**. Each Liquidating Trust Beneficiary shall own a beneficial interest herein, which shall, subject to Article IV and the Plan, be entitled to Distributions in the amounts, and at the times, set forth in the Plan.

**Section 5.03   Evidence of Beneficial Interest**. Ownership of a beneficial interest in the Trust Assets shall not be evidenced by any certificate, security, or receipt or in any other form or manner whatsoever, except as maintained on the books and records of the Liquidating Trust by the Liquidating Trustee.

**Section 5.04   No Right to Accounting**. Except as set forth in Section 9.04, neither the Liquidating Trust Beneficiaries nor their successors, assigns, creditors, or any other Person shall have any right to an accounting by the Liquidating Trustee, and the Liquidating Trustee shall not be obligated to provide any accounting to any Person. Nothing in this Agreement is intended to require the Liquidating Trustee at any time or for any purpose to file any accounting or seek approval of any court with respect to the administration of the Liquidating Trust or as a condition for making any advance, payment, or Distribution out of proceeds of Trust Assets.

**Section 5.05   No Standing**. Except as expressly provided in this Agreement, a Liquidating Trust Beneficiary shall not have standing to direct or to seek to direct the Liquidating Trust or the Liquidating Trustee to do or not to do any act or to institute any action or proceeding at law or in equity against any Person upon or with respect to the Trust Assets.

**Section 5.06   Requirement of Undertaking**. The Liquidating Trustee may request the Bankruptcy Court to require, in any suit for the enforcement of any right or remedy under this Agreement, or in any suit against the Liquidating Trustee for any action taken or omitted by it as the Liquidating Trustee, that the filing party litigant in such suit pay the costs of such suit, including reasonable attorneys' fees, against any party litigant in such suit; provided, however, that the provisions of this Section 5.06 shall not apply to any suit by the Liquidating Trustee.

**Section 5.07   Limitation on Transferability**. It is understood and agreed that the beneficial interests herein shall be non-transferable and non-assignable during the term of this Agreement except by operation of law. An assignment by operation of law shall not be effective until appropriate notification and proof thereof is submitted to the Liquidating Trustee, and the Liquidating Trustee may continue to cause the Liquidating Trust to pay all amounts to or for the benefit of the assigning Liquidating Trust Beneficiaries until receipt of proper notification and proof of assignment by operation of law. The Liquidating Trustee may rely upon such proof without the requirement of any further investigation.

**Section 5.08  Exemption from Registration**. To the extent the interests in the Liquidating Trust are deemed to be "securities," the issuance of such interests under the Plan, if any, are exempt, pursuant to section 1145 of the Bankruptcy Code, from registration under the Securities Act of 1933, as amended, and any applicable state and local laws requiring registration of securities. No party to this Agreement shall make a contrary or different contention.

**Section 5.09  Delivery of Distributions**. Subject to the terms of this Agreement, the Liquidating Trustee shall cause the Liquidating Trust to make Distributions to holders of Allowed Claims in the manner provided in the Plan.

# ARTICLE VI
## Indemnification and Third Party Rights

**Section 6.01  Parties Dealing With the Liquidating Trustee**. In the absence of actual knowledge to the contrary, any Person dealing with the Liquidating Trust, the Debtors or the Liquidating Trustee shall be entitled to rely on the authority of the Liquidating Trustee or any of the Liquidating Trustee's agents to act in connection with the Trust Assets. There is no obligation of any Person dealing with the Liquidating Trustee to inquire into the validity, expediency, or propriety of any transaction by the Liquidating Trustee or any agent of the Liquidating Trustee.

**Section 6.02  Limitation of the Liquidating Trustee's and Oversight Committee's Liability**. In exercising the rights granted herein, the Liquidating Trustee shall exercise the Liquidating Trustee's best judgment, to the end that the affairs of the Liquidating Trust (including the Debtors) shall be properly managed and the interests of all of the holders of Claims safeguarded. But, notwithstanding anything herein or in the Plan to the contrary, neither the Liquidating Trustee, any member of the Oversight Committee, nor their respective Representatives, and any of such Person's successors and assigns shall incur any responsibility or liability by reason of any error of law or fact or of any matter or thing done or suffered or omitted to be done under or in connection with this Agreement, whether sounding in tort, contract, or otherwise, except for willful misconduct, intentional misconduct, gross negligence or fraud that is found by a final judgment (not subject to further appeal or review) of a court of competent jurisdiction to be the direct and primary cause of loss, liability, damage, or expense suffered. In no event shall the Liquidating Trustee, Oversight Committee or their respective Representatives be liable for indirect, punitive, special, incidental, or consequential damage or loss (including but not limited to lost profits) whatsoever, even if the Liquidating Trustee, Oversight Committee or their respective Representatives has been informed of the likelihood of such loss or damages and regardless of the form of action.

