# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| STANADYNE LLC, *et al.*[1] | ) |
| | ) Case No.: 23-10207 (TMH) |
| Debtors. | ) |
| | ) **Objection Deadline: November 28, 2023 at 4:00 pm (ET)** |
| | ) **Hearing Date: December 19, 2023 at 11:00 am (ET)** |

## MOTION OF 3B HOLDINGS INC. D/B/A 3B SUPPLY FOR ALLOWANCE AND PAYMENT OF ADMINSTRATIVE CLAIM

NOW COMES, 3B Holdings Inc. d/b/a 3B Supply ("**3B**"), pursuant to sections 507 and 503(b)(1)(A) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "**Bankruptcy Code**"), hereby moves for an entry of an order granting the allowance and directing payment of its administrative claim in the amount of $414,351.97 (the "**Motion**"), and in support states as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over the subject matter and parties to this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case and this motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicate for the relief requested in this Motion is 11 U.S.C. §§ 503 and 507.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Stanadyne LLC (0378); Pure Power Technologies, Inc. (5202); Stanadyne PPT Holdings, Inc. (2594); and Stanadyne PPT Group Holdings, Inc. (1734). The Debtors' headquarters are located at 405 White Street, Jacksonville, North Carolina 28546.

1

3. 3B confirms its consent, pursuant to Del. Bankr. L.R. 9013-1(f), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

### Background

4. On February 16, 2023 (the "**Petition Date**"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. On March 6, 2023, the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed the official committee of unsecured creditors (the "**Committee**") [D.I. 78]. No request has been made for the appointment of a trustee or examiner.

6. 3B is a maintenance, repair and operations supply distribution company. 3B handles all in-direct purchasing (materials not for the manufacturing but all of the support pieces, such as lubricants and nuts/bolts to keep the machines running). Prior to the Petition Date, 3B delivered materials to Debtor Stanadyne LLC ("**Stanadyne**") based upon orders from Stanadyne.

7. Following the Petition Date, 3B continued to provide materials to Stanadyne in the ordinary course of business and in accordance with those orders made by Stanadyne, specifically for the time period of February 16, 2023 through, and including, July 31, 2023. Stanadyne has failed to remit payment for the post-petition goods delivered. The unpaid post-petition invoices amount to $414,351.97. The materials supplied by 3B are incidental to protecting, conserving, maintaining, and rehabilitating Stanadyne's estate. A summary of the unpaid invoices owed to 3B is attached hereto as **Exhibit A**.[2]

---

[2] Copies of the invoices and proofs of delivery are voluminous and available upon reasonable request to undersigned counsel.

8.  On July 11, 2023, the Court entered the Order (I) Approving the Asset Purchase Agreement, (II) Authorizing the Sale of Substantially all of the Debtors' Assets Free and Clear of All Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief [D.I. 443] (the "**Sale Order**"), approving the sale of substantially all of the Debtors' assets to the Stanadyne Operating Company LLC (f/k/a S-PPT Acquisition Company LLC).  The sale closed on July 31, 2023 [D.I. 484].

### Relief Requested

9.  By this Motion, 3B respectfully requests that the Court enter an order (i) granting to 3B an allowed administrative expense priority claim in the aggregate amount of $414,351.97 and (ii) authorizing and directing the Debtors to remit payment of the administrative expense priority claim within ten (10) days from entry of the order.

### Basis for Relief

10. 3B is entitled to an administrative claim for the post-petition delivery of goods pursuant to 11 U.S.C. § 503(b)(1)(A).

11. Section 503 of the Bankruptcy Code provides:

> [a]fter notice and a hearing, there shall be allowed administrative expenses . . . including . . . the actual, necessary costs and expenses of preserving the estate . . .

11 U.S.C. § 503(b)(1)(A).

12. "The Bankruptcy Code provides that an entity may file a request for payment of an administrative expense.  Section 503(b) provides that, after notice and a hearing, there shall be allowed, administrative expenses, . . . including--(1)(A) the actual, necessary costs and expenses of preserving the estate. . . ." *In re Transamerican Nat. Gas Corp.*, 978 F.2d 1409, 1415 (5th Cir. 1992) (internal citations and quotations omitted) (*quoting In re Coastal Carriers Corp.*, 128 Bankr. 400, 403 (Bankr. D. Md. 1991)).  As the *Transamerican Nat. Gas. Corp.* Court recognized:

> The purpose of Section 503 is to permit the debtor's business to operate for the benefit of its prepetition creditors. In order to effectuate a successful reorganization, third parties must be willing to furnish postpetition goods or services on credit. Third parties might refuse to extend credit to debtors-in-possession for fear that their claims would not be paid, but an advance payment requirement would impede the debtor's business. Section 503 requires that such claims be given priority, therefore inducing third parties to extend credit and enhancing the likelihood of a successful reorganization.

