**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| STANADYNE, LLC,[1] | Case No. 23-10207 (TMH) |
| Debtors. | |

**DECLARATION OF CONOR P. TULLY
IN SUPPORT OF CONFIRMATION OF THE COMBINED DISCLOSURE
STATEMENT AND PLAN OF LIQUIDATION DATED SEPTEMBER 25, 2023**

I, Conor P. Tully, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a Senior Managing Director with FTI Consulting, Inc., together with its wholly owned subsidiaries ("FTI"), a leading, NYSE-listed international financial advisory and consulting firm. I am a member of FTI's Corporate Finance and Restructuring segment, and I am located in FTI's New York office. I have been providing financial advisory services to companies and creditor groups undergoing in-court and out-of-court restructurings in a variety of industries for over 25 years.

2. I have been involved in over 100 bankruptcy or bankruptcy-related matters primarily serving as a financial advisor. A representative list of restructurings where I have worked for official creditors' committees or other clients include: Angelica Corp., Appvion Inc., Atrium Corp., Avaya Inc., Bestwall, Bondex International, Central Grocers Inc., Cenveo Inc., Christopher & Banks, Cooper Standard Automotive, Country Home Bakers, Dana Corporation, DBMP LLC, DBSI Inc., Delta Petroleum, Diamond Glass, Garden Ridge, General Motors, GS Industries,

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: SL Liquidation LLC (0378); TPP Liquidation, Inc. (5202); HTPPS Liquidation, Inc. (2594); and HGTPPS Liquidation, Inc. (1734).

16412162/1

Hancock Fabrics, Highland Capital, Hussey Copper, Interstate Bakeries, Jack Cooper Transport, Knotel, Lehman Brothers, LifeCare Hospitals, Loehmann's, Logan's Roadhouse, LTL Management, Mallinckrodt, Mark IV Industries, Marsh Supermarkets, Medley Capital, Melinta Therapeutics, MF Global Holdings, NY&Co (RTW Retailwinds), Paddock Enterprises, Personal Communication Devices, Pharmaceutical Formulations, RCS Capital, Regus (RGN-Group), ResMAE Mortgage, Shopko Retail, Suntech America, TMT Shipping and USA Discounters.

3. I am a Certified Public Accountant ("CPA"), Certified Insolvency and Restructuring Advisor ("CIRA"), Certified Turnaround Professional ("CTP") and Certified in Financial Forensics. I hold a Bachelor of Science in Business Administration degree from Manhattan College with a major in accounting.

4. I am submitting this declaration (the "Declaration") in support of confirmation of the Combined Disclosure Statement and Plan of Liquidation Dated September 25, 2023 (as may be amended, modified, or supplemented from time to time, the "Plan").[2] Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge, my review of the relevant documents, and/or my opinion based upon my experiences, knowledge, and information concerning the Debtors and provided to me by the Debtors' or Committee's professionals or the Wind Down Manager.

5. On April 19, 2023, this Court entered an Order Authorizing Retention of FTI Consulting, Inc. as Financial Advisor for the Official Committee of Unsecured Creditors Nunc Pro Tunc to March 9, 2023 [D.I. 217] (the "FTI Retention Order"). I lead the FTI team providing financial advisory services to the Committee and over the course of the FTI engagement I was

---

[2] Defined terms used, but not otherwise defined, herein shall have the same meanings ascribed to them in the Plan or Solicitation Order (as defined herein below), as applicable.

16412162/1

involved in and I am familiar with the key aspects of these Chapter 11 Cases including but not limited to; the sale of substantially all of the Debtors' assets, the Term Sheet (as defined herein), the terms of the Plan, the Liquidation Analysis and the Liquidating Trust Agreement.

6. I submit this declaration (the "Declaration") in support of the confirmation of the Plan. If I were called upon to testify, I would testify competently to the facts set forth herein.

