**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SL LIQUIDATION LLC, *et al.*,[1] | Case No. 23-10207 (TMH) |
| Debtors. | **Re: Docket Nos. 604, 605, 614, 645, 649, 662, 674, 676** |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**
**(I) APPROVING DISCLOSURE STATEMENT ON A FINAL BASIS;**
**AND (II) CONFIRMING COMBINED DISCLOSURE STATEMENT AND**
**PLAN OF LIQUIDATION DATED SEPTEMBER 25, 2023**

The official committee of unsecured creditors (the "Committee" or the "Plan Proponent") having filed the *Combined Disclosure Statement and Chapter 11 Plan of Liquidation dated September 25, 2023* [Docket No. 604] (together with the Plan Supplement and all exhibits and any other modifications, amendments, or supplements thereto, the "Plan");[2] the Court having entered, on September 26, 2023, the Order Granting the Motion of the Committee for an *Order (I) Approving on an Interim Basis the Adequacy of Disclosures in the Combined Plan and Disclosure Statement, (II) Scheduling the Confirmation Hearing and Deadline for Filing Objections, (III) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Third Amended Combined Plan and Disclosure Statement, and Approving the Form of Ballot and Solicitation Package, and (IV) Approving the Notice Provisions* [Docket No. 614] (the "Solicitation Procedures Order"), establishing, among other things, certain solicitation and voting tabulation procedures associated with the Plan; and the Court having conducted a hearing on November 21, 2023, to consider approval of the Disclosure Statement on a final basis and

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: SL Liquidation LLC (0378); TPP Liquidation, Inc. (5202); HTPPS Liquidation, Inc. (2594); and HGTPPS Liquidation, Inc. (1734).

[2] Capitalized terms used but not defined herein shall have the same meanings given to them in the Plan.

confirmation of the Plan (the "Confirmation Hearing"); the Court having considered: (a) the witness testimony at the Confirmation Hearing, as well as the declarations included among the exhibits admitted into evidence at the Confirmation Hearing, including the (i) *Declaration of John Pinson, Chief Executive Officer, of Stanadyne LLC, in Support of First Day Relief* [Docket No. 12] (the "First Day Declaration"); (ii) *Declaration of Conor Tully in Support of Confirmation of the Combined Disclosure Statement and Chapter 11 Plan of Liquidation Dated September 25, 2023* [Docket No. 689] (the "Tully Declaration,"), and (iii) *Declaration of Andres A. Estrada Regarding the Solicitation of Votes and Tabulation of Ballots Cast on the Combined Disclosure Statement of the Chapter 11 Plan Dated September 25, 2023* [Docket No. 674] (the "Voting Declaration," and, together with the First Day Declaration, and the Dietz Declaration, the "Declarations"); (b) the arguments of counsel and all evidence proffered or adduced at the Confirmation Hearing; (c) the resolution and settlement or overruling of any filed objections or informal comments received relating to the Plan; and (d) the additional filings made by the Committee in support of the Plan, including the affidavit of service for the Plan, the ballots and other solicitation materials [Docket No. 645] (the "Service Affidavit"); the Court being familiar with the Plan, and the relevant facts and circumstances concerning the Chapter 11 cases (the "Chapter 11 Cases") of the above-captioned debtors (the "Debtors");[3] the Court having taken judicial notice of the entire docket of the Chapter 11 Cases and all pleadings and other documents filed, all orders entered, and evidence and arguments made, proffered, or adduced at the hearings held before the Court during the Chapter 11 Cases; the Court having found that due and proper

---

[3] Pursuant to the terms of the Asset Purchase Agreement and Sale Order (each as defined in the Plan), the Debtors changed their names from Stanadyne LLC to SL Liquidation LLC, Pure Power Technologies, Inc. to TPP Liquidation, Inc., Stanadyne PPT Holdings, Inc. to HTPPS Liquidation, Inc. (2594); and Stanadyne PPT Group Holdings, Inc. to HGTPPS Liquidation, Inc, respectively. On November 16, 2023, the Court entered its Order (I) Amending Case Caption to Reflect Debtors' Change of Name and Address, and (II) Granting Related Relief [Docket No. 694], which amended the caption of the Chapter 11 Cases to reflect such name changes.

notice has been given with respect to the Confirmation Hearing and the deadlines and procedures for voting on the Plan and asserting objections to the Plan consistent with the Solicitation Procedures Order and the Bankruptcy Code; the appearance of all interested parties having been duly noted in the record of the Hearing; and upon the record of the Confirmation Hearing, and after due deliberation thereon, and sufficient cause appearing therefor

IT IS HEREBY FOUND, DETERMINED, ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

## FINDINGS OF FACT

A.    <u>Findings of Fact and Conclusions of Law</u>. The findings set forth herein and on the record of the Confirmation Hearing constitute the Court's findings of fact pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.    <u>Judicial Notice</u>. The Court takes judicial notice of the docket of the Chapter 11 Cases maintained by the Clerk of the Court, including, without limitation, all pleadings and other documents filed, all orders entered, and all evidence admitted and arguments made at the hearings held before the Court during the pendency of the Chapter 11 Cases.

C.    <u>Exclusive Jurisdiction; Core Proceeding; Venue</u>. This Court has jurisdiction over the Chapter 11 Cases and to confirm the Plan pursuant to 28 U.S.C. § 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated as of February 29, 2019. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court and in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

D.        Chapter 11 Petition. On February 16, 2023 (the "Petition Date"), the Debtors each commenced a voluntary case under Chapter 11 of the Bankruptcy Code.

E.        Eligibility for Relief. The Debtors are each an eligible debtor under section 109 of the Bankruptcy Code.

F.        Appointment of Creditors Committee.  On March 6, 2023, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed Committee.

G.        Termination of Exclusivity and Committee as Plan Proponent. On August 31, 2023, the Debtors' right to exclusivity to file a plan terminated.  The Committee is the sole proponent of the Plan under section 1121(a) of the Bankruptcy Code.

H.        Solicitation Procedures Order. On September 26, 2023, the Court entered the Solicitation Procedures Order, approving the adequacy of the Disclosure Statement on an interim basis, and establishing the procedures for solicitation of the Plan.

I.        Notice, Transmittal, and Mailing of Solicitation Materials. As evidenced by the Service Affidavit, due, adequate, and sufficient notice of the Plan, and the Confirmation Hearing, together with all deadlines for objecting to and voting to accept or reject the Plan, have been provided as required by the Solicitation Procedures Order.  No other or further notice is necessary or shall be required.

