## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SL LIQUIDATION, *et al.*,[1] | Case No. 23-10207 (TMH) (Jointly Administered) |
| Debtors. | **Obj. Deadline: December 27, 2023 at 4:00 p.m. (ET)** **Hearing Date: January 3, 2024 at 11:00 a.m. (ET)** |

## FIRST OMNIBUS CLAIM OBJECTION (NON-SUBSTANTIVE) OF THE COMMITTEE TO CERTAIN CONVENIENCE CLASS CLAIMS THAT ARE (I) DUPLICATIVE CLAIMS, (II) LATE FILED CLAIMS AND (III) NO LIABILITY CLAIMS

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN CLAIMS. CLAIMANTS SHOULD CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS TO THIS OBJECTION TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIMS. CLAIMANTS SHOULD LOCATE THEIR NAMES AND CLAIMS ON THE SCHEDULES ATTACHED TO THIS OBJECTION.**

The Committee[2] hereby files this objection (the "First Omnibus Objection"), pursuant to, *inter alia,* section 502 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and seeks the entry of an order, in substantially the form attached hereto as **Exhibit A** (the "Proposed Order"), disallowing and expunging the claims identified on Schedules 1, 2, and 3 thereto. In support of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: SL Liquidation LLC (0378); TPP Liquidation, Inc. (5202); HTPPS Liquidation, Inc. (2594); and HGTPPS Liquidation, Inc. (1734). The Debtors' service address for purposes of these chapter 11 cases is PMB #179, 1159 Second Avenue, New York, NY 10065.

[2] Capitalized terms used herein which are not otherwise defined will have the same meanings as in the *Combined Disclosure Statement and Chapter 11 Plan of Liquidation dated September 25, 2023* [Docket No. 604] (the "Plan").

this Objection, the Committee submits the *Declaration of Conor Tully in Support of the First Omnibus Claim Objection (Non-Substantive) of the Committee to Certain Convenience Class Claims That Are (I) Duplicative Claims, (II) Late Filed Claims and (III) No Liability Claims* (the "Tully Declaration"), attached hereto as **Exhibit B**.

In support of this First Omnibus Objection, the Committee respectfully represents as follows:

## JURISDICTION

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2.      This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

3.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory predicate for the relief sought herein includes 11 U.S.C. § 502.

## BACKGROUND

5.      On February 16, 2023 ("Petition Date"), the above-captioned jointly administered debtors (the "Debtors") commenced the above-captioned bankruptcy cases (the "Chapter 11 Cases") by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.[3]

6.      On April 14, 2023, the Court entered the *Order (I) Establishing Deadlines for Filing Proofs of Claim and (II) Approving the Form, Timing, and Manner of Notice Thereof* (the "Bar Date Order").

---

[3]      Pursuant to the terms of the Asset Purchase Agreement and Sale Order (each as defined in the Plan), the Debtors changed their names from Stanadyne LLC to SL Liquidation LLC, Pure Power Technologies, Inc. to TPP Liquidation, Inc., Stanadyne PPT Holdings, Inc. to HTPPS Liquidation, Inc. (2594); and Stanadyne PPT Group Holdings, Inc. to HGTPPS Liquidation, Inc, respectively. On November 16, 2023, the Court entered its Order (I) Amending Case Caption to Reflect Debtors' Change of Name and Address, and (II) Granting Related Relief [Docket No. 694], which amended the caption of these Chapter 11 Cases to reflect such name changes.

16429248/8

7.      The Bar Date Order established May 17, 2023, at 5:00 p.m. (prevailing Eastern Time) as the deadline for creditors to file proofs of claim for each claim they assert against the Debtors that arose before the Petition Date (the "General Bar Date"). The Bar Date Order also established the governmental bar date for governmental units to file proofs of claims against any Debtor as August 15, 2023 at 5:00 p.m. (prevailing Eastern Time). Additionally, the Bar Date Order approved the form of proof of claim to be filed against the Debtors and the manner of giving notice of the General Bar Date (the "Bar Date Notice"). The Bar Date Notice was mailed to all known creditors of the Debtors [Docket No. 213].

8.      The proofs of claim are recorded on the official claims register (the "Claims Register") maintained by Kurtzman Carson Consultants LLC, the claims and noticing agent retained by the Debtors to assist with claims processing in the Chapter 11 Cases. *See* Docket Number 54.

9.      As of the General Bar Date, proof of claim numbers 1 – 412 had been filed in these Chapter 11 Cases. As of the date of this First Omnibus Objection, proof of claim numbers 1 – 478 were filed in these Chapter 11 Cases. *See* Tully Declaration at ¶ 4.

