**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SL LIQUIDATION LLC, *et al.*,[1] | Case No. 23-10207 (TMH) |
| Debtors. | **Re: Docket Nos. 604, 605, 614, 645, 649, 662, 674, 676, 713** |

**NOTICE OF (I) ENTRY OF ORDER CONFIRMING, AND OCCURRENCE
OF EFFECTIVE DATE OF COMBINED DISCLOSURE STATEMENT AND
PLAN OF LIQUIDATION DATED SEPTEMBER 25, 2023**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

    **A.    Confirmation of the Plan.**

On November 22, 2023, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order [Docket No. 713] (the "Confirmation Order")[2] confirming the Combined Disclosure Statement and Plan of Liquidation dated September 25, 2023 (collectively with all exhibits and supplements and any modifications or other amendments thereto, the "Plan") in the above-captioned Chapter 11 cases (the "Chapter 11 Cases") of the above-captioned debtors (collectively, the "Debtors").[3]

    **B.    Occurrence of the Effective Date, Appointment of the Trustee and the Vesting of the Estates' Assets.**

The Plan became effective on November 30, 2023 (the "Effective Date"). As of the Effective Date, among other things, (a) the Liquidating Trustee was appointed with the power to exercise the rights, power, and authority of the Trust under applicable provisions of the Plan, Liquidating Trust Agreement, and bankruptcy and non-bankruptcy law; and (c) except as otherwise provided in the Plan, all property of the Debtors and the Estates and became the property

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: SL Liquidation LLC (0378); TPP Liquidation, Inc. (5202); HTPPS Liquidation, Inc. (2594); and HGTPPS Liquidation, Inc. (1734).

[2] Capitalized terms used but not defined in this Notice shall have the same meanings given to them in the Plan and the Confirmation Order.

[3] Pursuant to the terms of the Asset Purchase Agreement and Sale Order (each as defined in the Plan), the Debtors changed their names from Stanadyne LLC to SL Liquidation LLC; Pure Power Technologies, Inc. to TPP Liquidation, Inc.; Stanadyne PPT Holdings, Inc. to HTPPS Liquidation, Inc.; and Stanadyne PPT Group Holdings, Inc. to HGTPPS Liquidation, Inc, respectively. On November 16, 2023, the Court entered its Order (I) Amending Case Caption to Reflect Debtors' Change of Name and Address, and (II) Granting Related Relief [Docket No. 694], which amended the caption of the Chapter 11 Cases to reflect such name changes.

of, and vested in, the Liquidating Trust free and clear of all Claims, Liens, charges, other encumbrances, and interests.

### C.     Resolution of Disputed Claims.

Notwithstanding anything to the contrary as provided in the Plan, and any requirements that may be imposed pursuant to Bankruptcy Rule 9019, except insofar as a Claim is Allowed under the Plan on and after the Effective Date, the Liquidating Trustee will have the authority, but not the obligation, to do any of the following with respect to any Claims or Interests: (1) file, withdraw or litigate to judgment objections to and requests for estimation of Claims; (2) settle or compromise any Disputed Claim without any further notice to or action, order or approval by the Bankruptcy Court; and (3) administer and adjust the Claims register to reflect any such settlements or compromises without any further notice to or action, order or approval by the Bankruptcy Court. The Liquidating Trustee shall succeed to any pending objections to Claims filed by the Debtors or the Committee prior to the Effective Date, and shall have and retain any and all rights and defenses the Debtors and/or the Estates had immediately prior to the Effective Date with respect to any Disputed Claims.

### D.     Exculpation; Injunction.

Article IX of the Plan contains certain Debtor Releases, Injunction, and limited Exculpation Provisions.

