IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SL Liquidation, *et al.*,[1] | ) | Case No. 23-10207 (TMH) |
| | ) | |
| Debtors | ) | Jointly Administered |
| | ) | |
| | ) | **Objection Deadline: December 12, 2023 at 4:00pm (ET)** |
| | ) | **Hearing Date: December 19, 2023 at 11:00 am (ET)** |

**MOTION OF COOPER-STANDARD AUTOMOTIVE INC. FOR
ALLOWANCE AND PAYMENT OF ADMINISTRATIVE CLAIM**

Cooper-Standard Automotive Inc. ("**CS**"), pursuant to sections 507 and 503(b)(l)(A) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "**Bankruptcy Code**"), moves for the entry of an order granting the allowance and directing payment of its administrative claim in the amount of $275,000 (the "**Motion**"), and in support states:

**Summary of Motion**

CS seeks allowance and payment of an administrative claim of $275,000 for post-petition shipments to Standyne LLC ("Standyne"), pursuant to a post-petition Purchase Order issued by Standyne.

**Jurisdiction and Venue**

1. This Court has jurisdiction over the subject matter and parties to this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case and this motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief requested in this Motion are sections 503 and 507 of the Bankruptcy Code.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: SL Liquidation LLC (0378); TPP Liquidation, Inc. (5202); HTPPS Liquidation, Inc. (2594); and HGTPPS Liquidation, Inc. (1734). The Debtors' service address for purposes of these chapter 11 cases is PMB #179, 1159 Second Avenue, New York, NY 10065.

67109837\2

3. CS confirms its consent, pursuant to Del. Bankr. L.R. 9013-l(f), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## Background

4. On February 16, 2023 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. On February 28, 2023, Standyne issued a purchase order to CS for the manufacture and provision to Standyne of certain automotive component parts to be incorporated into products Standyne manufactured for Stellantis. A copy of this Purchase Order is attached as **Exhibit "A."** The Purchase Order required CS to make periodic deliveries of a "bare bundle rail" to Standyne, with the initial shipment due May 15, 2023.

6. Following the Petition Date, CS provided all the products to Stanadyne required by the Purchase Order, in the ordinary course of business, and in accordance with those Orders from Stanadyne. Of the total of $849,600 to become due under the Purchase Order, Standyne paid $574,600, but has failed to remit payment of $275,000 for the post-petition goods delivered. The materials supplied by CS were incidental to protecting, conserving, maintaining, and rehabilitating Stanadyne's estate. A summary of the unpaid invoices owed to CS is attached as **Exhibit "B**." Copies of the unpaid invoices and proofs of delivery of the underlying parts are attached as **Exhibit "C."**

## Relief Requested

7. By this Motion, CS respectfully requests that the Court enter an order (i) granting CS an allowed administrative expense priority claim in the amount of $275,000 and (ii) authorizing and directing the payment of the administrative expense priority claim within ten (10) days from entry of the order.

**Basis for Relief**

8. CS is entitled to an administrative priority claim for the post-petition delivery of goods pursuant to 11 U.S.C. § 503(b)(l)(A).

9. Section 503 of the Bankruptcy Code provides:

> [a]fter notice and a hearing, there shall be allowed administrative expenses . . . including ... the actual, necessary costs and expenses of preserving the estate ...

11 U.S.C. § 503(b)(l)(A).

10. "The Bankruptcy Code provides that an entity may file a request for payment of an administrative expense. Section 503(b) provides that, after notice and a hearing, there shall be allowed, administrative expenses, ... including--(l)(A) the actual, necessary costs and expenses of preserving the estate " *In re Transamerican Nat. Gas Corp.*, 978 F.2d 1409, 1415 (5th Cir. 1992) (internal citations and quotations omitted) (quoting *In re Coastal Carriers Corp.*, 128 Bankr. 400, 403 (Bankr. D. Md. 1991)). As the *Transamerican Nat. Gas. Corp.* Court recognized:

> The purpose of Section 503 is to permit the debtor's business to operate for the benefit of its prepetition creditors. In order to effectuate a successful reorganization, third parties must be willing to furnish postpetition goods or services on credit. Third parties might refuse to extend credit to debtors-in- possession for fear that their claims would not be paid, but an advance payment requirement would impede the debtor's business. Section 503 requires that such claims be given priority, therefore inducing third parties to extend credit and enhancing the likelihood of a successful reorganization.