**Section 6.03  No Liability for Acts of Other Persons**. None of the Persons identified in Section 6.02 shall be liable for the act or omission of any other Person identified in that section.

**Section 6.04  No Liability for Acts of Predecessors**. No successor Liquidating Trustee shall be in any way responsible for the acts or omissions of any Liquidating Trustee in office

18

prior to the date on which such successor becomes the Liquidating Trustee, unless a successor Liquidating Trustee expressly assumes such responsibility.

**Section 6.05   No Liability for Good Faith Error of Judgment**. The Liquidating Trustee shall not be liable for any error of judgment made in good faith, unless it shall be finally determined by a final judgment of a court of competent jurisdiction (not subject to further appeal or review) that the Liquidating Trustee was grossly negligent or engaged in willful misconduct in ascertaining the pertinent facts.

**Section 6.06   Reliance by the Liquidating Trustee and Oversight Committee on Documents and Advice of Counsel or Other Persons**. Except as otherwise provided herein, the Liquidating Trustee and Oversight Committee may rely and shall be protected in acting upon any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, order, or other paper or document believed by them to be genuine and to have been signed or presented by the proper party or parties. The Liquidating Trustee and Oversight Committee also may engage and consult with their respective legal counsel and other agents and advisors, and shall not be liable for any action taken, omitted, or suffered by them in accordance with the advice of such counsel, agents, or advisors.

**Section 6.07   No Liability For Acts Approved by Bankruptcy Court or Oversight Committee**. The Liquidating Trustee and Oversight Committee shall have the right at any time to seek instructions from the Bankruptcy Court concerning the administration or disposition of the Trust Assets and the Claims required to be administered by the Liquidating Trust. Neither the Oversight Committee nor the Liquidating Trustee shall be liable for any act or omission that has been approved by the Bankruptcy Court, and all such actions or omissions shall conclusively be deemed not to constitute willful misconduct, intentional misconduct, gross negligence or fraud. The Liquidating Trustee shall not be liable for any act or omission approved by the Oversight Committee under Article VIII or otherwise, and all such actions or omissions shall conclusively be deemed not to constitute willful misconduct, intentional misconduct, gross negligence or fraud.

**Section 6.08   No Personal Obligation for Trust Liabilities**. Persons dealing with the Liquidating Trustee shall have recourse only to the Trust Assets to satisfy any liability incurred by the Liquidating Trustee to any such Person in carrying out the terms of this Agreement, and the Liquidating Trustee shall have no personal, individual obligation to satisfy any such liability.

**Section 6.09   Indemnification**. The Liquidating Trustee and the members of the Oversight Committee, and their respective firms, companies, affiliates, partners, officers, directors, members, employees, professionals, advisors, attorneys, financial advisors, investment bankers, disbursing agents, or agents and any of such parties' successors and assigns (collectively, the **"Indemnified Parties"** and each, an **"Indemnified Party"**) shall, to the fullest extent permitted by applicable law, be defended, held harmless, and indemnified by the Liquidating Trust from time to time and receive reimbursement from and against any and all loss, liability, expense (including counsel fees), or damage of any kind, type or nature, whether sounding in tort, contract, or otherwise, that the Indemnified Parties may incur or sustain in

connection with the exercise or performance of any of the Liquidating Trust's, Liquidating Trustee's, or Oversight Committee's powers and duties under this Agreement or in rendering services by the Indemnified Party to the Liquidating Trust, Liquidating Trustee, or Oversight Committee (the **"Indemnified Conduct"**), including the costs of counsel or others in investigating, preparing, defending, or settling any action or claim (whether or not litigation has been initiated against the Indemnified Party) or in enforcing this Agreement (including its indemnification provisions), except if such loss, liability, expense, or damage is finally determined by a final judgment (not subject to further appeal or review) of a court of competent jurisdiction to result directly and primarily from the willful misconduct, intentional misconduct, gross negligence or fraud of the Indemnified Party asserting this provision.

(a)     **Expense of Trust; Limitation on Source of Payment of Indemnification**. All indemnification liabilities of the Liquidating Trust under this Section 6.09 shall be an expense of the Liquidating Trust. The amounts necessary for such indemnification and reimbursement shall be paid by the Liquidating Trust out of the available Trust Assets after reserving for all actual and anticipated expenses and liabilities of the Liquidating Trust. The Liquidating Trustee shall not be personally liable for the payment of any Trust expense or claim or other liability of the Liquidating Trust, and no Person shall look to the Liquidating Trustee or other Indemnified Parties personally for the payment of any such expense or liability.