*Id*. at 1415-16.

13. 3B is entitled to an administrative expense priority claim pursuant to section 503 of the Bankruptcy Code.

14. "For a claim in its entirety to be entitled to . . . priority under [§ 503(b)], the debt must arise from a transaction with the debtor-in-possession . . . [and] the consideration supporting the claimant's right to payment [must be] beneficial to the debtor-in-possession in the operation of the business." *In re O'Brien Envt'l Energy, Inc.*, 181 F.3d 527, 532-33 (3rd Cir. 1999) (*quoting Cramer v. Mammoth Mart, Inc. (In re Mammoth Mart, Inc.)*, 536 F.2d 950, 954 (1st Cir. 1976)). The Third Circuit has closely interpreted the meaning of section 503(b) and concluded that "the concept of 'necessary costs' under the Code is somewhat broader than would be suggested by the dictionary definition." *Pa. Dep't of Envtl. Ress. v. Tri-State Clinical Labs., Inc.*, 178 F.3d 685, 689 (3d Cir. 1999).

15. "'[U]sual and necessary costs' should include costs ordinarily incident to operation of a business, and not be limited to costs without which rehabilitation would be impossible.'" *Penn. Dept. of Envtl. Resources v. Tri-State Clinical Labs, Inc.*, 178 F.3d 685, 689 (3rd Cir. 1999) (quoting *Reading Co. v. Brown*, 391 U.S. 471, 483 (1968)).

16. The transactions giving rise to 3B's claim for $414,351.97 satisfy both of the requirements set forth in *O'Brien*. First, there is no question that Stanadyne issued orders to 3B to obtain manufacturing support materials post-petition which triggered post-petition payment

obligations by Stanadyne. Second, the goods that 3B provided to Stanadyne, in accordance with Stanadyne's orders, conferred a benefit on Stanadyne by keeping Stanadyne in business throughout the bankruptcy process. Stanadyne accepted and realized the benefit and value of the goods provided to it by 3B, which has enabled Stanadyne to realize income, and potential for income which it would not otherwise have realized but for the actions of 3B. *See* 11 U.S.C. §§ 363, 1107, and 1108; *see also In re Dant & Russell, Inc.*, 853 F.2d 700, 707 (9th Cir. 1988); *In re Gloria Mfg. Corp.*, 47 B.R. 370 (E.D. Va. 1984). Absent the delivery by 3B of the materials and goods ordered by Stanadyne, Stanadyne would not have been able to fill product orders in the ordinary course of its business and the value of the Debtors' estates would have decreased, thereby diminishing the estates and the amounts to be recovered by other creditors through the bankruptcy process.

17. Accordingly, 3B is entitled to an allowed administrative expense priority claim under 11 U.S.C. § 503(b) in the aggregate amount of $414,351.97 as set forth herein.

18. Further, there is no basis for postponing payment of 3B's claim. "There is no restriction on the debtor's paying administrative claims prior to confirmation of the plan in a Chapter 11 case . . . ." *In re Dakota Indus., Inc.*, 31 B.R. 23, 26 (D.S.D. 1983); *see also In re Isis Foods, Inc.*, 27 B.R. 156, 157-58 (W.D. Mo. 1982) (affirming the bankruptcy court's order that debtor make immediate payment on administrative expense claims prior to confirmation of the plan). Moreover, there has been no suggestion that the Debtors are administratively insolvent and unable to pay their bills.

### Reservation of Rights

19. 3B files this administrative claim based upon the best information available at this time and reserves the right to amend the claim as more information becomes available. 3B hereby reserves the right to alter, amend, supplement, modify, and or withdraw this claim at any and all

times. The submission of this claim is subject to and not a waiver or release of, and 3B hereby reserves, any lack of venue or jurisdiction by this court over this case or any adversary action, contested matter, or other proceeding in this case. 3B further reserves any right to a jury trial in any matter and any right to a de novo review of any non-core matter. 3B further reserves rights to have an Article III Court enter final orders on matters to the fullest extent provided in *Stern v. Marshall*. 3B further reserves any right to contest and deny any and all claims if any asserted against 3B and further reserves any right to withdraw the reference of this case or any matter and any other rights claims actions defenses and set off or recoupment.

## Conclusion

20.    3B hereby requests allowance of its administrative claim and payment within 10 days of the entry of an order approving this request and that 3B be granted such other relief as is just and proper.

Dated: November 14, 2023
Wilmington, Delaware

GELLERT SCALI BUSENKELL & BROWN, LLC

*/s/ Michael Busenkell*
Michael Busenkell (DE 3933)
1201 N. Orange Street, Suite 300
Wilmington, DE 19801
Telephone: 302-425-5813
Facsimile:  302-425-5814
Email: cbrown@gsbblaw.com

*Counsel for 3B Holdings Inc. d/b/a 3B Supply*