## BACKGROUND

7. On February 16, 2023, the Debtors each filed a voluntary Chapter 11 petitions in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

8. The Debtors have continued in possession of their property and has continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

9. On March 6, 2023, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") in the Chapter 11 Cases.

10. On September 8, 2022, the Bankruptcy Court entered an Order approving the sale (the "Sale") of substantially all of the Debtors' assets [Docket No. 443] (the "Sale Order"). Also, as part of the sale, the Bankruptcy Court approved a term sheet (the "Term Sheet") agreement between the Committee, Cerberus Business Finance, LLC, as administrative agent and collateral agent for the Prepetition Secured Lenders ("Cerberus"), and the purchaser of substantially all of the Debtors' assets. The Sale closed on July 31, 2023.

11. On August 31, 2023, the Debtors' exclusive right to file a plan terminated, and on September 8, 2023, the Committee filed a Motion for an Order (I) Approving on an Interim Basis the Adequacy of Disclosures in the Combined Disclosure Statement and Plan of Liquidation, (II)

16412162/1

Scheduling the Confirmation Hearing and Deadline for Filing Objections, (III) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Combined Plan and Disclosure Statement, and Approving the Form of Ballot and Solicitation Package, and (IV) Approving the Notice Provisions [Docket No. 561] (the "Solicitation Motion"). Further, on September 8, 2023, the Committee filed a combined disclosure statement and plan of liquidation [Docket No. 562].

12. On September 25, 2023, the Committee filed the Plan, which was premised upon maximizing the remaining value of the Debtors' assets, consistent with the Term Sheet. As more fully set forth in the Plan, the Plan is comprised of the following six classes of claims and interests: (i) Class 1: Priority Non-Tax Claims; (ii) Class 2: Secured Claims; (iii) Class 3: Cerberus Deficiency Claim; (iv) Class 4: General Unsecured Claims; (v) Class 5: Convenience Claims; and (vi) Class 6: Equity Interests.

13. Classes 1 and 2 are each unimpaired under the Plan, and Holders of such Claims were not entitled to vote. Classes 3, 4, and 5 were each impaired under the Plan, and Holders of such Claims were entitled to vote. Class 6 was impaired under the Plan, and Holders of Equity Interests were deemed to reject. On September 26, 2023, the Court entered an Order approving the Solicitation Motion [Docket No. 614] (the "Solicitation Order").

14. The Solicitation Order, among other things, approved the Adequacy of Disclosures in the Combined Disclosure Statement and Plan of Liquidation on an Interim Basis, scheduled a Confirmation Hearing and Deadline for Filing Objections, and Established Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Combined Plan and Disclosure Statement. As set forth in the Solicitation Order, the deadline for filing objections to the Plan was set for October 30, 2023. Additionally, the Solicitation Order scheduled a hearing to consider final

approval of the adequacy of the disclosures contained in, and confirmation of, the Plan. A hearing to consider confirmation of the Plan was scheduled for November 9, 2023, starting at 11:00 a.m. (Eastern Standard Time) (the "Confirmation Hearing"). At the Court's direction, the confirmation hearing was rescheduled for November 21, 2023 at 10:00 a.m.

15. In compliance with the Solicitation Procedures Order, on September 29, 2023, the Committee caused copies of the following documents to be served as follows: (i) the Confirmation Hearing Notice on the creditor matrix and all other parties required to receive such notice pursuant to the Solicitation Procedures Order, (ii) Confirmation Hearing Notice, Solicitation Procedures Order, and Unimpaired Non-Voting Status Notice, (iii) Solicitation Packages consisting of the Plan, the Solicitation Procedures Order, a printed copy of the Ballots, and a pre-addressed postage prepaid return envelope on all known Holders of Claims in Class 3 (Claim of Cerberus Business Finance, LLC, as administrative agent and collateral agent for the Prepetition Secured Lenders), Class 4 (General Unsecured Claims), and Class 5 (Convenience Class Claims), (iv) the Unimpaired Non-Voting Status Notice in lieu of a Solicitation Package on all known Holders of Unimpaired Claims in Classes 1 (Priority Non-Tax Claims) and 2 (Secured Claims), and (v) the Confirmation Hearing Notice, Solicitation Procedures Order, and Impaired Non-Voting Status Notice in lieu of a Solicitation Package on all known Holders of Impaired Claims in Class 6 (Equity Interests). A Certificate of Service evidencing the service of the foregoing was filed with the Court on October 18, 2023 [Docket No. 645].