J.        Solicitation. In compliance with the Solicitation Procedures Order, on September 29, 2023, the Committee caused copies of the following documents to be served (i) the Confirmation Hearing Notice on the creditor matrix and all other parties required to receive such notice pursuant to the Solicitation Procedures Order, (ii) Confirmation Hearing Notice, Solicitation Procedures Order, and Unimpaired Non-Voting Status Notice, (iii) Solicitation Packages consisting of the Plan, the Solicitation Procedures Order, a printed copy of the Ballots, and a pre-

addressed postage prepaid return envelope on all known Holders of Claims in Class 3 (Claim of Cerberus Business Finance, LLC, as administrative agent and collateral agent for the Prepetition Secured Lenders), Class 4 (General Unsecured Claims), and Class 5 (Convenience Class Claims), (iv) the Unimpaired Non-Voting Status Notice in lieu of a Solicitation Package on all known Holders of Unimpaired Claims in Classes 1 (Priority Non-Tax Claims) and 2 (Secured Claims), and (v) the Confirmation Hearing Notice, Solicitation Procedures Order, and Impaired Non-Voting Status Notice in lieu of a Solicitation Package on all known Holders of Impaired Claims in Class 6 (Equity Interests). A Certificate of Service evidencing the service of the foregoing was filed with the Court on October 18, 2023 [Docket No. 645]. Based on the foregoing, the Court finds that (i) all persons entitled to receive notice of the Plan, and the Confirmation Hearing have received proper, timely, and adequate notice in accordance with the Solicitation Procedures Order, the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules, and have had an opportunity to appear and be heard with respect thereto; (ii) the Committee is in compliance with section 1128 of the Bankruptcy Code and Bankruptcy Rules 2002(b) and 3017(d)–(f); (iii) no other or further notice is required; and (iv) votes for acceptance and rejection of the Plan were solicited in good faith and in compliance with sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018, the Solicitation Procedures Order, all applicable provisions of the Bankruptcy Code, and all other applicable rules, laws, and regulations.

K.     <u>Vote Certification</u>. All procedures used to tabulate the Ballots were fair and conducted in accordance with the Solicitation Procedures Order, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and all other applicable rules, laws, and regulations. As evidenced by the Voting Declaration, the only classes eligible to vote whether to accept or reject the Plan, Classes 3, 4 and 5 voted to accept the Plan.  Specifically, (i) all of the Class 3 Ballots

received by the Voting Agent voted to accept the Plan; (ii) 94.87% of the Class 4 Ballots received by the Voting Agent, representing 99.92% of the amount of Class 4 claims, voted to accept the Plan; and (iii) 86.89% of the Class 5 Ballots received by the Voting Agent, representing 87.36% of the amount of Class 5 claims, voted to accept the Plan and, according to the Solicitation Procedures Order, the Plan is deemed accepted by the Holders of such Claims in such Class.

L.    Plan Supplement. On October 20, 2023, the Committee filed the *Plan Supplement* [Docket No. 649], which included the form of Liquidating Trust Agreement. All information and documents included in the Plan Supplement and the amendments thereto are integral to, part of, and incorporated by reference into the Plan. The Plan Supplement complies with the terms of the Plan, and the filing and notice of such documents provided due, adequate, and sufficient notice in accordance with the Solicitation Procedures Order, the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and no other or further notice is necessary or shall be required. Consistent with the terms of the Plan, the Committee reserves its right to alter, amend, update, or modify the Plan Supplement before the Effective Date.

M.    Bankruptcy Rule 3016. The Plan is dated and identifies its proponent in accordance with Bankruptcy Rule 3016(a), and the Disclosure Statement satisfies Bankruptcy Rule 3016(b).

N.    Liquidating Trust. Entry into the Liquidating Trust Agreement is in the best interests of the Debtors, their Estates, and Holders of Claims. The establishment of the Liquidating Trust, the selection of the Liquidating Trustee, and the form of the proposed Liquidating Trust Agreement (as it may be modified or amended in accordance with the terms thereof) are appropriate and in the best interests of the Debtors, their Estates, and Holders of Claims. The Liquidating Trust Agreement will, upon execution, be valid, binding, and enforceable in accordance with its terms.

The Liquidating Trustee is not, and will not be deemed to be, successor-in-interest of the Debtors for any purposes other than as expressly set forth in the Plan or in the Liquidating Trust Agreement.

## I.   The Plan Satisfies Section 1125 of the Bankruptcy Code

O.   The Plan provides Holders of Claims and Interests in the Chapter 11 Cases with information, including among other things: (i) the circumstances that gave rise to the filing of the Debtors' bankruptcy petitions; (ii) an estimate of the Estates' assets and liabilities; (iii) the Debtors' actions and conditions during the Chapter 11 Cases, including the sale of substantially all of the Debtors' assets; (iv) the proposed treatment of Claims and Interests under the Plan and likely distributions to be received on account of each Class of Claims and Interests under the Plan; (v) an analysis as to the distributions creditors would receive from the Debtors' Estates if they were liquidated under Chapter 7 of the Bankruptcy Code; (vi) a summary of what remaining assets are left to be liquidated by the Liquidating Trust after the Effective Date; (vii) a disclaimer stating that no statements or information regarding the Debtors, their assets or securities are authorized, other than those included in the Plan; (viii) the relevant sources of information contained in the Plan; (ix) information regarding the Liquidating Trust, including the identity of the Liquidating Trustee and its compensation; (x) financial information necessary to allow a creditor to decide whether to approve or reject the Plan; (xi) information regarding the risks being taken by the Holders of Claims and Interests prior to voting; (xii) a description of potential avoidance actions and nonbankruptcy litigation that are Liquidating Trust Assets; (xiii) the right and ability of the Liquidating Trustee to  collect, market for sale, liquidate, assert, compromise or dispose of the Liquidating Trust Assets, including certain Causes of Action without further notice to Creditors or Interest Holders or authorization of the Bankruptcy Court; (xiv) certain tax considerations under the Plan; (xv) conspicuous language containing releases, exculpation and limitation of liabilities and the injunction to be entered by and in connection with the Plan; and (xvi) such other and further

7

information that informs Holders of Claims and Interests of their rights arising from and relating to the Plan.