10.     On November 22, 2023, the Court entered the *Findings of Fact and Conclusions of Law (I) Approving Disclosure Statement on a Final Basis; and (II) Confirming Combined Disclosure Statement and Plan of Liquidation Dated September 25, 2023* [Docket No. 713] (the "Confirmation Order"), confirming the Debtors' Plan [Docket No. 604]. The Plan has not gone effective as of the date of this First Omnibus Objection.

11.     The Plan and Confirmation Order provides that "Unless a Convenience Class Claim is the subject of an objection on the Effective Date or has been satisfied, it shall be deemed Allowed

and not subject to objection, and the Holder of such Convenience Class Claim shall receive a Distribution of 10% of the amount of its Allowed Convenience Class Claim." Plan, at § 4.03(e).

12.     The Committee and its professionals have undertaken an ongoing review and have been analyzing the Debtors' books and records (the "Books and Records"), the Claim Register, and the individual proofs of claim filed in respect of the Convenience Class Claims to determine the validity of those proofs of claim.  *See* Tully Declaration at ¶ 5.  As a result of the ongoing review, the Committee files this First Omnibus Objection objecting to those Convenience Class Claims that are (1) duplicate claims, (2) late filed claims and/or (3) no liability claims.

## RELIEF REQUESTED

13.     The Committee seeks entry of an order pursuant to Bankruptcy Code section 502(b), Bankruptcy Rule 3007, and Local Bankruptcy Rule 3007-1 disallowing and expunging the proofs of claim described more fully below and on Schedule 1, 2 and 3 of the Proposed Order.

14.     The claims identified on Schedule 1 of the Proposed Order (the "Duplicate Claims") were filed in the same dollar amount and based on the same obligation. The Duplicate Claims were filed more than once against the same or multiple Debtors on account of the same liability and have no valid and independent basis for allowance.  Accordingly, the Committee seeks to disallow and expunge the Duplicate Claims, with treatment as set forth on Schedule 1.

15.     The claims identified on Schedule 2 of the Proposed Order (the "Late Filed Claims") were filed after the applicable bar date. Accordingly, the Committee seeks to disallow and expunge the Late Filed Claims.

16.     The claims identified on Schedule 3 of the Proposed Order (the "No Liability Claims") reflects no liability, as there is no amount due and owing by the Debtors per the Debtors'

Books and Records. Accordingly, the Committee seeks to disallow and expunge the No Liability Claims.

17.     This First Omnibus Objection complies in all respects with Local Bankruptcy Rule 3007-1.

**CLAIMS OBJECTION**

**A.     Duplicate Claims**

18.     For the reasons set forth herein and in Schedule 1 of the Proposed Order, the Committee objects to the Duplicate Claims identified in Schedule 1 because they are duplicative of another claim submitted by the same claimant asserting a claim for the same liability in the same amount and priority.

19.     Should the Duplicate Claims not be disallowed and expunged from the Claims Register, the holder of such claim could receive a double recovery to the detriment of other creditors. Accordingly, the Committee submits that the Duplicate Claims should be disallowed and expunged, and only the remaining claims should remain on the Claims Register at this time, subject to further objection.   Accordingly, any claimant holding a Duplicate Claim would not be prejudiced by this relief.

20.     Specifically, Esteem Manufacturing Corporation ("Esteem") filed Claim Number 76 and Claim Number 79 on the Debtors' Claim Register both in the amount of $2,921.  The sole difference between the claims is that Susanne M. Kostyk, the corporate secretary of Esteem, did not identify Esteem as a current creditor in Part 1 of Claim Number 76, but signed Claim Number 76 on behalf of Esteem.  The claims are otherwise identical.  In the event that Esteem has an allowed claim in the Debtors' Chapter 11 Cases based on the subject matter of Claim Number 76

5

and Claim Number 79, it should be limited to one allowed claim.  Therefore, Claim Number 79 should be disallowed and Claim Number 76 should be Esteem's remaining claim.

21.     Air Gas USA LLA ("Air Gas") filed Claim Number 34 and Claim Number 85 on the Debtor' Claim Register both in the amount of $1,676.  The sole difference between the claims is that Airgas listed "Product, Rent" as the basis for the claim in Claim Number 34 and "Goods Sold, Rent" as the basis for the claim in Claim Number 85.  The claims are otherwise identical.  In the event that Air Gas has an allowed claim in the Debtors' Chapter 11 Cases based on the subject matter of Claim Number 34 and Claim Number 85, it should be limited to one allowed claim. Therefore, Claim Number 85 should be disallowed and Claim Number 34 should be Air Gas' remaining claim.