#### 9.01     Releases

The Plan shall not alter, amend, or otherwise modify any releases granted in connection with the Cash Collateral Order, the Sale Order, the Term Sheet or any other Final Order of the Court. Further, effective as of the Confirmation Date, but subject to the occurrence of the Effective Date, and in consideration of the services provided, the Debtors and their respective Estates, shall release, waive, and discharge unconditionally and forever the Wind-Down Manager from any and all claims, causes of action, and liabilities whatsoever (including those arising under the Bankruptcy Code), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising in law, equity, or otherwise, based in whole or in part on any act, omission, transaction, event or other occurrence: in connection with or arising from the Debtors' Chapter 11 Cases, the pursuit of confirmation of the Plan, the Consummation thereof, the administration thereof or the property to be distributed thereunder; provided, that the foregoing shall not operate as a waiver of or release from any causes of action resulting from the willful misconduct, actual fraud, or gross negligence. For the avoidance of doubt, nothing in the Plan or in the Confirmation Order shall be deemed to release the Debtors and their Insiders, members, shareholders, representatives, advisors, employees, agents or other professionals, other than the Wind-Down Manager.

#### 9.03     Exculpation and Limitation of Liability

The Exculpated Parties will neither have nor incur any liability to any Entity for any claims or causes of action arising from any act taken or omitted to be taken during the Exculpation Period to the extent section 1125(e) of the Bankruptcy Code applies to such act or omission; *provided, however*, that the foregoing provisions will have no effect on the liability of any entity that results

from any such act or omission that is determined in a Final Order of the Bankruptcy Court or other court of competent jurisdiction to have constituted gross negligence or willful misconduct. Further, other than with respect to the Wind-Down Manager, the Exculpated Parties shall **not** be exculpated for any action or inaction related to the commencement of the Chapter 11 Cases, including the filing of the bankruptcy petitions or any decision not to dismiss the Chapter 11 Cases.

      9.04    Injunction

      (a)    In accordance with Bankruptcy Code section 1141(d)(3), the Plan does not discharge the Debtors. Bankruptcy Code section 1141(c) nevertheless provides, among other things, that the property dealt with by the Plan is free and clear of all Claims and Interests against the Debtors. Consistent with the preceding sentence, except as otherwise expressly provided in the Plan, the Plan Supplement, related documents, or for obligations issued pursuant to the Plan, all Entities who have held, hold or may hold Claims or Interests that have been released pursuant to the Plan or as to which the Plan provides for classification and treatment or that are subject to the exculpatory provisions herein, are permanently enjoined from taking any of the following actions from and after the Effective Date: (i) commencing or continuing in any manner any action or other proceeding of any kind against the Debtors (but solely to the extent such action is brought against the Debtors to directly or indirectly recover upon any Assets of the Estates, including, without limitation, any such Assets that vest in the Liquidation Trust, as applicable, upon the Effective Date), or the Liquidating Trust on account of or in connection with or with respect to any such Claims or Interests; (ii) enforcing, attaching, collecting or recovering by any manner or means any judgment, award, decree or order against the Debtors or the Liquidating Trustee on account of or in connection with or with respect to any such Claims or Interests; and (iii) creating, perfecting or enforcing any encumbrance of any kind against any Debtors or the Liquidating Trust or the property of the Estates or the Liquidating Trust on account of in connection with or with respect to any such Claims or Interests.

      (b)    Except as otherwise provided in the Plan, or to the extent necessary to enforce the terms and conditions of the Plan, the Confirmation Order or a separate Order of the Bankruptcy Court, all Entities who have held, hold, or may hold Claims against or Interests shall be permanently enjoined from taking any of the following actions against any of the Assets of the Estates or the Liquidating Trust or any other asset or to be distributed under the Plan on account of any such Claims or Interests: (i) commencing or continuing, in any manner or in any place, any action, cause of action, or other proceeding; (ii) enforcing attaching, collecting, or recovering in any manner any judgment, award, decree, or order; (iii) creating, perfecting or enforcing any lien; (iv) asserting a setoff (except to the extent such setoff was exercised prior to the Petition Date), or the right of subrogation of any kind against any debt, liability, or obligation due to the Debtor; and (v) commencing or continuing, in any manner or in any place, any action, cause of action, or other proceeding against any of the Assets or Liquidating Trust's Assets or any other assets to be distributed under the Plan that does not comply with or is inconsistent with the provisions of the Plan.

      (c)    Nothing in this section shall prevent the Liquidating Trustee or the Liquidating Trust from prosecuting the Liquidating Trust Assets or commencing any action or other proceeding of any kind against any party other than with respect to conduct after the Petition Date.

(d) Notwithstanding the foregoing clauses, all Entities shall only be enjoined from commencing or continuing in any manner any action or other proceeding of any kind against an Exculpated Party for any matter expressly covered by Section 9.03 herein.