Id. at 1415-16.

11. "For a claim in its entirety to be entitled to ... priority under [§ 503(b)], the debt must arise from a transaction with the debtor-in-possession ... [and] the consideration supporting the claimant's right to payment [must be] beneficial to the debtor-in-possession in the operation of the business." *In re O'Brien Envt'l Energy, Inc.*, 181 F.3d 527, 532-33 (3rd Cir. 1999) (quoting *Cramer v. Mammoth Mart, Inc. (In re Mammoth Mart, Inc.)*, 536 F.2d 950, 954 (1st Cir. 1976)). The Third Circuit has closely interpreted the meaning of section 503(b) and concluded that "the concept of 'necessary costs' under the

Code is somewhat broader than would be suggested by the dictionary definition." *Pa. Dep't of Envtl. Ress. v. Tri-State Clinical Labs., Inc.*, 178 F.3d 685, 689 (3d Cir. 1999).

12. "'[U]sual and necessary costs' should include costs ordinarily incident to operation of a business, and not be limited to costs without which rehabilitation would be impossible.'" *Penn. Dept. of Envtl. Resources v. Tri-State Clinical Labs, Inc.*, 178 F.3d 685, 689 (3rd Cir. 1999) (quoting *Reading Co. v. Brown*, 391 U.S. 471, 483 (1968)).

13. The transactions giving rise to CS's claim for $275,000 satisfy both of the requirements set forth in *O'Brien*. First, there is no question that Stanadyne issued its Purchase Order to CS to obtain manufacturing support materials post-petition which triggered post-petition payment obligations by Stanadyne. Second, the goods that CS provided to Stanadyne, in accordance with Stanadyne's order, conferred a benefit on Stanadyne by keeping Stanadyne in business throughout the bankruptcy process. Stanadyne accepted and realized the benefit and value of the goods provided to it by CS, which has enabled Stanadyne to realize income, and potential for income which it would not otherwise have realized but for the actions of CS. See 11 U.S.C. §§ 363, 1107, and 1108; see also *In re Dant & Russell, Inc.*, 853 F.2d 700, 707 (9th Cir. 1988); *In re Gloria Mfg. Corp.*, 47 B.R. 370 (E.D. Va. 1984). Absent the delivery by CS of the materials and goods ordered by Stanadyne, Stanadyne would not have been able to fill product orders in the ordinary course of its business and the value of the Debtors' estates would have decreased, thereby diminishing the estates and the amounts to be recovered by other creditors through the bankruptcy process.

14. Accordingly, CS is entitled to an allowed administrative expense priority claim under 11 U.S.C. § 503(b) in the aggregate amount of $275,000 as set forth herein.

15. Further, there is no basis for postponing payment of CS's claim. There has been no suggestion that the Debtors are administratively insolvent and unable to pay their bills.

### Reservation of Rights

16.     CS files this request based upon the best information available at this time and reserves the right to amend or supplement this request as more information becomes available.

### Conclusion

17.     CS hereby requests allowance of its administrative claim and payment within 10 days of the entry of an order approving this request and that CS be granted such other relief as is just and proper.

Dated: December 1, 2023

**COZEN O'CONNOR**

*/s/ Simon E. Fraser*
Simon E. Fraser (DE Bar No. 5335)
1201 N. Market St., Suite 1001
Wilmington, DE 19801
Telephone: (302) 295-2011
E-mail: sfraser@cozen.com

-and-

BROOKS WILKINS SHARKEY & TURCO
Matthew E. Wilkins (P56697)
401 S. Old Woodward Avenue, Suite 400
Birmingham, MI  48009
Telephone: 248-971-1800
Email: wilkins@bwst-law.com

*Counsel for Cooper-Standard Automotive Inc.*