(b)     **Procedure for Current Payment of Indemnified Expenses; Undertaking to Repay**. The Liquidating Trust shall reasonably promptly pay an Indemnified Party all amounts subject to indemnification under this Section 6.09 on submission of invoices for such amounts by the Indemnified Party. The Oversight Committee shall approve the indemnification of any Indemnified Party and thereafter shall approve any monthly bills of such Indemnified Party for indemnification. All invoices for indemnification shall be subject to the approval of the Liquidating Trustee. By accepting any indemnification payment, the Indemnified Party undertakes to repay such amount promptly if it is determined that the Indemnified Party is not entitled to be indemnified under this Agreement. The Bankruptcy Court shall hear and finally determine any dispute arising out of this Section 6.09.

**Section 6.10   No Implied Obligations**. The Liquidating Trustee shall not be liable except for the performance of such duties and obligations as are specifically set forth herein, and no implied covenants or obligations shall be read into this Agreement against the Liquidating Trustee.

**Section 6.11   Confirmation of Survival of Provisions**. Without limitation in any way of any provision of this Agreement, the provisions of this Article VI shall survive the death, dissolution, liquidation, resignation, replacement, or removal, as may be applicable, of the Liquidating Trustee, or the termination of the Liquidating Trust or this Agreement, and shall inure to the benefit of the Liquidating Trustee's and the Indemnified Parties' heirs and assigns.

## ARTICLE VII
## Tax Matters

**Section 7.01   Tax Treatment of Trust**. Pursuant to and in accordance with the Plan, for all federal income tax purposes, the Debtors, the Liquidating Trust Beneficiaries, the Liquidating Trustee, and the Liquidating Trust shall treat the Liquidating Trust as a Liquidating Trust within the meaning of Treasury Income Tax Regulation Section 301.7701-4(d) and IRS Revenue Procedure 94-45, with no objective to continue or engage in the conduct of a trade or business. The Liquidating Trust is intended to qualify as a liquidating trust for U.S. federal income tax purposes.  In general, a liquidating trust is not a separate taxable entity for U.S. federal income tax purposes, but is instead treated as a grantor trust, i.e., pass-through entity for U.S. federal income tax purposes.  All parties must treat the transfer of the portion of the Trust Assets attributable to the Liquidating Trust Beneficiaries as a transfer of such assets directly to the Liquidating Trust Beneficiaries.  Consistent therewith, all parties must treat the Liquidating Trust as a grantor trust of which the Liquidating Trust Beneficiaries are the owners and grantors. Subject to the terms of the Liquidating Trust Agreement the value of a Liquidating Trust Beneficiary's Allowed Claim shall be the value of such Liquidating Trust Beneficiary's interest in the Liquidating Trust, and the Liquidating Trust Beneficiaries and the Liquidating Trustee must consistently use this valuation for all U.S. federal income tax purposes, including for determining gain, loss or tax basis.

**Section 7.02   Annual Reporting and Filing Requirements**. Pursuant to and in accordance with the terms of the Plan and this Agreement, the Liquidating Trustee shall file tax returns for the Liquidating Trust as a grantor trust pursuant to Treasury Income Tax Regulation Section 1.671-4(a).

**Section 7.03   Tax Treatment of Reserves for Disputed Claims**. The Liquidating Trustee shall establish a reserve on account of Disputed Claims in accordance with section 4.02(c) of the Plan.  The Liquidating Trust may, for U.S. federal income tax purposes (and, to the extent permitted by law), (a) make an election pursuant to Treasury Regulation section 1.468B-9 to treat such reserve as a "disputed ownership fund" within the meaning of that section, (b) allocate taxable income or loss to such reserve, with respect to any given taxable year (but only for the portion of the taxable year with respect to which such Claims are Disputed), and (c) distribute assets from such reserve as, when, and to the extent, such Disputed Claims cease to be Disputed, whether by virtue of becoming Allowed or otherwise resolved.  The Liquidating Trust Beneficiaries shall be bound by such election, if made by the Liquidating Trustee, and as such shall, for U.S. federal income tax purposes (and, to the extent permitted by law), report consistently therewith.

**Section 7.04   Valuation of Trust Assets**. After the Effective Date, but in no event later than the due date for timely filing of the Liquidating Trust's first federal income tax return (taking into account applicable tax filing extensions), the Liquidating Trustee shall (a) determine the fair market value of the Trust Assets as of the Effective Date, based on the Liquidating Trustee's good faith determination, (b) advise the Oversight Committee of such valuation, and (c) establish appropriate means to apprise the Liquidating Trust Beneficiaries of such valuation.