16. Pursuant to the Solicitation Order and the Confirmation Hearing Notice, the deadline for the Holders of Claims in the Voting Classes to cast their votes to accept or reject the Plan was October 26, 2023 at 4:00 p.m. (prevailing Eastern Time).

17. On November 1, 2023, the Committee filed the Declaration of Andres A. Estrada with Respect to the Tabulation of Votes on the Combined Disclosure Statement and Plan of Liquidation Dated September 25, 2023 [Docket No. 674] (the "<u>Voting Certification</u>") and containing a tabulation of all Ballots received. As more fully set forth in the Voting Certification, the tabulation of all Ballots received demonstrates acceptance of the Plan by Classes 3, 4, and 5, because holders of more than two-thirds in amount and more than one half in number of the Allowed Claims that voted on the Plan. As set forth in the Voting Certification, the only vote received in Class 3 voted to accept the Plan. Additionally, 94.87% of the Class 4 Ballots received by the Voting Agent, representing 99.92% of the amount of Class 4 claims, voted to accept the Plan, (iii) 86.89% of the Class 5 Ballots received by the Voting Agent, representing 87.36% of the amount of Class 5 claims, voted to accept the Plan.

## Combined Disclosure Statement and Chapter 11 Plan of Liquidation Dated September 25, 2023

18. Since the filing of the Plan on September 25, 2023, the Committee has received informal comments to the Plan from the United States Trustee. I understand that such objections have been resolved through language in the proposed Findings of Fact and Conclusions of Law (I) Approving Disclosure Statement on a Final Basis; and (II) Confirming Combined Disclosure Statement and Plan of Liquidation Dated September 25, 2023.

19. On the Effective Date, the Plan provides for the creation of a Liquidating Trust that will be established for the benefit of creditors holding Allowed Claims and, on the Effective Date, the Liquidating Trust Assets shall vest in the Liquidating Trust. As described in the Term Sheet, the Liquidating Trust shall be funded with the Liquidating Trust Assets, including the $375,000 Trust Funding Amount and the $2,625,000 Initial Distribution Fund by Cerberus in accordance with the Term Sheet.

20. On October 20, 2023, the Plan Proponent filed a supplement to the Plan (the "Plan Supplement") [Docket No. 649]. The Plan Supplement contained a form of the Liquidating Trust Agreement, which identifies Bradley Dietz as the proposed Liquidating Trustee and discloses his compensation as Liquidating Trustee.

### Approval of the Disclosure Statement on a Final Basis

21. The Plan which was provided to the Debtor's creditors and other parties in interest, provides holders of Claims and Interests with adequate information with respect to such Claims and Interests, to enable those holders of claims and interests sufficient information to make an informed decision whether to vote to accept or reject the Plan and satisfies the requirements of Section 1125 of the Bankruptcy Code

22. Among other things, the Plan provides Holders of Claims and Interests in these Chapter 11 Cases with information about, among other things: (i) the circumstances that gave rise to the filing of the Debtors' bankruptcy petitions; (ii) an estimate of the Estates' assets and liabilities; (iii) the Debtors' actions and conditions during these Chapter 11 Cases, including the sale of substantially all of the Debtors' assets; (iv) the proposed treatment of Claims and Interests under the Plan and likely distributions to be received on account of each Class of Claims and Interests under the Plan; (v) an analysis as to the distributions creditors would receive from the Debtors' Estates if they were liquidated under Chapter 7 of the Bankruptcy Code; (vi) a summary of what remaining assets are left to be liquidated by the Liquidating Trust after the Effective Date; (vii) a disclaimer stating that no statements or information regarding the Debtors, their assets or securities are authorized, other than those included in the Plan; (viii) the relevant sources of information contained in the Plan; (ix) information regarding the Liquidating Trust, including the identity of the Liquidating Trustee and its compensation; (x) financial information necessary to