P.      The Plan provides Holders of Claims and Interests with adequate information with respect to such Claim and Interest, to enable those Holders of Claims and Interests sufficient information to make an informed decision whether to vote to accept or reject the plan and satisfies the requirements of Section 1125 of the Bankruptcy Code.

## II.    Compliance with Section 1129 of the Bankruptcy Code

Q.      Section 1129(a)(1). The Plan complies with section 1129(a)(1) of the Bankruptcy Code, as the Plan complies with each applicable provision of the Bankruptcy Code. In particular, the Plan complies with the requirements of sections 1122 and 1123 of the Bankruptcy Code as follows:

(i)     In accordance with section 1122(a) of the Bankruptcy Code, (a) Article IV of the Plan classifies Claims and Equity Interests into six (6) separate Classes reflecting the differing characteristics of those Claims and Equity Interests between Classes and the distinct legal rights of the holders of those Claims and Equity Interests in the separate Classes; and (b) the Claims and Equity Interests within each Class are substantially similar to the other Claims or Equity Interests within the same Class.

(ii)    In accordance with section 1123(a)(1) of the Bankruptcy Code, Article IV of the Plan properly classifies all Claims and Equity Interests that require classification.

(iii)   In accordance with section 1123(a)(2) of the Bankruptcy Code, Article IV of the Plan properly identifies and describes that Classes 1 and 2 are not impaired under the Plan and are deemed to accept.

(iv)    In accordance with section 1123(a)(3) of the Bankruptcy Code, Article IV of the Plan properly identifies and describes that Classes 3, 4 and 5 are impaired under the Plan are entitled to vote,

(v)     In accordance with section 1123(a)(3) of the Bankruptcy Code, Article IV of the Plan properly identifies and describes that Class 6 is impaired under the Plan and is deemed to reject the Plan and not entitled to vote.

(vi)    In accordance with section 1123(a)(4) of the Bankruptcy Code, Article IV of the Plan treats each Claim or Equity Interest against the Debtors, in each respective Class, the same as each other Claim or Interest in such Class.

(vii)   In accordance with section 1123(a)(5) of the Bankruptcy Code, the Plan provides adequate means for its implementation, including, without limitation, (a) the

8

vesting of the Estates' assets in the Liquidating Trust, (b) the appointment and powers of the Liquidating Trustee, (c) the establishment and funding of the Liquidating Trust, and (d) the distribution to be received by the Liquidating Trust on account of Allowed Claims.

(viii)   The documents included in the Plan Supplement, conform to section 1123(a)(6) of the Bankruptcy Code's prohibition on the issuance of non-voting equity securities.

(ix)    Section 6.01 of the Plan provides for the creation of the Liquidating Trust, the appointment of the Liquidating Trustee and the Oversight Committee to serve with respect to the Liquidating Trust, including with the authority set forth therein and in the Liquidating Trust Agreement.  The Liquidating Trustee was selected as part of the Term Sheet approved in connection with the Sale Order, along with the setting of Liquidating Trustee's compensation and any successor Liquidating Trustee will be appointed as provided in the Liquidating Trust Agreement.  The selection, disclosure and replacement mechanisms are consistent with the interests of Holders of Claims and Equity Interests and with public policy.  Thus section 1123(a)(7) of the Bankruptcy Code is satisfied.

(x)     Section 1123(a)(8) of the Bankruptcy Code is not applicable in the Chapter 11 Cases because the Debtors are not an "individual."

(xi)    Consistent with section 1123(b)(1) of the Bankruptcy Code, Article IV of the Plan impairs or leaves unimpaired, as the case may be, each Class of Claims.

(xii)   Consistent with section 1123(b)(2) of the Bankruptcy Code, Article VII of the Plan provides that any Executory Contract not previously assumed, assigned and sold or rejected by the Debtors may be assumed, assigned and sold, or rejected by the Liquidating Trustee as provided in such Article VII.

(xiii)  Consistent with section 1123(b)(3) of the Bankruptcy Code, (a) Article VI of the Plan provides for the retention of Causes of Action by the Debtors (other than those that constitute claims that were previously waived, exculpated, released, compromised, or otherwise settled, or are Purchased Assets under the Sale Order or Term Sheet) and transfer all Retained Causes of Action to the Liquidating Trust; (b) Section 8.01 of the Plan provides, among other things, for the pursuit of certain claim objections by the Liquidating Trust (including Professional Fee Claims) and for authority to settle claims and controversies relating to the rights that holders of Claims or Equity Interests may have with respect to any Allowed Claims or Equity Interests or any distributions made pursuant to the Plan on account of such Allowed Claims or Equity Interests.

(xiv)   Consistent with Section 1123(b)(4) of the Bankruptcy Code, the Plan establishes a Liquidating Trust and provides for the orderly liquidation of all of the Estates' Assets and the distribution of the proceeds thereof to Holders of Claims.

(xv)    Consistent with section 1123(b)(5) of the Bankruptcy Code, the Plan permissibly modifies the rights of holders of unsecured claims.

(xvi)   Consistent with section 1123(b)(6) of the Bankruptcy Code, the Plan includes additional appropriate provisions that are not inconsistent with applicable provisions of the Bankruptcy Code, including, without limitation, (a) Section 8.01

establishing procedures for resolving Disputed Claims and governing distributions on account of Allowed Claims; (b) Section 6.01, providing for the preservation of certain causes of action, the settlement of certain claims and controversies and related releases and injunctions against certain actions; and (c) Article XII, providing for the retention of jurisdiction by the Court over certain matters after the Effective Date.

(xvii)    Section 1123(c) of the Bankruptcy Code is not applicable in the Chapter 11 Cases because the Debtors are not an "individual."

R.    <u>Section 1129(a)(2)</u>. The Plan Proponent has complied with all applicable provisions of the Bankruptcy Code with respect to the Plan and the solicitation of acceptances or rejections thereof. In particular, the Plan complies with the requirements of sections 1125 and 1126 of the Bankruptcy Code, and as set forth the Service Affidavit, the Plan Proponent has caused service of the Plan and solicitation materials.

S.    <u>Section 1129(a)(3)</u>. The Plan Proponent has not engaged in any collusive or unfair conduct in connection with the Plan. The Plan was negotiated at arms-length by the Committee, and certain other creditors and parties in interest, and without collusion with any person or entity. The Plan has been proposed in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code. The unanimous support for the Plan by the Holder of a Claim in Class 3 and the affirmative votes by Holders of claims in Classes 4 and 5 in support of confirmation further demonstrates that the Plan was proposed in good faith.