22.     Precision Engineering ("Precision") filed Claim Number 352 and Claim Number 353 on the Debtors' Claim Register both in the amount of $481.  The sole difference between the claims is that Precision listed its address in Claim Number 352 and did not list an address in Claim Number 353.  The claims are otherwise identical.  In the event that Precision has an allowed claim in the Debtors' Chapter 11 Cases based on the subject matter of Claim Number 352 and Claim Number 353, it should be limited to one allowed claim.  Therefore, Claim Number 352 should be disallowed and Claim Number 353 should be Precision's remaining claim.

23.     Oliver Wyman Actuarial Consulting ("Oliver") filed Claim Number 429 and Claim Number 430 on the Debtors' Claim Register both in the amount of $6,000.  The sole difference between the claims is that Augustine Park is identified as the current creditor in Part 1 of Claim Number 429, but Oliver signed Claim Number 429 on behalf of Oliver, not Augustine Park.  The claims are otherwise identical.  In the event that Oliver has an allowed claim in the Debtors' Chapter 11 Cases based on the subject matter of Claim Number 429 and Claim Number 430, it

should be limited to one allowed claim.  Therefore, Claim Number 429 should be disallowed and Claim Number 430 should be Oliver's remaining claim.[4]

**B.**    **Late Filed Claims**

24.    Based upon the Committee's review and analysis of the Late Filed Claims listed on Schedule 2 to the Proposed Order, the Committee determined that there is no basis to accept any Late Filed Claim as timely. The Late Filed Claims were filed after the General Bar Date of May 17, 2023 at 5:00 p.m. (prevailing Eastern Time).  The failure by the Committee to seek and obtain disallowance of the Late Filed Claims could result in the filing of additional Late Filed Claims, undermining the certainty that is intended to be afforded by the Bar Date Order and negatively affecting the Debtors legitimate creditors whose claims were either listed on the Debtors' filed schedules of liabilities or who complied with the Bar Date Order.

25.    Therefore, all of the Late Filed Claims should be disallowed.

26.    On May 18, 2023, Michael Archambault ("Mr. Archambault") filed Claim Number 409 in the Debtors' Claim Register as a general unsecured claim in the amount of $208. Accordingly, Mr. Archambault's claim was filed after the General Bar Date and should be disallowed.

27.    On May 18, 2023, Seal Methods Inc. ("Seal") filed Claim Number 413 in the Debtors' Claim Register as a general unsecured claim in the amount of $2,646. Accordingly, Seal's claim was filed after the General Bar Date and should be disallowed.[5]

---

[4]     The Debtor scheduled Oliver on its Schedules E/F in an amount of $6,000.  As such, Oliver will receive a distribution based on this scheduled amount.  The Committee objects to Claims 429 and 430 in this section and the Late Filed section in order to expunge Claims 429 and 430 and ensure that the claims register is accurate and Oliver does not recover twice on account of a single claim.

[5]     The Debtor scheduled Seal on its Schedules E/F in an amount of $2,646.00.  As such, Seal will receive a distribution based on this scheduled amount.  The Committee objects to Claim 413 in this section in order to expunge Claim 413 and ensure that the claims register is accurate and Seal does not recover twice on account of a single claim.

28.     On May 19, 2023, Connectria Corporation ("Connectria") filed Claim Number 416 in the Debtors' Claim Register as a general unsecured claim in the total amount of $18,795.40, a portion of which, $14,481.90, asserts priority under section 503(b)(9) of the Bankruptcy Code.[6] Accordingly, Connectria's claim was filed after the General Bar Date and should be disallowed. Further, as noted below, Debtors are not liable on account of Claim Number 416 because Connectria's executory contract was assumed, assigned, and cured pursuant to the Sale Order.

29.     On May 19, 2023, Ann Martin ("Ms. Martin") filed Claim Number 418 in the Debtors' Claim Register as a general unsecured claim in the amount of $1,200. Accordingly, Ms. Martin's claim was filed after the General Bar Date and should be disallowed.

30.     On May 22, 2023, Odu-USA, Inc. ("Odu-USA") filed Claim Number 421 in the Debtors' Claim Register as a general unsecured claim in the amount of $2,000. Accordingly, Odu-USA's claim was filed after the General Bar Date and should be disallowed.[7]

31.     On May 23, 2023, Carolina Handling LLC ("Handling") filed Claim Number 425 in the Debtors' Claim Register as a general unsecured claim in the amount of $2,620. Accordingly, Handling's claim was filed after the General Bar Date and should be disallowed.