All release, exculpation and injunction provisions embodied in the Plan are approved and will be effective and binding on all persons and entities to the extent set forth therein.

### E. Executory Contracts and Unexpired Leases Not Assumed.

Except for any Executory Contracts or Unexpired Leases of the Debtors: (i) that was rejected by an Order of the Bankruptcy Court, pursuant to section 365 of the Bankruptcy Code; (ii) that was assumed and assigned or assumed, assigned and sold; or (iii) as to which a motion for approval of the assumption or rejection of such Executory Contract or Unexpired Leases has been Filed and served prior to, and remains pending on the Effective Date, all Executory Contracts or Unexpired Leases shall be subject to the rights of the Purchaser with respect to the Designation Rights as set forth in the Asset Purchase Agreement and the Sale Order, which shall allow the Purchaser to designate Executory Contracts or Unexpired Leases for assumption, assignment and sale or rejection. After the Effective Date, the Liquidating Trustee shall assume, assign, and sell to the Purchaser those Executory Contracts or Unexpired Leases that the Purchaser designates as Assigned Contracts (as defined in the Asset Purchase Agreement). All costs associated with such Executory Contracts and Unexpired Leases, including amounts that come due thereunder, and the costs incurred in connection with assumption or rejection thereof (including professional fees) shall be borne by the Purchaser. If the Purchaser does not designate an Executory Contract or Unexpired Lease for assumption or rejection by the applicable Designation Deadline (as defined in the Asset Purchase Agreement), the Liquidating Trustee shall have the discretion whether or not to assume or reject the Executory Contract or Unexpired Lease. As set forth in Section 7.02 of the Plan, all insurance policies that comprise Excluded Assets (as defined in the Asset Purchase Agreement) shall be deemed to be Executory Contracts and shall be deemed assumed by the Debtors and/or Liquidating Trust on the Effective Date as set forth therein.

### F. Bar Dates.

Administrative Bar Date. Unless previously filed or as otherwise governed by an order of the Court or pursuant to the Plan, to requests for payment of Administrative Claims must be filed with the Court by the Administrative Claim Bar Date, which shall be the first Business Day that is thirty (30) days after the Effective Date. Holders of Administrative Claims that are required to file and serve a request for payment of such Administrative Claims and that do not file and serve such a request by the Administrative Claim Bar Date shall be forever barred from asserting such Administrative Claims against the Debtors, their Estates, the Liquidating Trust, or their respective property. Objections to any requests for payment of Administrative Claims must be asserted by the Claims Objection Deadline.

Professional Compensation. Each Professional shall file an application for allowance of final compensation and reimbursement of expenses in the Chapter 11 Cases, for the period through the Effective Date, no later than thirty (30) days after the Effective Date. Objections to applications of professionals for compensation or reimbursement of expenses must be filed with the Bankruptcy Court and served on the Liquidating Trustee, the U.S. Trustee, and the professionals to whose

application the objections are addressed no later than twenty-one (21) days after the Professional Fee Bar Date, or the Bankruptcy Court may enter an order authorizing the fees without a hearing. Any professional fees and reimbursements or expenses incurred by the Liquidating Trustee subsequent to the Effective Date may be paid without application to the Bankruptcy Court.

Rejection Damages Bar Date. If the rejection of an Executory Contract or Unexpired Lease pursuant to the Plan or otherwise gives rise to a Claim by the other party or parties to such contract or lease, such Claim shall be forever barred and shall not be enforceable against the Debtors, their Estates, or the Liquidating Trust, unless a Proof of Claim is filed with the Bankruptcy Court by no later than 30 days after the Effective Date; provided, however, that any counterparty or counterparties to an Executory Contract or Unexpired Lease with a Claim that arises or becomes Allowed on or after the Effective Date as a result of the rejection of such contract or lease. **All proofs of claim arising from the rejection of executory contracts or unexpired leases must be filed by the later of (a) 30 days after entry of any order authorizing the rejection of an executory contract or unexpired lease, including any order confirming the Plan, and (b) the date set forth in an order authorizing rejection of an executory contract or unexpired lease.**

Proofs of Claim arising from the rejection of executory contracts or unexpired leases should be filed so as to be received by the on or before the applicable Bar Date at the following addresses:

Proofs of Claim may be delivered electronically using the interface available on the Debtors' claims agent's website: https://www.kccllc.net/stanadyne. Alternatively, proofs of claim may be submitted by first class mail, overnight, or hand delivery to the following address:

Stanadyne Claims Processing Center
c/o KCC
222 N. Pacific Coast Highway, Suite 300
El Segundo, CA 90245

Proofs of claim submitted by facsimile or e-mail shall not be accepted.