21

The valuation shall be used consistently by all parties (including the Debtors, the Liquidating Trust, the Liquidating Trustee, and the Liquidating Trust Beneficiaries) for all federal income tax purposes.

## ARTICLE VIII
## Oversight Committee

**Section 8.01   Appointment, Composition and Removal of Oversight Committee Members**. The Oversight Committee (the **"Oversight Committee"**) shall be comprised of two members, which shall be appointed as follows: (a) one member shall be appointed by the Prepetition Agent, who shall initially be Joseph Naccarato (each such member, a "**Prepetition Agent Appointee**") and (b) one member shall be appointed by the Committee, who shall initially be the PBGC (each such member, a "**Committee Appointee**").   The Prepetition Agent may at any time remove, with or without cause, any Prepetition Agent Appointee and fill the vacancy. The Committee may at any time remove, with or without cause, any Committee Appointee and fill the vacancy.  Except as provided in this Section 8.01, a member of the Oversight Committee may only be removed by entry of a Bankruptcy Court order finding that cause exists to remove such member.   If the Prepetition Agent Appointee is removed as a member of the Oversight Committee for cause by entry of a Bankruptcy Court order, then the vacancy shall be filled by an individual appointed by the Prepetition Agent,  If the Committee Appointee is removed as a member of the Oversight Committee for cause by entry of a Bankruptcy Court order, then the vacancy shall be filled by an individual proposed by Liquidating Trustee after the Liquidating Trustee has filed and served a notice identifying the proposed member of the Oversight Committee.  If no objection is received within ten (10) business days after the filing of the notice, the individual proposed by the Liquidating Trustee shall become a member of the Oversight Committee; if an objection is received, the Bankruptcy Court shall conduct a hearing with respect to the Trustee's proposed appointment to the Oversight Committee.

**Section 8.02   Rights and Duties of Oversight Committee;   Corresponding Limitations on the Liquidating Trustee's Actions**.  The rights and duties of the Oversight Committee shall be those set forth in this Agreement and the Plan. The Oversight Committee shall supervise the Liquidating Trustee in accordance with this Agreement and the Plan. The approval of both members of such Oversight Committee shall be required for the Oversight Committee to act on any matter (whether at a meeting or by written consent).  If there is a tie vote among members of the Oversight Committee or one or more of the members of the Oversight Committee is recused in accordance with Section 8.05 with respect to any such matter, then the Liquidating Trustee shall have the deciding vote in determining the decision of the Oversight Committee with respect to such matter.  If an Oversight Committee shall not continue to exist under this Agreement, the Liquidating Trustee shall have all the rights and powers ascribed to the Oversight Committee and all references herein to any required approval or other action of such Oversight Committee shall be of no force or effect.  The Liquidating Trustee shall not take any of the following actions without the prior written approval of the Oversight Committee:

22

(a)      The commencement, prosecution, settlement, compromise, withdrawal or other resolution of any Causes of Action or any other litigation or controverted matter by the Liquidating Trust where the amount sought to be recovered in the complaint or other document initiating any such Causes of Action or other litigation or controverted matter exceeds $200,000;

(b)      The sale, transfer, assignment, or other disposition of any Trust Assets, or any release, modification or waiver of existing rights as to any Trusts Assets, in each case having a valuation in excess of $200,000;

(c)      The abandonment of any Trust Assets having a valuation of at least $200,000;

(d)      The settlement, compromise, or other resolution of any Disputed Claim, wherein the allowed amount of the asserted Claim exceeds $200,000;

(e)      The retention of professionals;

(f)      The borrowing of any funds by the Liquidating Trust or pledge as security of any portion of the Trust Assets;

(g)      The amount and timing of Distributions to Liquidating Trust Beneficiaries from Trust Assets or the proceeds of the Trust Assets;

(h)      Any matter which could reasonably be expected to have a material adverse effect on the amount of Distributions to be made to the Liquidating Trust Beneficiaries; and

(i)      The exercise of any right or action set forth elsewhere in this Agreement or the Plan that expressly requires approval of the Oversight Committee.

**Section 8.03  Approval and Authorization on Negative Notice**. The Liquidating Trustee may obtain any approval or authorization required under the Plan or this Agreement from the Oversight Committee on ten (10) business days' negative notice. The Liquidating Trustee may make requests on behalf of the Liquidating Trust for approval or authorization by the Oversight Committee in writing, which may be made in the form of an e-mail. If any Oversight Committee member objects to the Liquidating Trustee's request, the matter shall be decided in accordance with Section 8.02.

**Section 8.04  Appointment of Supplemental Trustee**. The Oversight Committee shall approve the Liquidating Trustee's appointment of any Supplemental Trustee (as hereinafter defined) in accordance with Section 9.09 and the removal and replacement of any Supplemental Trustee under that provision.