allow a creditor to decide whether to approve or reject the Plan; (xi) information regarding the risks being taken by the Holders of Claims and Interests prior to voting; (xii) a description of potential avoidance actions and non-bankruptcy litigation that will become Liquidating Trust Assets; (xiii) the right and ability of the Liquidating Trustee to collect, market for sale, liquidate, assert, compromise or dispose of the Liquidating Trust Assets, including certain Causes of Action without further notice to Creditors or Interest Holders or authorization of the Bankruptcy Court; (xiv) certain tax considerations under the Plan; (xv) conspicuous language containing releases, exculpation and limitation of liabilities and the injunction to be entered by and in connection with the Plan; and (xvi) such other and further information that informs Holders of Claims and Interests of their rights arising from and relating to the Plan.

23. Based upon the disclosure of information set forth therein, I believe that the Plan provides Holders of Claims and Interests with adequate information with respect to such Claim and Interest, to enable those Holders of Claims and Interests sufficient information to make an informed decision whether to vote to accept or reject the Plan and satisfies the requirements of Section 1125 of the Bankruptcy Code.

## COMPLIANCE WITH THE BANKRUPTCY CODE

a. <u>Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(1))</u>. I believe that the Plan complies with the requirements of the Bankruptcy Code.

b. <u>Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1))</u>. Article IV of the Plan designates six (6) Classes of Claims and Equity Interests. I am familiar with the classification of Claims and Equity Interests in the Plan, and I believe that such classification system is based upon the legal nature and relative rights of such Claims and Equity Interests and is not proposed for any improper purposes. Each Class contains only Claims or Equity Interests that are substantially similar to other Claims and Equity Interests therein. Additionally, Article IV of the Plan designates

8

(but does not classify) certain Claims under sections 507(a)(2) and 507(a)(8), including Administrative Claims, Priority Tax Claims, and Professional Fee Claims.

    c.    <u>Specified Treatment of Unimpaired Claims (11 U.S.C. §§ 1123(a)(2), (3))</u>. Article IV of the Plan specifies whether each Class of Claims and Equity Interests is impaired or unimpaired under the Plan.

    d.    <u>No Discrimination (11 U.S.C. § 1123(a)(4))</u>. Pursuant to the Plan, the treatment of each Claim or Equity Interest in each particular Class is afforded the same treatment as each other Claim or Equity Interest in such Class, unless the Holder of a particular Claim or Equity Interest has agreed to a less favorable treatment of such particular Claim or Equity Interest.

    e.    <u>Implementation of the Plan (11 U.S.C. § 1123(a)(5))</u>. Article VI and various other provisions of the Plan provide an adequate and proper means for the implementation of the Plan. Specifically, Section 6.01 of the Plan provides, among other things, (i) the vesting of all property of the Debtors' estates to the Liquidating Trust, free and clear of all Claims, liens, charges, other encumbrances, Interests, or other interests, to be administered by the Liquidating Trustee; and (ii) that, upon the Effective Date, the Liquidating Trustee is authorized to execute, deliver, file, or record such contracts, instruments, releases, and other agreements or documents and to take such actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan.

    f.    <u>Nonvoting Equity Securities (11 U.S.C. § 1123(a)(6))</u>. The Plan is a liquidating plan that calls for the dissolution of the Debtors. Accordingly, Section 1123(a)(6) of the Bankruptcy Code is not applicable.