T.    <u>Section 1129(a)(4)</u>. No payment for services or costs and expenses in connection with the Chapter 11 Cases, or in connection with the Plan and incident to the Chapter 11 Cases, has been or will be made, other than payments that have been authorized by an order of the Court, including without limitation by the confirmation of the Plan by this Confirmation Order.

U.    <u>Section 1129(a)(5)</u>. The identity and affiliations of the individual that will serve as Liquidating Trustee has been disclosed in the Plan and Plan Supplement, in satisfaction of section 1129(a)(5)(A)(i) of the Bankruptcy Code. Further, in accordance with section 1129(a)(5)(A)(ii) of

the Bankruptcy Code, the appointment of the Liquidating Trustee is consistent with the interests of creditors and with public policy since no objection to the proposed Liquidating Trustee was received.  In accordance with section 1129(a)(5)(B), the Plan and Plan Supplement disclosed that Bradley Dietz, who was retained by the Debtors after the Petition Date as the Wind-Down Manager of the Debtors, will be employed or retained by the Liquidating Trust.  Further, the Plan Supplement disclosed Mr. Dietz's compensation as Liquidating Trustee

V.      Section 1129(a)(6). The Plan does not provide for any changes in rates that require regulatory approval of any governmental agency. As such, section 1129(a)(6) of the Bankruptcy Code is inapplicable in the Chapter 11 Cases.

W.      Section 1129(a)(7). Each Holder of an Impaired Claim or Equity Interest that has not accepted or is deemed to have not accepted the Plan will, on account of such Claim or Equity Interest, receive or retain property under the Plan having a value, as of the Effective Date, that is not less than the amount that such Holder would receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code on the Effective Date, as evidenced by the Liquidation Analysis filed as an exhibit to the Plan. The Plan Proponent has demonstrated that the Plan is in the best interests of its creditors.

X.      Section 1129(a)(8). Five (5) of the six (6) Classes under the Plan have either voted to accept the Plan, are deemed to have accepted the Plan, or are unimpaired under the Plan.  Holders of Claims in Classes 1 and 2 are unimpaired and deemed to accept, Holders of Claims in Class 3 have unanimously voted to accept the Plan, and Holders of Claims in Classes 4 and 5 voted to accept the Plan.  Holders of Interests in Class 6 are deemed to reject.  Nevertheless, with respect to Class 6, the Plan is confirmable because it satisfies section 1129(b)(1) of the Bankruptcy Code with respect to such non-accepting Class.

Y.      <u>Section 1129(a)(9)</u>. The Plan provides treatment for Allowed Administrative Claims and Allowed Priority Tax Claims that is consistent with the requirements of section 1129(a)(9) of the Bankruptcy Code. Unless otherwise agreed to, the Holder of each Allowed Administrative Claim and Allowed Priority Tax Claim will receive full payment in Cash on account of such Claim within the prompt timeframe specified in the Plan with respect to such Claim.

Z.      <u>Section 1129(a)(10)</u>. The Voting Declaration sets forth the tabulation of votes and demonstrates that such tabulation was conducted in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Procedures Order.  Further, the Court finds that, based on the foregoing, the Plan Proponent solicited votes with respect to the Plan in good faith and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Procedures Order, and the Plan has been accepted by Classes 3, 4 and 5, each of which are Impaired under the Plan, determined without including the acceptance of the Plan by any insider.

AA.     <u>Section 1129(a)(11)</u>. As evidenced by the Confirmation Declaration, together with any additional evidence admitted at the Confirmation Hearing, the Plan is feasible and complies with section 1129(a)(11) of the Bankruptcy Code.

BB.     <u>Section 1129(a)(12)</u>. As set forth in in Section 13.15 of the Plan (as modified by Paragraph 29 of this Order), all fees payable pursuant to section 1930(a) of the Judicial Code shall be paid as provided therein.

CC.     <u>Section 1129(a)(13)</u>. The Plan does not modify retiree benefits (as such term is defined under section 1114 of the Bankruptcy Code), if any.  Thus, the Plan complies with Section 1129(a)(13) of the Bankruptcy Code.

16376561/5

DD.    <u>Sections 1129(a)(14)-(16)</u>. Sections 1129(a)(14)-(16) of the Bankruptcy Code apply to individuals or nonprofit entities and are not applicable to the Chapter 11 Cases.

EE.    <u>Section 1129(b)</u>. The Plan does not "discriminate unfairly" with respect to Class 6, which is the only Impaired Class under the Plan that has not accepted the Plan. In addition, the Plan is "fair and equitable" under section 1129(b) of the Bankruptcy Code with respect to Class 6 because no Holder of an interest that is junior to the Equity Interests in Class 6 is receiving or retaining any property under the Plan on account of such interest. Thus, the Plan may be confirmed notwithstanding the deemed rejection of the Plan by Class 6.

FF.    <u>Section 1129(c)</u>. The Plan is the only plan that has been filed in the Chapter 11 Cases and it is the only plan that has been found to satisfy the requirements of subsections (a) and (b) of section 1129 of the Bankruptcy Code. Accordingly, the requirements of section 1129(c) of the Bankruptcy Code have been satisfied.

GG.    <u>Section 1129(d)</u>. No party in interest, including but not limited to any governmental unit, has requested that the Court deny confirmation of the Plan on grounds that the principal purpose of the Plan is "the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933," and the principal purpose of the Plan is not such avoidance. Accordingly, the Plan satisfies the requirements of section 1129(d) of the Bankruptcy Code.

HH.    <u>Section 1129(e)</u>. These Chapter 11 Cases are not "small business cases" and Section 1129(e) of the Bankruptcy Code does not apply.

III.    **Means for Implementation of the Plan**

II.    <u>Implementation</u>. The various means for implementation of the Plan, as set forth in Article VI and other provisions of the Plan (collectively, the "<u>Implementation Activities</u>"), have been designed and proposed in good faith. The Implementation Activities are adequate and will promote the maximization of the value of the ultimate recoveries under the Plan in a fair and

equitable manner in accordance with the priorities established by the Bankruptcy Code. The Implementation Activities are not intended to hinder, delay, or defraud any entity to which the Debtors is indebted on the Effective Date. Pursuant to Section 6.01 of the Plan, on the Effective Date, all property of the Debtors' Estates that constitute Liquidating Trust Assets, shall vest in the Liquidating Trust, free and clear of all Claims, liens, charges, other encumbrances, Interests or other interests. On and after the Effective Date, the Liquidating Trustee, in consultation with the Oversight Committee, may collect, market for sale, liquidate, compromise or dispose of Liquidating Trust Assets without Bankruptcy Court approval, subject to the terms of the Plan, the Confirmation Order, and the Liquidating Trust Agreement.