32.     On May 24, 2023, Oliver filed Claim Numbers 429 and 430 in the Debtors' Claim Register as a general unsecured claims both in the amount of $6,000. Accordingly, Oliver's claims were filed after the General Bar Date and should be disallowed.

---

[6]     This First Omnibus Objection is as to the general non-priority unsecured claim of Connectria, which is included in Class 5 as a Convenience Class Claim. Since priority non-tax claims are separately classified in Class 1, the Committee reserves all rights on behalf of itself and any subsequent trustee to object to any priority amounts as appropriate in a separate objection.

[7]     The Debtor scheduled Odu-USA on its Schedules E/F in an amount of $1,999.50. As such, Odu-USA will receive a distribution based on this scheduled amount. The Committee objects to Claim 421 in this section in order to expunge Claim 421 and ensure that the claims register is accurate and Odu-USA does not recover twice on account of a single claim.

33. On May 24, 2023, Sirois Tool Company Inc. ("Sirois") filed Claim Number 427 in the Debtors' Claim Register as a general unsecured claim in the amount of $2,750. Accordingly, Sirois's claim was filed after the General Bar Date and should be disallowed.[8]

34. On May 30, 2023, IFM Efector, Inc. ("IFM") filed Claim Number 434 in the Debtors' Claim Register as a general unsecured claim in the amount of $628. Accordingly, IFM's claim was filed after the General Bar Date and should be disallowed.

35. On May 30, 2023, Sunland Fire Protection, Inc. ("Sunland") filed Claim Number 437 in the Debtors' Claim Register as a general unsecured claim in the amount of $2,440. Accordingly, Sunland's claim was filed after the General Bar Date and should be disallowed.

36. On June 1, 2023, Ecotech Inc ("Ecotech") filed Claim Number 432 in the Debtors' Claim Register as a general unsecured claim in the amount of $3,277. Accordingly, Ecotech's claim was filed after the General Bar Date and should be disallowed.[9]

37. On June 9, 2023, C A Tool Engineering, Inc. ("C A Tool") filed Claim Number 445 in the Debtors' Claim Register as a general unsecured claim in the amount of $18,500. Accordingly, C A Tool's claim was filed after the General Bar Date and should be disallowed.

---

[8] The Debtor scheduled Sirois on its Schedules E/F in an amount of $2,750.00. As such, Sirois will receive a distribution based on this scheduled amount. The Committee objects to Claim 427 in this section in order to expunge Claim 427 and ensure that the claims register is accurate and Sirois does not recover twice on account of a single claim.

[9] The Debtor scheduled Ecotech on its Schedules E/F in an amount of $3,087.54. As such, Ecotech will receive a distribution based on this scheduled amount. The Committee objects to Claim 432 in this section in order to expunge Claim 432 and ensure that the claims register is accurate and Ecotech receives a distribution based on the appropriately scheduled amount.

16429248/8

38.     On June 9, 2023, TN Georgia, Inc ("TN Georgia") filed Claim Number 449 in the Debtors' Claim Register as a general unsecured claim in the amount of $514. Accordingly, TN Georgia's claim was filed after the General Bar Date and should be disallowed.[10]

39.     On June 17, 2023, Temper Corp ("Temper") filed Claim Number 451 in the Debtors' Claim Register as a general unsecured claim in the amount of $1,820. Accordingly, Temper's claim was filed after the General Bar Date and should be disallowed.[11]

40.     On June 28, 2023, Global Industrial ("Global") filed Claim Number 456 in the Debtors' Claim Register as a general unsecured claim in the amount of $1,913. Accordingly, Global's claim was filed after the General Bar Date and should be disallowed.

41.     On July 18, 2023, Southeastern Freight Lines ("Southeastern") filed Claim Number 462 in the Debtors' Claim Register as a general unsecured claim in the amount of $1,967. Accordingly, Southeastern's claim was filed after the General Bar Date and should be disallowed.[12]

42.     On September 5, 2023, Grand Northern Products LLC dba Surface Prep ("Grand Northern") filed Claim Number 471 in the Debtors' Claim Register as a general unsecured claim in the amount of $688. Accordingly, Grand Northern's claim was filed after the General Bar Date and should be disallowed.

---

[10]     The Debtor scheduled TN Georgia on its Schedules E/F in an amount of $705.60. As such, TN Georgia will receive a distribution based on this scheduled amount. The Committee objects to Claim 449 in this section in order to expunge Claim 449 and ensure that the claims register is accurate and TN Georgia receives a distribution based on the appropriately scheduled amount.

[11]     The Debtor scheduled Temper on its Schedules E/F in an amount of $1,820.00. As such, Temper will receive a distribution based on this scheduled amount. The Committee objects to Claim 451 in this section in order to expunge Claim 451 and ensure that the claims register is accurate and Temper does not recover twice on account of a single claim.