### G. Retention of Jurisdiction by Bankruptcy Court.

Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, the Bankruptcy Court shall retain jurisdiction over the Chapter 11 Cases to the extent legally permissible, including, without limitation, jurisdiction over the matters set forth in Article XII of the Plan; provided, however, for the avoidance of doubt, nothing in this Confirmation Order, the Plan or the Liquidating Trust Agreement shall prevent the Liquidating Trustee or the Liquidating Trust from commencing and prosecuting litigation that constitute Liquidating Trust Assets in either the Bankruptcy Court, an appropriate state court, or other non-bankruptcy forum, in the Liquidating Trustee's discretion.

### H. Notice Parties' Service Addresses.

For purposes of serving requests for payment of Administrative Claims, applications for allowance of Professional Fee Claims, and any other papers required to be served on the notice

parties set forth in the Plan, such service should be made, as applicable, on:

   (a)   **If to the Debtors:**

        Michael R. Nestor (DE Bar No. 3526)
        Andrew L. Magaziner (DE Bar No. 5426)
        Ashley E. Jacobs (DE Bar No. 5635)
        Young Conaway Stargatt & Taylor, LLP
        1000 North King Street
        Rodney Square
        Wilmington, Delaware 19801-6108
        Telephone:  (302) 571-6600
        Email:  mnestor@ycst.com
        Email:  amagaziner@ycst.com
        Email:  ajacobs@ycst.com

        -and-

        Kathryn A. Coleman
        Christopher Gartman
        HUGHES HUBBARD & REED LLP
        One Battery Park Plaza
        New York, NY 10004-1482
        Telephone: (212) 837-6000
        Email:  katie.coleman@hugheshubbard.com
        Email:  chris.gartman@hugheshubbard.com

   (b)   **If to the Committee:**

        Jeffrey R. Waxman (DE Bar No. 4159)
        Eric J. Monzo (DE Bar No. 5214)
        Morris James LLP
        500 Delaware Avenue, Suite 1500
        Wilmington, DE 19801
        Telephone: (302) 888-6800
        E-mail: jwaxman@morrisjames.com
        E-mail: emonzo@morrisjames.com

        -and-

       Adam C. Rogoff (admitted *pro hac vice*)
       Rose Hill Bagley (admitted *pro hac vice*)
       KRAMER LEVIN NAFTALIS &
       FRANKEL LLP
       1177 Avenue of the Americas
       New York, NY  10036
       Telephone: (212) 715-9100
       E-mail: arogoff@kramerlevin.com
       E-mail: rbagley@kramerlevin.com

(c)    **If to the U.S. Trustee:**

       Office of the U.S. Trustee
       Attn:   Jane M. Leamy, Esquire
       844 King St., Suite 2207
       Lockbox 35
       Wilmington, DE 19801
       E-mail: jane.m.leamy@usdoj.gov

**I.**    **Copies of Confirmation Order.**

Copies of the Plan, the Confirmation Order or any other pleadings filed in the Chapter 11 Cases may be obtained for a fee via PACER at: http://www.deb.uscourts.gov or for free by written request from the Committee's counsel (jwaxman@morrisjames.com).

Dated: December 1, 2023       **MORRIS JAMES LLP**

       */s/ Jeffrey R. Waxman*
       Jeffrey R. Waxman (DE Bar No. 4159)
       Eric J. Monzo (DE Bar No. 5214)
       500 Delaware Avenue, Suite 1500
       Wilmington, DE 19801
       Telephone: (302) 888-6800
       Facsimile: (302) 571-1750
       E-mail: jwaxman@morrisjames.com
       E-mail: emonzo@morrisjames.com

       *Counsel to the Official Committee of Unsecured Creditors*