**Section 8.05   Oversight Committee Member's Conflicts of Interest**. The Oversight Committee members shall disclose any actual or potential conflicts of interest that such member has with respect to any matter arising during the administration of the Liquidating Trust to the other Oversight Committee members and the Liquidating Trustee and such member shall be recused from voting on any matter on which such member has an actual or potential conflict of interest.

**Section 8.06   Liquidating Trustee's Conflicts of Interest**. The Liquidating Trustee shall disclose to the Oversight Committee any conflicts of interest that the Liquidating Trustee has with respect to any matter arising during administration of the Liquidating Trust. In the event that the Liquidating Trustee cannot take any action, including the prosecution of any Causes of Action or the objection to any Claim, by reason of an actual or potential conflict of interest, the Oversight Committee acting by a simple majority shall be authorized to take any such action(s) in the Liquidating Trustee's place and stead, including the retention of professionals (which may include professionals retained by the Liquidating Trustee) for the purpose of taking such actions. The Bankruptcy Court shall hear and finally determine any dispute arising out of this Section 8.06.

**Section 8.07   Resignation of Oversight Committee Member**. A member of the Oversight Committee may resign at any time on written notice (including e-mailed notice) to the other Oversight Committee members, the Liquidating Trustee, the Prepetition Agent (in the case of a Prepetition Agent Appointee) and the Committee (in the case of a Committee Appointee). The resignation shall be effective on the later of (a) the date specified in the notice delivered to the other Oversight Committee members and the Liquidating Trustee, or (b) the date that is 30 days after the date such notice is delivered. In no case shall the resignation of the Liquidating Trustee be effective on less than 30 days' notice.

**Section 8.08   Appointment of Replacement Oversight Committee Members**. Upon the resignation, death, incapacity, or removal of a member of the Oversight Committee, the Prepetition Agent may appoint a replacement to fill the vacancy if such member of the Oversight Committee was a Prepetition Agent Appointee.   Upon the resignation, death, incapacity, or removal of the Committee Appointee, the vacancy shall be filled by an individual proposed by Liquidating Trustee after the Liquidating Trustee has filed and served a notice identifying the proposed member of the Oversight Committee.   If no objection is received within ten (10) business days after the filing of the notice, the individual proposed by the Liquidating Trustee shall become a member of the Oversight Committee; if an objection is received, the Bankruptcy Court shall conduct a hearing with respect to the Trustee's proposed appointment to the Oversight Committee.

## ARTICLE IX
### Liquidating Trustee Selection, Removal, Replacement, and Compensation

**Section 9.01   Initial Liquidating Trustee**. The Liquidating Trustee is appointed effective as of the Effective Date. The initial trustee shall be the Liquidating Trustee.

**Section 9.02   Term of Service**. The Liquidating Trustee shall serve through the earlier of the completion of the administration of the Trust Assets and the Liquidating Trust, including the winding up of the Liquidating Trust, in accordance with this Agreement and the Plan, the termination of the Liquidating Trust in accordance with the terms of this Agreement and the Plan, or the Liquidating Trustee's resignation, death, incapacity, or removal.

**Section 9.03   Removal of Liquidating Trustee**. The Oversight Committee may remove the Liquidating Trustee only for cause and pursuant to entry of an order of the Bankruptcy Court after notice to all persons on the Bankruptcy Rule 2002 service list and an opportunity for hearing.

**Section 9.04   Resignation of Liquidating Trustee**. The Liquidating Trustee may resign at any time on written notice to the Oversight Committee, Prepetition Agent, US Trustee, and Bankruptcy Court. The resignation shall be effective on the later of (a) the date specified in the notice of resignation, or (b) the date that is 60 days after the date such notice is filed with the Bankruptcy Court and served on the Oversight Committee members and the US Trustee. In no case shall the resignation of the Liquidating Trustee be effective on less than 60 days' notice. In the event of a resignation, the resigning Liquidating Trustee shall render to the Oversight Committee and the US Trustee a full and complete accounting of monies and assets received, disbursed, and held during the term of office of that Liquidating Trustee.

**Section 9.05   Appointment of Successor Liquidating Trustee**. Upon the resignation, death, incapacity, or removal of a Liquidating Trustee, the Prepetition Agent Appointee shall identify two alternatives to serve as a successor Liquidating Trustee and the Committee Appointee shall select one of such alternatives which shall be appointed as the successor Liquidating Trustee without further order of the Bankruptcy Court with notice to all persons on the Bankruptcy Rule 2002 service list. In the event the Prepetition Agent Appointee does not identify any such alternatives, the Bankruptcy Court may do so on its own motion. Any successor Liquidating Trustee so appointed shall consent to and accept its appointment as successor Liquidating Trustee, which may be done by e-mail or through acquiescence in not objecting to a motion for approval of its appointment as successor Liquidating Trustee, and accept in writing the terms of this Agreement. Any successor Liquidating Trustee may be appointed to serve only on an interim basis.