    g.    <u>Impairment of Classes (11 U.S.C. § 1123(b)(1))</u>. Article IV of the Plan impairs or leaves unimpaired, as the case may be, each Class of Claims or Interests under the Plan.

h. <u>Treatment of Executory Contracts and Unexpired Leases (11 U.S.C. § 1123(b)(2))</u>. Pursuant to Section 7.01 of the Plan, provides that any Executory Contract not previously assumed, assigned and sold or rejected by the Debtors may be assumed, assigned and sold, or rejected by the Liquidating Trustee as provided in such Article VII. Such treatment satisfies Section 1123(b)(2) of the Bankruptcy Code.

i. <u>Section 1123(b)(6) of the Bankruptcy Code</u>. Pursuant to section 1123(b)(6) of the Bankruptcy Code, the Plan may include any other appropriate provision that is not inconsistent with any applicable provisions of the Bankruptcy Code. Pursuant to this section, the Plan contains release and exculpation provisions that are integral components of the Plan. Based on my knowledge of the release and exculpation provisions set forth in Article IX of the Plan, these provisions are fair and reasonable, supported by consideration, and necessary to the realization of the Plan and the value realized thereunder. Accordingly, it is my understanding that such provisions are not inconsistent with any applicable provision of the Bankruptcy Code and should be approved.

j. <u>Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(2))</u>. To the best of my knowledge, the Committee, as the Plan Proponent, has complied with all applicable provisions of the Bankruptcy Code with respect to the Plan and the solicitation of acceptances or rejections thereof. In particular, the Plan complies with the requirements of sections 1125 and 1126 of the Bankruptcy Code, and as set forth the Service Affidavit, the Plan Proponent has caused service of the Plan and solicitation materials.

k. <u>Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3))</u>. To the best of my knowledge, the Plan Proponent has not engaged in any collusive or unfair conduct in connection with the Plan. The Plan was negotiated at arms-length by the Committee, and certain other

10

creditors and parties in interest, and without collusion with any person or entity. The Plan has been proposed in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code. The unanimous support for the Plan by the Holder of a Claim in Class 3 and the affirmative votes by Holders of claims in Classes 4 and 5 in support of confirmation further demonstrates that the Plan was proposed in good faith.

l. <u>Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4))</u>. To the best of my knowledge, no payment for services or costs and expenses in connection with the Chapter 11 Cases, or in connection with the Plan and incident to the Chapter 11 Cases, has been or will be made, other than payments that have been authorized by an order of the Court, including without limitation by the confirmation of the Plan by this Confirmation Order.

m. <u>Liquidating Trustee, Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5))</u>. The identity, affiliations, and compensation of the Liquidating Trustee proposed to serve after the Effective Date have been fully disclosed in the Plan Supplement.

n. <u>No Rate Changes (11 U.S.C. § 1129(a)(6))</u>. The Plan does not provide for rate changes subject to the jurisdiction of any governmental regulatory agency.

o. <u>Best Interests of Creditors Test (11 U.S.C. § 1129(a)(7))</u>. With respect to each impaired Class, each Holder of a Claim or Equity Interest either has accepted the Plan or will receive or retain under the Plan on account of such Claim or Equity Interest, property of a value, as of the Effective Date, that is not less than the amount that such Holder would have received or retained had the Debtor been liquidated under chapter 7 of the Bankruptcy Code on such date.

p. <u>Treatment of Administrative and Tax Claims (11 U.S.C. § 1129(a)(9))</u>. The Plan provides treatment for Allowed Administrative Claims and Allowed Priority Tax Claims that is consistent with the requirements of section 1129(a)(9) of the Bankruptcy Code. Unless otherwise

11

agreed to, the Holder of each Allowed Administrative Claim and Allowed Priority Tax Claim will receive full payment in Cash on account of such Claim within the prompt timeframe specified in the Plan with respect to such Claim. Accordingly, the Plan satisfies section 1129(a)(9) of the Bankruptcy Code.