JJ.    Securities Exempt from Registration. The undertakings and obligations of the Debtors will not require the issuance of new securities, and therefore there are no issues with respect to section 1145 of the Bankruptcy Code, from Section 5 of the Securities Act of 1933 and from any and all federal, state, or local laws requiring the registration of the offer, sale or other distribution of such securities by the Debtors.

KK.    Executory Contracts.   As set forth in Section 7.01 of the Plan, except for any Executory Contracts or Unexpired Leases of the Debtors: (i) that was rejected by an Order of the Bankruptcy Court, pursuant to section 365 of the Bankruptcy Code; (ii) that was assumed and assigned or assumed, assigned and sold; or (iii) as to which a motion for approval of the assumption or rejection of such Executory Contract or Unexpired Leases has been Filed and served prior to, and remains pending on the Effective Date, all Executory Contracts or Unexpired Leases shall be subject to the rights of the Purchaser with respect to the Designation Rights as set forth in the Asset Purchase Agreement and the Sale Order, which shall allow the Purchaser to designate Executory Contracts or Unexpired Leases for assumption, assignment and sale or rejection. After the

14

Effective Date, the Liquidating Trustee shall assume, assign, and sell to the Purchaser those Executory Contracts or Unexpired Leases that the Purchaser designates as Assigned Contracts (as defined in the Asset Purchase Agreement). All costs associated with such Executory Contracts and Unexpired Leases, including amounts that come due thereunder, and the costs incurred in connection with assumption or rejection thereof (including professional fees) shall be borne by the Purchaser. If the Purchaser does not designate an Executory Contract or Unexpired Lease for assumption or rejection by the applicable Designation Deadline (as defined in the Asset Purchase Agreement), the Liquidating Trustee shall have the discretion whether or not to assume or reject the Executory Contract or Unexpired Lease.   As set forth in Section 7.02 of the Plan, all insurance policies that comprise Excluded Assets (as defined in the Asset Purchase Agreement) shall be deemed to be Executory Contracts and shall be deemed assumed by the Debtors and/or Liquidating Trust on the Effective Date as set forth therein.

LL.    <u>Injunctions, Releases, and Discharge</u>. The Court has jurisdiction under sections 1334(a) and (b) of title 28 of the United States Code and sections 105, 524, and 1141 of the Bankruptcy Code to approve the provisions with respect to the releases, exculpation, and injunction set forth in Article IX of the Plan.  Based upon the record of the Chapter 11 Cases and the evidence admitted at or prior to the Confirmation Hearing, this Court finds that the releases, injunctions, and exculpations set forth in Article IX of the Plan are consistent with the Bankruptcy Code and applicable law.

MM.    <u>Other Findings</u>. To permit the Liquidating Trustee to commence his duties as quickly as practicable, to promote prompt distributions under the Plan and Liquidating Trust Agreement for the benefit of creditors and because a significant number of Implementation

Activities are capable of being undertaken in short order, good cause exists to support the waiver of the stay imposed by Bankruptcy Rule 3020(e).

## **CONCLUSIONS OF LAW**

1.     <u>Disclosure Statement</u>.  The Disclosure Statement is **APPROVED** on a final basis.

2.     <u>Confirmation</u>. All requirements for confirmation of the Plan have been satisfied. The Plan is **CONFIRMED** in its entirety pursuant to section 1129 of the Bankruptcy Code. The terms of the Plan, exhibits to the Plan, the Plan Supplement, and any other documents filed in connection with the Plan and/or executed or to be executed in connection with the transactions contemplated by the Plan, and all amendments and modifications thereof, are expressly incorporated into, and form an integral part of, this Confirmation Order. A copy of the Plan in the form confirmed is attached hereto as **<u>Exhibit A</u>**.

3.     <u>Objections</u>. All objections that have not been withdrawn or resolved prior to the entry of this Confirmation Order, including any with respect to the Plan, are overruled in all respects for the reasons set forth in the record of the Confirmation Hearing, which record is incorporated herein, and all withdrawn objections, if any, are deemed withdrawn with prejudice.

4.     <u>Omission of Reference to Particular Plan Provisions</u>. The failure to specifically describe or include any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Plan be approved and confirmed in its entirety.

5.     <u>Implementation</u>. The Debtors are authorized and directed to execute, deliver, file or record such documents, contracts, instruments, releases and other agreements, and take such other actions as may be necessary to effectuate, implement and further evidence the terms and conditions of the Plan, including all such actions delineated in Article VI of the Plan and this

Confirmation Order. On the Effective Date, the Liquidating Trustee shall be authorized to execute, deliver, file or record such contracts, instruments, releases, consents, certificates, notices, resolutions, programs, and other agreements, instruments and/or documents, and take such acts and actions as may be reasonably necessary or appropriate to effectuate, implement, substantially consummate and/or further evidence the terms and conditions of the Plan and this Confirmation Order and any transactions described in or contemplated thereby.

6.    <u>Effective Date</u>. The Effective Date of the Plan shall occur on the date determined by the Plan Proponent when the conditions set forth in Article X of the Plan have been satisfied or, if applicable, waived in accordance with the Plan; provided that in accordance with Section 10.03 of the Plan, waiver of any of the conditions set forth in Sections 10.01, 10.02 (a) and (d) (with respect only to the Liquidating Trust Agreement) of the Plan shall also require the written consent of Cerberus.

7.    <u>Modifications or Alterations to Plan</u>. The modifications made to the Plan since solicitation (i) comply in all respects with section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, (ii) do not adversely affect the treatment of any Holder of Allowed Claims without their consent and (III) do not require re-solicitation of votes with respect to the Plan.