[12]     The Debtor scheduled Southeastern on its Schedules E/F in an amount of $10,102.43. As such, Southeastern will receive a distribution based on this scheduled amount. The Committee objects to Claim 462 in this section in order to expunge Claim 462 and ensure that the claims register is accurate and Southeastern receives a distribution based on the appropriately scheduled amount.

43.     On September 6, 2023, Surface Prep / DeLong Equipment ("Surface Prep") filed Claim Number 472 in the Debtors' Claim Register as a general unsecured claim in the total amount of $9,486.40, a portion of which, $3,449.60, asserts priority under section 503(b)(9) of the Bankruptcy Code.[13] Accordingly, Surface Prep's claim was filed after the General Bar Date and should be disallowed.

44.     On September 13, 2023, Cintas Corporation ("Cintas") filed Claim Number 473 in the Debtors' Claim Register as a general unsecured claim in the total amount of $7,428.27, a portion of which, $232.75, asserts priority under section 507(a)(2) of the Bankruptcy Code.[14] Accordingly, Cintas's claim was filed after the General Bar Date and should be disallowed. Further, as noted below, Debtors are not liable on account of Claim Number 473 because Cintas' executory contract was assumed, assigned, and cured pursuant to the Sale Order.

## C.     No Liability Claims

45.     For the reasons set forth herein and in Schedule 3 of the Proposed Order, the Committee objects to the No Liability Claims identified in Schedule 3 because they assert claims for which there is no amount due and owing by the Debtor to the alleged claimants. The No Liability Claims should be disallowed in full because, based on careful review of the Books and Records, the Schedules and the proofs of claim, including supporting documentation provided by

---

[13]     This First Omnibus Objection is as to the general non-priority unsecured claim of Surface Prep, which is included in Class 5 as a Convenience Class Claim.  Since priority non-tax claims are separately classified in Class 1, the Committee reserves all rights on behalf of itself and any subsequent trustee to object to any priority amounts as appropriate in a separate objection.

[14]     This First Omnibus Objection is as to the general non-priority unsecured claim of Cintas, which is included in Class 5 as a Convenience Class Claim.  Since priority non-tax claims are separately classified in Class 1, the Committee reserves all rights on behalf of itself and any subsequent trustee to object to any priority amounts as appropriate in a separate objection.

16429248/8

the alleged claimants, if any, the Committee has determined that there is no amount due and owing to the alleged claimants with respect to such claims.

46.     Specifically, James Novak filed Claim Number 121 with the Debtors' Claims Register in the total amount of $2,186.  Claim 121 was filed as a general unsecured claim. However, Mr. Novak's claim and supporting documentation evidences that the claim is for a pre-petition pension plan.  The claim fails to allege liability against the Debtors because the appropriate avenue to satisfy the claim is through the pension plan.  Accordingly, the Committee respectfully requests that Claim Number 121 filed by Mr. Novak be expunged and disallowed in its entirety.

47.     Ronald Dwyer filed Claim Number 160 with the Debtors' Claims Register in the total amount of $184.  Claim 160 was filed as a general unsecured claim.  However, Mr. Dwyer's claim and supporting documentation evidences that the claim is for a pre-petition pension plan. The claim fails to allege liability against the Debtors because the appropriate avenue to satisfy the claim is through the pension plan.  Accordingly, the Committee respectfully requests that Claim Number 160 filed by Mr. Dwyer be expunged and disallowed in its entirety.

48.     Lamon Buck Sr. filed Claim Number 253 with the Debtors' Claims Register in the total amount of $389.  Claim 253 was filed as a general unsecured claim.  However, Mr. Buck's claim and supporting documentation evidences that the claim is for a pre-petition pension plan. The claim fails to allege liability against the Debtors because the appropriate avenue to satisfy the claim is through the pension plan.  Accordingly, the Committee respectfully requests that Claim Number 253 filed by Mr. Buck be expunged and disallowed in its entirety.

49.     Joyce Campbell filed Claim Number 298 with the Debtors' Claims Register in the total amount of $1,120.  Claim 298 was filed as a general unsecured claim.  However, Ms. Campbell's claim and supporting documentation evidences that the claim is for a pre-petition

pension plan.  The claim fails to allege liability against the Debtors because the appropriate avenue

to satisfy the claim is through the pension plan.  Accordingly, the Committee respectfully requests

that Claim Number 298 filed by Ms. Campbell be expunged and disallowed in its entirety.