**Section 9.06   Powers and Duties of Successor Liquidating Trustee**. A successor Liquidating Trustee shall have all the rights, privileges, powers, and duties of its predecessor under this Agreement, the Plan, and Confirmation Order. Notwithstanding anything to the contrary herein, a removed or resigning Liquidating Trustee shall, when requested in writing by the successor Liquidating Trustee, execute and deliver an instrument or, instruments conveying and transferring to such successor Liquidating Trustee under the Liquidating Trust all the estates, properties, rights, powers, and trusts of such predecessor Liquidating Trustee.

**Section 9.07   Trust Continuance**. The resignation, death, incapacitation, dissolution, liquidation, or removal of the Liquidating Trustee shall not terminate the Liquidating Trust or

revoke any existing agency created pursuant to this Agreement or invalidate any action theretofore taken by the Liquidating Trustee.

**Section 9.08   Compensation of Liquidating Trustee and Costs of Administration**. The Liquidating Trustee shall receive fair and reasonable compensation for its services, which shall be a charge against, and paid out of, the Trust Assets. All costs, expenses, and obligations incurred by the Liquidating Trustee (or professionals who may be employed by the Liquidating Trustee in administering the Liquidating Trust, in carrying out their other responsibilities under this Agreement, or in any manner connected, incidental, or related thereto) shall be paid by the Liquidating Trust from the Trust Assets prior to any Distribution to the Liquidating Trust Beneficiaries. The terms of the compensation of the Liquidating Trustee and the timing and manner of payment are set forth on Exhibit A hereto.

**Section 9.09   Appointment of Supplemental Trustee**. Subject to Article VIII, if the Liquidating Trustee has a conflict or any of the Trust Assets are situated in any state or other jurisdiction in which the Liquidating Trustee is not qualified to act as trustee, the Liquidating Trustee shall nominate and appoint a Person duly qualified to act as trustee (the **"Supplemental Trustee"**) in such state or jurisdiction and require from each such Supplemental Trustee such security as may be designated by the Liquidating Trustee in its discretion. The Liquidating Trustee may confer upon such Supplemental Trustee all of the rights, powers, privileges, and duties of the Liquidating Trustee hereunder, subject to the conditions and limitations of this Agreement, except as modified or limited by the laws of the applicable state or other jurisdiction (in which case, the laws of the state or other jurisdiction in which such Supplemental Trustee is acting shall prevail to the extent necessary). The Liquidating Trustee shall require such Supplemental Trustee to be answerable to the Liquidating Trustee for all monies, assets, and other property that may be received in connection with the administration of all the Trust Assets by the Supplemental Trustee. Subject to Article VIII, the Liquidating Trustee may remove such Supplemental Trustee, with or without cause, and appoint a successor Supplemental Trustee at any time by executing a written instrument declaring such Supplemental Trustee removed from office and specifying the effective date and time of removal.

## ARTICLE X
## Trust Duration

**Section 10.01 Duration**. Once the Liquidating Trust becomes effective upon the Effective Date of the Plan, the Liquidating Trust and this Agreement shall remain and continue in full force and effect until the Liquidating Trust is terminated.

**Section 10.02 Termination on Payment of Trust Expenses and Distribution of Trust Assets**. Upon the payment of all costs, expenses, and obligations incurred in connection with administering the Liquidating Trust, and the Distribution of all Trust Assets in accordance with the provisions of the Plan, the Confirmation Order, and this Agreement, the Liquidating Trust shall terminate and the Liquidating Trustee shall have no further responsibility in connection therewith except as may be required to effectuate such termination under relevant law.

**Section 10.03 Termination**. If the Liquidating Trust has not been previously terminated pursuant to Section 10.02 or the term of the Liquidated Trust is not extended pursuant to Section 10.04, on the fifth anniversary of the Effective Date, the Liquidating Trustee shall distribute all of the Trust Assets to the Liquidating Trust Beneficiaries in accordance with the Plan, and immediately thereafter the Liquidating Trust shall terminate and the Liquidating Trustee shall have no further responsibility in connection therewith except to the limited extent set forth in Section 10.06.