    q.    <u>Acceptance by Impaired Classes (11 U.S.C. § 1129(a)(10))</u>. The Voting Declaration sets forth the tabulation of votes and demonstrates that such tabulation was conducted in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Procedures Order. Specifically, the Plan has been accepted by Classes 3, 4 and 5, each of which are Impaired under the Plan, determined without including the acceptance of the Plan by any insider. All of the Class 3 Ballots received by the Voting Agent voted to accept the Plan. 94.87% of the Class 4 Ballots received by the Voting Agent, representing 99.92% of the amount of Class 4 claims, voted to accept the Plan, (iii) 86.89% of the Class 5 Ballots received by the Voting Agent, representing 87.36% of the amount of Class 5 claims, voted to accept the Plan. Accordingly, the Plan satisfies section 1129(a)(10) of the Bankruptcy Code.

    r.    <u>Feasibility (11 U.S.C. § 1129(a)(11))</u>. The Plan itself calls for liquidation of the Debtors. Therefore, confirmation of the Plan is not likely to be followed by the need for further financial reorganization of the Debtors, thereby satisfying (or eliminating the need to consider) section 1129(a)(11) of the Bankruptcy Code.

    s.    <u>Payment of Fees (11 U.S.C. § 1129(a)(12))</u>. As set forth in in Section 13.15 of the Plan (as modified by Paragraph 30 of this Order), all fees payable pursuant to section 1930(a) of the Judicial Code shall be paid as provided therein.

t.  <u>Retiree Benefits (11 U.S.C. § 1129(a)(13))</u>.  The Plan does not modify retiree benefits (as such term is defined under section 1114 of the Bankruptcy Code), if any.  Thus, the Plan complies with Section 1129(a)(13) of the Bankruptcy Code.

u.  <u>Domestic Support Obligation (11 U.S.C. § 1129(a)(14))</u>.  The Debtors are not required to pay any domestic support obligations.  Therefore, 11 U.S.C. § 1129(a)(14) is inapplicable.

v.  <u>Individual Debtor Requirements (11 U.S.C. § 1129(a)(15))</u>.  The Debtors were not individuals.  Therefore, 11 U.S.C. § 1129(a)(15) is inapplicable.

w.  <u>Identification of Plan Proponents (Fed. R. Bankr. P. 3016(a))</u>.  As required by Bankruptcy Rule 3016(a), the Plan is dated and identifies the Committee as the sole proponent of the Plan.

x.  <u>Fair and Equitable; No Unfair Discrimination (11 U.S.C. § 1129(b))</u>.  The Plan satisfies all of the applicable requirements of section 1129(a) of the Bankruptcy Code other than section 1129(a)(8).  The Holders of Classes 3, 4, and 5 each voted to accept the Plan. Under the Plan, Interests (Class 6) are not receiving a distribution or retaining any property, and consequently, are deemed to have rejected the Plan.  Pursuant to section 1129(b)(1) of the Bankruptcy Code, the Plan may still be confirmed, notwithstanding that not all impaired Classes have voted to accept the Plan, if the Plan is fair and equitable with respect to, and does not unfairly discriminate against, such Classes.  Here, all Interests in Class 6 (Interests) are deemed cancelled. Accordingly, it is my understanding that the Plan is fair and equitable with respect to such Classes and does not unfairly discriminate against such Classes.  Therefore, the Plan complies with section 1129(b) of the Bankruptcy Code and Class 6 (Interests) were deemed to have rejected the Plan.

16412162/1

   y. <u>Principal Purpose of Plan (11 U.S.C. § 1129(d))</u>.  The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933.

   z. <u>Section 1129(c) – Only One Plan</u>.  Other than the Plan, no plan has been filed in these Chapter 11 Cases and neither the Debtors, the Committee, nor any other party is presently seeking confirmation of any plan other than the Plan.  Therefore, the Plan complies with section 1129(c) of the Bankruptcy Code.

   aa. <u>Compliance with Bankruptcy Rule 3016(c)</u>.  In accordance with Bankruptcy Rule 3016(c), the Plan describes in specific and conspicuous bold language all acts to be enjoined and identifies the entities that would be subject to the injunction to the extent required thereunder.