8.    <u>Binding Effect of Plan</u>. Subject to the occurrence of the Effective Date, the provisions of the Plan and this Confirmation Order shall be binding upon: (a) the Debtors; (b) the Committee, (c) the Liquidating Trust and the Liquidating Trustee; (d) all Professionals; (e) any and all non-Debtor parties to judicial or administrative proceedings in which the Debtor is a party; (f) any and all Holders of Claims, including Holders of Administrative Expenses, or Equity Interests (irrespective of (i) whether such Claims or Equity Interests are Impaired under the Plan, (ii) whether the Holders of such Claims or Equity Interests accepted, rejected, or are deemed to

16376561/5

have accepted or rejected the Plan, or (iii) whether such Claims or Equity Interests have been asserted in a filed proof of claim, proof of interest, request for administrative expense payment or other pleading or filing); (g) any and all non-Debtor parties to Executory Contracts with one or more of the Debtors; (h) any party that had received or may be deemed to have received notice of the Plan and the Confirmation Hearing; and (i) the respective heirs, executors, administrators, trustees, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, guardians, successors or assigns, if any, of any of the foregoing, in their capacity as such.  All settlements, compromises, releases, waivers, exculpations, and injunctions set forth in the Plan shall be, and hereby are, effective and binding on all Persons who may have had standing to assert any settled, released, exculpated, or enjoined causes of action, subject to the terms of Article IX of the Plan, and no other Person or entity shall possess such standing to assert such causes of action after the Effective Date.

9.      _Distributions_. Subject to the terms of the Plan, on and after the Effective Date, the Distributions on account of Allowed Claims and the resolution and treatment of Disputed Claims of the Plan are authorized to occur and, without limitation on the other provisions of the Plan and this Confirmation Order concerning the powers, duties, and authority of the Liquidating Trustee, and the Liquidating Trustee shall be authorized to effectuate such Distributions, resolution, and treatment, of Claims as allowed under the Plan

10.     _Executory Contracts_. Except for any Executory Contracts or Unexpired Leases of the Debtors: (i) that was rejected by an Order of the Bankruptcy Court, pursuant to section 365 of the Bankruptcy Code; (ii) that was assumed and assigned or assumed, assigned and sold; or (iii) as to which a motion for approval of the assumption or rejection of such Executory Contract or Unexpired Leases has been Filed and served prior to, and remains pending on the Effective Date,

all Executory Contracts or Unexpired Leases shall be subject to the rights of the Purchaser with respect to the Designation Rights as set forth in the Asset Purchase Agreement and the Sale Order, which shall allow the Purchaser to designate Executory Contracts or Unexpired Leases for assumption, assignment and sale or rejection. After the Effective Date, the Liquidating Trustee shall assume, assign, and sell to the Purchaser those Executory Contracts or Unexpired Leases that the Purchaser designates as Assigned Contracts (as defined in the Asset Purchase Agreement). All costs associated with such Executory Contracts and Unexpired Leases, including amounts that come due thereunder, and the costs incurred in connection with assumption or rejection thereof (including professional fees) shall be borne by the Purchaser. If the Purchaser does not designate an Executory Contract or Unexpired Lease for assumption or rejection by the applicable Designation Deadline (as defined in the Asset Purchase Agreement), the Liquidating Trustee shall have the discretion whether or not to assume or reject the Executory Contract or Unexpired Lease. As set forth in Section 7.02 of the Plan, all insurance policies that comprise Excluded Assets (as defined in the Asset Purchase Agreement) shall be deemed to be Executory Contracts and shall be deemed assumed by the Debtors and/or Liquidating Trust on the Effective Date as set forth therein.

11.    <u>Bar Date for Rejection Claims</u>.  Unless otherwise provided by a Final Order of the Bankruptcy Court, all Proofs of Claim with respect to Claims arising from the rejection of Executory Contracts pursuant to the Plan or the Confirmation Order, if any, must be Filed with the Bankruptcy Court by the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, or (b) 5:00 pm. (prevailing Eastern time) on the date that is 30 days following service of an order approving rejection of any Executory Contract or unexpired lease of one or more the Debtors.  Any such rejection Claim will be forever barred and will not be enforceable against the Debtors, the Estates, the Liquidating Trustee, the Liquidating Trust, or their property, as

applicable, unless a Proof of Claim is Filed or unless otherwise expressly allowed by the Bankruptcy Court.

12.     <u>Causes of Action</u>. All Retained Causes of Action shall be transferred to the Liquidating Trust as set forth in the Plan.

13.     <u>Exemption from Certain Taxes</u>. The issuance, transfer, or exchange of a security, or the making or delivery of an instrument of transfer the Plan or this Confirmation Order, may not be taxed under any law imposing a stamp tax or similar tax.

14.     <u>Effect of Confirmation Order</u>. Notice of entry of this Confirmation Order (a) shall have the effect of an order of the Court, (b) shall constitute sufficient notice of the entry of this Confirmation Order to such filing and recording officers, and (c) shall be a recordable instrument notwithstanding any contrary provision of applicable nonbankruptcy law. This Court retains jurisdiction to enforce the foregoing direction by contempt proceedings or otherwise.

15.     <u>Transfers by Debtors</u>. All transfers of property of the Debtors' Estates shall be free and clear of all Liens, charges, Claims, encumbrances, and other interests, except as expressly provided in the Plan or this Confirmation Order.

16.     <u>Extinguishment of Claims and Equity Interests</u>. Except as provided in the Plan, upon the Effective Date, all notes, instruments, certificates, warrants and other documents evidencing Claims and Interests in the Debtors shall be canceled and deemed terminated.

17.     <u>Binding Release, Exculpation, and Injunction Provisions</u>.  All release, exculpation and injunction provisions embodied in the Plan are approved and will be effective and binding on all persons and entities to the extent set forth therein. For the avoidance of doubt the Wind-Down Manager shall be released as set forth in section 9.01 of the Plan.

18.     <u>Vesting of Property and No Successor Liability</u>. Pursuant to section 1141 of the Bankruptcy Code and Section 6.01(c) of the Plan, except as otherwise provided in the Plan, on the Effective Date, all property of the Debtors' Estates that constitute Liquidation Trust Assets, shall vest in the Liquidating Trust, free and clear of all Claims, liens, charges, other encumbrances, Interests or other interests.  On and after the Effective Date, the Liquidating Trustee, in consultation with the Oversight Committee, may collect, market for sale, liquidate, compromise or dispose of Liquidating Trust Assets without Bankruptcy Court approval, subject to the terms of the Plan, the Confirmation Order, and the Liquidating Trust Agreement.