50.     Patricia Warren filed Claim Number 299 with the Debtors' Claims Register in the

total amount of $305.  Claim 299 was filed as a general unsecured claim.  However, Ms. Warren's

claim and supporting documentation evidences that the claim is for a pre-petition pension plan.

The claim fails to allege liability against the Debtors because the appropriate avenue to satisfy the

claim is through the pension plan.  Accordingly, the Committee respectfully requests that Claim

Number 299 filed by Ms. Warren be expunged and disallowed in its entirety.

51.     Marie Bryan filed Claim Number 372 with the Debtors' Claims Register in the total

amount of $11,160.  Claim 372 was filed as a general unsecured claim.  However, Ms. Bryan's

claim and supporting documentation evidences that the claim is for a pre-petition pension plan.

The claim fails to allege liability against the Debtors because the appropriate avenue to satisfy the

claim is through the pension plan.  Accordingly, the Committee respectfully requests that Claim

Number 372 filed by Ms. Bryan be expunged and disallowed in its entirety.

52.     Michael Archambault filed Claim Number 409 with the Debtors' Claims Register

in the total amount of $208.  Claim 409 was filed as a general unsecured claim.  However, Mr.

Archambault's claim and supporting documentation evidences that the claim is for a pre-petition

pension plan.  The claim fails to allege liability against the Debtors because the appropriate avenue

to satisfy the claim is through the pension plan.  Accordingly, the Committee respectfully requests

that Claim Number 409 filed by Mr. Archambault be expunged and disallowed in its entirety.

Further, as noted above, Mr. Archambault's claim was filed after the General Bar Date and should

be disallowed for that reason as well.

16429248/8

53.     Ann Martin filed Claim Number 418 with the Debtors' Claims Register in the total amount of $1,200.  Claim 418 was filed as a general unsecured claim.  However, Ms. Martin's claim and supporting documentation evidences that the claim is for a pre-petition pension plan. The claim fails to allege liability against the Debtors because the appropriate avenue to satisfy the claim is through the pension plan.  Accordingly, the Committee respectfully requests that Claim Number 418 filed by Ms. Martin be expunged and disallowed in its entirety.  Further, as noted above, Ms. Martin's claim was filed after the General Bar Date and should be disallowed for that reason as well.

54.     Lenny Lu filed Claim Number 275 with the Debtors' Claims Register in the total amount of $20,000.  Claim 275 was filed as a general unsecured claim. The Committee has reviewed the Debtors' Books and Records and they do not indicate any liability owed to Mr. Lu, as he was a former employee whose claim was satisfied by the Debtors in full.  Accordingly, the Committee respectfully requests that Claim Number 275 filed by Mr. Lu be expunged and disallowed in its entirety.

55.     Rosemary Haggerty filed Claim Number 357 with the Debtors' Claims Register in the total amount of $225.  Claim 357 was filed as a general unsecured claim. The Committee has reviewed the Debtors' Books and Records and they do not indicate any liability owed to Ms. Haggerty, as she was a former employee whose claim was satisfied by the Debtors in full. Accordingly, the Committee respectfully requests that Claim Number 375 filed by Ms. Haggerty be expunged and disallowed in its entirety.

56.     On May 19, 2023, Connectria filed Claim Number 416 in the Debtors' Claims Register as a general unsecured claim in the total amount of $18,795.40.  Pursuant to the Sale

Order, Connectria's executory contract was assumed and assigned, and Connectria's claim was cured in its entirety and should be disallowed in its entirety. *See* Docket No. 443, Ex. B.[15]

57.     On September 13, 2023, Cintas filed Claim Number 473 in the Debtors' Claims Register as a general unsecured claim in the total amount of $7,428.27, a portion of which, $232.75, asserts priority under section 507(a)(2) of the Bankruptcy Code. Pursuant to the Sale Order, Cintas' executory contract was assumed and assigned, and Cintas' claim was cured in its entirety and should be disallowed in its entirety. *See* Docket No. 443, Ex. B. Further, as noted above, Cintas' claim was filed after the General Bar Date and should be disallowed for that reason as well.

## **BASIS FOR RELIEF**

58.     Section 502 of the Bankruptcy Code provides, in pertinent part:

> (a) A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects.

> (b) [I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—

> (1)     such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . . .

11 U.S.C. § 502.

59.     Pursuant to Bankruptcy Rule 3007(d), a debtor is permitted to file an omnibus objection to more than one claim if the objections are based on enumerated grounds, including that

---

[15]     The Debtor did include Connectria on its Schedule E/F; however, Connectria's claim has been satisfied in full as a result of the cure payment being made.