**Section 10.04 Extension**.  The term of the Liquidating Trust set forth in Section 10.3 may be extended if such extension is (i) for a finite period of time, (ii) preceded by the Liquidating Trustee's determination that the continued existence beyond such period would not adversely affect the status of the Liquidating Trust as a liquidating trust within the meaning of § 301.7701-4(d) of the Treasury Regulations for U.S. federal income tax purposes, and (iii) notice of such extension is provided to the Bankruptcy Court within two months of the beginning of the extended term.

**Section 10.05 No Termination by Liquidating Trust Beneficiaries**. The Liquidating Trust may not be terminated at any time by the Liquidating Trust Beneficiaries.

**Section 10.06 Continuance of Trust for Winding Up; Discharge and Release of Liquidating Trustee**. After the termination of the Liquidating Trust and solely for the purpose of liquidating and winding up the affairs of the Liquidating Trust, the Liquidating Trustee shall continue to act as such until its responsibilities have been fully performed. Except as otherwise specifically provided herein, upon the Distribution of the Trust Assets including all excess reserves, the Oversight Committee members, the Liquidating Trustee, and the Liquidating Trust's professionals and agents shall be deemed discharged under this Agreement and have no further duties or obligations hereunder. Upon a motion by the Liquidating Trustee, the Bankruptcy Court may enter an order relieving the Oversight Committee members and the Liquidating Trustee, its employees, and the Liquidating Trust's professionals and agents of any further duties, discharging and releasing the Liquidating Trustee from all liability related to the Liquidating Trust, and releasing the Liquidating Trustee's bond, if any.

## ARTICLE XI
### Miscellaneous

**Section 11.01 Preservation of Privilege**. In connection with the rights, claims, and causes of action that constitute Trust Assets, any attorney-client privilege, work-product doctrine, or other privilege or immunity attaching to any documents or communications (whether written or oral) transferred to the Liquidating Trust pursuant to the terms of the Plan or otherwise shall vest in the Liquidating Trustee and his or her representatives, and the Liquidating Trustee is authorized to take all necessary actions to effectuate the transfer of such privileges, as necessary.

16370375/1

**Section 11.02 Cumulative Rights and Remedies**. The rights and remedies provided in this Agreement are cumulative and not exclusive of any rights and remedies under law or in equity.

**Section 11.03 Notices**. All notices to be given to Liquidating Trust Beneficiaries may be given by ordinary mail, or may be delivered personally, to the holders at the addresses appearing on the books kept by the Liquidating Trustee. Any notice or other communication which may be or is required to be given, served, or sent pursuant to this Agreement or the Plan, shall be in writing and shall be sent by registered or certified United States mail, return receipt requested, postage prepaid, or transmitted by hand delivery or facsimile (if receipt is confirmed) addressed as follows:

(a) If to the Liquidating Trust or the Liquidating Trustee:

Bradley Dietz
[ADDRESS]
[PHONE]
[E-mail]

(b) If to the Oversight Committee:

[NAME]
[ADDRESS]
[PHONE]
[E-mail]

(c) If to the Committee:

Jeffrey R. Waxman, Esquire
Eric J. Monzo, Esquire
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: jwaxman@morrisjames.com

 -and-

Adam C. Rogoff, Esquire
Rose Hill Bagley, Esquire
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036
Telephone: (212) 715-9100

16370375/1

E-mail: arogoff@kramerlevin.com
E-mail: rbagley@kramerlevin.com

(d)　　　If to the Prepetition Agent:

Cerberus Business Finance, LLC
875 Third Avenue
New York, New York  10022
Attention:  Joseph Naccarato
Telephone:  212-909-1455
E-mail:  jnaccarato@cerberuscapital.com

with a copy to:

KTBS Law LLP
1801 Century Park East, 26th Floor
Los Angeles, CA 90067
Attention: Michael Tuchin & David Fidler
Telephone: (310) 407-4000
E-mail: mtuchin@ktbslaw.com
E-mail: dfidler@ktbslaw.com.

or to such other address as may from time to time be provided in written notice by the Liquidating Trustee.

**Section 11.04 Governing Law**. This Agreement shall be governed by and construed in accordance with the laws of the State of New York, without giving effect to rules governing the conflict of laws, including all matters of validity, construction and administration.

**Section 11.05 Third Party Beneficiaries**.   Except for the Liquidating Trust Beneficiaries, the Oversight Committee and the Indemnified Parties, nothing in this Agreement is intended to confer upon any Person that is not a party hereto any rights or remedies hereunder; provided, however, the Prepetition Agent and the Committee are each an express third party beneficiary of this Agreement, and shall each be entitled to enforce the provisions of Article VIII as if each were a party hereto.

**Section 11.06 Successors and Assigns**. This Agreement shall inure to the benefit of and shall be binding upon the parties hereto and their respective successors and assigns.