## THE RELEASES AND EXCULPATION PROVISIONS

24. The Plan provides releases and exculpation to very few parties, and the Plan contains no third-party releases.

25. Specifically, the releases set forth in the Section 9.01 of the Plan, provide that the Debtors and their respective Estates, shall release, waive, and discharge unconditionally and forever the Wind-Down Manager from any and all claims, causes of action, and liabilities whatsoever (including those arising under the Bankruptcy Code), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising in law, equity, or otherwise, based in whole or in part on any act, omission, transaction, event or other occurrence: in connection with or arising from the Debtors' Chapter 11 Cases, the pursuit of confirmation of the Plan, the Consummation thereof, the administration thereof or the property to be distributed thereunder; provided, that the foregoing shall not operate as a waiver of or release from any causes of action resulting from the willful misconduct, actual fraud, or gross negligence.  Nothing in this Plan or in the Confirmation

Order shall be deemed to release the Debtors and their Insiders, members, shareholders, representatives, advisors, employees, agents or other professionals.

26. Similarly, Section 9.03 of the Plan, titled, "Exculpation and Limitation of Liability," is intentionally limited in breadth, temporally, and scope. First, the Exculpated Parties, which are defined as the follows: (in each case in its capacity as such): (i) the Debtors, (ii) the Committee, (iii) the Prepetition Secured Parties, (iv) members of the Committee, solely in their capacity as such, (v) the Debtors' officers and managers who served or were employed by the Debtors during the Chapter 11 Cases, (vi) the Wind-Down Manager, (vii) any professional retained by the foregoing entities, and (viii) with respect to each of the foregoing, such Entities' successors and assigns.

27. Section 9.03 of the Plan expressly provides that Exculpated Parties will neither have nor incur any liability to any Entity for any claims or causes of action arising from any act taken or omitted to be taken during the Exculpation Period to the extent section 1125(e) of the Bankruptcy Code applies to such act or omission; *provided, however*, that the foregoing provisions will have no effect on the liability of any entity that results from any such act or omission that is determined in a Final Order of the Bankruptcy Court or other court of competent jurisdiction to have constituted gross negligence or willful misconduct.

28. Further, exculpation is limited temporally, and applies to actions taken or not taken between February 17, 2023, and the Plan's Effective Date. This excludes exculpation for the filing of the Chapter 11 Cases, and expressly excludes from exculpation "any action or inaction related to the commencement of the Chapter 11 Cases, including the filing of the bankruptcy petitions or any decision not to dismiss the Chapter 11 Cases."

29. I understand that the Committee, after consultation with its professionals, considered and approved the Releases and Debtors' exculpation in the sound exercise of its business judgement. Accordingly, I believe that approval of the proposed releases and exculpation represents the sound and valid exercise of the Committee's business judgment and is permissible under section 1123(b)(6) of the Bankruptcy Code and applicable law.

30. Further, I believe that the Releases and the Exculpation Provision are both appropriately tailored under the facts and circumstances of the Chapter 11 Cases. Specifically, one of the primary considerations in granting the limited releases and exculpation was to provide appropriate levels of protection to the Wind-Down Officer and other Exculpated Parties, while expressly avoiding any waiver that would adversely affect the Estates' potential claims, which were expressly preserved.

31. Accordingly, I believe that the Exculpation Provision should be approved as appropriate under section 1125(e) of the Bankruptcy Code.

## **CONCLUSION**

32. Based on the foregoing, I believe that the Plan satisfies the requirements of the Bankruptcy Code and should be confirmed.

Dated: November 14, 2023

*/s/ Conor P. Tully*
Conor P. Tully
Senior Managing Director – FTI Consulting Inc.
Financial Advisor to the Committee