19.     Clarification with respect to Allowed Claims.  Solely for purposes of clarification, the term "Allowed" as set forth in the Plan shall be revised to mean as follows:

all or a portion of a Claim against one or more of the Debtors  (a) that has been listed by the Debtors in the Schedules as liquidated in an amount other than zero and not "disputed" or "contingent," and with respect to which no contrary proof of Claim has been Filed, (b) as to which no Objection or request for estimation has been Filed with respect to a proof of Claim or other applicable request for payment on or before the Claims Objection Deadline or the expiration of such other applicable period fixed by the Bankruptcy Court, (c) as to which any Objection has been settled, waived, withdrawn or denied by a Final Order, or (d) that is allowed (i) by a Final Order, (ii) by an agreement between the Holder of such Claim of one or more of the Debtors prior to the Effective Date, or the Liquidating Trustee on behalf of the Debtors' Estates after the Effective Date or (iii) pursuant to the terms of this Plan. For purposes of computing Distributions under this Plan, a Claim that has been deemed "Allowed" shall not include interest, costs, fees or charges on such Claim from and after the Petition Date, except as provided in section 506(b) of the Bankruptcy Code or as otherwise expressly set forth in this Plan.

20.     <u>Dissolution or Termination of the Debtors; Resignation of Employees, Officers and Directors</u>. On the Effective Date, the Debtors' remaining members, directors, managers and officers and any remaining employees shall be deemed to have resigned and the Liquidating Trustee shall be appointed as the sole officer, director, and/or manager, as applicable, of the Debtors, without the need for any corporate action to effect such resignation or appointment. After the Effective Date, the Liquidating Trustee is authorized to dissolve or terminate the existence of

16376561/5

the Debtors for all purposes under any applicable state or federal law, without the need to take any further action or file any plan of dissolution, notice or application with the Secretary of State of the State of Delaware or any other state or government authority, and without the need to pay any franchise or similar taxes in order to effectuate such dissolution.

21.    <u>Administrative Claim Bar Date Provisions</u>. Unless previously filed or as otherwise governed by an order of the Court or pursuant to the Plan, to requests for payment of Administrative Claims must be filed with the Court by the Administrative Claim Bar Date, which shall be the first Business Day that is thirty (30) days after the Effective Date.  Holders of Administrative Claims that are required to file and serve a request for payment of such Administrative Claims and that do not file and serve such a request by the Administrative Claim Bar Date shall be forever barred from asserting such Administrative Claims against one or more of the Debtors, their Estates, the Liquidating Trust, or their respective property. Objections to any requests for payment of Administrative Claims must be asserted by the Claims Objection Deadline.

22.    <u>Dissolution of the Committee</u>. The Committee shall be automatically dissolved on the Effective Date and, on the Effective Date, each member of the Committee and each Professional retained by the Committee shall be released and discharged from all rights, duties, responsibilities and obligations arising from, or related to, the Debtors, their membership on the Committee, the Plan, or the Chapter 11 Cases, except with respect to any matters concerning any Professional Fee Claim held or asserted by any Professional retained by the Committee.

23.    <u>Professional Compensation</u>. Each Professional shall file an application for allowance of final compensation and reimbursement of expenses in the Chapter 11 Cases, for the period through the Effective Date, no later than thirty (30) days after the Effective Date. Objections to applications of professionals for compensation or reimbursement of expenses must be filed and

served on the Debtors, the Liquidating Trustee, the U.S. Trustee, and the professionals to whose application the objections are addressed no later than twenty-one (21) days after the Professional Fee Bar Date, or the Bankruptcy Court may enter an order authorizing the fees without a hearing. Any professional fees and reimbursements or expenses incurred by the Liquidating Trustee subsequent to the Effective Date may be paid without application to the Bankruptcy Court.

24.     <u>Approval of Liquidating Trust</u>. The establishment of the Liquidating Trust in accordance with the terms of the Plan and the Liquidating Trust Agreement is hereby authorized and approved in accordance with their respective terms.

25.     <u>Appointment of Liquidating Trustee/Oversight Committee</u>. Bradley Dietz is hereby appointed to serve as the Liquidating Trustee on the terms set forth in this Confirmation Order, the Plan, and the Liquidating Trust Agreement, effective as of the Effective Date.  The initial Oversight Committee shall be comprised of: (a) Barry Kasoff, as the initial appointee of the Prepetition Agent and (b) the PBGC, as the initial appointee of the Committee.

26.     <u>Authorization, Duties, and Powers of Liquidating Trustee</u>. The Liquidating Trustee is hereby authorized to take any and all actions necessary or appropriate in furtherance of, and to implement, effectuate and consummate the Plan, this Confirmation Order, and the Implementation Activities contemplated thereby and hereby, including, without limitation, all of the procedures and undertakings specified in Article VI of the Plan.

27.     <u>Directive in Furtherance of Plan</u>. Each federal, state, commonwealth, local, foreign, or other governmental agency is hereby authorized to accept any and all documents, releases, mortgages and instruments necessary or appropriate to effectuate, implement, or consummate the transactions contemplated by the Plan and this Confirmation Order.

16376561/5

28.    <u>Binding Effect of Prior Orders and Agreements</u>. To the maximum extent permitted pursuant to section 1141 of the Bankruptcy Code, effective as of the Confirmation Date, but subject to the occurrence of the Effective Date and subject to the terms of the Plan and this Confirmation Order, all prior orders entered in the Chapter 11 Cases, all documents and agreements executed by one or more of the Debtors, and all motions or requests for relief by the Debtors shall be binding upon and shall inure to the benefit of the Debtors, the Estates, and the Liquidating Trust.

29.    <u>U.S. Trustee Fees</u>. Notwithstanding the language in the Plan, Section 13.15 of the Plan shall be revised as follows:

> All U.S. Trustee Fees due and payable prior to the Effective Date pursuant to Section 1930 of Title 28 of the U.S. Code, together with the statutory rate of interest set forth in section 3717 of Title 31 of the U.S. Code to the extent applicable shall be paid by the Debtors on the Effective Date.  After the Effective Date, the Debtors and the Liquidating Trustee shall be jointly and severally liable to pay any and all Quarterly Fees when due and payable. The Debtors shall file all monthly operating reports due prior to the Effective Date when they become due using UST Form 11-MOR.  After the Effective Date, the Liquidating Trustee and each of the post-effective date Debtors shall file with the Bankruptcy Court separate UST Form 11-PCR reports when they become due.  Notwithstanding Section 6.06 of the Plan, each and every one of the Debtors and the Liquidating Trust shall remain obligated to pay Quarterly Fees to the Office of the U.S. Trustee until the earliest of that particular Debtor's case being closed, dismissed or converted to a case under Chapter 7 of the Bankruptcy Code.   The U.S. Trustee shall not be required to File any Administrative Expense in the case and shall not be treated as providing any release under the Plan.