16429248/8

"they duplicate other claims . . . have been amended by subsequently filed proofs of claim . . . were not timely filed . . . were presented in a form that does not comply with applicable rules, and the objection states that the objector is unable to determine the validity of the claim because of the noncompliance . . . [or] they are interests, rather than claims . . ." Fed. R. Bankr. P. 3007(d)(1), (3), (4), (5), (6) & (7).

60.    Furthermore, Local Rule 3007-1 provides in relevant part that non-substantive objections to claims may be combined in the same omnibus objection.

An Objection is deemed to be on a substantive basis unless it is based on one or more of the following:

i. A duplicate claim; provided, however, that a claim filed against two different debtors is not a duplicate claim unless the cases have been substantively consolidated by order of the Court;

ii. A claim filed in the wrong case;

iii. An amended or superseded claim;

iv. A late filed claim;

v. A claim filed by a shareholder based on ownership of stock; provided, however, that an Objection with respect to a claim filed by a shareholder for damages shall be deemed a substantive Objection;

vi. A claim that does not have a basis in the debtor's books and records and does not include or attach sufficient information or documentation to constitute prima facie evidence of the validity and amount of the claim, as contemplated by Fed. R. Bankr. P. 3001(f); provided, however, that if the Court determines that the claim attaches or includes sufficient information or documentation and is otherwise in compliance with applicable rules, then the Objection shall be deemed substantive. Any Objection under this subsection must be supported by an affidavit or declaration that states that affiant or declarant has reviewed the claim and all supporting information and documentation provided therewith, made reasonable efforts to research the claim on the debtor's books and records and believes such documentation does not provide prima facie evidence of the validity and amount of the claim; . . . .

Del. Bankr. L.R. 3007-1(d)(i)-(vi). Additionally, Section 502(b)(1) of the Bankruptcy Code

provides that a claim must be disallowed if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law . . . ." 11 U.S.C. § 502(b)(1). For the reasons set forth below, there is ample evidence to rebut the *prima facie* validity of each claim.

## A.      Duplicate Claims

61.      The Committee and its professionals have identified claims that are duplicates of other claims filed by or on behalf of the same claimant in respect of the same liabilities. The Committee should not be required to pay a claimant twice on the same obligation or debt. Moreover, elimination of redundant claims will enable the Claims Register to reflect more accurately the claims asserted against the Debtors.

62.      Accordingly, the Committee seeks to disallow in full the Duplicate Claims listed on Schedule 1 to the Proposed Order, and thereby: (a) prevent the claimants from obtaining a double recovery on account of any single obligation; and (b) limit the claimants to a single claim for those amounts currently asserted by the claimant in respect of the same liabilities. Bankruptcy Rule 3007(d)(1) states that an objection based on the ground that the claims were duplicates filed against the same debtor may be joined in an omnibus objection. Local Rule 3007-1(d)(i) provides that duplicate claims may be objected to in a non-substantive objection. Accordingly, the Duplicate Claims are properly subject to this Objection.

63.      Moreover, the Duplicate Claims are subject to objections on other bases in this objection, as further set forth herein, or are subject to further substantive objections.

## B.      Late Filed Claims

35.      The Late Filed Claims listed on Schedule 2 are unenforceable against the Debtors as filed for the reasons stated herein and for the reasons set forth on the schedules to the Proposed Order. Section 502(b)(9) of the Bankruptcy Code states:

16429248/8

Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that-(9) proof of such claim is not timely filed, except to the extent tardily filed as permitted under paragraph (1), (2), or (3) of section 726(a) of this title or under the Federal Rules of Bankruptcy Procedure, except that a claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the Federal Rules of Bankruptcy Procedure may provide, and except that in a case under chapter 13, a claim of a governmental unit for a tax with respect to a return filed under section 1308 shall be timely if the claim is filed on or before the date that is 60 days after the date on which such return was filed as required.

11 U.S.C. § 502(b)(9).

36.      Each of the Late Filed Claims listed on Schedule 2 to the Order: (i) arose prior to the Petition Date; (ii) was filed by or on behalf of a creditor who was served with the Bar Date Notice, either directly or through their respective counsel; (iii) was subject to the requirement that proofs of claim be filed no later than the General Bar Date (as well as in accordance with the other provisions of the Bar Date Order); and (iv) was nonetheless filed after the General Bar Date, as indicated by the dates identified in the column labeled "Date Filed" in Schedule 2 to the Order. Upon information and belief, none of the creditors holding claims identified on Schedule 2 have sought—much less obtained—relief from the Court pursuant to Bankruptcy Rule 9006 to file a late Proof of Claim. Accordingly, the Late Filed Claims listed in Schedule 2 are untimely and should be disallowed in their entirety pursuant to section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3007(d)(4).