**Section 11.07 Execution**. All funds in the Liquidating Trust shall be deemed in *custodia legis* until such times as the funds have actually been paid to or for the benefit of a Liquidating Trust Beneficiary, and no Liquidating Trust Beneficiary or any other Person can execute upon, garnish or attach the Trust Assets or the Liquidating Trustee in any manner or compel payment from the Liquidating Trust except by Final Order of the Bankruptcy Court. Payments will be solely governed by the Plan and this Agreement.

**Section 11.08 Amendment**. This Agreement may be amended by written agreement of the Liquidating Trustee and the Oversight Committee or by order of the Bankruptcy Court; provided, however, that such amendment may not be inconsistent with the Plan, Confirmation Order, or Sale Order.

**Section 11.09 No Waiver**. No failure or delay of any party hereto, or any third party beneficiary pursuant to Section 11.05, to exercise any right or remedy pursuant to this Agreement shall affect such right or remedy or constitute a waiver thereof.

**Section 11.10 Severability**. If any term, provision, covenant, or restriction contained in this Agreement is held by a court of competent jurisdiction or other authority to be invalid, void, unenforceable, or against its regulatory policy, the remainder of the terms, provisions, covenants, and restrictions contained in this Agreement shall remain in full force and effect and shall in no way be affected, impaired, or invalidated.

**Section 11.11 Further Assurances**. Without limitation of the generality of Section 2.04, the parties hereto agree to execute and deliver all such documents and notices and to take all such further actions as may reasonably be required from time to time to carry out the intent and purposes and provide for the full implementation of this Agreement and the pertinent provisions of the Plan, and to consummate the transactions contemplated thereby.

**Section 11.12 Counterparts**. This Agreement may be executed simultaneously in one or more counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

**Section 11.13 Retention of Jurisdiction**. After the Effective Date and to the fullest extent permitted by law, to the extent the Bankruptcy Court elects to exercise jurisdiction, the Bankruptcy Court shall retain exclusive jurisdiction over (a) the Liquidating Trust, including the performance of the duties of the Liquidating Trustee and in overseeing the Liquidating Trust, and (b) the interpretation of this Agreement and all issues arising under or related to this Agreement. If the Bankruptcy Court is without jurisdiction, any action to enforce or interpret this Agreement will be brought in a court of competent jurisdiction in the State of Delaware in the County of New Castle or of the United States District Court for the District of Delaware or, solely if the foregoing courts are without jurisdiction, then any court of competent jurisdiction as may be selected by the Liquidating Trustee.

*[The remainder of this page is intentionally left blank.]*

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date set forth above.

**<u>DEBTORS</u>**:

[SL LIQUIDATION LLC (F/K/A STANADYNE LLC)][4]

By:_____
Name:
Title:

[TPP LIQUIDATION , INC. (F/K/A PURE POWER TECHNOLOGIES, INC.)][5]

By:_____
Name:
Title:

HTPPS LIQUIDATION, INC. (F/K/A STANADYNE PPT HOLDINGS, INC.)

By:_____
Name:
Title:

HGTPPS LIQUIDATION, INC. (F/K/A STANADYNE PPT GROUP HOLDINGS, INC.)

By:_____
Name:
Title:

---

[4] NTD: Confirm if name changed has occurred at the time of execution.

[5] NTD: Confirm if name changed has occurred at the time of execution.

**THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS**

By:_____
Name:
Title:  Member

**LIQUIDATING TRUSTEE**:


By:_____
    Bradley Dietz, solely in his capacity as
    Liquidating Trustee under this Agreement

## EXHIBIT A

**Terms of Compensation of Liquidating Trustee**

- <u>Compensation</u>. In consideration for the services of the Liquidating Trustee under this Agreement, the Liquidating Trustee shall receive the following compensation from the Trust Assets: (a) $20,000 per quarter,  payable in arrears on the last day of each calendar quarter, (b) cash in an amount equal to 1.5% of the net proceeds of the Liquidating Trust litigation recoveries,  payable in arrears on the last day of each calendar quarter, and (c) reimbursement of documented and reasonable out-of-pocket costs and expenses in connection with administering the Liquidating Trust pursuant to the Plan, the Confirmation Order and this Agreement.

- <u>Payment of Fees</u>. The Liquidating Trustee's fees and reimbursable expenses under the above paragraph, shall be payable out of the Trust Assets beginning on the Effective Date and continuing thereafter until the Liquidating Trustee is discharged.

- <u>Means and Timing of Payment</u>. The Liquidating Trustee's fees shall be paid in arrears by wire transfer or equivalent electronic means in the Liquidating Trustee's discretion on the last day of each calendar quarter, or if such day is not a business day, the immediately preceding business day.

16370375/1