30.    <u>Exculpated Parties.</u>  The definition of "Exculpated Parties" in Section 1.45 of the Plan is revised as follows:

> "Exculpated Parties" means in each case in its capacity as such: (i) the Debtors, (ii) the Committee, (iii) members of the Committee, solely in their capacity as such, (iv) the Debtors' officers and managers who served or were employed by the Debtors during the Chapter 11 Cases, (v) the Wind-Down Manager, (vi) any professional retained by the foregoing entities, and (vi) with respect to each of the foregoing, such Entities' successors and assigns provided, however, that with respect to any Person identified herein, such Person shall be considered an Exculpated Party solely to the extent that such Person participated in actions to which section 1125(e) of the Bankruptcy Code applies, and such Person shall be exculpated solely for actions taken during the Exculpation Period.  Further,

24

and as set forth in Section 9.03 herein, other than with respect to the Wind-Down Manager, the Exculpated Parties shall not be exculpated for any action or inaction related to the commencement of the Chapter 11 Cases, including the filing of the bankruptcy petitions or any decision not to dismiss the Chapter 11 Cases.

31.     <u>Final Order</u>. The fourteen (14) day stay of this Confirmation Order imposed by Bankruptcy Rule 3020(e) is hereby waived in accordance with Bankruptcy Rule 3020(e). This Confirmation Order is a final order, and the period in which an appeal must be filed shall commence immediately upon the entry hereof.

32.     <u>Effect of Reversal</u>. If any or all of the provisions of this Confirmation Order are hereafter reversed, modified, or vacated by subsequent order of this Court or any other court, such reversal, modification or *vacatur* shall not affect the validity of the acts or obligations incurred or undertaken under or in connection with the Plan prior to the Committee or the Liquidating Trustee's receipt of written notice of such order. Notwithstanding any such reversal, modification or *vacatur* of this Confirmation Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on, this Confirmation Order prior to the effective date of such reversal, modification or *vacatur* shall be governed in all respects by the provisions of this Confirmation Order and the Plan and all related documents or any amendments or modifications thereto.

33.     <u>Notice of Confirmation and Effective Date</u>. Promptly following the occurrence of the Effective Date, pursuant to Bankruptcy Rules 2002(f)(7) and 3020(c)(2), the Liquidating Trustee is directed to serve a notice of the entry of this Confirmation Order, the establishment hereunder of bar dates for certain Claims (including the Administrative Bar Date and the Rejection Damages Bar Date) and the occurrence of the Effective Date, substantially in the form of **<u>Exhibit B</u>** attached hereto and incorporated herein by reference on all parties that received the Confirmation Hearing Notice.

34.   <u>Conflicts</u>. Without intending to modify any prior order of this Court (or any agreement, instrument, or document addressed by any prior order), in the event of an inconsistency between the Plan, on the one hand, and any other agreement, instrument, or document intended to implement the provisions of the Plan, on the other, the provisions of the Plan shall govern (unless otherwise expressly provided for in such agreement, instrument, or document); provided, however (a) that in the event of any inconsistency between the Plan and the Plan Supplement, the Plan Supplement shall govern; (b) in the event of any inconsistency between the Plan (including the Plan Supplement) and the terms of this Confirmation Order, the terms of this Confirmation Order shall govern and (c) in the event of any inconsistency between the Plan and any of: (i) the Sale Order, (ii) the Term Sheet and (iii) the Cash Collateral Order, the Sale Order, Term Sheet and/or Cash Collateral Order, as applicable, shall govern and control over the Plan.  The survival and conflict provisions set forth in Section 2.4 of the Sale Order are adopted and incorporated herein.

35.   <u>Rights of PBGC</u>.  Nothing in the Chapter 11 Plan or this Confirmation Order shall in any way be construed to discharge, release, limit, or relieve any party in interest (as defined in 29 U.S.C. § 1002(14)) or fiduciary (as defined in 29 U.S.C. § 1002(21)) from any liability under Title I of the Employee Retirement Income Security Act of 1974 with respect to the Stanadyne, LLC Pension Plan (the "<u>Pension Plan</u>") or any other defined benefit pension plan under any law, governmental policy, or regulatory provision. Notwithstanding the foregoing (i) nothing herein is intended to modify the Sale Order in any respect, including the PBGC Settlement in section 5.2 of the Sale Order and the releases contained therein, and to the extent of any inconsistency, the Sale Order governs in all respects and (ii) the provisions in Section 4.03(d) of the Chapter 11 Plan shall remain in full force and effect. Nothing in the Chapter 11 Plan or this Confirmation Order shall

enjoin the PBGC or the Pension Plan from enforcing any liability or responsibility that has not been released in the Sale Order, the Chapter 11 Plan, or this Confirmation Order.

36.  <u>Defects or Omissions</u>.  After the Confirmation Date, the Committee or the Liquidating Trustee, as applicable, may institute proceedings in the Bankruptcy Court to remedy any defect or omission or reconcile any inconsistencies in the Plan or this Confirmation Order, with respect to such matters as may be necessary to carry out the purposes and effects of the Plan. Prior to the Effective Date, the Committee may make appropriate technical adjustments and non-material changes to the Plan without further order or approval of the Bankruptcy Court.

37.  <u>Jurisdiction</u>. Notwithstanding the entry of this Confirmation Order and the occurrence of the Effective Date, the Bankruptcy Court shall retain jurisdiction over the Chapter 11 Cases to the extent legally permissible, including, without limitation, jurisdiction over the matters set forth in Article XII of the Plan; provided, however, for the avoidance of doubt, nothing in this Confirmation Order, the Plan or the Liquidating Trust Agreement shall prevent the Liquidating Trustee or the Liquidating Trust from commencing and prosecuting litigation that constitute Liquidating Trust Assets in either the Bankruptcy Court, an appropriate state court, or other non-bankruptcy forum, in the Liquidating Trustee's discretion.  To the extent this paragraph modifies Section 12.01 of the Plan, such modification is non-material, does not require re-solicitation, and is otherwise permissible and approved consistent with Section 11.01 of the Plan.

**Dated: November 22nd, 2023**
**Wilmington, Delaware**

**THOMAS M. HORAN**
**UNITED STATES BANKRUPTCY JUDGE**

16376561/5