## C.      **No Liability Claims**

37.      The No Liability Claims listed on Schedule 2 are unenforceable against the Debtors as filed for the reasons stated herein and for the reasons set forth on the schedules to the Proposed Order. If the No Liability Claims are not disallowed, the potential exists for the applicable

claimants to receive recoveries to which they are not entitled. Such outcome would be detrimental to other stakeholders. Thus, the relief requested herein is necessary to prevent any inappropriate distribution of estate funds and to facilitate the administration of the claims allowance process.

38.     Accordingly, pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Bankruptcy Rule 3007-1, the Committee respectfully requests that the Court disallow the No Liability Claims as requested herein.

## **RESPONSES TO OMNIBUS OBJECTIONS**

39.     To contest a claim objection, a claimant must file and serve a written response to this First Omnibus Objection (a "Response") so that it is received no later than December 27, 2023 at 4:00 p.m. (Prevailing Eastern Time) (the "Response Deadline"). Every Response must be filed with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware: 824 North Market Street, Wilmington, Delaware 19801, and served upon the following entities, so that the Response is received no later than the Response Deadline, at the following address:

> Morris James LLP
> 500 Delaware Avenue, Suite 1500
> Wilmington, Delaware 19801
> Attention: Brya M. Keilson, Esq. and Jeffrey R. Waxman, Esq.

40.     Any such response must (1) be in writing; (2) conform to the applicable Bankruptcy Rules and Local Bankruptcy Rules; (3) state the name and address of the claimant and description of the basis for the amount of the claim; (4) include a concise statement for the reason why the claim should not be reclassified and/or disallowed for the reasons set forth in the First Omnibus Objection, including, but not limited to, the specific factual and legal bases upon which the claimant will rely in opposing the First Omnibus Objection; (5) include all documentation or other evidence of the claim, to the extent not included with the proof of claim previously filed with the Bankruptcy Court, upon which the claimant will rely in opposing the First Omnibus Objection at

16429248/8

any hearing; and (6) the name, address, and telephone number of the person (which may be the claimant or the claimant's legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the claim on behalf of the claimant.

41.     If a claimant fails to file and serve a timely Response by the Response Deadline, the Committee will present to the Court an appropriate order disallowing such claimant's claim, or reclassifying such claimant's claim as set forth in **Exhibit A**, without further notice to the claimant.

42.     Consistent with Local Rule 9006-1(d), the Committee may, at its option, file and serve a reply to a Response no later than 4:00 p.m. (Prevailing Eastern Time) one (1) day prior to the deadline for filing the agenda for any hearing to consider the First Omnibus Objection.

## SEPARATE CONTESTED MATTERS

43.     To the extent that a Response is filed regarding any Claim listed in this First Omnibus Objection and the Committee is unable to resolve the Response, the objection by the Committee to each such Duplicative Claim, Late Filed Claim, and No Liability Claim asserted herein shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding an objection asserted in the First Omnibus Objection shall be deemed a separate order with respect to each Duplicative Claims, Late Filed Claims, and No Liability Claims.

## RESERVATION OF RIGHTS

44.     The Committee reserves the right to amend, modify, or supplement this First Omnibus Objection and to file additional substantive or non-substantive objections to the Duplicative Claims, Late Filed Claims, and No Liability Claims.

45.     Moreover, should the ground for objection stated in this First Omnibus Objection

16429248/8

be dismissed, overruled, or withdrawn or should any claimant submit additional information supporting its respective Duplicative Claims, Late Filed Claims, and No Liability Claims, the Committee reserves the right to object further to the Duplicative Claims, Late Filed Claims, and No Liability Claims on any other applicable substantive or non-substantive ground.

## NOTICE

46.     Notice of this First Omnibus Objection will be given to: (a) the U.S. Trustee, (b) all parties that have requested notice pursuant to Local Bankruptcy Rule 2002-1(b), and (c) each claimant listed on Schedules 1, 2 and 3 to the Proposed Order. The Committee submits that no other or further notice is required.

**WHEREFORE**, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, (i) granting this First Omnibus Objection; and (ii) granting such other and further relief as the Court may deem just and proper.

Dated: November 29, 2023

**MORRIS JAMES LLP**

*/s/ Brya M. Keilson*
Jeffrey R. Waxman (DE Bar No. 4159)
Eric J. Monzo (DE Bar No. 5214)
Brya M. Keilson (DE Bar No. 4643)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: jwaxman@morrisjames.com
E-mail: emonzo@morrisjames.com
E-mail: bkeilson@morrisjames.com

*Counsel to the Official Committee of
Unsecured Creditors*